UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO; AMERICAN FEDERATION OF STATE COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, et al.,<br><br>    Defendants. | Case No. 3:25-cv-01780-WHA<br><br>**[PROPOSED] ORDER GRANTING TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE** |

Plaintiffs' application for a temporary restraining order and order to show cause why a preliminary injunction should not issue came before this Court for consideration on _____, 2025. Upon consideration, and for good cause shown, IT IS HEREBY ORDERED that the TRO application is GRANTED.

The Court finds that Plaintiffs have demonstrated a likelihood of success on the merits of their claims, a likelihood of irreparable harm in the absence of temporary relief, that the balance of equities tips in their favor, and that a temporary restraining order is in the public interest. In support of this Order, the Court makes the following findings:

- On February 13, 2025, the United States Office of Personnel Management ("OPM") ordered all or substantially all federal agencies in the executive branch of the federal government to terminate probationary federal employees without regard to their performance, and to send a notice drafted by OPM that falsely stated that they were being terminated for performance reasons.

- OPM's probationary federal employee termination program is *ultra vires* and exceeds OPM's authority, because the federal agencies and their agency heads, not OPM, have authority over their own employment matters; OPM does not have the authority to direct federal agencies to terminate employees; and OPM particularly lacks the authority to direct agencies to do so in a manner that is contrary to the procedures and protections that federal law requires (including for employee termination and/or reductions-in-force), or to do so in a manner that misrepresents employees' performance.

- OPM's termination program violates federal statutes granting authority to federal agencies and their agency heads and setting forth the limited authority of OPM, and violates the Administrative Procedure Act, 5 U.S.C. §§706(2)(A),(C), and (D), in that the order is contrary to law, exceeds statutory authority, is arbitrary and capricious, and constitutes a rule that was adopted without notice and comment.

- Since February 13, 2025, numerous agencies across the government have implemented OPM's directives by terminating tens of thousands of federal employees, and other agencies will imminently take actions to implement this unlawful order.

- Plaintiffs have demonstrated that OPM's unlawful termination program has caused and will continue to cause irreparable injury in the form of, *inter alia* violation of constitutional separation of powers mandates; injury to employees who are members of and/or represented by Plaintiffs including the imminent loss of employer-provided health insurance coverage and the need to look for jobs with a false adverse performance finding on their employment records; adverse impacts on federal agencies and the services they provide to the public (ranging from fire prevention to aviation safety to veterans care to small business administration to degradation of the national parks); injury to the labor unions and other plaintiff organizations that have been forced to divert resources to aid their members and that were prevented by OPM's lack of notice and transparency from playing their representative role; and deprivation of all Plaintiffs' opportunity to provide comments through notice-and-comment rulemaking.

- The balance of equities and public interest favor injunctive relief, particularly in light of the imminent harm to government services caused by the abrupt termination of tens of thousands of federal employees.

- This Court has subject matter jurisdiction to hear Plaintiffs' claims, including because Plaintiffs have demonstrated Article III standing and because Congress has not required that Plaintiffs' claims be initially adjudicated by any administrative agency prior to this Court's exercise of jurisdiction pursuant to 28 U.S.C. §1331.

Accordingly, IT IS HEREBY ORDERED that, pending an order by this Court as to whether a preliminary injunction should issue, Defendants, their officers, agents, servants, employees, and attorneys, and all persons acting by, through, under, or in concert with Defendants (referred to collectively hereinafter as "Defendants") are enjoined from taking any actions to implement or effectuate OPM's directive to terminate probationary federal employees.

1  IT IS FURTHER ORDERED that Defendants must within two (2) business days file a complete accounting of all probationary employees, listed by federal agency, who have been terminated pursuant to OPM's termination program.  Defendants shall redact individual names from the public filing and shall file under seal, and provide to Plaintiffs, an unredacted version, which Plaintiffs shall keep confidential until further order of this Court;

IT IS FURTHER ORDERED that Defendants must rescind OPM's unlawful directive to terminate probationary employees and take all necessary steps to return federal agencies and their employees to their status prior to his unlawful directive, pending further order of this Court, including by reinstating probationary employees fired after February 13, 2025 based on OPM's unlawful directive.

IT IS FURTHER ORDERED that Defendants must within two (2) business days give notice of this order and of their reinstatement to all probationary employees terminated after February 13, 2025 as a result of OPM's unlawful directive.

IT IS FURTHER ORDERED that within one (1) business day Plaintiffs must serve this temporary restraining order and all supporting pleadings and papers on Defendants not otherwise served via the electronic filing system.

IT IS FURTHER ORDERED that, within two (2) business days Defendants shall serve and file a declaration(s) verifying that they have complied with this Order and detailing what steps, if any, they have taken to do so.

IT IS FURTHER ORDERED that Plaintiffs' papers filed in support of their application for a temporary restraining order shall be treated as Plaintiffs' moving papers for a preliminary injunction; opposition papers to Plaintiffs' request for a preliminary injunction shall be filed and served by Defendants no later than _____, 2025; Plaintiffs may file a reply in support of their motion for preliminary injunction no later than _____, 2025; and a hearing on Plaintiffs' request for a preliminary injunction will be held on _____, 2025 at _____.

IT IS SO ORDERED.

Dated: _____, 2025        _____
                                                                    The Honorable William H. Alsup
                                                                    United States District Court Judge