Scott A. Kronland (SBN 171693)
Stacey M. Leyton (SBN 203827)
Eileen B. Goldsmith (SBN 218029)
Danielle E. Leonard (SBN 218201)
Robin S. Tholin (SBN 344845)
James Baltzer (SBN 332232)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel. (415) 421-7151
Fax (415) 362-8064
skronland@altber.com
sleyton@altber.com
egoldsmith@altber.com
dleonard@altber.com
rtholin@altber.com
jbaltzer@altber.com

*Attorneys for Plaintiffs*

[Additional Counsel not listed]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO; AMERICAN FEDERATION OF STATE COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO; et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, et al.,<br><br>Defendants. | Case No. 3:25-cv-01780-WHA<br><br>**DECLARATION OF YOLANDA JACOBS** |

Declaration of Yolanda Jacobs No. 3:25-cv-01780-WHA

**DECLARATION OF YOLANDA JACOBS**

I, Yolanda Jacobs, declare as follows:

1. I am over 18 years of age and competent to give this declaration. This declaration is based on my personal knowledge, information, and belief.

1) I am a Health Communications Specialist in the Office of the Chief of Staff for the Centers for Disease Control and Prevention ("CDC"). I have worked for the CDC since 2004, first as a contractor and then as a full-time employee beginning in 2008, and I am a veteran. The CDC's mission is to conduct research and surveillance on threats to the public health and to communicate its assessment of those threats to Congress, the executive branch, and the public.

2. I am the president of the American Federation of Government Employees Local 2883 ("AFGE Local 2883" or the "Union").

3. AFGE Local 2883 represents a bargaining unit of over 1,500 nonsupervisory civil servants who work for the CDC. These employees include Public Health Analysts, IT Specialists, Program Specialists, Electronics Technicians, Public Health Advisors, Protocol Specialists, Budget Analysts, Health Communications Specialists, and Biologists. These bargaining unit members are highly skilled and perform critical and diverse functions for the country's premier public health agency. More than 300 members of AFGE Local 2883 are Contracting Officer Representative (COR) certified and perform contract management activities and functions for the CDC. AFGE Local 2883 employees perform research, publish papers and manuscripts, and submit their work to scientific journals and vet scientific findings on emerging public health threats including COVID-19, avian influenza, and Ebola. They also ensure that the CDC's communications about public health threats are accessible and comprehensible so as not to induce panic.

4. AFGE Local 2883 bargaining unit employees report to the CDC's Atlanta campus and the Miami Port Health Station, but employees are located all across the country.

5. AFGE Local 2883 represents the interests of the CDC's nonsupervisory civil servants. Our core functions include providing support, guidance, and resources to bargaining unit employees as the officially recognized exclusive representative.

6. As the exclusive representative for the nonsupervisory CDC civil servants, AFGE Local 2883 enters into collective bargaining negotiations with the CDC on a variety of terms and conditions of employment and represents bargaining unit members through the negotiated grievance process.

7. AFGE Local 2883 and the CDC are parties to a collective bargaining agreement that memorializes negotiated terms and conditions of employment, benefits, rules, grievance procedures, disciplinary and adverse actions, and is specific to the needs of the CDC and AFGE Local 2883.

8. On Thursday, February 13, 2025, and Friday, February 14, 2025, bargaining unit members who are probationary employees received phone calls from their supervisors notifying them that they may be among a group of employees to be terminated. These employees began notifying the Union by phone and email of these communications.

9. On Saturday, February 15, 2025, bargaining unit members who are probationary employees began notifying the Union by phone and email that the Department of Health and Human Services ("HHS") sent these employees an email message with the subject "Notification of Termination During Probationary Period" notifying employees that HHS was terminating their employment, effective March 14, 2025. Attached as Exhibit 1 is a true and correct copy of an exemplar of this email, which was provided to me by one of our members who received it. I have seen many copies of this email sent to different members, and they are identical.

