PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
KELSEY J. HELLAND (CABN 298888)
Assistant United States Attorney
U.S. ATTORNEY'S OFFICE
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
(415) 436-7200
kelsey.helland@usdoj.gov

ERIC HAMILTON
Deputy Assistant Attorney General
DIANE KELEHER
Branch Director
CHRISTOPHER HALL
Assistant Branch Director
JAMES D. TODD, JR.
Senior Trial Counsel
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
james.todd@usdoj.gov

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, *et al*.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OFFICE OF PERSONEL MANAGEMENT, *et al.*,<br><br>Defendants. | Case No. 3:25-cv-1780-WHA<br><br>**DECLARATION OF CHARLES EZELL IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR A TERMPORARY RESTRAINING ORDER AND TO SHOW CAUSE**<br><br>Hearing Date: February 27, 2025<br>Time: 1:30 pm<br>Judge: Hon. William H. Alsup<br>Place: San Francisco Courthouse<br>      Courtroom 12 |

Declaration of Charles Ezell in Support of Defendants' Opposition to
Plaintiff's Motion for a Temporary Restraining Order and to Show Cause
3:25-cv-1780-WHA

I, Charles Ezell, declare, pursuant to 28 U.S.C. § 1746, as follows:

1. I am the Acting Director of the U.S. Office of Personnel Management ("OPM" or "Agency"), headquartered in Washington, D.C. I have served in this position since January 20, 2025. This declaration is based on my personal knowledge and information provided to me in my official capacity by others.

2. OPM serves as the chief human resources agency and personnel policy manager for the Federal Government. We position the federal government to be a model employer for past and present employees through innovation and leadership. We are building a workforce that empowers staff with the knowledge, skills, and ability to solve some of our nation's toughest challenges.

3. In my role as Acting Director, and pursuant to my authority under 5 U.S.C. § 1103, on January 20, 2025, I issued guidance from OPM to agencies on the probationary period, administrative leave and details. That January 20, 2025, guidance related to the steps that agencies needed to take to identify probationary employees, assess their performance, and manage staffing levels in order to advance their agencies' missions. Att. A.

4. On February 14, 2025, OPM provided additional information to agencies through the Chief Human Capital Officers (CHCO) Council. Citing publicly available guidance from OPM and the MSPB, that message explained that "[a]n appointment is not final until the probationary period is over," and the probationary period is part of "the hiring process for employees." A probationer is still an applicant for a finalized appointment to a particular position as well as to the Federal service. "Until the probationary period has been completed," a probationer has "the burden to demonstrate why it is in the public interest for the Government to finalize an appointment to the civil service for this particular individual." Att. B.

5. On February 24, 2025, OPM issued frequently asked questions (FAQs) that included additional information regarding how agencies should evaluate their probationary employees and identified the relevant regulations the agencies must follow if terminating certain probationary employees covered by those regulations. Atts. C (FAQs) and D (cover email).

Declaration of Charles Ezell in Support of Defendants' Opposition to
Plaintiff's Motion for a Temporary Restraining Order and to Show Cause
3:25-cv-1780-WHA

1

6. The February 24, 2025, FAQs explained, "OPM has emphasized that individual employee performance measurement should be 'aligned with and support organizational goals' and 'focus[] employee efforts on achieving organizational and group goals.' An employee's performance must be viewed through the current needs and best interest of the government, in light of the President's directive to dramatically reduce the size of the federal workforce." Att. C.

7. OPM did not direct agencies to terminate any particular probationary employees based on performance or misconduct, and did not create a "mass termination program," as the plaintiffs in this matter described it. OPM asked agencies to engage in a focused review of probationers based on how their performance was advancing the agencies' mission, and allowed them at all times to exclude whomever they wanted. Agencies made their own decisions about which probationary employees they wished to keep and which probationary employees they wished to terminate. Agencies took their own actions to terminate employees the agencies did not wish to retain. And it was the responsibility of each agency to apply OPM and Merit Systems Protection Board (MSPB) guidance, as well as applicable laws and regulations, as they made their own determinations to terminate or retain their probationary employees.

8. If an agency terminates a probationary employee for improper reasons, I understand that employees have options available to them to challenge those terminations. For example, on February 25, 2025, the MSPB ordered OPM and several other agencies to return six probationers to their positions for 45 days. This will allow the Office of Special Counsel to investigate allegations that the agencies should have applied the rules relating to reductions in force (i.e., layoffs) to the employees' terminations. OPM will fully cooperate with that investigation, including reinstating the one OPM probationary employee involved in that matter.

9. I have been informed that, on February 25, 2025, the Court in the above-captioned matter posed a number of questions to Defendants. The Court's questions and the answers to those questions are set out below:

> **To what extent did OPM or individuals within OPM direct other agencies to terminate probationary employees based on performance or misconduct? If**

Declaration of Charles Ezell in Support of Defendants' Opposition to
Plaintiff's Motion for a Temporary Restraining Order and to Show Cause
3:25-cv-1780-WHA

2

any such direction (or advice) is in writing, please provide the documents to the Court.

10. OPM did not direct agencies to terminate probationary employees, based either on performance or misconduct. Rather, as explained above, OPM reminded agencies of the importance of the probationary period in evaluating applicants' continued employment and directed agencies to identify all employees on probationary periods and promptly determine whether those employees should be retained at the agency. Agencies were responsible for reviewing probationers' performance. Agencies were responsible for deciding which probationary employees to keep and to terminate. Agencies were responsible for taking action to terminate their own employees they no longer wished to retain. And agencies were responsible for taking that action in accordance with all applicable laws and regulations. The documents relevant to this question are described above and are attached.

**How can an agency lawfully terminate a probationary employee on the basis of "performance" if that employee's performance was in fact satisfactory?**

11. Probationers are applicants for employment with the burden to demonstrate their fitness for continued employment; there is no presumption that they will be retained. Agencies are obligated to use the probationary period to determine the fitness of probationary employees and must terminate employees' services if they fail to demonstrate fully their qualifications for continued employment. This determination must take into account the existing needs and interests of government. The probationary period is part of the hiring process; agencies are not required to hire every employee whose performance is "satisfactory." An agency may determine, and OPM has determined, that only the highest-performing probationers in mission-critical areas demonstrate the necessary fitness or qualifications for continued employment.

Declaration of Charles Ezell in Support of Defendants' Opposition to
Plaintiff's Motion for a Temporary Restraining Order and to Show Cause
3:25-cv-1780-WHA

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 26, 2025

_____
CHARLES EZELL

Declaration of Charles Ezell in Support of Defendants' Opposition to Plaintiff's Motion for a Temporary Restraining Order and to Show Cause
3:25-cv-1780-WHA

4