Scott A. Kronland (SBN 171693)
Stacey M. Leyton (SBN 203827)
Eileen B. Goldsmith (SBN 218029)
Danielle E. Leonard (SBN 218201)
Robin S. Tholin (SBN 344845)
James Baltzer (SBN 332232)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel. (415) 421-7151
Fax (415) 362-8064
skronland@altber.com
sleyton@altber.com
egoldsmith@altber.com
dleonard@altber.com
rtholin@altber.com
jbaltzer@altber.com

*Attorneys for Plaintiffs*

[Additional Counsel not listed]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO; AMERICAN FEDERATION OF STATE COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, et al., <br><br> Defendants. | Case No. 3:25-cv-01780-WHA <br><br> **DECLARATION OF PACE SCHWARZ** |

Declaration of Pace Schwarz, No. 3:25-cv-01780-WHA

# DECLARATION OF PACE SCHWARZ

I, Pace Schwarz, declare as follows:

1. I am over 18 years of age and competent to give this declaration. This declaration is based on my personal knowledge, information, and belief.

2. I am a Research Assistant in the Office of the General Counsel for the American Federation of Government Employees, AFL-CIO ("AFGE").

3. In my role as a Research Assistant, I conduct research for AFGE's attorneys and assist with certification and delegation matters. I have been assigned several special projects, including a project to catalog letters related to AFGE affiliates delegation of authority.

4. Since February 18, 2025, however, I have spent most of my time reviewing notices and letters sent to AFGE related to actions taken by the current Presidential administration, including reviewing probationary termination notices that have been sent to AFGE.

5. Due to the work related to probationary terminations, I have been unable to complete other important work I have been assigned.

6. Over the last two weeks I have catalogued over 100 letters AFGE's national office has received from employees who were terminated during their probationary period. Many of the letters were unsolicited. I understand that there have been thousands more probationary terminations of employees AFGE represents.

7. One such termination letter, which I have attached as Exhibit A, was distributed to a probationary employee at the Department of Veterans' Affairs ("VA") at 7:09pm on February 13, 2025. The employee's identifying information has been redacted.

8. Exhibit A indicates that the probationary employee was being removed "based on [their] performance." The letter fails to reference the employee's actual performance records, the specific

Declaration of Pace Schwarz, No. 3:25-cv-01780-WHA       1

relationship of the employee's duties or alleged failing to the public interest, or the position of the employee to whom it was addressed.

9. A copy of Exhibit A was displayed by Rep. Mark Takano, Ranking Member of the House Committee on Veterans' Affairs, in his questioning of Ms. Tracey Therit, VA's Chief Human Capital Officer, on February 25, 2025, about the termination of these probationary employees.

10. A similar termination letter sent to probationary employees at the Department of Energy ("DOE"), which I have included as Exhibit B and is similarly redacted, also references an employee's performance as a basis for termination and states that the DOE's findings were "per OPM instructions."

11. I was also asked to review an email that I am attaching as Exhibit C, that was sent from the Defense Civilian Personnel Advisory Service to all Civilian Personnel Council Policy Members, on February 26, 2025. In the email, all Department of Defense (DoD) components are directed, in "accordance with direction from OPM," that they "must terminate the employment of individuals who are currently serving a probationary or trial period" beginning February 28, 2025. The letter further states that a template termination notice should be used and that the template was "provided by OPM."

12. I have reviewed the OPM template attached to the email marked as Exhibit C and have attached it as Exhibit D. The template letter is nearly identical to the probationary termination letters used at other agencies and, like those, cites performance reasons as the basis for termination.

13. With many of the termination letters sent to AFGE, employees provided additional information including, in some cases, copies of their performance evaluations.

