Scott A. Kronland (SBN 171693)
Stacey M. Leyton (SBN 203827)
Eileen B. Goldsmith (SBN 218029)
Danielle E. Leonard (SBN 218201)
Robin S. Tholin (SBN 344845)
James Baltzer  (SBN 332232)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel. (415) 421-7151
Fax (415) 362-8064
skronland@altber.com
sleyton@altber.com
egoldsmith@altber.com
dleonard@altber.com
rtholin@altber.com
jbaltzer@altber.com

*Attorneys for Plaintiffs*

[Additional Counsel not listed]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO; AMERICAN FEDERATION OF STATE COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, et al.,<br><br>　　　　Defendants. | Case No. 3:25-cv-01780-WHA<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND COMPLAINT, TO JOIN NEW PLAINTIFFS TO PRELIMINARY INJUNCTION MOTION, AND TO FILE ADDITIONAL DECLARATION EVIDENCE** |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on April 10, 2025 at 8:00 am (shortened time requested) or as soon thereafter as the parties may be heard, in Courtroom 12, 19th floor, of the United States District Court for the Northern District of California, 450 Golden Gate Ave., San Francisco, CA, Plaintiffs will and hereby do move for leave to file their proposed Second Amended Complaint ("2AC") pursuant to Federal Rule of Civil Procedure 15(a)(2); to add the new Plaintiffs to Plaintiffs' pending motion for preliminary injunction; and for leave to file supplemental declaration evidence.

Plaintiffs are separately moving to shorten time so that this motion may be resolved in advance of the March 13, 2025 preliminary injunction hearing and in time for the parties to prepare for that hearing.

Leave to file the 2AC should be granted because the amendment is not sought in bad faith; plaintiffs have not unduly delayed seeking leave to amend; the proposed amendment does not unduly prejudice any other party; and the amendment is not futile. If the Court grants this motion, Plaintiffs should also be granted leave to join the new Plaintiffs to the pending request and to file their declarations in support of the request to establish standing and harm. Plaintiffs' motion is supported by the following Memorandum of Points and Authorities; all pleadings and papers on file with the Court; and such oral argument as may be heard by the Court.

**MEMORANDUM IN SUPPORT**

Plaintiffs move to the Court pursuant to Federal Rule of Civil Procedure 15(a)(2) for leave to file the proposed SAC filed herewith for three reasons: 1) to add additional federal agency Defendants; 2) to add additional Plaintiffs harmed by Defendants' actions; and 3) to conform factual allegations to information disclosed by Defendants OPM and Acting OPM Director Ezell after the filing of Plaintiffs' First Amended Complaint on February 23, 2025. A redlined copy of the 2AC showing the new allegations is attached as Exhibit A, and a clean copy of the 2AC is attached as Exhibit B.

As the Court is aware, this case has moved exceptionally quickly in light of disclosures of information previously unknown to Plaintiffs and the briefing and resolution of Plaintiffs' Motion for TRO granted by the Court on February 27, 2025 [ECF 44, 45]. In particular, OPM did not make its

actions public, Plaintiffs and others were forced to rely on press reports and investigation to uncover OPM's actions, Plaintiffs and others requested information from Federal Defendant Agencies regarding these terminations and were rebuffed, and Plaintiffs only learned of certain important communications after this Court ordered briefing (the February 14, 2025 email) and disclosure (the identities of those on the February 13, 2025 call(s) between OPM and agencies). The government has still not to date revealed who it has actually fired and where.

Plaintiffs earlier filed an amended complaint to bring before the Court the information regarding OPM's unlawful orders to all federal agencies to terminate probationary employees, as well as the organizations impacted by those orders, as additional information came to light. [ECF 17]. Because Plaintiffs have already amended once pursuant to Rule 15(a)(1), Plaintiffs now move this Court for leave to add new parties, while maintaining the same claims. Defendants' deadline for any responsive pleading has not yet passed, and a mere two weeks have passed since Plaintiffs filed this case, during which Defendants have revealed additional information that warranted further amendment. Because good cause and justice require amendment to be freely granted here, for all the reasons explained below, Plaintiffs respectfully request this Court grant this motion.

