

UNITED STATES OFFICE OF PERSONNEL MANAGEMENT
Washington, DC 20415

The Director

# MEMORANDUM

**TO:** Heads and Acting Heads of Departments and Agencies

**FROM:** Charles Ezell, Acting Director, U.S. Office of Personnel Management

**DATE:** January 20, 2025
**Revised: March 4, 2025**

**RE:** Guidance on Probationary Periods, Administrative Leave and Details

---

The U.S. Office of Personnel Management (OPM) is providing the following guidance to agencies regarding critical potential personnel actions. Specifically, this memorandum deals with 1) probationary periods, and 2) administrative leave and details.

### I. Probationary Periods

Probationary periods are an essential tool for agencies to assess employee performance and ensure that "a probationer's conduct and performance have established that the individual will be an asset to the Government."[1] Employees on probationary periods can be terminated during that period without triggering appeal rights to the Merit Systems Protection Board (MSPB).[2]

Generally, employees in the competitive service with less than one year of service, and in the excepted service with less than two years of service, can be terminated without triggering MSPB appeal rights.[3] This applies to temporary employees on appointments "not to exceed" a date certain.[4]

No later than January 24, 2025, agencies should identify all employees on probationary periods, who have served less than a year in a competitive service appointment, or who have served less than two years in an excepted service appointment, and send a report to OPM listing all such employees to employeeaccountability@opm.gov. In addition, agencies should promptly determine whether those employees should be retained at the agency.

---

[1] *See* U.S. Merit Systems Protection Board Report to the President and Congress, *The Probationary Period: A Critical Assessment Opportunity* (August 2005).

[2] *Starkey v. Dep't of Hous. and Urban Dev.*, 2024 MSPB 6, ¶ 16; *Marynowski v. Dep't of the Navy*, 2012 MSPB 82, ¶ 4 (2012).

[3] *Forest v. Merit Sys. Prot. Bd,* 47 F.3d 409, 412 (Fed. Cir. 1995); *Holmes v. Merit Sys. Prot. Bd.*, 655 F. App'x 816, 818 (Fed. Cir. 2016); see also 5 U.S.C. §§ 7511(a)(1)(A), (C).

[4] *See Forest,* 47 F.3d at 410*; Holmes,* 655 F. App'x at 816.

Please note that, by this memorandum, OPM is not directing agencies to take any specific performance-based actions regarding probationary employees. Agencies have ultimate decision-making authority over, and responsibility for, such personnel actions.

## II.     Administrative Leave and Details

"Federal agencies have the discretion to grant paid administrative leave to employees to help manage their workforces when it is in their best interest to do so."[5] The flexibility given to agencies in using paid administrative leave reflects the fact that "heads of Executive agencies have broad authority to manage their organizations, including the authority to grant administrative leave, unless prohibited by law."[6]

OPM regulations note four pertinent areas where paid administrative leave is appropriate: (1) "the absence is directly related to the agency's mission," (2) "the absence is officially sponsored or sanctioned by the agency," or (3) "the absence will clearly enhance the professional development or skills of the employee in the employee's current position," or (4) "the absence is in the interest of the agency or of the Government as a whole."[7] "An agency must retain the discretion to grant or not grant administrative leave in any circumstance based on agency judgments regarding mission needs."[8]

Placing an employee on paid administrative leave may be an appropriate action where the agency component in which the employee works is being eliminated or restructured, or where the agency weighs changes to the individual's role at the agency as part of a workforce realignment. It also may be appropriate when a new agency manager determines that the absence of the employee from the office "is in the interest of the agency or of the Government as a whole."[9] Agencies are encouraged to use flexibilities associated with paid administrative leave as they implement agency restructuring initiatives or determine the best ways to manage agency components going forward.

In addition, agency heads have broad discretion to detail employees "among the bureaus

---

[5] *Administrative Leave, Investigative Leave, and Notice Leave*, 89 Fed. Reg. 10,2256-01 (Dec. 17, 2024).

[6] U.S. Office of Personnel Management, *Fact Sheet: Administrative Leave*.

[7] 5 C.F.R. § 630.1403(a)(1).

[8] 5 C.F.R. § 630.1403(a)(4). OPM reiterates that while "[t]he effective date for these regulations addressing administrative leave (subpart N) and investigative and notice leave (subpart O) is 30 days after the date of publication," nonetheless "the compliance date is set as 270 days after the date of publication." 89 Fed. Reg. at 10,2257. That is, agencies must "revise and implement their internal policies consistent with the Act within 270 calendar days from the date OPM prescribes the regulations," and "[a]gencies are responsible for compliance with time limits provided for in the Act, these OPM regulations, and any related guidance." *Id*. OPM thus believes that agencies are not required to comply with the administrative leave rule and new regulations until September 13, 2025, the deadline for agencies to issue their own implementing regulations. **OPM requests that agencies not issue any agency-specific rules until such rules have been reviewed and approved by OPM.**

[9] 5 C.F.R. § 630.1403(a)(1).

and offices of [their] department[s]" for up to 120 days by written order.[10] An agency may temporarily detail an employee to "unclassified duties."[11] Such details may provide additional flexibilities to agencies during the transition period and as agencies undertake reorganization efforts and close offices.

    Please do not hesitate to contact OPM if you have any questions regarding these matters at employeeaccountability@opm.gov.

cc: Chief Human Capital Officers (CHCOs), Deputy CHCOs, and Human Resources Directors.

---

[10] 5 U.S.C. § 3341.

[11] *Frankel v. Dep't of Educ.*, 17 M.S.P.R. 453, 455–56 (1983).