1  Scott A. Kronland (SBN 171693)
Stacey M. Leyton (SBN 203827)
2  Eileen B. Goldsmith (SBN 218029)
Danielle E. Leonard (SBN 218201)
3  Robin S. Tholin (SBN 344845)
James Baltzer  (SBN 332232)
4  ALTSHULER BERZON LLP
177 Post Street, Suite 300
5  San Francisco, CA 94108
Tel. (415) 421-7151
6  Fax (415) 362-8064
skronland@altber.com
7  sleyton@altber.com
egoldsmith@altber.com
8  dleonard@altber.com
rtholin@altber.com
9  jbaltzer@altber.com

10
11  *Attorneys for Plaintiffs*

12  [Additional Counsel not listed]

13

14             UNITED STATES DISTRICT COURT

15        FOR THE NORTHERN DISTRICT OF CALIFORNIA

16             SAN FRANCISCO DIVISION

17  AMERICAN FEDERATION OF                    Case No. 3:25-cv-01780-WHA
GOVERNMENT EMPLOYEES, AFL-CIO;
18  AMERICAN FEDERATION OF STATE          **DECLARATION OF STACEY LEYTON**
COUNTY AND MUNICIPAL EMPLOYEES,      **IN SUPPORT OF PLAINTIFFS' MOTION**
19  AFL-CIO, et al.,                           **FOR LEAVE**

20          Plaintiffs,

21      v.

22
23  UNITED STATES OFFICE OF PERSONNEL
MANAGEMENT, et al.,

24          Defendants.

25

26

27

28

Declaration of Stacey Leyton in Support of Motion for Leave, No. 3:25-cv-01780-WHA

**DECLARATION OF STACEY LEYTON**

I, Stacey Leyton, declare as follows:

1.      I am a member in good standing of the State Bar of California and the bar of this Court.  I represent the Plaintiff organizations in this action.  I make this declaration in support of Plaintiffs' Motion for Leave to Amend Complaint, to Join New Plaintiffs to Preliminary Injunction Motion, and to File Additional Declaration Evidence (hereinafter "Motion for Leave").

2.      On March 3 and 4, 2025, James Todd of the U.S. Department of Justice e-mailed to Plaintiffs' counsel, including me, copies of the notices that he stated had been sent by the Office of Personnel Management to the federal agencies that were identified at the TRO hearing or in the Court's written TRO Order.

3.      Those notices did not instruct the seven agencies that if they had terminated probationary employees based on OPM's guidance regarding the new, unlawful meaning of "performance," they should rescind those terminations and bring those employees back.

4.      The notices instructed agencies that they should rescind "actions that have flowed from OPM's *allegedly coercive communication at [the February 14, 2025] CHCO meeting*." (Emphasis added).  The notices did not instruct agencies to disregard any communications regarding the prior high-level directives that have been reported to occurred on or about February 13, 2025, or any other communications between OPM and agencies that may have occurred.

5.      The notices further stated that this Court's order was "based on the limited factual record before it," that "the Court was convinced, based on 'circumstantial evidence,'" that Plaintiffs had shown it was likely that OPM directed the federal agencies to terminate employees, and that "OPM strongly disagrees with the Court's ruling and is considering its options."

6.      Defendants' counsel marked these notices as confidential.  Plaintiffs do not agree that these notices are appropriately designated as confidential.  Moreover, even if they were, Defendants

have placed them at issue by relying on them in opposing Plaintiffs' Motion for Leave.  Nonetheless,

Plaintiffs are not filing copies of the notices themselves based on the confidentiality designation.

I declare under penalty of perjury under the laws of the United States that the foregoing is true

and correct.  Executed on March 7, 2025, in Marshall, California.


*/s/Stacey Leyton*
Stacey Leyton