1  PATRICK D. ROBBINS (CABN 152288)
   Acting United States Attorney
2  PAMELA T. JOHANN (CABN 145558)
   Chief, Civil Division
3  KELSEY J. HELLAND (CABN 298888)
   Assistant United States Attorney
4  U.S. ATTORNEY'S OFFICE
   450 Golden Gate Avenue, Box 36055
5  San Francisco, California 94102-3495

6  ERIC HAMILTON
   Deputy Assistant Attorney General
7  DIANE KELLEHER
   Branch Director
8  CHRISTOPHER HALL
   Assistant Branch Director
9  JAMES D. TODD, JR.
   Senior Trial Counsel
10 YURI S. FUCHS
   Trial Attorney
11 U.S. DEPARTMENT OF JUSTICE
   Civil Division, Federal Programs Branch
12 P.O. Box 883
   Washington, DC 20044
13
   *Counsel for Defendants*
14

15          **UNITED STATES DISTRICT COURT**
         **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
16              **SAN FRANCISCO DIVISION**

17  ┌─────────────────────────────────┬──────────────────────────────
18  │                                 │ Case No. 3:25-cv-1780-WHA
    │ AMERICAN FEDERATION OF          │
19  │ GOVERNMENT EMPLOYEES, *et al.*  │ **DEFENDANTS' *EX PARTE* MOTION TO**
    │                                 │ **VACATE MARCH 13, 2025,**
20  │        Plaintiffs,              │ **EVIDENTIARY HEARING; PRECLUDE**
    │                                 │ **TESTIMONY OF ACTING DIRECTOR**
21  │        v.                       │ **CHARLES EZELL; QUASH SUBPOENAS**
    │                                 │ **COMMANDING TESTIMONY AT THE**
22  │ UNITED STATES OFFICE OF PERSONNEL│ **EVIDENTIARY HEARING; AND FOR A**
    │ MANAGEMENT, *et al.*,           │ **PROTECTIVE ORDER PROVIDING**
23  │                                 │ **IMMEDIATE RELIEF FROM MARCH 11,**
    │        Defendants.              │ **2025, DEPOSITIONS; MEMORANDUM**
24  │                                 │ **OF POINTS AND AUTHORITIES**
25  │                                 │
    │                                 │ The Hon. William H. Alsup
26  └─────────────────────────────────┴──────────────────────────────
27

28

Defendants' *Ex Parte* Motion to Vacate March 13, 2025, Evidentiary Hearing, Preclude
Testimony of Charles Ezell, Quash Subpoenas for Testimony at the Evidentiary Hearing,
and for a Protective Order Providing Immediate Relief from March 11, 2025, Depositions
3:25-cv-1780-WHA

1

# **TABLE OF CONTENTS**

2

BACKGROUND ............................................................................................................ 2

3

4

ARGUMENT ................................................................................................................. 6

5

    I.      The March 13 Evidentiary Hearing and Any Depositions Are Unnecessary
          in Light of OPM's Compliance with the TRO and Defendants'

6

          Willingness To Convert the Court's TRO into a Preliminary Injunction. .............. 6

7

    II.     Compelling the Testimony of the Head of an Executive Branch Agency
          Would Inappropriately Intrude on the Workings of a Coordinate Branch

8

          of Government and Pose Avoidable and Unnecessary Separation-of-

9

          Powers Concerns ................................................................................................... 7

10

    III.    Plaintiffs' Attempt to Broaden the Scope of any Evidentiary Hearing to
          Include Witnesses from Non-Party Agencies Further Warrants Vacating

11

          the Hearing. ........................................................................................................... 9

12

13

    IV.    Plaintiffs' Deposition Notices Fail to Comply with Rules 30 and 45 of the
          Federal Rules of Civil Procedure ....................................................................... 11

14

    V.     The Court Should Order the Parties to Meet and Confer about Genuinely

15

          Disputed Material Facts Before Holding an Evidentiary Hearing or

16

          Ordering Any Additional Testimony or Discovery. ............................................ 13

17

CONCLUSION ........................................................................................................... 14

18

19

20

21

22

23

24

25

26

27

28

Defendants' *Ex Parte* Motion to Vacate March 13, 2025, Evidentiary Hearing, Preclude
Testimony of Charles Ezell, Quash Subpoenas for Testimony at the Evidentiary Hearing,
and for a Protective Order Providing Immediate Relief from March 11, 2025, Depositions
3:25-cv-1780-WHA

i

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF AUTHORITIES

### CASES

*Am. Historical Ass'n v. Nat'l Archives & Records Admin.*,
  402 F. Supp. 2d 171 (D.D.C. 2005) ................................................................................ 7

*Ashton Woods Holdings L.L.C. v. USG Corp.*,
  No. 15-cv-1247, 2021 WL 8084334 (N.D. Cal. Apr. 5, 2021) ................................. 11

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .......................................................................................................... 9

*Cheney v. U.S. Dist. Court for Dist. of Columbia*,
  542 U.S. 367 (2004) .......................................................................................................... 7

*Flores v. Jaddou*,
  No. 1:23-cv-02004, 2023 WL 7282897 (D. Md. Nov. 3, 2023) .............................. 9

*Garlough v. Trader Joe's Co.*,
  No. 15-cv-1278, 2015 WL 4638340 (N.D. Cal. Aug. 4, 2015) .............................. 10

*Guttenberg v. Emery*,
  26 F. Supp. 3d 88 (D.D.C. 2014) ................................................................................ 9

