PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
KELSEY J. HELLAND (CABN 298888)
Assistant United States Attorney
U.S. ATTORNEY'S OFFICE
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495

ERIC HAMILTON
Deputy Assistant Attorney General
DIANE KELLEHER
Branch Director
CHRISTOPHER HALL
Assistant Branch Director
JAMES D. TODD, JR.
Senior Trial Counsel
YURI S. FUCHS
Trial Attorney
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, *et al*.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, *et al.*,<br><br>Defendants. | Case No. 3:25-cv-1780-WHA<br><br>**DECLARATION OF YURI S. FUCHS. IN SUPPORT OF DEFENDANTS' *EX PARTE* MOTION TO VACATE MARCH 13, 2025, EVIDENTIARY HEARING; PRECLUDE TESTIMONY OF ACTING DIRECTOR CHARLES EZELL; QUASH SUBPOENAS COMMANDING TESTIMONY AT THE EVIDENTIARY HEARING; AND FOR A PROTECTIVE ORDER PROVIDING IMMEDIATE RELIEF FROM MARCH 11, 2025, DEPOSITIONS**<br><br>The Hon. William H. Alsup |

I, Yuri S. Fuchs, declare, pursuant to 28 U.S.C. § 1746 and Local Rule 7-5, as follows:

1. I am a member in good standing of the State Bar of California and am admitted as a federal attorney in this Court. I represent all of the Defendants in this action.

2. In this case, Plaintiffs filed this action on February 21, 2025, *see* Compl., ECF No. 1, and effected service on Defendants on February 24, 2025.

3. On February 27, 2025, the Court ordered the Office of Personnel Management ("OPM") to provide written notice of its February 27, 2025 TRO to the Bureau of Land Management ("BLM"), Department of Defense ("DOD"), National Science Foundation ("NSF"), National Park Service ("NPS"), Small Business Administration ("SBA"), and Veterans Administration ("VA"). *See* ECF No. 45 at 24. On February 28, the Court amended the TRO to remove NSF and add the Fish and Wildlife Service ("FWS"). *Id.*

4. The government provided notice of this Court's order to DOD on February 27, 2025. OPM provided notice of this Court's order to BLM, NSF, NPS, SBA, and the VA on February 28, 2025. OPM provided notice to FWS, and further notice to DOD, on March 3, 2025.

5. On March 5, 2025, Plaintiffs informed Defendants that they intended to call a total of five government employees as witnesses at the March 13, 2025, evidentiary hearing, including Acting Director Ezell and OPM employee Amanda Scales, as well as one employee from three non-defendant government agencies

6. On March 6, 2025, after 8:00pm PST, Plaintiffs served Defendants with 12 deposition notices for two OPM employees and 10 employees of non-defendant agencies to appear in Washington, D.C., to give deposition testimony on March 11, 2025, and 12 subpoenas to those same employees to appear at the March 13, 2025, evidentiary hearing in San Francisco. *See* Exs. A-X. Plaintiffs' deposition notices were not accompanied by subpoenas for the non-defendant agency employees. Plaintiffs noticed six of the depositions to commence after the close of business on March 11, 2025.

7. Defendants have not stipulated to discovery, such as depositions, commencing before the Rule 26 conference, which has yet to occur.

Declaration of Yuri S. Fuchs
3:25-cv-1780-WHA

1

8. On March 7, 2025, Defendants acknowledge receipt of the deposition notices and subpoenas and agreed to accept service on behalf of the employees on the non-defendant agencies. Plaintiffs did not issue subpoenas to employees of non-defendant agencies. Defendants informed Plaintiffs that the deposition notices did not comply with the requirements of Rule 30 of the Federal Rules of Civil Procedures and, for the employees of non-defendant agencies, the requirements of Rule 45, and each agency's *Touhy* regulations, because: (i) two business days to locate and prepare the witnesses to appear the next day was not reasonable; (ii) Plaintiffs had not issued subpoenas to the employees of non-defendant agencies; and (iii) Plaintiffs had not complied with each agency's *Touhy* regulations. Defendants also informed Plaintiffs that the subpoenas to appear at the evidentiary hearing in San Francisco did not comply with Rule 45 because none of the employees—as well as Acting OPM Administrator Charles Ezell—reside, is employed, or regularly transacts business in person in California.

9. On March 9, 2025, Defendants informed Plaintiffs that two of the non-defendant agency employees are unavailable because they no longer work for the government and asked Plaintiffs to reschedule the depositions, especially for those noticed to commence and/or continue after regular business hours, so that they could proceed at a more reasonable pace in accord with Rule 30. Because two of the non-defendant agency employees no longer work for the government, Defendants could not accept service of subpoenas or deposition notices on their behalf unless and until Defendants reached those former employees and secured their consent.

10. Defendants believe it might be possible to work with Plaintiffs to try to schedule, at a time and place that is convenient to the agency employees, up to four depositions of up to two hours in length each during the weeks of March 10 and 17, 2025, consistent with the Court's guidance to the parties.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

1  Dated: March 10, 2025

                    /s/Yuri S. Fuchs
                    YURI S. FUCHS

Declaration of Yuri S. Fuchs
3:25-cv-1780-WHA

3