UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, et al., <br><br> Defendants. | No. C 25-01780 WHA <br><br> **ORDER ON MOTION FOR LEAVE TO AMEND** |

**INTRODUCTION**

In this action for declaratory and injunctive relief against defendant federal agency and its acting director, plaintiff unions and non-governmental organizations move for leave to amend the complaint, join new parties, and file additional declaratory evidence. Defendants oppose. For the reasons stated below, plaintiffs' motion is **GRANTED**.

**STATEMENT**

Plaintiffs filed their original complaint on February 19, 2025 (Dkt. No. 1). They filed a first amended complaint (FAC) (Dkt. No. 17) and an ex parte request for a temporary restraining order (Dkt. No. 18) four days later, February 23. The FAC added five non-union plaintiffs and various new factual allegations.

1    The undersigned imposed a temporary restraining order following full briefing and hearing on February 27 (Dkt. No. 44 at 67–74). A written memorandum opinion and amended TRO issued the next day (Dkt. No. 45). The undersigned concluded that "OPM's January 20 memo, February 14 email, and all other efforts by OPM to direct the termination of employees at NPS, BLM, VA, DOD, SBA, and FSW are unlawful, invalid, and must be stopped and rescinded," and ordered OPM to provide written notice of the memorandum opinion to those agencies (*id*. at 24).

On March 4, OPM amended its January 20 memo, adding two sentences:

> Please note that, by this memorandum, OPM is not directing agencies to take any specific performance-based actions regarding probationary employees. Agencies have ultimate decision-making authority over, and responsibility for, such personnel actions.

(Dkt. No. 64-1 at 2).

Plaintiffs were permitted to move for leave to amend the FAC at the close of the February 27 TRO hearing, and they did so five days later (Dkt. No. 49). Plaintiffs' proposed second amended complaint (SAC) aligns their factual allegations with information disclosed by defendants or third parties during or after the TRO briefing, adds plaintiffs, and adds federal agency defendants (and their heads) as both true defendants under Rule 20 (as to Claims 1–3) and relief defendants under Rule 19 (as to Claims 1–4) (Dkt. No. 49-1). Plaintiffs filed a revised second amended complaint (RSAC) alongside their reply in support of the motion for leave (Dkt. No. 69-1). The RSAC is substantially similar to the SAC except that it seeks to add the new federal agencies and their heads as Rule 19 relief defendants *only* (*id.* at 1) ("[T]he Federal Agency Defendants (listed below) . . . are sued solely for purposes of obtaining complete relief."). This order considers only the RSAC, which displaced the SAC.

**ANALYSIS**

**1.   RULE 15 LEAVE TO AMEND.**

Under Rule 15, leave to amend should be "freely give[n] . . . when justice so requires." FRCP 15(a)(2). "This policy is 'to be applied with extreme liberality.'" *Eminence Cap. v. Aspeon*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan*, 244 F.3d 708, 712 (9th Cir. 2001)). The Supreme Court has explained:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be "freely given." . . . [R]efusal to grant [] leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

Leave to amend is appropriate.

*First*, plaintiffs do not seek to amend for an improper purpose. Plaintiffs challenge the terminations of thousands (likely tens of thousands) of probationary employees across a wide range of federal agencies. Defendant OPM possesses records of those terminations: OPM has required other federal agencies to report lists of probationers, lists of those fired, lists of those remaining, and so forth. OPM and the terminating agencies have not, however, disclosed the identity or number of terminated probationers — not even to the unions that represent them. Plaintiffs have independently assembled some of that information piecemeal, without the benefit of formal discovery. In other instances, terminations, OPM memos, public reporting, and other developments relevant to the dispute occurred only after plaintiffs' previous filings. Plaintiffs' addition of Rule 19 defendants is also appropriate. Plaintiffs seek, among other things, to secure the provision of government services (and access to federal lands) through the reinstatement of probationary employees that they allege were terminated pursuant to an unlawful OPM directive. As the undersigned explained during the February 27

3

TRO hearing, that relief will require that the terminating agencies be joined as relief defendants. The RSAC does not otherwise alter the scope of the dispute because it does not seek to join the non-OPM federal agencies as Rule 20 defendants.

In sum, the factual landscape is in flux. The RSAC re-aligns plaintiffs' allegations with facts discovered after the FAC was filed (and adds new plaintiffs based on those facts). That is appropriate considering the circumstances under which the parties are litigating.

*Second*, plaintiffs' amendment is timely. It comes five days after the TRO hearing, nine days after the FAC, and thirteen days after the filing of the dispute. The parties, moreover, have been engaged in non-stop motion practice during that span. Plaintiffs have moved as quickly as can be expected.

Defendants respond that amendment would be futile because "OPM's guidance [the March 4 revision to the January 20 memo] renders the case moot" (Opp. at 3). They fail to persuade.

