UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES, AFL-CIO,
et al.,

    Plaintiffs,

    v.

UNITED STATES OFFICE OF
PERSONNEL MANAGEMENT, et al.,

    Defendants.

No. C 25-01780 WHA

**ORDER ON EX PARTE APPLICATION BY DEFENDANTS**

    The hearing on a preliminary injunction will proceed as scheduled on Thursday, March 13.

    The government argues that "the March 13 evidentiary hearing and any depositions are unnecessary in light of OPM's compliance with the TRO and [their] willingness to convert the Court's TRO into a preliminary injunction" (Dkt. No. 75 at 10) (cleaned up). The problem is that plaintiffs seek broader relief than was provided by the TRO now in place. So, even if the Court must rule based solely on the record submitted during the TRO proceeding, it will do so, on or shortly after the March 13 hearing.

    Defendants next argue that the testimony of Acting Director Ezell should not be compelled because to do so would "inappropriately intrude on the workings of a coordinate branch of government and pose avoidable and unnecessary separation-of-powers concerns"

(Dkt. No. 75 at 12). The problem here is that Acting Director Ezell submitted a sworn declaration in support of defendants' position, but now refuses to appear to be cross examined, or to be deposed (despite, it should be added, government counsel's embrace of that very idea during the TRO hearing). *See In re Cheney*, 544 F.3d 311, 313-314 (D.C. Cir. 2008).

The Court's order that he appear or be deposed will not be vacated, nor will the hearing on March 13. If Ezell does not appear in violation of that order, then the Court will have to decide the sanction, including whether or not to strike or limit his sworn declaration.

However, with respect to those other government employees who have not submitted declarations, they need not be produced at the March 13 hearing. We will address the necessity (if any) of their testimony in due course.

Plaintiffs remain free to bring those witnesses who will appear voluntarily.

Counsel shall advise the Court whether they intend to produce any live witnesses by **MARCH 11, 2025, AT 5 PM**. If the answer is "no" on all counts, then the hearing will be moved to 1 PM (so the Court need not interrupt an ongoing criminal trial). If the answer is "yes," and live testimony will be heard, then the hearing will take place as scheduled at 8 AM (and the criminal trial will be interrupted).

**IT IS SO ORDERED.**

Dated: March 10, 2025.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE