Sarah E. Harrington (admitted *pro hac vice*)
Mishi Jain (admitted *pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
sharrington@cov.com
mjain@cov.com
Telephone: +1 (202) 662-5569

Cortlin H. Lannin (SBN 266488)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
clannin@cov.com
Telephone: +1 (415) 591-6000

*Counsel for Amicus Curiae American Physical Society*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO; AMERICAN FEDERATION OF STATE COUNTY and MUNICIPAL EMPLOYEES, AFL-CIO, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, *et al.*, <br><br> *Defendants*. | Case No. 3:25-cv-01780-WHA <br><br> **MOTION OF AMERICAN PHYSICAL SOCIETY FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF SUPPORTING PLAINTIFFS' REQUEST FOR PRELIMINARY RELIEF** <br><br> Date: March 13, 2025 <br> Time: 8:00 A.M. <br> Judge: Honorable William H. Alsup |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT the American Physical Society ("APS") hereby respectfully moves the Court for leave to file the attached *amicus curiae* brief in the above-captioned case in support of Plaintiffs' request for preliminary relief, calendared for a hearing before this Court on March 13, 2025 at 8:00 A.M.

APS believes this brief will aid the Court by underscoring that the federal government's widespread terminations of probationary employees, particularly of scientists and related professionals at the federal science agencies, do not accomplish their stated goals of increasing efficiency and reducing government fraud, waste, and abuse of resources. Moreover, the terminations will harm the nation's scientific leadership and significantly damage the public interest. The proposed *amicus curiae* brief and a proposed order granting this motion are attached as exhibits. Counsel for Plaintiffs and Defendants do not oppose this motion.

**STANDARD OF REVIEW**

District courts have "broad discretion" to allow *amicus curiae* participation. *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). The "classic role of amicus curiae is to assist a court in a case of public interest by supplementing the efforts of counsel, and drawing the court's attention" to important points that may have "escaped consideration." *See Cody v. Ring LLC*, 718 F. Supp. 3d 993, 1004 (N.D. Cal. 2024) (internal quotation marks omitted) (quoting *Miller-Wohl Co. v. Comm'r. of Labor & Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982)). "District courts frequently welcome amicus briefs from non-parties . . . if the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (internal quotation marks and citation omitted). But there are no rigid requirements to participate in an *amicus* capacity, and "[a]mici need show only that their participation is useful to the court." *NetChoice, LLC v. Bonta*, No. 22-CV-08861-BLF, 2023 WL 6131619, at *1 (N.D. Cal. Sept. 18, 2023). Thus, in deciding whether to allow such participation, district courts "generally exercise great liberality in permitting amicus briefs." *Cody*, 718 F. Supp. 3d at 1004 (internal quotation marks omitted)

1

(quoting *California by & through Becerra v. U.S. Dep't of the Interior*, 381 F. Supp. 3d 1153, 1164 (N.D. Cal. 2019)).

## ARGUMENT

This Court should exercise its broad discretion to permit APS to participate as *amicus curiae* in support of Plaintiffs' request for preliminary relief. APS is a nonprofit membership organization working to advance physics and foster a community dedicated to science and society. APS's members include professional scientists, early-career scientists, science faculty, and science students (collectively, "STEM professionals"). Many of APS's members have been directly affected by the federal government's directives to federal agencies to evaluate the employment of probationary employees, which has resulted in widespread firings. Therefore, APS has a clear interest in this case, as Plaintiffs added many of the federal science agencies as Defendants for purposes of relief in the Second Amended Complaint and seek preliminary relief to (1) restore fired probationary employees to their positions (some of whom are APS's members) and (2) enjoin Defendants from any further widespread terminations.

APS fits within the "classic role" of *amicus* participation because its proposed *amicus curiae* brief presents "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *NGV Gaming*, 355 F. Supp. 2d at 1067 (internal quotation marks and citation omitted). Specifically, the proposed *amicus curiae* brief emphasizes that the widespread and indiscriminate federal workforce terminations of probationary employees, particularly at federal science agencies, do not increase government efficiency or reduce fraud, waste, and abuse of government resources, the stated goals behind the federal government's directives. Instead, APS explains that many of the federal science agencies, such as the National Science Foundation, already operate at high levels of efficiency with meaningful independent oversight and have strong records of adherence to their mission. The proposed *amicus curiae* brief also presents the unique perspective of underscoring the adverse effects of the widespread terminations on the United States's scientific leadership. In particular, the proposed brief notes that firing scientists and other STEM professionals could stifle scientific and technological innovation, weaken the nation's economic competitiveness, and significantly damage the public interest. Thus, APS's participation would aid the Court.

2

APS'S MOTION FOR LEAVE TO FILE AMICUS BRIEF ISO PLAINTIFFS' REQUEST FOR PRELIMINARY RELIEF
CIVIL ACTION NO. 3:25-cv-01780-WHA

## CONCLUSION

For the reasons discussed above, APS respectfully requests leave to file its proposed *amicus curiae* brief in support of Plaintiffs' efforts to restore the employment of fired federal employees and preliminarily enjoin Defendants from engaging in any further terminations of probationary and other federal employees.

Respectfully submitted,

March 11, 2025

/s/ Sarah E. Harrington
Sarah E. Harrington (admitted *pro hac vice*)
Mishi Jain (admitted *pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
sharrington@cov.com
mjain@cov.com
Telephone: +1 (202) 662-5569

Cortlin H. Lannin (SBN 266488)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
clannin@cov.com
Telephone: +1 (415) 591-6000

*Counsel for Amicus Curiae American Physical Society*

3

APS'S MOTION FOR LEAVE TO FILE AMICUS BRIEF ISO PLAINTIFFS' REQUEST FOR PRELIMINARY RELIEF
CIVIL ACTION NO. 3:25-cv-01780-WHA

**CERTIFICATE OF SERVICE**

I hereby certify that on March 11, 2025, I filed the foregoing document via the Court's CM/ECF system. The document will be served electronically on counsel of record for the parties.

/s/ Sarah E. Harrington
Sarah E. Harrington (admitted *pro hac vice*)
Mishi Jain (admitted *pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
sharrington@cov.com
mjain@cov.com
Telephone: +1 (202) 662-5569

Cortlin H. Lannin (SBN 266488)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
clannin@cov.com
Telephone: +1 (415) 591-6000

*Counsel for Amicus Curiae American Physical Society*

4

APS'S MOTION FOR LEAVE TO FILE AMICUS BRIEF ISO PLAINTIFFS' REQUEST FOR PRELIMINARY RELIEF
CIVIL ACTION NO. 3:25-cv-01780-WHA