1  Scott A. Kronland (SBN 171693)
   Stacey M. Leyton (SBN 203827)
2  Eileen B. Goldsmith (SBN 218029)
   Danielle E. Leonard (SBN 218201)
3  Robin S. Tholin (SBN 344845)
   James Baltzer (SBN 332232)
4  ALTSHULER BERZON LLP
5  177 Post Street, Suite 300
   San Francisco, CA 94108
6  Tel. (415) 421-7151
   Fax (415) 362-8064
7  skronland@altber.com
8  sleyton@altber.com
   egoldsmith@altber.com
9  dleonard@altber.com
   rtholin@altber.com
10 jbaltzer@altber.com

11 *Attorneys for Plaintiffs*

12 [Additional Counsel listed on signature pages]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO; AMERICAN FEDERATION OF STATE COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, et al.,<br><br>Defendants. | Case No. 3:25-cv-01780-WHA<br><br>**PLAINTIFFS' RESPONSE TO MARCH 7 NOTICE RE: IRS, SUBMISSION OF DECLARATION, AND REQUEST FOR GUIDANCE RE: FURTHER TESTIMONY** |

Plaintiffs hereby respond to the March 7, 2025 Letter from Defendants' Counsel (Dkt. 68) regarding Traci DiMartini, the Chief Human Capital Officer ("CHCO") of the Internal Revenue Service ("IRS") who was placed on administrative leave following the discussion of Ms. DiMartini's statements regarding probationary employees and OPM direction in Plaintiffs' TRO papers (Dkt. 39-5) and this Court's February 28 written TRO order (Dkt. 45 at 4-5). Defendants' letter contains serious misstatements of fact, as explained below. As set forth in her declaration filed in another case, which is attached as Exhibit A to the accompanying Declaration of Stacey Leyton, Ms. DiMartini has information that is directly relevant to this matter, involving OPM's directions to agencies to terminate probationary employees, and the adverse personnel actions taken against her are directly related to that issue.

Plaintiffs therefore file this response, along with that declaration by Ms. DiMartini, for three purposes: (1) to correct the representations Defendants made to the Court, (2) to add Ms. DiMartini's declaration to the record in this case, and (3) if the Court wishes to hear Ms. DiMartini's testimony on Thursday, March 13, 2025, to inform the Court that, per her counsel, Ms. DiMartini is available to appear but only pursuant to a subpoena.

**BACKGROUND**

As this Court is aware, on February 26, 2025, Plaintiffs submitted a video recording and transcript of a February 21 town hall that Ms. DiMartini held over zoom with IRS employees, in which Ms. DiMartini stated that the Office of Personnel Management had ordered the IRS to terminate its probationary employees. Dkt. 39-5. The Court quoted Ms. DiMartini's statements to this effect both at the February 27 hearing, Dkt. 44 at 18:4-10, and in its February 28 written TRO order, Dkt. 45 at 4-5.

On the afternoon of Monday, March 3, 2025, Ms. DiMartini was notified that she was being placed on administrative leave with the intention to terminate her employment. Declaration of Stacey Leyton ¶4, Ex. A. After this fact was reported in the New York Times, Plaintiffs notified this Court at the status conference on March 6. The Court directed Defendants to investigate and to file a letter or statement regarding the report by the following day. Dkt. 65 at 20:17-21:19.

1    Defendants' counsel did so, representing in a letter filed on March 7 that "Treasury

2 Department officials indicated that the consideration to place [Ms. DiMartini] on administrative

3 leave involves circumstances separate from those at issue in this case and was contemplated prior

4 to and made without any knowledge of this case." Dkt. 68 at 2. Their letter further asserted that

5 "issues related to the employment status of the IRS employee at issue go beyond the scope of this

6 litigation. These assertions involve neither claims advanced by Plaintiffs nor Defendants in this

7 suit." *Id*.

8    Defendants' counsel also relied on the fact that the Department of Treasury was at that time

9 not a party to this case (which is no longer true in light of this Court's order granting amendment,

10 Dkt. 88). Defendants' counsel's further statement that "[n]or, moreover, has the employee

11 personally participated in this litigation as a witness or otherwise" misses the point: Ms.

