PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
KELSEY J. HELLAND (CABN 298888)
Assistant United States Attorney
U.S. ATTORNEY'S OFFICE
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495

ERIC HAMILTON
Deputy Assistant Attorney General
DIANE KELLEHER
Branch Director
CHRISTOPHER HALL
Assistant Branch Director
JAMES D. TODD, JR.
Senior Trial Counsel
YURI S. FUCHS
Trial Attorney
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, *et al*.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, *et al.*,<br><br>Defendants. | Case No. 3:25-cv-1780-WHA<br><br>**DEFENDANTS' NOTICE ADVISING COURT OF INTENT NOT TO PRODUCE LIVE WITNESSES AT MARCH 13, 2025, HEARING**<br><br>The Hon. William H. Alsup |

Notice
3:25-cv-1780-WHA

      Defendants write in response to the Court's March 10, 2025, Order directing the parties to "advise the Court whether they intend to produce any live witnesses" at the March 13, 2025 hearing scheduled by the Court. *See* Mar. 13, 2025, Order at 2, ECF No. 89. Defendants inform the Court that they do not intend to produce any live witnesses as part of their hearing presentation and intend to rest on their legal arguments for why a preliminary injunction should not issue. As part of this presentation, Defendants are withdrawing the declaration of Acting Office of Personnel Management ("OPM") Director Charles Ezell, *see* ECF No. 34, and will not be presenting Mr. Ezell at the hearing. Because the Court's stated purpose of bringing Mr. Ezell to the hearing was to obtain testimony from him regarding the contentions made in his declaration, Defendants therefore submit that his presence is no longer necessary at any hearing given that this declaration is now withdrawn. *See* Tr. of Mar. 6, 2025, Hrg. at 24:13-15 ("I in no way think that it would be proper for the Government to put forward Mr. Ezell as a witness and refuse to let him be cross-examined.").[1] Defendants submit that live testimony is not needed for other reasons as well.

      To begin with, live testimony is not appropriate given the legal claims and posture of this case. Plaintiffs' Second Amended Complaint ("SAC") principally brings claims under the Administrative Procedure Act ("APA") and whether OPM has exceeded its statutory authority. *See* SAC ¶¶ 190-234, ECF No. 90. "In general, a court reviewing agency action under the APA must limit its review to the administrative record." *San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 992 (9th Cir. 2014) (citing *Camp v. Pitts,* 411 U.S. 138, 142 (1973)); *see also Bellion Spirits, LLC v. United States*, 335 F.Supp.3d 32, 43 (D.D.C. 2018) (holding that constitutional challenges to agency actions, such as Plaintiffs' *ultra vires* claim are also decided on an administrative record). And while courts occasionally may look outside of this record in an APA action, they may only do so with limited exceptions "and the party seeking to admit extra-record evidence initially bears the burden of demonstrating that a relevant exception applies." *Id.* at 993. In addition, that extra-record evidence is only permitted where a court "require[s]

---

[1] Defendants also note that the declaration put forward by Mr. Ezell was factually limited in what it discussed and itself recounted documentary evidence filed alongside that declaration. *See, e.g.*, ECF No. 34 ¶¶ 3-6.

1   supplementation of the administrative record if it is incomplete" and where "necessary to plug
2   holes in the administrative record." *Wilson v. Comm'r*, 705 F.3d 980, 991 (9th Cir. 2013)
3   (quotations omitted); *see also Kunaknana v. Clark*, 742 F.2d 1145, 1152 (9th Cir. 1984) ("[T]rial
4   court review of agency decision-making is generally limited to the existing administrative
5   record. . . . This record may be supplemented with testimony from the officials who participated
6   in the decision explaining their action or by formal findings prepared by the agency explaining
7   its decision."). Thus, until such time as Defendants have submitted an administrative record, and
8   until such time as Plaintiffs raise any issues with that administrative record, any kind of
9   testimony or discovery on Plaintiffs' APA claims is inappropriate. Moreover, testimony at this
10  preliminary stage is generally disfavored by the Ninth Circuit. *See, e.g.*, *Kenneally v. Lungren*,
11  967 F.2d 329, 334-35 (9th Cir. 1992) ("If the facts are simple and little time would be taken, a
12  court may be required to hold an evidentiary hearing on a motion for an injunction. However, we
13  have rejected any presumption in favor of evidentiary hearings, especially if the facts are
14  complicated." (modifications omitted)). To the extent that any kind of live testimony would be
15  appropriate at this stage, such testimony should be limited to the issue of whether Plaintiffs have
16  shown irreparable harm justifying a preliminary injunction. Defendants understand that Plaintiffs
17  would put on this sort of testimony at the hearing. *See generally* Pls.' Supp. Evid. in Advance of
18  March 13, 2025, Hrg., ECF No. 70.

19       Live testimony of Mr. Ezell is also not necessary, as a factual matter, because existing
20  documentary evidence and briefing demonstrates that OPM is not directing agencies to terminate
21  probationary employees. On March 4, 2025, OPM issued revised guidance clarifying that "OPM
22  is not directing agencies to take any specific performance-based actions regarding probationary
23  employees[,]" and further clarifying that "[a]gencies have ultimate decision-making authority
24  over, and responsibility for, such personnel actions." Mem. from Charles Ezell, Acting Director,
25  OPM, to Heads and Acting Heads of Departments and Agencies (Revised March 4, 2025), ECF
26  No. 78. The parties all agree that OPM cannot direct other agencies to terminate probationary
27  employees and that such decisions rest within the statutory authority of other agencies. *See* Tr. of
28  Feb. 27, 2025, Hrg. at 61:21-62:3, ECF No. 44; SAC ¶¶ 198-99 (raising Plaintiffs' assertion that

Notice
3:25-cv-1780-WHA

OPM would violate its governing authority in "requiring federal agencies to remove probationary employees").

Finally, live testimony is not appropriate at this juncture because Plaintiffs have added a number of non-OPM defendants in the SAC. Plaintiff did so because, as this Court has recognized, they seek the reinstatement of terminated probationary employees of those agencies. *See* Order Granting Mot. for Leave to File SAC at 3-4, ECF No. 88 ("Plaintiffs seek . . . to secure . . . . the reinstatement of probationary employees that they allege were terminated pursuant to an unlawful OPM directive. As the undersigned explained during the February 27 TRO hearing, that relief will require that the terminating agencies be joined as relief defendants.").[2] However, these new non-OPM defendants—against whom Plaintiffs have yet to file a motion for a temporary restraining order or preliminary injunction—need a chance to defend themselves against any allegations and present any arguments on their own behalf. This further emphasizes that any live testimony is not necessary at this point and that further preliminary injunction briefing may be necessary.

For these reasons, Defendants: do not intend to call any live witnesses at the hearing including Mr. Ezell; and withdraw the declaration previously submitted by Mr. Ezell in this case.

---

[2] Defendants' merits arguments are that any relief providing for reinstatement of employees must come from the Merit Systems Protection Board or the Federal Labor Relations Authority rather than this Court. *See, e.g.*, Defs' Opp'n to Mot. for a TRO at 13-14, ECF No. 33.

Dated: March 11, 2025

Respectfully submitted,

PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
KELSEY J. HELLAND (CABN 298888)
Assistant United States Attorney
U.S. ATTORNEY'S OFFICE
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495

ERIC HAMILTON
Deputy Assistant Attorney General

DIANE KELLEHER
Branch Director

CHRISTOPHER HALL
Assistant Branch Director

JAMES D. TODD, JR.
Senior Trial Counsel

s/ Yuri S. Fuchs
YURI S. FUCHS
Trial Attorney
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044

*Counsel for Defendants*