OFFICE OF THE COUNTY COUNSEL
COUNTY OF SANTA CLARA
TONY LOPRESTI, State Bar #289269
KAVITA NARAYAN, State Bar #264191
MEREDITH A. JOHNSON, State Bar #291018
RAPHAEL N. RAJENDRA, State Bar #255096
JENNY S. LAM, State Bar #259819
STEFANIE L. WILSON, State Bar #314899
70 West Hedding Street, East Wing, Ninth Floor
San José, California 95110-1770
Telephone: (408) 299-5900
Facsimile: (408) 292-7240
E-Mail: Tony.LoPresti@cco.sccgov.org
 Kavita.Narayan@cco.sccgov.org
 Meredith.Johnson@cco.sccgov.org
 Raphael.Rajendra@cco.sccgov.org
 Jenny.Lam@cco.sccgov.org
 Stefanie.Wilson@cco.sccgov.org

Attorneys for *Amicus Curiae*
*County of Santa Clara*

*Additional amici and counsel are listed on signature pages*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**San Francisco Division**

| | |
|---|---|
| **American Federation of Government Employees, AFL-CIO**; **American Federation of State County and Municipal Employees, AFL-CIO**, et al., <br><br> Plaintiffs, <br><br> v. <br><br> **United States Office of Personnel Management**, et al., <br><br> Defendants. | No. 3:25-cv-01780-WHA <br><br> **MOTION FOR LEAVE TO FILE BRIEF OF AMICI CURIAE COUNTY OF SANTA CLARA AND 43 ADDITIONAL LOCAL GOVERNMENTS AND LOCAL GOVERNMENT OFFICIALS IN SUPPORT OF PLAINTIFFS** <br><br> Judge: Hon. William H. Alsup <br> Place: Courtroom 12, 19th Floor <br><br> Trial Date: Not set |

Pursuant to Civil Local Rule 7-11, the County of Santa Clara, together with 43 additional local governments and local government officials ("Amici"), hereby request leave to file the Brief of Amici Curiae County of Santa Clara and 43 Additional Local Governments and Local Government Officials in Support of Plaintiffs. The proposed brief accompanies this motion. Amici are listed on the signature pages of the proposed brief.

All parties have consented to the filing of this amicus brief.

**INTEREST AND IDENTITY OF AMICI CURIAE**

Amici Curiae are local jurisdictions and officials from around the country, collectively representing and serving millions of residents. They have a compelling interest in the subject of this litigation, specifically in the ways that abrupt and widescale terminations of probationary federal employees have diminished and will continue to diminish, and even outright stymie, Amici's ability to serve their residents and act for the benefit of the common good. In ways big and small, local governments interact with the federal government every day to fulfill this responsibility.

Amici's proposed brief offers a valuable, unique, and frontline perspective on the nature of the harm that the *en mass* terminations of federal employees at issue in this case impose on local governments and the residents they serve. In myriad tangible, concrete, and on-the-ground ways, local, federal, and state governments rely on one another's capacities and stability to conduct the fundamental work of governance, which is to protect the health and welfare of the residents they all serve. Both in constitutional theory and in real-life everyday practice, each layer of government relies on mutually agreeable partnerships with the others to fulfill its mission effectively. This is why the abrupt, wholesale dismantling of federal agency workforces—and the resulting loss of agency capacity, expertise, and efficiency—has had, and is quite likely to continue to have, disastrous consequences across the country. Amici are well positioned to explain why, and illuminate how, Defendants' actions will cause deep, long-lasting, and often irreparable harm to human beings, businesses, organizations, real property, and local governments themselves.

For the foregoing reasons, Amici respectfully request the Court's permission to file the brief accompanying this motion. *See Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982) ("The district court has broad discretion to appoint amici curiae."), *abrogated on other grounds*, *Sandin v. Conner*,

515 U.S. 472 (1995); *Miller-Wohl Co. v. Commissioner of Labor & Industry*, 694 F.2d 203, 204 (9th Cir. 1982) ("[T]he classic role of amicus curiae . . . [is to assist] in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration."); *see also California v. United States Dep't of the Interior*, 381 F. Supp. 3d 1153, 1163-64 (N.D. Cal. 2019) (noting "liberality" with which district courts in this district permit amicus briefs); *California v. Azar*, No. 3:19-cv-01184-EMC, 2019 WL 2029066, at *1 (N.D. Cal. May 8, 2019) ("District courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.") (internal quotation marks and citation omitted).

Dated: March 11, 2025

Respectfully submitted,

TONY LOPRESTI
COUNTY COUNSEL

By: /s/ Raphael N. Rajendra
RAPHAEL N. RAJENDRA
Deputy County Counsel

KAVITA NARAYAN
MEREDITH A. JOHNSON
JENNY S. LAM
STEFANIE L. WILSON

*Attorneys for Amicus Curiae
County of Santa Clara*

3225173