10. The email to the affected probationary employees explained to the employees that they were being removed from their position during the "probationary/trial period." The email states that HHS finds that "you are not fit for continued employment because your ability, knowledge and skills do not fit the Agency's current needs, and your performance has not been adequate to justify further

Declaration of Yolanda Jacobs, No. 3:25-cv-01780-WHA                                                    2

employment at the Agency." The email also directs employees to file an appeal with the Merit Systems Protection Board if they believe "this action is being taken based on partisan political reasons or marital status."

11. Employees lost access to their government furnished equipment approximately fifteen minutes after receiving this email. Employees with automatic "out of office" responses set in their Outlook accounts lost access to their government furnished equipment immediately. Several employees did not even have time to download a copy of this email for their records, let alone important personnel documents such as past performance appraisals.

12. At the time of this declaration, AFGE Local 2883 has not yet received an official count of CDC probationary employees and AFGE Local 2883 bargaining unit members that have been terminated. The Union has filed a request for information that has not been addressed.

13. Affected probationary employees are devastated by these unexpected and abrupt terminations. Affected employees feel betrayed and vulnerable as they joined federal service to serve their country and cared deeply about the CDC's mission. The CDC and HHS did not notify the Union of the mass terminations, nor has it provided the Union information on the scope of the terminations, despite the Union having submitted a request for information.

14. Since HHS issued its probationary employee termination letters, the Union has had to divert all its time and resources to engage with the membership on this issue and address their concerns. The substantial increase in emails, phone calls, and text messages concerning the probationary employee terminations has diverted time and resources that the Union dedicates to its mission of advocating and negotiating for improved workplace conditions, organizing new members, representing employees, and non-urgent administrative tasks to maintain the Union.

15. As president of the Local, I have worked long days beyond my tour of duty, using personal time to assist represented employees responding to these terminations. I have worked

Declaration of Yolanda Jacobs, No. 3:25-cv-01780-WHA                                  3

constantly since the letters were issued, through the Monday, February 17, 2025, federal holiday and after hours to assist represented employees. The demands placed on my time to respond to member inquiries about the mass termination have required me to set aside the representation needs of other bargaining unit employees until the evenings and weekends, have interfered with my ability to carry out my tour of duty, and necessarily postponed collective bargaining negotiations with CDC's labor relations team, scheduled for the week of February 17, 2025.

16. The Union is communicating with all bargaining unit members to provide information and guidance. The Union held a town hall meeting after the termination letters issued that was attended by more than 900 bargaining unit employees. Some of the affected probationary employees have been with CDC for months. Others have been with the CDC for decades and were only newly probationary because they sought career advancement and new positions within the agency. Affected probationary employees are anxious about finances, insurance coverage, and their families. One probationary employee, a veteran, just closed on a home and no longer knows whether he will be able to make his mortgage payments. Two others, spouses, recently welcomed a baby and no longer know how they will provide for their child. Still another received her termination letter in the middle of maternity leave. She will now have no income or health insurance to support the demands of raising a newborn.

17. Bargaining unit members' anxieties about losing their employment are compounded by the fact that the email characterizes the termination as based on "performance" when bargaining unit members who have contacted the Union have never had their performance questioned and, in many cases, have exemplary performance reviews or commendations. Many affected employees felt confused and betrayed by the termination notice because they received outstanding performance reviews. They felt assured by the feedback they received that their work exceeded the expectations for an incumbent of their position and was valued by the CDC. Affected employees are distressed that because the termination emails cite their performance as the reason for termination with no

justification, their future job prospects will be diminished. Many affected employees sought federal service, choosing to forego greater compensation in the private sector, and now fear they will struggle to find employment outside of federal service because of this performance-based termination.