14. In forty-three instances, employees sent us copies of their performance evaluations with their termination letters. Even though these employees' termination letters cited performance issues as the reason for their termination, the evaluations indicated satisfactory or above-average performance. Indeed, most of the evaluations indicated performance at the highest level possible. Additionally, many other employees provided statements from their supervisors affirming their positive performance,

despite their termination letters claiming otherwise. Many of these supervisor statements indicated that the employee terminated was the highest-performing individual in their respective office or work area. Several employees also noted—or provided evidence—that their supervisors opposed their terminations. I am not providing copies of individual termination letters here that I have reviewed because of concerns about retaliation.

15. Recently, I was also asked to catalog termination letters and reduction-in-force letters involving USAID. The USAID letters are not included in those I previously catalogued.

16. USAID issued reduction-in-force (RIF) letters to employees on February 23, 2025. USAID also issued termination letters to probationary employees on February 24, 2025.

17. One USAID employee whose letters I reviewed received a RIF letter on February 23, 2025, which noted that the employee had less than a year of service. The letter also explained that the RIF was being taken applicable to "civil service RIF regulations," and noted the employee may have rights pursuant to those regulations, including the right to placement assistance. The RIF letter also stated that the employee would not be separated until April 23, 2025.

18. On February 24, 2025, the same employee received a termination letter indicating she was being immediately terminated as a probationary employee.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 26th day of February 2025 in Washington, DC.

Pace Schwarz

Declaration of Pace Schwarz, No. 3:25-cv-01780-WHA                                         3

Exhibit A

███████████████

| | |
|---|---|
| **From:** | Therit, Tracey |
| **Sent:** | Thursday, February 13, 2025 7:09 PM |
| **To:** | ███████████ |
| **Subject:** | Termination During Probation Notice |

February 13, 2025

MEMORANDUM FOR ███████████

FROM:  Tracey Therit
       Chief Human Capital Officer

SUBJECT:  Notification of Termination During Probationary Period

REFERENCES:  5 U.S.C. § 7511
             5 U.S.C. § 3321(a)
             5 C.F.R. §§ 315.803 and 804

    This is to provide notification that the Agency is removing you from federal service consistent with the above references.

    On 4/21/2024, the Agency appointed you to your position. As documented on your appointment Standard Form 50 (SF-50), your appointment is subject to a probationary/trial period. The agency also informed you of this requirement in the job opportunity announcement for the position.

    Guidance from the Office of Personnel Management ("OPM") states, "An appointment is not final until the probationary period is over," and the probationary period is part of "the hiring process for employees."[1] "A probationer is still an applicant for a finalized appointment to a particular position as well as to the Federal service."[2] "Until the probationary period has been completed," a probationer has "the burden to demonstrate why it is in the public interest for the Government to finalize an appointment to the civil service for this particular individual."[3]

    The Agency finds, based on your performance, that you have not demonstrated that your further employment at the Agency would be in the public interest. For this reason, the Agency informs you that the Agency is removing you from your position with the Agency and the federal civil service effective February 13, 2025.

    You may seek review of this action. Such reviews include:

    a. appealing this action to the Merit Systems Protection Board (MSPB) if you allege you were discriminated against due to marital status or partisan political reasons or your removal was not effected in accordance with the procedural requirements of 5 C.F.R. 315.805; or
    b. requesting corrective action before the Office of Special Counsel (OSC) for prohibited personnel practices; or
    c. pursuing a discrimination complaint with the Office of Resolution Management (ORM).

    Please see below for details on your ability to file some of these claims concurrently. If you are not a supervisor, you shall be deemed to have exercised your option to appeal this action at such time as you

1

timely initiate action to appeal to MSPB. If you believe this action constitutes a prohibited personnel practice, other than discrimination, under 5 U.S.C. § 2302(b), including retaliation for protected whistleblowing, you may elect to file either an appeal to MSPB, or request corrective action from OSC, and your election is based on which election you file first. If you are not a supervisor, your election of one of these options precludes the other. If you are a supervisor, the election of remedies does not apply to you, and you may pursue all three options. If you believe that this action was taken against you for discriminatory reasons, other than marital status or political affiliation, refer to the paragraph immediately below.