The additional Plaintiffs do not change the scope of the claims or requested relief, but bring important voices and evidence before this Court that this Court should hear in resolving the pending preliminary injunction: The Plaintiff State of Washington seeks to join this case to provide this Court with important evidence regarding the ways States are affected by reduced staffing at federal agencies both within their borders and across the nation. Plaintiff organizations Association of Flight Attendants-CWA, AFL-CIO, American Public Health Association, American Geophysical Union, Point Blue Conservation Science, and Climate Resilient Communities speak directly to the impacts on services at agencies nationwide from the FAA to the NIH, USDA, NASA, NOAA, and others. The existing Plaintiffs also seek leave, in light of this Court's TRO Order, to add further allegations regarding harms across other agencies to their members. Plaintiffs have also added the Federal Agency Defendants that OPM's evidence has revealed to have received the direct OPM orders and that have implemented those orders by terminating employees in a wholly unlawful manner. Plaintiffs seek to add those Defendants to existing claims, both as Defendants who have violated the

law by implementing these terminations and also pursuant to Rule 19 as necessary to effectuate relief remedying OPM's unlawful acts.

This Court has already heard and ruled on Plaintiffs' application for a TRO and scheduled a hearing on Plaintiffs' request for a preliminary injunction for March 13, 2025. In light of the expedited timing for that hearing and this Court's consideration of the need for a preliminary injunction, Plaintiffs therefore also make two other procedural requests: 1) that the new Plaintiff entities added to the 2AC be permitted to join in the pending request for the preliminary injunction; and 2) that Plaintiffs be permitted to submit supplemental declaration evidence establishing harm and standing in advance of the hearing. Plaintiffs will be prepared to file those declarations immediately upon this Court's grant of this motion, and have informed Defendants that they will provide those declarations to them in any event by no later than Friday, March 7, 2025, and will make any new declarant available should the Defendants wish to call them to testify at the hearing.

Plaintiffs sought to meet and confer and obtain Defendants' agreement to this Motion and were not successful.

**DISCUSSION**

**I    Legal Standard**

A "court should freely give leave [to file an amended complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). This policy is to be applied with "'extreme liberality,'" *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990)), even when "the amendment will add causes of action or parties," *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

Given this generous rule, "there exists a presumption under Rule 15(a) in favor of granting leave to amend," *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis in original), and all inferences should generally be drawn in favor of amendment, *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). The burden is on the party opposing amendment to show that amendment is inappropriate, *DCD Programs*, 833 F.2d at 187, based on an affirmative showing that: 1) the request for amendment is made in bad faith; 2) there has been undue delay in requesting amendment; 3) amendment would cause undue prejudice to the opposing

party; and/or 4) amendment would be futile, *Griggs*, 170 F.3d at 880.  "Absent prejudice, or a strong showing of any of the remaining . . . factors," the presumption applies and amendment should be permitted.  *Id*.  In the absence of such proof meeting this burden, "the leave sought should, as the rules require, be 'freely given.'"  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

I.  **Good Cause Exists to Add Federal Agency Defendants**

   A.  **Agency Defendants Identified by the Court's TRO Order**

Initially, Plaintiffs seek to add as defendants the federal agencies that were identified in the Court's TRO Order.

Plaintiffs' initial complaint, filed Wednesday February 19, 2025, asserted claims against Defendants OPM and Acting OPM Director Ezell, alleging that OPM directed federal agencies throughout the government nationwide to terminate probationary workers.  Plaintiffs filed their amended complaint days later, on Sunday, February 23, 2025, and at the same time moved to enjoin that unlawful OPM action.  This Court's Order granting Plaintiffs' TRO [ECF 45] identified several federal agencies for which Plaintiffs' evidence had established harm to Plaintiffs that was caused or to be caused by the termination of federal workers, and ordered OPM to notify those agencies in particular that OPM's actions were unlawful.  ECF 45 at 24.   The Court stopped short of ordering these agencies to stop implementing or to rescind implementation of the OPM directives, because the agencies were not parties.  ECF 44, 45.