*In re Cheney*,
  544 F.3d 311 (D.C. Cir. 2008) ...................................................................................... 7

*In re Kirkland*,
  75 F.4th 1030 (9th Cir. 2023) ...................................................................................... 11

*In re U.S. Dep't of Educ.*,
  25 F.4th 692 (9th Cir. 2022) .......................................................................................... 7

*In re USA*,
  624 F.3d 1368 (11th Cir. 2010) .................................................................................... 7

*Int'l Molders' & Allied Workers' Loc. Union No. 164 v. Nelson*,
  799 F.2d 547 (9th Cir. 1986) ...................................................................................... 10

*Kenneally v. Lungren*,
  967 F.2d 329 (9th Cir. 1992) ...................................................................................... 10

*Public Power Council v. Johnson*,
  674 F.2d 791 (9th Cir. 1982) ........................................................................................ 8

Defendants' *Ex Parte* Motion to Vacate March 13, 2025, Evidentiary Hearing, Preclude
Testimony of Charles Ezell, Quash Subpoenas for Testimony at the Evidentiary Hearing,
and for a Protective Order Providing Immediate Relief from March 11, 2025, Depositions
3:25-cv-1780-WHA

ii

*Sibley v. U.S. Supreme Ct.*,
   786 F. Supp. 2d 338 (D.D.C. 2011) ........................................................ 9

*Simplex Time Recorder Co. v. Secretary of Labor*,
   766 F.2d 575 (D.C. Cir. 1985) ................................................................ 7

*Stanley v. Univ. of S. Cal.*,
   13 F.3d 1313 (9th Cir. 1994) ............................................................ 8, 10

*Steel Co. v. Citizens for a Better Env't*,
   523 U.S. 83 (1998) .................................................................................. 9

*United States v. Morgan*,
   313 U.S. 409 (1941) ................................................................................ 7

### **RULES**

Fed. R. Civ. P. 4 .......................................................................................... 11

Fed. R. Civ. P. 26 ................................................................................. *passim*

Fed. R. Civ. P. 30 .................................................................... 1, 5, 12, 13

Fed. R. Civ. P. 45 .................................................................... 1, 10, 12, 13

Defendants' *Ex Parte* Motion to Vacate March 13, 2025, Evidentiary Hearing, Preclude
Testimony of Charles Ezell, Quash Subpoenas for Testimony at the Evidentiary Hearing,
and for a Protective Order Providing Immediate Relief from March 11, 2025, Depositions
3:25-cv-1780-WHA
                                                iii

Pursuant to Fed. R. Civ. P. 26, 30, and 45, Local Rule 7-10, and this Court's statements at the March 6, 2025, Status Conference, Defendants respectfully move for an order: (1) vacating the evidentiary hearing set for March 13, 2025; (2) vacating the Court's directive that the Acting Director of the U.S. Office of Personnel Management ("OPM"), Charles Ezell, testify at any evidentiary hearing; (3) quashing subpoenas served by Plaintiffs seeking to compel the attendance of twelve current or former federal government employees as witnesses at any evidentiary hearing; and (4) immediately relieving Defendants from the obligation to produce those same twelve current or former employees at depositions noticed for March 11, 2025. Defendants stipulate that, in consideration for granting that requested relief, they would consent to an order converting the Court's February 27, 2025, temporary restraining order ("TRO") into a preliminary injunction. That would allow for a more orderly resolution of the claims and defenses presented in this litigation.

Good cause supports this request: OPM has already substantially complied with the Court's TRO by promptly updating its guidance to agencies, thus obviating the necessity (or at minimum reducing the value) of any evidentiary hearing, and thereby also eliminating the need for the discovery Plaintiffs seek in connection with that hearing. At the same time, Defendants' willingness to stipulate to conversion of the TRO into a preliminary injunction further eliminates any need for or benefit from such a hearing—and, at minimum, eliminates any need to proceed on a highly expedited timetable.

On the other side of the ledger, the Court's order that OPM produce its Acting Director for in-person testimony at a hearing scheduled for a date barely more than two weeks after its oral TRO raises fundamental constitutional concerns—especially at this early litigation stage, where evidentiary proceedings are disfavored under Ninth Circuit precedent. And Plaintiffs' expressed intent to expand the scope of any hearing to as many as twelve government witnesses (through either in-person testimony or the introduction of recorded or transcribed evidentiary depositions they seek to schedule and conduct in a single day in advance of the hearing) would render any proceedings fundamentally unmanageable. The same is true for Plaintiffs' latest efforts to vastly broaden their claims through the addition of 20-plus federal agencies as

Defendants' *Ex Parte* Motion to Vacate March 13, 2025, Evidentiary Hearing, Preclude Testimony of Charles Ezell, Quash Subpoenas for Testimony at the Evidentiary Hearing, and for a Protective Order Providing Immediate Relief from March 11, 2025, Depositions
3:25-cv-1780-WHA

1

defendants, which threatens to expand the scope of any hearing just as substantially.

At bottom, the interests of justice, party resources, and judicial economy do not warrant the creation of an inter-branch constitutional controversy by compelling the acting head of an executive agency to testify in this posture; nor do they warrant a full-blown evidentiary hearing on the existing record. The Court should instead vacate the evidentiary hearing, rescind any order requiring the Acting Director of OPM to testify, protect the government from overbroad and unduly burdensome deposition practice, and convert its TRO into a preliminary injunction to allow the parties to move in orderly, expedited fashion to the next stage of this litigation.