For one thing, defendants' assumption that the addition of two sentences to the January 20 memo extinguished the parties' fact dispute regarding ongoing terminations is incorrect. OPM submits no evidence suggesting that federal agencies — some of which have continued to terminate probationers — are now acting at their own discretion. Nor has OPM submitted any evidence suggesting that it has rescinded or revised the other communications imparting its unlawful directive. Defendants' argument on this point simply asks that the undersigned accept OPM's factual contentions — supported only by counsel's say-so — as true. That is not enough. Plaintiffs, meanwhile, contend that those agencies now terminating probationers are still doing so at the direction of OPM (Reply at 2). There is a live controversy concerning past and ongoing terminations of probationary employees.

For another thing, assuming that defendants' actions *did* result in the total cessation of unlawful firings, defendants' revision to one of the several communications subject to the TRO is not enough to moot the dispute. Our court of appeals has explained:

> It is well-established . . . that voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case unless **[1]** it can be said with assurance that

4

> there is no reasonable expectation that the alleged violation will recur and **[2]** interim relief or events have completely and irrevocably eradicated the effects of the alleged violation. A party asserting mootness has the heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again.

*Fikre v. Fed. Bureau of Investigation*, 904 F.3d 1033, 1037 (9th Cir. 2018) (cleaned up). Defendants fail on both counts. On factor [1], while "we presume that [the government] acts in good faith," it "must still demonstrate that the change in its behavior is *entrenched* or *permanent*." *Ibid*. (emphasis added; quotations omitted). "[T]he form the government action takes is critical and, sometimes, dispositive." *Id*. at 1038. Defendants' action — a two-sentence revision to one memo among several held likely to constitute an unlawful directive — "could be easily abandoned or altered in the future" (via further revision to that memo, for example) and does not moot the present case. *Ibid*. (quotations omitted). On factor [2], defendants conflate the scope of the TRO with the scope of relief available to and sought by plaintiffs. OPM's revision to the January 20 memo has not "*completely* and *irrevocably* eradicated *the effects of the alleged violation*," even if it does constitute compliance with the TRO. *Ibid*. (emphasis added). True, one agency reinstated nearly all probationers following the undersigned's TRO (further suggesting that the terminations were not the product of that agency's own discretion), but the record suggests that the majority remain terminated, and that plaintiffs will continue to suffer harms due to the resulting diminishment or cessation of government services.

Defendants next argue that adding non-OPM agency defendants and their heads would prejudice them because "[d]efending such a sprawling lawsuit would substantially overburden [d]efendants while not materially advancing [p]laintiffs' claims" (Opp. at 8). The RSAC moots the issue: It adds non-OPM agency defendants and their heads as relief defendants only. Government counsel, moreover, does not point to any actual or potential prejudice beyond being "overburden[ed]" (*ibid*.).

Finally, defendants assert that the non-union plaintiffs' claims "must be channeled through the administrative processes" (*id*. at 5). Defendants' attempt to relitigate the

channeling argument is not properly raised on a motion for leave to amend and remains denied for the reasons stated in the undersigned's February 28 memorandum opinion.

### 2. RULE 20 JOINDER.

Defendants also contest the addition of new plaintiffs (*id*. at 10). Our court of appeals has explained that "Rule 20(a)(1) imposes two specific requisites for the joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence; and (2) some question of law or fact common to all the parties will arise in the action." *League to Save Lake Tahoe v. Tahoe Reg'l Plan. Agency*, 558 F.2d 914, 917 (9th Cir. 1977). "Under the rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

Defendants argue that joinder of the new plaintiffs is inappropriate because these plaintiffs' claims present discrete issues of fact and law (Opp. at 10).

*First*, defendants misunderstand the rule. Rule 20 requires that "*some* question of law or fact common to all the parties will arise in the action." *League to Save Lake Tahoe*, 558 F.2d at 917; FRCP 20(a)(1) ("All persons may join in one action as plaintiffs if . . . *any* question of law or fact common to all these persons will arise in the action." (emphasis added)). Rule 20 does *not* require that *all* questions of law and fact be identical. Varying grounds for standing, for example, do not foreclose on joinder where common questions of law (such as those underpinning plaintiffs' *ultra vires* and APA claims) exist. Defendants' argument that "all [the new organizational plaintiffs] have different priorities, memberships, and purported injuries as to different agencies" fails for the same reason (Opp at 10). *Some* factual disparities do not foreclose joinder where "*any* question of . . . fact common to all these persons will arise in the action." FRCP 20(a)(1) (emphasis added).

*Second*, plaintiffs' claims relate to the same transaction or occurrence: OPM's purported directive to other federal agencies to terminate probationary employees. The argument to the

contrary again rests on the factual contention that no such directive was given and is rejected for the reasons laid out in the undersigned's February 28 memorandum opinion.

Defendants do not otherwise point to any unfairness or prejudice that would result from the joinder of the new plaintiffs. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000).

## CONCLUSION

Plaintiffs' motion for leave to amend is **GRANTED.** Plaintiffs shall file the RSAC (Dkt. No. 69-2) by **TUESDAY, MARCH 11, 2025, AT NOON**.

**IT IS SO ORDERED.**

Dated: March 10, 2025.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

7