12 DiMartini's statements were put before this Court as a witness to OPM's unlawful actions, and Ms.

13 DiMartini is available to present testimony on this issue (and as the declaration submitted herewith

14 makes clear, Ms. DiMartini has relevant knowledge regarding OPM's actions).

15    On March 7, the plaintiffs in *Maryland v. U.S. Dept. of Agriculture*, Case No. 25-00748-

16 JKB (D. Md.), filed a declaration from Ms. DiMartini, in which she declares that Department of

17 Treasury CHCO Trevor Norris informed her and others that the mass terminations of IRS and other

18 Treasury probationary employees were made at the direction of OPM, and states that probationary

19 employees' job performance and conduct was neither reviewed nor considered before they were

20 terminated. Leyton Decl. ¶4, Ex. A (¶¶8-18). The declaration also states that when Ms. DiMartini

21 was placed on leave pending termination on March 3 she was told that it was for three reasons,

22 including that she "*did not effectively implement the termination of probationary employees*." *Id.*,

23 Ex. A ¶23 (emphasis added).

24    This declaration itself is relevant evidence; and establishes that Ms. DiMartini has relevant

25 testimony to present at the March 13 evidentiary hearing to refute OPM's factual assertions in this

26 case and to clarify the record. It demonstrates the inaccuracy of Defendants' representation that

27 Ms. DiMartini's leave "involves circumstances separate from those at issue in this case." Dkt. 68

28 at 2.

1    Plaintiffs issued a subpoena for Ms. DiMartini's testimony on March 6 following the status conference, and Defendants accepted service on her behalf on March 7.  Leyton Decl. ¶¶2-3; Dkt. 76-3.  On March 10, Defendants informed Plaintiffs that Ms. DiMartini was represented by counsel and so they were withdrawing their acceptance of service of the subpoena for her testimony.  Leyton Decl. ¶5.  Plaintiffs thereafter asked Ms. DiMartini's counsel to accept service and to confirm Ms. DiMartini's availability to testify at the March 13 evidentiary hearing.  *Id.* ¶6.  Ms. DiMartini's counsel confirmed that Ms. DiMartini is available to testify and would comply with a subpoena to testify if the IRS permitted her to do so.  *Id.*

Plaintiffs sent an e-mail to Defendants' counsel informing them of these facts and asking them to confirm by this morning "that Ms. DiMartini will <u>not</u> be subject to any adverse or other employment action based on her compliance with the subpoena or her testimony on Thursday."  *Id.* ¶7, Ex. B.  In response, Defendants' counsel refused to provide that assurance.  Instead, Defendants' counsel stated again that the placement of Ms. DiMartini on "administrative leave involves circumstances separate from those at issue in this case" and so her "employment status, and [Plaintiffs'] requests for [Defendants] to confirm additional information … are both outside the scope of this case," and that Defendants "cannot devote additional time and resources to answering your inquiries about Ms. DiMartini."  *Id.* ¶8, Ex. B.  The e-mail further "note[d] that any testimony by Ms. DiMartini would appear to implicate Treasury and IRS procedures."  *Id.*

Plaintiffs complied with the *Touhy* regulations in issuing the subpoena to Ms. DiMartini.  *Id.* ¶2; Dkt. 76-3; *see also Res. Invs., Inc. v. United States*, 93 Fed. Cl. 373, 380 (2010) ("[W]hen the United States is a party to the litigation, the reach of disclosure-limiting Touhy regulations ends at the courthouse doors.").

. Based on communications with Ms. DiMartini's counsel, Plaintiffs' understanding is that the IRS has not yet instructed Ms. DiMartini as to whether she may appear to give testimony.  Leyton Decl. ¶9.

### **REQUEST**

Plaintiffs submit this response for three purposes.

1     First, Plaintiffs' response refutes Defendants' counsel's representations to this Court regarding the circumstances of Ms. DiMartini's administrative leave. The stated reasons that the agency gave to Ms. DiMartini for placing her on administrative leave with plans to terminate her *at a minimum* confirm that the agency's actions are related to her handling of the probationary employee terminations at issue in this lawsuit.