18. Affected probationary employees and the Union are extremely concerned about the negative impact the termination of employees from various CDC departments will have on the agency's public health mission. Probationary employees who were terminated perform vital public health services. Spreading the study, prevention, and containment of diseases across an understaffed agency has grave implications for public health, especially as new and evolving strains of communicable diseases pose a constant threat to the public. Many of the probationary employees who were terminated from the AFGE Local 2883 bargaining unit were IT series employees and possessed IT and cybersecurity credentials that no remaining employees of the CDC have. This endangers the security of the CDC's IT systems, which store incredibly sensitive and important information. For the type of data and information collected by the CDC to be at risk of exposure has cascading security implications, not only for public health in the United States but even up to the global health level.

19. Members of the AFGE Local 2883 bargaining unit pay voluntary membership dues to the Union, which is the Union's overwhelming source of operational funding. The Union's budget will be severely negatively impacted by a loss of dues because of the terminations of probationary employees which will diminish its bargaining power.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on February 22, 2025, in Atlanta, Georgia.



_____

Yolanda Jacobs

Declaration of Yolanda Jacobs, No. 3:25-cv-01780-WHA                                5

# EXHIBIT 1



**DEPARTMENT OF HEALTH & HUMAN SERVICES**  Office of the Secretary

Washington, D.C. 20201

February 14, 2025

MEMORANDUM FOR ▮▮▮▮ PUBLIC HEALTH ANALYST – Centers for Disease Control and Prevention

FROM:     Jeffery Anoka

Chief Human Capital Officer (Acting)

SUBJECT:     Notification of Termination During Probationary Period
REFERENCES:     5 U.S.C. § 7511 5 U.S.C. § 3321(a) 5 C.F.R. §§ 315.803 and 804 5 C.F.R. § 316.304

This is to provide notification that I am removing you from your position of PUBLIC HEALTH ANALYST and federal service consistent with the above references.
On 11/5/2023, the agency appointed you to the position of PUBLIC HEALTH ANALYST. As documented on your appointment Standard Form 50 (SF-50), your appointment is subject to a probationary/trial period. The agency also informed you of this requirement in the job opportunity announcement for the position.

Guidance from the Office of Personnel Management ("OPM") states, "An appointment is not final until the probationary period is over," and the probationary period is part of "the hiring process for employees." [1138] "A probationer is still an applicant for a finalized appointment to a particular position as well as to the Federal service" [1139] "Until the probationary period has been completed," a probationer has "the burden to demonstrate why it is in the public interest for the Government to finalize an appointment to the civil service for this particular individual." [1140]

Unfortunately, the Agency finds that you are not fit for continued employment because your ability, knowledge and skills do not fit the Agency's current needs, and your performance has not been adequate to justify further employment at the Agency.

---

[1138] OPM, *Practical Tips for Supervisors of Probationers*.
[1139] *See* U.S. Merit Systems Protection Board Report to the President and Congress, *The Probationary Period: A Critical Assessment Opportunity* (August 2005)
[1140] *Id.*

**DEPARTMENT OF HEALTH & HUMAN SERVICES**                                    Office of the Secretary

For these reasons, I regrettably inform you that I am terminating your employment with the agency during your probationary/trial period, effective March 14, 2025. You will be carried in an administrative leave status and receive pay from today through the end or your employment. You must turn in any government property, including but not limited to any government-furnished equipment, government issued credit cards, and PIV card and clear any indebtedness immediately.

If you believe this action is being taken based on partisan political reasons or marital status, you have a right to file an appeal with the Merit Systems Protection Board (MSPB) under 5 C.F.R. § 315.806. You must file an appeal within 30 days of the effective date of this decision or 30 days after the date of your receipt of this decision, whichever is later. You should review MSPB regulations at 5 C.F.R. §§ 1201.14 and 1201.24 for instructions on how to file an electronic appeal and content requirements of the appeal, respectively. For more information, please visit www.mspb.gov or contact your local MSPB regional or field office (see attached).

I appreciate your service to the Agency and wish you the greatest of success in your future endeavors.  If you have any questions, please contact hhsdas-hr-chco@hhs.gov.

Jeffery Anoka

Chief Human Capital Officer (Acting)

Attachment: MSPB Regional and Field Offices