Equal Employment Opportunity Commission (EEOC): If you believe this action is based on discrimination on the basis of race, color, religion, sex, national origin, pregnancy, age or disability, you may file a complaint of discrimination. If you elect to file a complaint of discrimination, you may do so by contacting the Office of Resolution Management (ORM) at 1-888-566-3982. Such a complaint will be processed in accordance with EEOC regulations at 29 C.F.R., Part 1614. Your initial contact with the ORM office must be done within 45 calendar days of the effective date of this action.

If this action is also appealable to MSPB, such a discrimination complaint may be a "mixed case complaint," or if you raise the issue of discrimination in any appeal to MSPB, it may be a "mixed case appeal." You may not initially file both a mixed case complaint and a mixed case appeal on the same matter, unless you are a supervisor. If you are not a supervisor, whichever you file first, the MSPB appeal or the complaint of discrimination, will be considered an election to proceed in that forum and will determine the procedures that will be followed. If you are a supervisor, you may elect both MSPB and EEOC.

Merit Systems Protection Board (MSPB): If you appeal to the MSPB, your appeal may be submitted by mail, facsimile, by commercial overnight delivery, by electronic filing the MSPB Appeal Form (https://e-appeal.mspb.gov), or in person at any time after you receive this letter, but not later than 30 calendar days after the separation has been effected, or 30 calendar days after the date of the your receipt of this decision, whichever is later. The address to mail your appeal can be found here: U.S. Merit Systems Protection Board | Contacts and Locations (https://www.mspb.gov/about/contact.htm). You must submit an original and one copy of both your appeal and all attachments. If you do not submit an appeal within the time set by statute, regulation, or order of a judge, it will be dismissed as untimely filed unless a good reason for the delay is shown. The judge will provide you an opportunity to show why the appeal should not be dismissed as untimely. A copy of the form is available by request if you are unable to access it at the MSPB website. Please refer to the MSPB website (www.mspb.gov) for information regarding the appeals process and procedures that must be followed. You may be represented by an attorney or other representative of your choice. If you believe this action was taken against you for discriminatory reasons, refer to the paragraph on EEOC. If you decide to file an appeal with MSPB, you should notify the Board that the agency's point of contact for this appeal is Ochcofrontoffice@va.gov

Office of Special Counsel (OSC): If you elect to request corrective action by the OSC's Complaints Examining Unit (OSC Appeal Form) (https://osc.gov/), your complaint will be limited to a determination as to whether the agency took one or more personnel actions against you in violation of 5 U.S.C. § 2302(b) (prohibited personnel practices). This can include, but is not limited to, claims of reprisal for whistleblowing and/or engaging in protected activity. If you are not a supervisor and you elect to request corrective action with OSC, you will have waived your right to file an appeal with MSPB (if eligible), regarding the same matter, except as follows. If you are making a covered claim of retaliation for engaging in certain protected activities, or for making protected disclosures and OSC terminates its investigation and/or has not timely notified you it will seek corrective action, you may have the right to file an individual right of action (IRA) appeal to the MSPB. Such an appeal will be limited to an adjudication of whether you proved that your protected activity or disclosure was a contributing factor in the effected action (5 U.S.C. § 1214; 5 U.S.C. § 1221). If you are a supervisor, you may pursue remedies from MSPB and OSC concurrently.

If you are not a supervisor, whichever option you may choose to pursue regarding this action (an appeal to the MSPB, a request for corrective action to OSC, or a discrimination complaint), shall be considered an election by you to proceed under that appeal process.  However, if you are not a supervisor, you may still concurrently file a corrective action to OSC and a discrimination complaint. If you are a supervisor, you may elect all three remedies concurrently.

Separating VA employees are required to return their PIV card to their PIV issuing office and their government furnished IT equipment and peripherals to the Office of Information Technology (OIT) for redeployment or disposition.