The Court's order also recognizes that Plaintiffs are likely to prove both that OPM's actions with respect to all agencies were unlawful because they are in excess of OPM's authority as well as because they conflict with various provisions of federal employment statutes and are arbitrary and capricious in that OPM's directives required agencies to lie to their employees about performance.  ECF 45 at 7-10.  Plaintiffs now move to add the agencies listed by the Court and their agency heads as Defendants in this case, both to assert claims directly against those agencies for failure to comply with applicable laws, and as Rule 19 defendants to effectuate complete relief.

Good cause exists to permit Plaintiffs such an amendment because of the following: Defendants have yet to file any responsive pleading; Defendants have placed at issue whether OPM or the agencies decided to terminate probationary employees; adding Defendants does not alter or add

to the relief that Plaintiffs have sought all along in their facial challenge to OPM's orders (which includes halting any further terminations and reinstating all federal workers terminated at all agencies by OPM's orders); and adding Defendants will ensure that the Court can issue effective relief against those entities that have issued and/or implemented the unlawful central policy and direction.

None of the factors that would warrant denying leave to amend exist here: Plaintiffs have not unreasonably delayed but moved for leave to amend within days of the Court's TRO order and a few weeks of initiating this litigation; and have not acted in bad faith. The Federal Agency Defendants, representing in their official capacity the federal agencies of the United States, are typically represented by the U.S. Attorney General and the Department of Justice, and will not be prejudiced by amendment at the very outset of this case. Counsel for Plaintiffs has disclosed to Defendants the additional agency defendants to be added within days of the Court's TRO order and with sufficient time for Defendants to prepare for the upcoming preliminary injunction hearing -- at which Defendants were already aware that Plaintiffs would seek facial invalidation and an injunction against all agency implementation of OPM's orders. Indeed, the relief requested has not changed by the addition of these Federal Agency Defendants. Finally, judicial economy favors resolving all legal claims arising from OPM's orders to these agencies and their implementation thereof in a single case. At a very minimum, Plaintiffs request leave to file the accompanying complaint adding these agencies.

**B.     Additional Agencies Ordered by OPM to Terminate Probationary Workers**

Plaintiffs also seek leave to amend their Complaint to add as defendants the complete list of agencies that received the OPM orders (and in particular the February 14 email) to terminate their employees.

On Wednesday, February 26, 2025, Defendants filed an opposition to Plaintiffs' TRO that sought to dispute Plaintiffs' factual allegations regarding OPM's orders, claiming instead that the federal agencies made their own decisions to terminate their workers. This is now a contested factual issue at the heart of this case, as discussed at the TRO hearing on Thursday, February 27, 2025.

In support of their factual position, in their February 26, 2025 filing, Defendants revealed publicly for the first time a February 14, 2025 email from OPM to federal agencies that ordered them

to terminate probationary workers. [ECF 37-1 (Feb. 14, 2025 email from OPM to CHCOs and Deputy CHCOs)]. Plaintiffs' investigation of this document has revealed the list of agencies to which this order was **directly** given, via the Chief Human Capital Officer ("CHCO") and Deputy Chief CHCO at each Cabinet-level Departments and several large independent agencies.[1] In short, this document, provided to the Court and Plaintiffs by Defendants after the filing of Plaintiff's Amended Complaint, orders *23* federal agencies to terminate their workers, including the following: the Departments of Agriculture, Commerce, Defense, Education, Energy, Homeland Security, Health and Human Services, Housing and Urban Development, Justice, Interior, Labor, State, Treasury, and Transportation, as well as the Veterans Administration, Environmental Protection Agency, General Services Administration, National Aeronautics and Space Administration, National Science Foundation, Office of Management and Budget, Office of the Director of National Intelligence, Social Security Administration, and Small Business Administration.[2]

This evidence provided by Defendants thus now reveals which agencies directly received OPM's orders. Defendants are placing at issue, as a factual and legal matter in this case, whether OPM or these 23 agencies decided on their own to terminate their employees.