Alternatively, Defendants would ask the Court to continue any hearing date until such time as evidentiary hearings become necessary—at a minimum, after the resolution of Plaintiffs' motion for leave to amend their complaint for a second time, and after Defendants have had a meaningful opportunity to submit dispositive-motion briefing on the merits of Plaintiffs' claims. Defendants' willingness to stipulate to conversion of the TRO to a preliminary injunction should eliminate any reasonable concerns with that modest alternative relief. Defendants would further request that, if the Court determines that an evidentiary hearing is necessary after the completion of dispositive-motion briefing, Defendants be permitted to identify appropriate declarants or other persons with relevant knowledge and produce them for limited, orderly depositions on a reasonable schedule—with enough time to seek appellate intervention, if appropriate—rather than at an expedited in-person hearing.

## BACKGROUND

On February 19, 2025, Plaintiffs sued OPM and its Acting Director, Charles Ezell. Plaintiffs then filed an amended complaint while moving *ex parte* for a TRO and order to show cause on February 23, 2025. *See* Compl., ECF No. 1; Am. Compl., ECF No. 17; Pls.' TRO Mot., ECF No. 18. Plaintiffs' claims rest on allegations that OPM had "ordered" federal agencies to terminate probationary employees and that this was an *ultra vires* act that exceeded the scope of OPM's statutory authority and otherwise violated the Administrative Procedure Act. *See* Am. Compl. ¶¶ 104–42; Pls.' TRO Mot. at 15–22. On February 24, 2025, this Court ordered Defendants to respond to Plaintiffs' TRO motion by February 26, 10:00am PST, and set a

Defendants' *Ex Parte* Motion to Vacate March 13, 2025, Evidentiary Hearing, Preclude
Testimony of Charles Ezell, Quash Subpoenas for Testimony at the Evidentiary Hearing,
and for a Protective Order Providing Immediate Relief from March 11, 2025, Depositions
3:25-cv-1780-WHA

2

hearing on Plaintiffs' motion for February 27, 1:30pm PST. *See* Order Setting Hearing, ECF No. 21.

At the conclusion of the February 27 hearing, this Court issued an oral TRO, which it later reduced to writing. As amended, the Court held that "OPM's January 20 memo, February 14 email, and all other efforts by OPM to direct the termination of employees . . . are unlawful, invalid, and must be stopped and rescinded." Mem. Op. & Order Amending TRO at 24, ECF No. 45. The Court ordered OPM to provide written notice of its order to the Bureau of Land Management ("BLM"), Department of Defense ("DOD"), Fish and Wildlife Service ("FWS"), National Park Service ("NPS"), Small Business Administration ("SBA"), and Veterans Administration ("VA"). *See id*.

Given the factual dispute over whether OPM had actually directed any terminations, this Court determined that further evidentiary proceedings were necessary. The Court thus directed Acting Director Ezell to appear before the Court to testify regarding Plaintiffs' allegations at an evidentiary hearing on March 13, 2025. *See* Tr. of Feb. 27, 2025, Hrg. at 69:8-18, ECF No. 44; Mem. Op. & Order Amending TRO at 24. As relevant to the instant motion, Mr. Ezell is the Acting Director of an Executive Branch Agency. *See* Decl. of Charles Ezell ¶ 1, ECF No. 34. He does not reside, is not employed, and does not regularly transact business in person in California. *See* Decl. of Yuri Fuchs ¶ 8, attached as Ex. 1. And, as relevant to Plaintiffs' allegations, Mr. Ezell was not on the February 13 call conducted by OPM regarding its guidance to agencies and was not present for most of the February 14 call. *See* Decl. of Noah Peters ¶¶ 7-8, attached as Ex. 2.

In accord with the TRO, the government provided notice of this Court's order to DOD on February 27, 2025; OPM provided notice of this Court's order to BLM, NPS, SBA, and the VA on February 28, 2025, and provided notice to DOD and the FWS on March 3, 2025. *See* Fuchs Decl. ¶ 4. Also on March 3, 2025, OPM issued revised guidance clarifying that "OPM is not directing agencies to take any specific performance-based actions regarding probationary employees[,]" and further clarifying that "[a]gencies have ultimate decision-making authority over, and responsibility for, such personnel actions." Mem. from Charles Ezell, Acting Director,

Defendants' *Ex Parte* Motion to Vacate March 13, 2025, Evidentiary Hearing, Preclude
Testimony of Charles Ezell, Quash Subpoenas for Testimony at the Evidentiary Hearing,
and for a Protective Order Providing Immediate Relief from March 11, 2025, Depositions
3:25-cv-1780-WHA

3

OPM, to Heads and Acting Heads of Departments and Agencies (Revised March 4, 2025), attached as Ex 3.

On March 4, 2025, Plaintiffs moved for leave to file a Second Amended Complaint ("SAC"), proposing to add some 43 additional defendants, including other federal agencies and agency heads that Plaintiffs allege were ordered by OPM to terminate probationary employees. *See* Pl.'s Redline of SAC ¶¶ 34–76, ECF No. 49-1. The newly named agencies and their agency heads are located in Washington, D.C., Alexandria, Virginia, and Baltimore, Maryland—all outside the State of California. *See id.* The agency employees from whom Plaintiffs seek to elicit testimony do not reside, are not employed, and do not regularly transact business in person in the State of California. *See* Fuchs Decl. ¶ 8.

On March 5, 2025, Plaintiffs informed Defendants that they intended to call a total of five government employees as witnesses at the March 13, 2025, evidentiary hearing, including Acting Director Ezell and OPM employee Amanda Scales, as well as one employee from three non-defendant government agencies. *See id.* ¶ 5.