    Second, given its relevance, Plaintiffs request that Ms. DiMartini's declaration be added (in lieu of testimony) in support of Plaintiffs' preliminary injunction motion. Ms. DiMartini's declaration refutes representations made by Defendants both with respect to the facts at issue in this case and regarding the adverse employment action that followed this Court's citation of her statements,.

    Third, Plaintiffs would be prepared to present Ms. DiMartini's testimony regarding the central issues in dispute in this case (OPM's directions to agencies) at the upcoming hearing, including for cross-examination. Although this Court's March 10 order provided that "government employees who have not submitted declarations … need not be produced at the March 13 hearing," Dkt. 89, Ms. DiMartini's circumstances and statements, previously cited by the Court, were put at issue by Defendants' representations to the Court, including by their representations that the agencies' actions were not directed by OPM.

    Ms. DiMartini's counsel has confirmed her availability to testify. Leyton Decl. ¶6. As a current employee on leave, Ms. DiMartini would need protection from this Court in the form of an order enforcing the subpoena. According to her counsel, however, Ms. DiMartini's employing agency has not provided a response confirming whether she may appear in response to the subpoena. *Id.* ¶9. And as Defendants' counsel's e-mail this morning made clear, Defendants will not confirm that she may testify. Instead, Defendants' counsel continues to insist that Ms. DiMartini "is not a probationary employee;" that "the consideration to place Ms. DiMartini on administrative leave involves circumstances separate from those at issue in this case," and that "Ms. DiMartini's employment status …[is] outside the scope of this case." Leyton Decl. ¶8, Ex. B.

    Plaintiffs therefore request the Court's guidance as to whether Ms. DiMartini's testimony would assist the Court's determination, and if so, request a Court order enforcing the subpoena. As

Ms. DiMartini has good cause to be concerned regarding further retaliation, an order from this Court enforcing the subpoena would alleviate that concern.

## **CONCLUSION**

Plaintiffs therefore submit Ms. DiMartini's declaration for the record in this case and, should the Court require her presence for testimony and cross-examination, request an order enforcing the subpoena previously served by Plaintiffs.

Respectfully submitted,

DATED:  March 11, 2025

Scott A. Kronland
Stacey M. Leyton
Eileen B. Goldsmith
Danielle E. Leonard
Robin S. Tholin
James Baltzer
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151

By: */s/ Danielle Leonard*

*Attorneys for Plaintiff Organizations*

Norman L. Eisen (*pro hac vice forthcoming*)
Pooja Chadhuri (SBN 314847)
STATE DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, DC 20003
Tel: (202) 594-9958
Norman@statedemocracydefenders.org
Pooja@statedemocracydefenders.org

By: */s/ Norman L. Eisen*

*Attorneys for Plaintiff Organizations*

Rushab Sanghvi (SBN 302809)
AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES
80 F Street, NW
Washington, DC 20001
Tel: (202) 639-6426
Sanghr@afge.org

By: */s/ Rushab Sanghvi*

*Attorneys for Plaintiff American Federation of Government Employees (AFGE)*

Teague Paterson (SBN 226659)
Matthew Blumin  (*pro hac vice forthcoming*)
AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES
1625 L Street, N.W.
Washington, D.C.  20036
Tel: (202) 775-5900
TPaterson@afscme.org
MBlumin@afscme.org

By: */s/Teague Paterson*

*Attorneys for Plaintiff American Federation of State County and Municipal Employees (AFSCME)*

Tera M. Heintz (SBN 241414)
Cristina Sepe (SBN 308023)
Cynthia Alexander, WA Bar No. 46019 (pro hac vice forthcoming)
Deputy Solicitors General
OFFICE OF THE WASHINGTON STATE ATTORNEY GENERAL
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
tera.heintz@atg.wa.gov
cristina.sepe@atg.wa.gov
cynthia.alexander@atg.wa.gov

By: */s/ Tera M. Heintz*

1                                          *Attorneys for Proposed Plaintiff State of Washington*

PLAINTIFFS' MOTION TO SHORTEN TIME, No. 3:25-cv-01780-WHA  1