GFE Equipment
You will immediately take your equipment to the closest VA medical center or 810 Vermont Avenue to turn in your IT equipment. The local OIT staff will collect all assigned government furnished equipment (GFE), including peripherals such as monitors, docking stations, printers, etc.

Regardless of the original issuing site, all local IT teams will accept returned GFE and will adhere to local procedures for equipment accountability.

A return receipt for the equipment will be issued to the employee by local IT staff to acknowledge receipt of the employee's GFE and peripherals.
OIT Facility Requirements
Return any non-IT equipment, office and/or card keys, and PIV card to local facility.
If there is lost equipment a report of survey needs to be completed before you separate.


We appreciate your service to the Agency and wish you the greatest of success in your future endeavors.  If you have any questions concerning this matter or the rights described above, or if you need assistance or additional information, please contact Ochcofrontoffice@va.gov .


/s/
  Tracey Therit

---

[1] OPM, *Practical Tips for Supervisors of Probationers*.
[2] *See* U.S. Merit Systems Protection Board Report to the President and Congress, *The Probationary Period: A Critical Assessment Opportunity* (August 2005)
[3] *Id*.

# Exhibit B

DOE F 1325.8e  Electronic Form Approved by Forms Mgmt. 04/26/2012
(08-89)

| United States Government | Department of Energy |
|---|---|
| | Bonneville Power Administration |

# memorandum

**DATE:** February 13th, 2025

**FROM:** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Bonneville Power Administration

**SUBJECT:** Termination During Probationary Period

**TO:** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Environmental Support Assistant

This is to provide notification that the Agency is removing you from your position of Environmental Support Assistant and federal service consistent with the references at the bottom of this memorandum.

Your appointment to this position was subject to the satisfactory completion of an initial probationary/trial period ending on ▮▮▮▮▮.

Guidance from the Office of Personnel Management (OPM) states, "An appointment is not final until the probationary period is over," and the probationary period is part of "the hiring process for employees." "A probationer is still an applicant for a finalized appointment to a particular position as well as to the Federal service." "Until the probationary period has been completed," a probationer has "the burden to demonstrate why it is in the public interest for the Government to finalize an appointment to the civil service for this particular individual."

Per OPM instructions, DOE finds that your further employment would not be in the public interest. For this reason, you are being removed from your position with DOE and the federal civil service effective today.

You may have the right to file an appeal with the Merit Systems Protection Board (MSPB) on the limited grounds set forth in 5 C.F.R. § 315.806. Any such appeal must be filed within 30 days of the effective date of this decision or 30 days after the date of your receipt of this decision, whichever is later. You should review MSPB regulations at 5 C.F.R. §§ 1201.14 and 1201.24 for instructions on how to file an electronic appeal and content requirements of the appeal, respectively. For more information, please visit www.mspb.gov or contact your local MSPB regional or field office at:

MSPB Western Regional Office
1301 Clay Street, Suite 1380N
Oakland, CA 94612-5217
Fax: (510) 273-713

---

[1] OPM, *Practical Tips for Supervisors of Probationers*.

                                                                            2

▇▇▇▇▇▇▇▇▇▇ Termination During Probationary Period

[2] *See* U.S. Merit Systems Protection Board Report to the President and Congress, *The Probationary Period: A Critical Assessment Opportunity* (August 2005)
[3] *Id.*


If you decide to file an appeal with MSPB, you should notify the MSPB that the agency contact official for the purposes of your appeal is:

General Counsel, L-7
Bonneville Power Administration
P.O. Box 3621
Portland, OR 97232
Phone: 503-230-3000
Fax: 503-230-7405
Email: dcfelton@bpa.gov

As part of your appeal to the MSPB, you may allege whistleblower retaliation and/or EEO discrimination as affirmative defenses. However, once you timely file a notice of appeal with the MSPB, you may not subsequently file an OSC complaint, or an EEO complaint on the same matter.