Moreover, Plaintiffs have obtained additional evidence that demonstrates irreparable and imminent harm caused by terminations at additional federal agencies on the CHCO list, either because the existing Plaintiffs and/or their members are directly affected by the actions of additional agencies, or because new proposed Plaintiffs have come forward with such evidence.

Plaintiffs therefore seek leave to add as Defendants in this case each of the federal agencies that received and either implemented or may implement OPM's instructions. Plaintiffs will endeavor to prove, at the upcoming preliminary injunction hearing, irreparable harm caused or threatened to Plaintiffs by all of these agencies. Plaintiffs seek to add them as Defendants both because their

---

[1] The CHCO Council and its members are explained here: https://beta.chcoc.gov/members

[2] The February 14 email was also sent to two representatives of the federal Small Agency Council, which has 80 members – including the Merit Systems Protection Board and the Federal Labor Relations Authority – which were thereby also ordered to terminate their probationary workers. Plaintiffs do not seek at this time to add each of these 80 smaller agencies, and will address the available mechanisms for effectuating relief at the upcoming preliminary injunction hearing.

Motion For Leave to Amend Complaint, Join New Plaintiffs to PI Motion and Leave to File Declarations, No. 3:25-cv-01780-WHA6

termination of employees on OPM's orders was unlawful and violated several statutes (whether or not the agencies acted at their own discretion or at OPM's direction), and as Rule 19 defendants to effectuate complete relief. To be clear, Plaintiffs intend to prove that OPM ordered these terminations, which was unlawful because OPM lacks authority to do so, *and* that the manner that these agencies implemented the terminations was also unlawful because they violate the CSRA and are arbitrary and capricious, at the very least.

Good cause exists to permit Plaintiffs such an amendment for similar reasons to the agencies described above: Defendants have yet to file any responsive pleading; Defendants have placed at issue whether OPM or the agencies decided to terminate probationary employees; adding Defendants does not alter or add to the relief that Plaintiffs have sought all along in their facial challenge to OPM's orders (which includes halting any further terminations and reinstating all federal workers terminated at all agencies by OPM's orders); and adding Defendants will ensure that Plaintiffs are able to effectuate relief against those entities that have implemented the unlawful central policy and direction. And, for the same reasons described above, none of the factors that would warrant denying leave to amend exist here. Defendants' interest in this case was already put at issue by Plaintiffs' allegations and Defendant OPM's response, and Defendants cannot be said to be prejudiced in light of their own reliance on (unsupported) allegations regarding agency actions in response to OPM's orders. Again, judicial economy is best served by resolving in a single case all legal claims arising from OPM's orders to these agencies and their implementation.

II.     **Good Cause Exists to Add Plaintiff Organizations**

Plaintiffs' TRO Motion sought facial relief and an injunction against application of OPM's unlawful orders by any agency. This Court instead granted limited relief, issuing the TRO against OPM and ordering OPM to notify certain agencies regarding which Plaintiffs' existing declarations demonstrated harm.

Plaintiffs now seek leave to amend their complaint to add additional plaintiff entities and organizations that have come forward and wish to participate in this action, to put before the Court additional evidence of harm and impact nationwide. The proposed Second Amended Complaint describes each of these additional organizations:

Motion For Leave to Amend Complaint, Join New Plaintiffs to PI Motion and Leave to File Declarations, No. 3:25-cv-01780-WHA7

<u>State of Washington</u>.  Washington works with agencies across the federal government every day, including Cabinet-level Departments (including at least the USDA, Commerce, Education, Energy, HHS, DHS, HUD, Interior, Labor, Treasury, Transportation, VA) and many independent agencies including EPA, SSA, FTC, CFPB and others.  Reduced staffing at any of the federal agencies on which Washington relies and interacts with every day will directly impact the State, far beyond the immediate harm to federal employees based in Washington who have lost their livelihood and benefits.   The State faces ongoing and imminent harm from the reduction and delays in services caused by the termination of probationary employees at multiple federal agencies.