While Defendants were taking necessary steps to comply with the TRO and actively meeting and conferring with Plaintiffs' counsel regarding multiple issues between Monday, March 3, and Wednesday, March 5, Plaintiffs abruptly shifted gears late in the day on March 5 and filed an "urgent" request for a status conference, asserting prematurely that Defendants intended not to comply with the Court's Order. *See* Not. of Pls.' Urgent Request for Status Conf. at 2, ECF No. 55. This Court set a status conference for March 6, 2025. *See* Order Setting Status Conf., ECF No. 57. At the conference, the Court ordered Defendants to file no later than March 10, 2025, 12:00pm PDT, either: (1) a statement that they intended to produce Mr. Ezell as well as four other individuals from whom Plaintiffs sought testimony at the March 13, 2025, hearing; or (2) a motion for relief from the Court's Order to produce Mr. Ezell and other witnesses at the hearing. *See* Tr. of March 6, 2025, Status Conf. at 10:14-21, ECF No. 65.

Also on March 6, 2025, after 8:00pm PST, Plaintiffs served Defendants with twelve deposition notices, for two OPM employees and ten employees of non-defendant agencies to appear in Washington, D.C., to give deposition testimony on March 11, 2025, and twelve

subpoenas to those same employees to appear at the March 13, 2025, evidentiary hearing in San Francisco. *See* Nots. of Depo., Subpoenas, attached as Exs. to Fuchs Decl. Plaintiffs' deposition notices were not accompanied by subpoenas for the non-defendant agency employees. *See id*. Plaintiffs noticed six of the depositions to commence after the close of business on March 11, 2025. *See id*. (commanding witnesses to appear for depositions commencing between 5:00pm EDT and 9:00pm EDT). Plaintiffs' notices incorrectly stated that Defendants agreed to the date and time of the depositions. *Compare id*. *with* Fuchs Decl. ¶ 8.

On March 7, 2025, Defendants acknowledge receipt of the deposition notices and subpoenas and agreed to accept service on behalf of the employees of the non-defendant agencies. *See* Fuchs Decl. ¶ 8. Defendants informed Plaintiffs that the deposition notices did not comply with the requirements of Rule 30 of the Federal Rules of Civil Procedures and, for the employees of non-defendant agencies, the requirements of Rule 45, and each agency's Touhy regulations, because: (i) two business days to locate and prepare the witnesses to appear the next day was not reasonable; (ii) Plaintiffs had not issued subpoenas to the employees of non-defendant agencies; and (iii) Plaintiffs had not complied with each agency's Touhy regulations. *See id*. Defendants also informed Plaintiffs that the subpoenas to appear at the evidentiary hearing in San Francisco did not comply with Rule 45 because none of the employees reside, is employed, or regularly transacts business in person in California. *See id*.

On March 9, 2025, Defendants asked Plaintiffs to accept a declaration and deposition testimony from another OPM employee in lieu of producing Mr. Ezell. *See id*. ¶ 9. Defendants asked Plaintiffs to reschedule all of the depositions (especially for those noticed to commence and/or continue after regular business hours) so that they could proceed at a more reasonable pace in accord with Rule 30, and to withdraw their subpoenas for these witnesses to appear at an evidentiary hearing in San Francisco. *See id*. Additionally, Defendants informed Plaintiffs that two of the non-defendant agency employees no longer work for the government such that, unless and until Defendants reached those former employees and secured their consent, Defendants could not accept service of subpoenas or deposition notices on their behalf. *See id* ¶.

On March 10, 2025, Plaintiffs responded to Defendants and withdrew the deposition

Defendants' *Ex Parte* Motion to Vacate March 13, 2025, Evidentiary Hearing, Preclude
Testimony of Charles Ezell, Quash Subpoenas for Testimony at the Evidentiary Hearing,
and for a Protective Order Providing Immediate Relief from March 11, 2025, Depositions
3:25-cv-1780-WHA

notices and subpoenas for the two former employees. *Id.* ¶ 10. Plaintiffs also indicated that they were open to "any reasonable proposal regarding the total number of witnesses," but insisted that any remaining witnesses be made available for depositions either on March 11 or 12 or appear remotely at the Court' hearing on March 13, 2025. *Id.*

## ARGUMENT

### I. The March 13 Evidentiary Hearing and Any Depositions Are Unnecessary in Light of OPM's Compliance with the TRO and Defendants' Willingness To Convert the Court's TRO into a Preliminary Injunction.

The purpose of the evidentiary hearing was to adjudicate factual disputes over whether OPM had directed agencies to terminate their probationary employees. But that factual dispute is no longer of any practical consequence. OPM promptly complied with this Court's TRO after its issuance. It contacted each agency the Court ordered it to contact (as well as DOD, which the Court made clear did not fall within the scope of its oral TRO ruling) to advise them of the Court's ruling. Simultaneously, OPM amended its guidance to all agencies regarding agency removals of probationary employees to "clarify[] and confirm[] that OPM has not directed, and is not directing, your agency to take specific performance-based actions against probationary employees. Agencies have and continue to have ultimate decision-making authority over such personnel actions." Mem. from Charles Ezell, Acting Director, OPM, to Heads and Acting Heads of Departments and Agencies (Revised March 4, 2025). OPM's prompt compliance has substantially lessened, if not obviated altogether, the necessity and value of any evidentiary hearing or any kind of testimony that Plaintiffs may seek to obtain.[1] Thus, requiring a hearing to go forward on March 13, with in-person testimony from OPM's Acting Director and/or rushed deposition testimony from others, would not serve the interests of justice.