Alternatively, you may seek corrective action under subchapters II and III of 5 U.S.C. chapter 12, by filing a complaint with the Office of Special Counsel (OSC), www.osc.gov. If you seek corrective action with OSC by making an allegation of whistleblower retaliation, you may not subsequently file an appeal to MSPB on the same matter. However, an OSC complaint may be followed by an Individual Right of Action (IRA) appeal to the MSPB under 5 U.S.C. § 1221. IRA appeals are limited to the issue of whether the agency took one or more covered personnel actions against you in retaliation for making protected whistleblowing disclosures. As a result, you will be forgoing the right to challenge this action on other grounds.

Alternatively, you have the right to file a complaint with the U.S. Equal Employment Opportunity Commission (EEOC) consistent with the provisions of 5 U.S.C. § 7121(d) and 29 C.F.R. § 1614.301 and 1614.302. If you believe this action is based in whole or in part on prohibited discrimination (i.e. on the basis of your race, color, religion, sex (pregnancy, sexual orientation, sexual harassment), age (40 or older), national origin, genetic information, disability (mental or physical) or reprisal for prior EEO activity), you must contact a BPA or DOE EEO counselor within 45 calendar days of the date you received this decision. You have the right to file an EEO complaint after counseling. If you file an EEO complaint, you may not subsequently file an appeal with the MSPB on the same matter. Your EEO complaint will be deemed a "mixed case complaint" and upon acceptance by the agency you will be advised of the mixed case complaint processing procedures and appeal options.

The Department of Energy provides employees and their family members with a comprehensive Employee Assistance Plan (EAP). The EAP offers an array of services and resources aimed at supporting and enhancing personal well-being and work-life balance. Services are free and confidential, within the bounds of the law. You may contact FOH EAP and Work-Life program or to make a confidential appointment with a licensed counselor by calling 1-800-222-0364 (or 888-262-7848 if you are hearing-impaired). When contacting the FOH EAP, please use Department of

 Termination During Probationary Period

3

Energy/DOE to identify the agency. To access EAP information and resources, self-help assessments, webinars, podcasts, and more, please visit: FOH4You.

We appreciate your service to the Agency and wish you the greatest of success in your future endeavors. If you have any questions, please contact HR Help at 503-230-3230 or email: HRHelp@bpa.gov.

cc: Employee Relations File – HE-1

References:

    [5 U.S.C. § 7511]
    [5 U.S.C. § 3321(a)]
    [5 C.F.R. §§ 315.803 and 804]
    [5 C.F.R. § 316.304]
    [DOE O 333.1]

# Exhibit C

You are subscribed to DCPAS Messages.

**DCPAS Message 2025045**

FOR:  CIVILIAN PERSONNEL POLICY COUNCIL MEMBERS

FROM:  Defense Civilian Personnel Advisory Service Director, Mr. Daniel J. Hester //Signed 2/25/2025//

SUBJECT:  Direction to Terminate Individuals Serving a Probationary or Trial Period in the Department of Defense

ACTION:  Using the attached Notification of Termination During Probationary Period template, all Department of Defense (DoD) Components must terminate the employment of all individuals who are currently serving a probationary or trial period in the DoD, subject to the exceptions listed below, beginning February 28, 2025.

REFERENCES:

1. Acting Director, U.S. Office of Personnel Management (OPM) Memorandum, "Guidance on Probationary Periods, Administrative Leave and Details" January 20, 2025
https://www.chcoc.gov/content/guidance-probationary-periods-administrative-leave-and-details
2. Notification of Termination During Probationary Period Template
3. DCPAS Reference Guide for HR Practitioners: Determining Appeal Rights of an Individual Serving a Probationary Period_February 2025

BACKGROUND:  Following direction from OPM, reference (1), federal agencies have been thoroughly reviewing their rosters to identify individuals serving a probationary or trial period in mission-critical positions essential for executing agency functions and fulfilling national priorities.  This review aligns with the Administration's directive to streamline the federal workforce and ensure effective resource allocation.