<u>American Public Health Association</u>.  APHA is a non-profit, non-partisan membership organization (23,000 strong, in all 50 states) that champions the health of all people and all communities and strengthens the profession of public health.  The termination of employees at HHS, including NIH and CDC, has already adversely impacted APHA's members and organization by disrupting research, testing, and other important services (such as screening travelers for infectious disease).

<u>Association of Flight Attendants-CWA, AFL-CIO</u>.  AFA is a labor union that is a leading voice for a safe, healthy and secure aircraft cabin for passengers and crew alike.  AFA does not represent federal employees; rather, it represents privately employed flight crew members who rely on the FAA to keep them and their passengers safe.  Terminations at the FAA, which is part of DOT, exacerbate existing risks caused by a diminished federal aviation safety workforce, to the direct detriment of AFA and its members.

<u>American Geophysical Union</u>.  AGU is a worldwide membership association for Earth and space scientists (with over 29,000 members in the U.S.).  AGU includes members who work for the federal government, and those outside the government who rely on federal grants to support research, including awards from the National Science Foundation, Department of Energy, U.S. Forest Service, Environmental Protection Agency, Department of Interior, U.S. Fish and Wildlife Service, Bureau of Land Management, and National Oceanic and Atmospheric Administration, to name only a few.  The loss of staff impacts available data and causes delays that will undermine the ability of AGU members to perform their research.

<u>Climate Resilient Communities</u>.  CRC is a community-based non-profit organization engaged in environmental justice work in San Mateo County.  CRC was recently awarded a significant grant from the EPA, managed by an EPA probationary officer who was terminated in February 2025, threatening the progress of this work and availability of these important funds.

<u>Point Blue Conservation Science</u>.   Fourteen of Point Blue's employees are designated as "partner biologists" who have been partially funded through the Natural Resources Conservation Service ("NRCS"), which is a component agency of the USDA.  Terminations at NRCS have required Point Blue to reassign partner biologists to other work, and divert resources.  Point Blue also relies on grants from or partners with agencies including NOAA, DOD, the National Science Foundation, the Forest Service, and the Fish & Wildlife Service that are being impaired by terminations.

Good cause exists to permit the addition of these Plaintiffs and their evidence of harm caused by OPM's unlawful orders and the federal agencies' unlawful implementation of those orders.  Judicial economy is best served by allowing these Plaintiffs to join and permit the resolution of legal claims and remedies involving OPM's unlawful orders in one case.  These Plaintiffs have come forward to join a mere two weeks after this case was initially filed, and very quickly after this Court's TRO order indicating that the Court may not grant facial preliminary injunctive relief, but rather proceed agency by agency.  Plaintiffs seek to prove the severe harm caused by these government-wide unlawful actions agency by agency, and these Plaintiff organizations wish to be heard.

**III.    Good Cause Exists to Add Factual Allegations Revealed Subsequent to Plaintiffs' Amended Complaint**

Finally, Plaintiffs move for leave to conform their complaint to factual information that has come to light since the filing of Plaintiffs' Amended Complaint, including because that information was revealed by the government only in its February 26, 2025 opposition to Plaintiffs' TRO.

Of particular note, as explained above, Defendants have now revealed the full list of agencies to which OPM directed its (unlawful) order to terminate workers, via the CHCO and Deputy CHCO at each of 23 Departments and agencies.  In addition, additional relevant factual developments have occurred and additional factual information has been revealed with the passage of days since

Plaintiffs filed their amended complaint, and Plaintiffs have added that information as well. That additional information includes further actions by OPM in implementation of its unlawful e-mail reporting mandate and additional harm to the existing Plaintiffs that has been uncovered, including in relation to additional agencies that were not identified in the Court's TRO Order. Plaintiffs have not delayed in any way, and much of this information comes from Defendants' own evidence and actions subsequent to the filing of Plaintiffs' last complaint.