This testimony and any evidentiary hearing are also unnecessary because Defendants are willing to stipulate to the TRO becoming a Preliminary Injunction until any further briefing on Plaintiffs' pleadings. Given that stipulation, no factual disputes need to be adjudicated now.

---

[1] Indeed, Plaintiffs' allegations in the proposed revised second amended complaint ("SAC") show that agencies are, in fact, reinstating previously terminated probationary employees. *See, e.g.,* Pls.' Proposed SAC ¶ 141 (noting the reinstatement of previously terminated employees by the National Science Foundation), ECF No. 49-2.

Defendants' *Ex Parte* Motion to Vacate March 13, 2025, Evidentiary Hearing, Preclude Testimony of Charles Ezell, Quash Subpoenas for Testimony at the Evidentiary Hearing, and for a Protective Order Providing Immediate Relief from March 11, 2025, Depositions
3:25-cv-1780-WHA

6

Defendants thus respectfully request that the Court vacate the hearing, deny Plaintiffs' requests for testimony, and order the parties to meet and confer about a proposed schedule for further briefing on Plaintiffs' pleadings after it rules on Plaintiffs' motion for leave to file a Second Amended Complaint.

**II. Compelling the Testimony of the Head of an Executive Branch Agency Would Inappropriately Intrude on the Workings of a Coordinate Branch of Government and Pose Avoidable and Unnecessary Separation-of-Powers Concerns.**

This Court should vacate its order directing Acting Director Ezell to appear at an evidentiary hearing for another, independent reason: compelling the testimony of an acting agency head would pose major separation-of-powers concerns, especially at this early stage of litigation. There are far less intrusive ways to obtain any information needed for resolution of Plaintiffs' request for preliminary relief (even if any such information were needed, which it is not). Thus, this Court should reconsider its order issued at the hearing on Plaintiffs' TRO motion for the Acting Director to appear at an evidentiary hearing before this Court, especially since the Court did not have an opportunity to consider the relevant law concerning compelling testimony from the heard of an agency. *See generally* Defs.' Opp'n to Pls.' TRO Mot.; Tr. of Feb. 27, 2025, Hrg.

The Ninth Circuit has rejected attempts to compel the testimony of an agency head on the basis that courts "cannot intrude into the workings of the executive branch and the time of that branch's leaders if there is another way to obtain the necessary information." *In re U.S. Dep't of Educ.*, 25 F.4th 692, 704 (9th Cir. 2022). Indeed, it is well-settled that "top executive department officials should not, absent extraordinary circumstances, be called to testify regarding their reasons for taking official actions." *Simplex Time Recorder Co. v. Secretary of Labor*, 766 F.2d 575, 586 (D.C. Cir. 1985); *see also United States v. Morgan*, 313 U.S. 409, 422 (1941) (holding that it was improper for a district court to compel the Secretary of Agriculture testify at trial). Other courts have likewise rejected the premise that "that a federal district court should ever compel a member of the President's cabinet or another high-ranking official to appear in a judicial proceeding to testify." *In re USA*, 624 F.3d 1368, 1376 (11th Cir. 2010). This is because the "duties of high-ranking executive officers should not be interrupted by judicial demands for

Defendants' *Ex Parte* Motion to Vacate March 13, 2025, Evidentiary Hearing, Preclude Testimony of Charles Ezell, Quash Subpoenas for Testimony at the Evidentiary Hearing, and for a Protective Order Providing Immediate Relief from March 11, 2025, Depositions 3:25-cv-1780-WHA

7

information that could be obtained elsewhere." *In re Cheney*, 544 F.3d 311, 314 (D.C. Cir. 2008); *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 383 (2004); *see also*, *e.g.*, *Am. Historical Ass'n v. Nat'l Archives & Records Admin.*, 402 F. Supp. 2d 171, 182 (D.D.C. 2005).

These fundamental concerns are only magnified at this early stage of the case, where evidentiary proceedings, including discovery, are discouraged. *See, e.g.*, *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1326 (9th Cir. 1994) ("In this circuit, the refusal to hear oral testimony at a preliminary injunction hearing is not an abuse of discretion if the parties have a full opportunity to submit written testimony and to argue the matter."). Plaintiffs filed their complaint and their request for an emergency motion just two weeks ago. This Court should reject Plaintiffs' motion to expedite briefing and adjudication of their motion for expedited discovery because Plaintiffs have not established any urgency, particularly after OPM's compliance with the Court's TRO.

Acting Director Ezell's submission of a declaration in support of Defendants' opposition to Plaintiffs' TRO motion does not change these considerations. Agency officials, including heads of agencies, routinely submit declarations in litigation brought against the government. *See, e.g.*, *Public Power Council v. Johnson*, 674 F.2d 791, 794 (9th Cir. 1982). Like Acting Director's Ezell's declaration, such declarations are based on information obtained by the official in course of performing his or her official duties and provide background information and summarize agency decision making reflected in other, sometimes lengthy or complex official documents. *See id*. In such circumstances, cross examination to challenge those statements is unnecessary. That is the case here: the testimony of the Acting OPM Director would have scant evidentiary value to begin with as Mr. Ezell did not join on any February 13 phone calls regarding OPM guidance issued to agencies and only joined the beginning of the February 14 phone call discussing the same. *See* Peters Decl. ¶¶ 7-8. Especially where, as here, the agency head lacks specific knowledge of disputed issues of fact, the interests of justice do not favor seeking further testimony from such an official.[2]