In accordance with direction from OPM, beginning February 28, 2025, all DoD Components must terminate the employment of all individuals who are currently serving a probationary or trial period.  This requirement to terminate individuals serving a probationary or trial period does **<u>NOT</u>** apply to:

1. individuals whose positions have been designated as mission-critical;
2. nonappropriated fund (NAF) employees;
3. dual-status technicians;
4. political appointees;
5. appointments made under the Pathways program, or
6. individuals who have opted in to OPM's Deferred Resignation Program.

5 U.S.C. 3592(b)(1) prohibits certain involuntary removals of career Senior Executive Service (SES) appointees during the 120-day moratorium. Guidance regarding removals of probationary career SES members is forthcoming.

As provided by OPM, and for your convenience, a Notification of Termination During Probationary Period template is provided in reference (2). Components should insert the appropriate information into this template, as noted on the document. Ensure that termination dates comply with all applicable agency policies and Collective Bargaining Agreements (CBAs), prioritizing the expedited process where feasible. Additionally, it is recommended that DoD Components place individuals on administrative leave for a period of three weeks prior to effecting the termination date. This period of time will allow the Components sufficient time to conduct a review of non-exempt probationary and trial period employees to ensure the termination of affected individuals is conducted based on accurate probationary or trial period data.

Prior to issuing any termination letters, management officials should consult with their local Human Resources Office to confirm the probationary status of individuals, make appropriate determinations whether the individual meets the definition of employee under 5 U.S.C. § 7511 requiring full due process and appeal rights, and confirm the individuals respective probationary period end date. To aid Human Resources Practitioners in this review, the DCPAS Reference Guide is attached at reference (4)

For individuals who meet the definition of employee, thus requiring full due process and appeal rights, termination should not be accomplished using reference (2). For these employees, management officials should work with their servicing employee relations practitioner to determine if there is cause for action in accordance with procedures established in 5 C.F.R. § 752.

Components should elect to deliver termination notices in a manner that allows for delivery in an effective and efficient manner, being mindful that notices are not required to be signed or delivered by an individual's immediate supervisor, nor are they required to be delivered in-person. However, management officials should take action to ensure that the notice is delivered prior to the termination being effected and that the delivery of the notice can be verified. Additionally, management officials should review the letter before delivery to ensure all details are accurate.

If Components elect to deliver the Notification of Termination During Probationary Period in-person, two copies of the letter should be printed. Both copies of the letter should be date stamped and signed at the time of actual delivery. Upon meeting with the individual serving a probationary or trial period, one copy of the letter should be provided to the individual and the other copy should be retained for agency files. Consult with the servicing Labor and Employee Relations practitioner to ensure compliance with any procedural requirements of applicable CBAs, such as the requirement to provide the individual multiple copies of the letter.

Additionally, management officials must be cognizant of the anniversary date of the appointment of the individual and the impacts this may have if the anniversary date is imminent (i.e., either the day following the date of termination or prior to the individual's next scheduled duty day). If the anniversary date is imminent, management must ensure that the termination is effected prior to the end of the individual's scheduled tour of duty on the last duty day before the anniversary date of their appointment, specifically annotating the time of termination in the letter. In these scenarios, management officials should ensure timecards accurately reflect the hours worked based upon the time of termination.

Upon delivery of the Notification of Termination During Probationary Period to the impacted individual, proper follow-on steps should be completed in accordance with organizational out-processing checklists and procedures. Such steps may include, but are not limited to, collecting the individual's government

equipment, to include the Common Access Card, and terminating their access to government e-mail and systems.  If, after termination, any personal effects remain in the workplace that the individual was not able to collect prior to their departure, management officials should take appropriate steps to return those items to the individual in accordance with their organizational policies or practices.  Additionally, after the Notification of Termination During Probationary Period is delivered to each impacted individual, an official termination during probation or trial period personnel action must be processed in the Defense Civilian Personnel Data System (DCPDS).