### IV. Good Cause Exists to Permit the New Plaintiffs to Join the Existing Request for Preliminary Injunction and to File Supporting Declarations

Plaintiffs have moved as quickly as possible to join the additional Defendants and add Plaintiffs who have evidence to present to this Court of harm being cause by these unlawful terminations of federal employees across the country. In light of the importance of the issues and the stakes of this case, Plaintiffs have proposed to make only those amendments that will not delay the upcoming preliminary injunction hearing, and have therefore been careful to keep the additions within the nature and scope of the existing claims and previously requested relief, which has not changed since Plaintiffs filed their TRO motion on Sunday, February 23, 2025.

Plaintiffs thus propose to move forward by adding these new Plaintiffs to the existing motion, and filing supplemental declarations regarding harm to and standing of those Plaintiffs. Plaintiffs have informed Defendants that, should this Court grant this motion, any declarant from the new Plaintiffs would be available to be selected as a witness for the hearing along with declarants previously filed by the existing Plaintiffs.

### CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request leave to file the proposed Second Amended Complaint filed herewith; for any new Plaintiffs to join the existing request for preliminary injunction; and for Plaintiffs to be granted leave to file supplemental declarations on harm and standing. As noted, Plaintiffs are separately moving for this motion to be heard on shortened time, in light of the upcoming preliminary injunction hearing on March 13, 2025

DATED: March 4, 2025

                Respectfully submitted,

March 4, 2025          Scott A. Kronland
                Stacey M. Leyton
                Eileen B. Goldsmith
                Danielle E. Leonard
                Robin S. Tholin
                James Baltzer
                ALTSHULER BERZON LLP
                177 Post St., Suite 300
                San Francisco, CA 94108
                Tel: (415) 421-7151

            By: */s/ Danielle E. Leonard*
              Danielle E. Leonard

            *Attorneys for Plaintiff Organizations*


            Norman L. Eisen (*pro hac vice forthcoming*)
            Pooja Chadhuri (SBN 314847)
            STATE DEMOCRACY DEFENDERS FUND
            600 Pennsylvania Avenue SE #15180
            Washington, DC 20003
            Tel: (202) 594-9958
            Norman@statedemocracydefenders.org
            Pooja@statedemocracydefenders.org


            By: */s/ Norman L. Eisen*

            *Attorneys for Plaintiff Organizations*


            Rushab Sanghvi (SBN 302809)
            AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES
            80 F Street, NW
            Washington, DC 20001
            Tel: (202) 639-6426
            Sanghr@afge.org

By: */s/ Rushab Sanghvi*

*Attorneys for Plaintiff American Federation of Government Employees (AFGE)*

Teague Paterson (SBN 226659)
Matthew Blumin  (*pro hac vice forthcoming*)
AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES
1625 L Street, N.W.
Washington, D.C.  20036
Tel: (202) 775-5900
Tpaterson@afscme.org
MBlumin@afscme.org

By: */s/Teague Paterson*

*Attorneys for Plaintiff American Federation of State County and Municipal Employees (AFSCME)*

Tera M. Heintz (SBN 241414)
Cristina Sepe (SBN 308023)
Cynthia Alexander, WA Bar No. 46019 (*pro hac vice forthcoming*)
Deputy Solicitors General
OFFICE OF THE WASHINGTON STATE ATTORNEY GENERAL
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
tera.heintz@atg.wa.gov
cristina.sepe@atg.wa.gov
cynthia.alexander@atg.wa.gov

By: */s/ Tera M. Heintz*

*Attorneys for Plaintiff State of Washington*

Motion For Leave to Amend Complaint, Join New Plaintiffs to PI Motion and Leave to File Declarations, No. 3:25-cv-01780-WHA12