---

[2] This Court suggested that, if Mr. Ezell does not give testimony, it would strike his declaration from the record. *See* Tr. of Status Conf. at 6:10-12, 22:20-21. Since Defendants have

Defendants' *Ex Parte* Motion to Vacate March 13, 2025, Evidentiary Hearing, Preclude
Testimony of Charles Ezell, Quash Subpoenas for Testimony at the Evidentiary Hearing,
and for a Protective Order Providing Immediate Relief from March 11, 2025, Depositions
3:25-cv-1780-WHA

8

Pre-answer discovery is likewise disfavored, and this Court should thus reject Plaintiffs' request to take discovery before this Court has an opportunity to evaluate whether Plaintiffs have adequately pled legally valid claims or whether this Court even has jurisdiction as to all Defendants and as to all claims. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (courts have duty to first assure themselves of jurisdiction). Plaintiffs' efforts should be denied because they seek to leapfrog the ordinary Federal Rules of Civil Procedure; Defendants have not yet had the opportunity to raise threshold defenses to Plaintiffs' claims, which they intend to do. While the Court concluded at least some Plaintiffs had standing, that was on a preliminary motion, and Defendants intend to assert these arguments in more fulsome fashion in forthcoming motion practice. Because there are substantial doubts as to standing, this Court should not order discovery until it has assured itself of jurisdiction. *See Guttenberg v. Emery*, 26 F. Supp. 3d 88, 99 (D.D.C. 2014); *Sibley v. U.S. Supreme Ct.*, 786 F. Supp. 2d 338, 346 (D.D.C. 2011) ("It is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending."); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) ("So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court.") (cleaned up); *Flores v. Jaddou*, No. 1:23-cv-02004, 2023 WL 7282897, at *2 (D. Md. Nov. 3, 2023) (rejecting proposal to "permit this case to proceed, direct the parties to engage in discovery, and expend resources adjudicating potential discovery disputes and/or dispositive motions just for the Fourth Circuit to conclude that this Court had no subject matter jurisdiction to decide the merits of the case in the first place."). These proceedings should instead unfold on an ordinary timeline.

### III.  Plaintiffs' Attempt to Broaden the Scope of any Evidentiary Hearing to Include Witnesses from Non-Party Agencies Further Warrants Vacating the Hearing.

All this aside, the Court should reject Plaintiffs' attempt to broaden the scope of the evidentiary hearing by demanding in-person testimony from ten witnesses from other (non-defendant) agencies. Requiring multiple witnesses from agencies who are not yet parties to this

---

already substantially complied with the TRO and are willing to stipulate to convert the TRO into a preliminary injunction, that course of action is not objectionable.

Defendants' *Ex Parte* Motion to Vacate March 13, 2025, Evidentiary Hearing, Preclude
Testimony of Charles Ezell, Quash Subpoenas for Testimony at the Evidentiary Hearing,
and for a Protective Order Providing Immediate Relief from March 11, 2025, Depositions
3:25-cv-1780-WHA

9

case to travel cross country for an evidentiary hearing on less than one week's notice would not serve the interests of justice; even if the logistics of getting those witnesses to a hearing could be managed, the hearing itself would be unmanageable in scope. Nor can Acting Director Ezell or the other witnesses be compelled to attend under Rule 45 of the Federal Rules of Civil Procedure, as none reside, is employed, or regularly transacts business in person in California.

As noted above, the Ninth Circuit expressly disfavors evidentiary hearings where such a hearing would be burdensome. *See, e.g.*, *Kenneally v. Lungren*, 967 F.2d 329, 334-35 (9th Cir. 1992) ("If the facts are simple and little time would be taken, a court may be required to hold an evidentiary hearing on a motion for an injunction. However, we have rejected any presumption in favor of evidentiary hearings, especially if the facts are complicated." (modifications omitted)); *Int'l Molders' & Allied Workers' Loc. Union No. 164 v. Nelson*, 799 F.2d 547, 555 (9th Cir. 1986) ("[A]n evidentiary hearing should not be held when the magnitude of the inquiry would make it impractical."). As a result, the Ninth Circuit has consistently held that parties are not automatically entitled to present witness testimony at preliminary-injunction hearings. *See, e.g.*, *Stanley*, 13 F.3d at 1326. Here, a hearing with a dozen government witnesses spanning a wide range of federal agencies would be unmanageable and impractical (in addition to being unnecessary at this juncture for the reasons explained above).

Separately, Rule 45, which governs the issuance of subpoenas for testimony of a person at a trial, hearing, or deposition, provides that a subpoena may only compel a person to attend a hearing, trial, or deposition within 100 miles of where the person resides, is employed, or regularly transact business in person, or "if the person is a party or a party's officer" within the state where the party resides, is employed, or regularly transact business in person. *See* Fed. R. Civ. P. 45(c)(1). As the Committee Notes on the 2013 Amendment to the Rules explain, the Rule clarifies that a "court's authority to compel a party or party officer to travel long distances to testify at trial . . . may now only be required as specified in Rule 45(c)." Advisory Cmte. Notes on Rules—2013 Amendment.