POINT OF CONTACT:  DCPAS Labor and Employee Relations at: [dodhra.mc-alex.dcpas.mbx.hrops-lerd-data-call@mail.mil](mailto:dodhra.mc-alex.dcpas.mbx.hrops-lerd-data-call@mail.mil).

1. [Ref 3 - DCPAS Reference Guide - Determining Appeal Rights of an Individual Serving a Probationary Period - February 2025_FINAL.docx]
2. [Ref 2 - Termination of Probationary Employee Template - DoD.docx]

---

Update your subscriptions, modify your password or email address, or stop subscriptions at any time on your [Subscriber Preferences Page]. You will need to use your email address to log in. If you have questions or problems with the subscription service, please visit [subscriberhelp.govdelivery.com].

This service is provided to you at no charge by the [Defense Civilian Personnel Advisory Service].

---

3

# Exhibit D

[DATE], 2025

MEMORANDUM FOR [EMPLOYEE], [TITLE], [ORGANIZATION]

FROM:                 [NAME]
                             [TITLE]

SUBJECT:          Notification of Termination During Probationary Period

REFERENCES:     5 U.S.C. § 7511
                             [5 U.S.C. § 3321(a)]
                             [5 C.F.R. §§ 315.803 and 804]
                             [5 C.F.R. § 316.304]
                             [INSERT AGENCY POLICY]

This is to provide notification that the Agency is removing you from your position of [TITLE] and federal service during your probationary/trial period consistent with the above references.

On [INSERT DATE OF APPOINTMENT], the Agency appointed you to the position of [TITLE]. As documented on your appointment Standard Form 50 (SF-50), your appointment is subject to a probationary/trial period. [The agency also informed you of this requirement in the job opportunity announcement for the position.]

Guidance from the Office of Personnel Management ("OPM") states, "An appointment is not final until the probationary period is over," and the probationary period is part of "the hiring process for employees."[1] "A probationer is still an applicant for a finalized appointment to a particular position as well as to the Federal service."[2] "Until the probationary period has been completed," a probationer has "the burden to demonstrate why it is in the public interest for the Government to finalize an appointment to the civil service for this particular individual."[3] Furthermore, OPM has emphasized that individual employee performance measurement should be aligned with and support organizational goals and focus employee efforts on achieving organizational and group goals. In addition, OPM has instructed Agencies to consider whether an employee's performance is in the best interest of the government, in light of the President's directive to dramatically reduce the size of the federal workforce.

Based on the OPM guidance referenced above, the Agency finds, based on your performance, that you have not demonstrated that your further employment at the Agency would be in the public interest. For this reason, the Agency informs you that the Agency is removing you from your position of [TITLE] with the Agency and the federal civil service effective [insert date and time, if necessary].

---

[1] OPM, *Practical Tips for Supervisors of Probationers*.

[2] *See* U.S. Merit Systems Protection Board Report to the President and Congress, *The Probationary Period: A Critical Assessment Opportunity* (August 2005)

[3] *Id.*

You may have a right to file an appeal with the Merit Systems Protection Board (MSPB) on the limited grounds set forth in 5 C.F.R. § 315.806. Any such appeal must be filed within 30 days of the effective date of this notice or 30 days after the date of your receipt of this notice, whichever is later. You should review MSPB regulations at 5 C.F.R. §§ 1201.14 and 1201.24 for instructions on how to file an electronic appeal and content requirements of the appeal, respectively. For more information, please visit www.mspb.gov or contact your local MSPB regional or field office at: [INSERT MSPB REGIONAL OR FIELD OFFICE CONTACT INFORMATION].

We appreciate your service to the Agency and wish you the greatest of success in your future endeavors. If you have any questions, please contact [CONTACT].

[INSERT NAME OF AGENCY OFFICIAL]
[INSERT TITLE OF AGENCY OFFICIAL]