Rule 45(c) thus precludes either this Court or Plaintiffs from compelling the appearance of agency employees who do not reside, are not employed, and do not regularly transact business

Defendants' *Ex Parte* Motion to Vacate March 13, 2025, Evidentiary Hearing, Preclude
Testimony of Charles Ezell, Quash Subpoenas for Testimony at the Evidentiary Hearing,
and for a Protective Order Providing Immediate Relief from March 11, 2025, Depositions
3:25-cv-1780-WHA
10

in person within the State of California. *See Garlough v. Trader Joe's Co.*, No. 15-cv-1278, 2015 WL 4638340, at *5 (N.D. Cal. Aug. 4, 2015) ("Rule 45(c)(1)(B) allows a court to command a *party* to attend a trial, deposition, or hearing anywhere in the state where they reside, are employed, or regularly transact business in person."). Moreover, Rule 45's geographic limits also apply in the event that a party seeks to obtain testimony of an out-of-state witness remotely by video. *See In re Kirkland*, 75 F.4th 1030, 1042–47 (9th Cir. 2023) (noting that even advances in remote testimony capabilities were immaterial as "the rules defining the federal subpoena power have not materially changed"); *Ashton Woods Holdings L.L.C. v. USG Corp.*, No. 15-cv-1247, 2021 WL 8084334, at *1 (N.D. Cal. Apr. 5, 2021) ("Rule 45 contains no exception that would permit the Court to decree that out-of-state witnesses are within 100 miles of a trial in Oakland, California because streaming facilities exist in their states . . . .").

In this case, Plaintiffs served subpoenas on two OPM employees and ten employees of non-defendant agencies to appear for testimony at the March 13, 2025, evidentiary hearing in before this Court. *See* Pls.' Subpoenas, *supra*. None of the employees reside, work, or regularly transact business in person in the State of California. *See* Fuchs Decl. ¶ 8. As a result, both this Court and Plaintiffs lack the power to compel the appearance of any of these employees, even remotely by video, at an evidentiary hearing in San Francisco. This Court should thus excuse these employees from appearing to give testimony at the March 13, 2025, evidentiary hearing or any other hearing before this Court.

## IV. Plaintiffs' Deposition Notices Fail to Comply with Rules 30 and 45 of the Federal Rules of Civil Procedure

This Court should also grant a protective order excusing OPM employees and employees of non-defendant government agencies from appearing for deposition testimony on March 11, 2025, in Washington, DC, because Plaintiffs' notices fail to comply with the requirements of Rule 26, 30 and 45 of the Federal Rules of Civil Procedure.

Rule 26 precludes a party from seeking discovery from any source before the parties have conferred as required by Rule 26(f) or when authorized by stipulation or court order. *See* Fed. R. Civ. P. 26(d)(1). The Rule only allows early discovery to commence "[m]ore than 21 days after the summons and complaint are served on a party." *Id.* 26(d)(2)(A).

Defendants' *Ex Parte* Motion to Vacate March 13, 2025, Evidentiary Hearing, Preclude Testimony of Charles Ezell, Quash Subpoenas for Testimony at the Evidentiary Hearing, and for a Protective Order Providing Immediate Relief from March 11, 2025, Depositions 3:25-cv-1780-WHA

11

In this case, Plaintiffs filed this action on February 21, 2025, *see* Compl., ECF No. 1, and effected service on Defendants on February 24, 2025. *See* Fed. R. Civ. P. 4(i)(1)(A)(i); Fuchs Decl. ¶ 2. Thus, it has not been 21 days since Plaintiffs served Defendants with their summons and complaint, and Defendants have not stipulated to discovery commencing before their Rule 26 conference, *see* Fuchs Decl. ¶ 7. Nor has this Court entered an order after the benefit of briefing on the issue expressly altering the limits on discovery set by Rule 26, *see* Fed. R. Civ. P. 26(b)(2), or expressly authorizing discovery to commence in this case, especially discovery against agencies that are not parties to this litigation.[3] Plaintiffs' deposition notices are thus defective because their attempts to take discovery this early in the litigation do not comply with Rule 26.

Even if this Court had altered Rule 26's limits on discovery, Plaintiffs' notices do not comply with Rule 30 and 45. Rule 30 allows a party to depose any person, including a party, subject to the requirements of Rule 30(a) *and* Rule 45. *See* Fed. R. Civ. P. 30(a). Moreover, Rule 30 requires a party who wants to depose a person to "give reasonable written notice." *Id.* 30(b)(1).

Rule 45 governs the command of non-party witnesses to appear to give deposition testimony. *See* Fed. R. Civ. P. 45(a)(1)(A)(iii), (B). The Rule requires a party or attorney issuing a subpoena to take reasonable steps to avoid imposing undue burden on a person subject to a subpoena and requires that the command to appear "allow a reasonable time to comply." *Id.* (d)(1), (3)(A)(i). It authorizes a court to quash a subpoena for failure to comply with the Rule. *See id.* (d)(3).

In this case, Plaintiffs served twelve deposition notices on Defendants seeking testimony from two OPM employees and ten employees of non-defendant agencies less than three business days before the depositions are set to commence. *See* Pls.' Depo. Nots., *supra*. Plaintiffs did not

---

[3] At most, the Court stated at the March 6, 2025, status conference that, "if the problem is that [Acting Director Ezell doesn't – he's busy and doesn't want to take the time to come in person, then I suggest that the plaintiffs could come to Washington and take his deposition; two hours should be sufficient" Tr. of Status Conf. at 5:12-16; *see also id.* at 25:6-10 (responding to Plaintiffs' suggestion that "[w]ith respect to the other four individuals, the plaintiffs would be willing to go to D.C. and take their depositions early next week," by stating "[t]hat would be very much appreciated.").

issue subpoenas to employees of non-defendant agencies. *See* Fuchs Decl. ¶ 8. Plaintiffs' notices are defective because they seek more than ten depositions in violation of Rule 30. They do not provide reasonable written notice or allow a reasonable time to comply. Moreover, at least six notices provide for the depositions to commence, or at least continue, after regular business hours in the Eastern time zone, which imposes an undue burden on those employees. This Court should thus issue a protective order relieving all twelve employees from appearing on March 11, and should instead order Plaintiffs to meet and confer with Defendants to work out a reasonable schedule to the extent that any depositions are needed at this time (which again, as explained above, they are not).[4]

## V. The Court Should Order the Parties to Meet and Confer about Genuinely Disputed Material Facts Before Holding an Evidentiary Hearing or Ordering Any Additional Testimony or Discovery.

To the extent that any testimony is necessary at this stage of the litigation—which it is not, given Defendants' willingness to convert the TRO to a preliminary injunction—Defendants submit that, rather than hold an evidentiary hearing on March 13, 2025, the Court should direct the parties to meet and confer about what material facts, if any, are in dispute. Defendants are prepared to produce the contemporaneous records of the February 13 and 14 phone calls. Defendants are also prepared to demonstrate that politically accountable leadership at the agencies cited in the TRO are making their own, independent decisions about retaining or terminating (and in some cases, reinstating) probationary employees. And Defendants may be willing to stipulate to various facts that are no longer material as a practical matter given the TRO and OPM's compliance with its terms.

Once Defendants have provided this proffer to Plaintiffs, the parties can meet and confer about any remaining material factual disputes; and if there are such disputes, how to proceed. Typically, at this stage of a case, such disputes are addressed not via court appearances but

---

[4] Because Plaintiffs did not previously confer with Defendants regarding the timing of these depositions, these depositions are also improper under the Local Rules of this Court. *See* N.D. Cal. L. R. 30-1 (noting that "before noticing a deposition of a party or witness affiliated with a party, the noticing party must confer about the scheduling of the deposition with opposing counsel").

Defendants' *Ex Parte* Motion to Vacate March 13, 2025, Evidentiary Hearing, Preclude Testimony of Charles Ezell, Quash Subpoenas for Testimony at the Evidentiary Hearing, and for a Protective Order Providing Immediate Relief from March 11, 2025, Depositions
3:25-cv-1780-WHA

through written answers and depositions, subject to the limits and requirements of Rule 26, 30, and 45 of the Federal Rule of Civil Procedure. *See* Fed. R. Civ. P. 26, 30, 45. Following the conclusion of any further fact finding, the parties could submit dispositive motions to the Court. Such a course would allow for a robust factual presentation to the Court without requiring the testimony of an acting agency head or the testimony of non-party federal agency employees. Indeed, the current pace of the litigation—including Plaintiffs' abrupt and immediate request for depositions—interferes with a fulsome presentation of the issues to the Court while straining the resources of Defendants. And again, Defendants are willing to convert the TRO into a preliminary injunction.[5]

## CONCLUSION

For good cause shown herein, this Court should grant Defendants' motion and vacate the March 13, 2025, evidentiary hearing; quash the subpoenas seeking testimony of current and former government employees at that hearing; issue a protective order granting immediate relief from Plaintiffs' notices to appear for deposition testimony on March 11, 2025; and order the parties to meet and confer and submit a Joint Status Report to the Court by March 24, 2025.

---

[5] In the alternative, if this Court does not grant Defendants' request for a protective order entirely relieving Defendants of their obligations to produce witnesses for deposition testimony, in the interests of comity, Defendants believe it might be possible to work with Plaintiffs to try to schedule, at a time and place that is convenient to the agency employees, up to four depositions of up to two hours in length each during the weeks of March 10 and 17, 2025, consistent with the Court's guidance to the parties. *See* Fuchs Decl. ¶ 11.

Defendants' *Ex Parte* Motion to Vacate March 13, 2025, Evidentiary Hearing, Preclude
Testimony of Charles Ezell, Quash Subpoenas for Testimony at the Evidentiary Hearing,
and for a Protective Order Providing Immediate Relief from March 11, 2025, Depositions
3:25-cv-1780-WHA

14

Dated: March 10, 2025                          Respectfully submitted,

                                               PATRICK D. ROBBINS (CABN 152288)
                                               Acting United States Attorney
                                               PAMELA T. JOHANN (CABN 145558)
                                               Chief, Civil Division
                                               KELSEY J. HELLAND (CABN 298888)
                                               Assistant United States Attorney
                                               U.S. ATTORNEY'S OFFICE
                                               450 Golden Gate Avenue, Box 36055
                                               San Francisco, California 94102-3495

                                               ERIC HAMILTON
                                               Deputy Assistant Attorney General

                                               DIANE KELLEHER
                                               Branch Director
                                               CHRISTOPHER HALL
                                               Assistant Branch Director

                                               JAMES D. TODD, JR.
                                               Senior Trial Counsel

                                               s/ Yuri S. Fuchs
                                               YURI S. FUCHS
                                               Trial Attorney
                                               U.S. DEPARTMENT OF JUSTICE
                                               Civil Division, Federal Programs Branch
                                               P.O. Box 883
                                               Washington, DC 20044

                                               *Counsel for Defendants*

Defendants' *Ex Parte* Motion to Vacate March 13, 2025, Evidentiary Hearing, Preclude
Testimony of Charles Ezell, Quash Subpoenas for Testimony at the Evidentiary Hearing,
and for a Protective Order Providing Immediate Relief from March 11, 2025, Depositions
3:25-cv-1780-WHA
                                        15