Scott A. Kronland (SBN 171693)
Stacey M. Leyton (SBN 203827)
Eileen B. Goldsmith (SBN 218029)
Danielle E. Leonard (SBN 218201)
Robin S. Tholin (SBN 344845)
James Baltzer  (SBN 332232)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel. (415) 421-7151
Fax (415) 362-8064
skronland@altber.com
sleyton@altber.com
egoldsmith@altber.com
dleonard@altber.com
rtholin@altber.com
jbaltzer@altber.com

*Attorneys for Plaintiffs*

[Additional Counsel listed on signature pages]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO; AMERICAN FEDERATION OF STATE COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, et al., <br><br> Defendants. | Case No. 3:25-cv-01780-WHA <br><br> **PLAINTIFFS' *EX PARTE* MOTION TO STRIKE DEFENDANTS' DECLARATION OF NOAH PETERS** |

Plaintiffs respectfully request that the Court strike a fact declaration from a witness who Defendants are not making available for cross examination, whose declaration Defendants now appear to be attempting to substitute for the now withdrawn Declaration of Charles Ezell.

On Monday, March 11, 2025, Defendants submitted to the Court, in support of the Ex Parte Motion to Vacate the upcoming preliminary injunction hearing and quash subpoenas for all government employee witnesses, a declaration from a "Senior Advisor" to the OPM Director named Noah Peters that purports to offer factual evidence supporting Defendants' case.  Dkt. 77. Plaintiffs had not subpoenaed this person, nor had Defendants relied previously on this witness in opposing Plaintiffs' Motion for TRO or Preliminary Injunction.  The Declaration includes no attestation of personal knowledge or foundation for the statements fact in the Declaration.  *Id.*

As the Court is aware, the U.S. government has refused to produce any government witnesses at the upcoming hearing, and has affirmatively withdrawn the Declaration of Acting OPM Director Charles Ezell rather than put him forward for cross-examination as ordered by the Court.  Dkt. 97.  In an abundance of caution, lest Defendants intend to rely on this Declaration for purposes beyond the now-resolved Ex Parte Motion, Plaintiffs reached out to confirm that Defendants will withdraw this Declaration, as they had never previously identified Mr. Peters' testimony in support of Defendants' position on the TRO or preliminary injunction and are not making Mr. Peters available for cross-examination.  Leyton Decl. Ex. A.  Defendants refused.  *Id.* Plaintiffs therefore respectfully request that the Court strike the Declaration of Noah Peters, for several reasons, most centrally that Defendants are not making Mr. Peters (or any witness) available for cross-examination and therefore cannot rely on this untested declaratory testimony.

First and foremost, this Court has repeatedly made clear that Defendants may not rely on evidence submitted in the form of declarations without making the relevant declarants available for cross-examination—particularly with respect to highly disputed factual issues.  *See* Dkt. 44 at 69 (Feb. 27, 2025 TRO Hearing Transcript); Dkt. 65 at 6 (March 6, 2025 Status Conference Transcript:  "It is highly unusual for any party in litigation to try to…get their say [without] cross-

examination. One possibility would be that…his declaration would be struck if he refuses to be examined under oath by the other side"); Dkt. 89 at 1-2 (March 10, 2025 Order).

As this Court's March 10, 2025 order recognized, any government witness who submits evidence under penalty of perjury is subject to "follow-up questioning on facts [the government] itself put in evidence," whether the witness is a government official or not. *In re Cheney*, 544 F.3d 311, 314 (D.C. Cir. 2008); *see also* Dkt. 89 at 2 ("The problem here is that Acting Director Ezell submitted a sworn declaration in support of defendants' position, but now refuses to appear to be cross examined, or to be deposed (despite, it should be added, government counsel's embrace of that very idea during the TRO hearing)."). On this basis, the Court warned that it would "strike or limit" the declaration testimony of Acting OPM Director Charles Ezell if Mr. Ezell did not make himself available for the March 13 hearing. Dkt. 89 at 2. The Peters Declaration should be stricken for the same reason. Defendants are refusing to produce any government witnesses, including Mr. Peters, and cannot rely on his untested declaration. Dkt. 97; Leyton Decl. Ex. A.

In addition, the U.S. government did not submit Peters' Declaration to oppose the TRO, nor in opposition to a preliminary injunction. As plainly set forth in its own caption, the Peters Declaration was submitted solely to support Defendants' Ex Parte Motion to Vacate the March 13, 2025 hearing. That motion has been denied. Under normal circumstances, that would be sufficient to disregard the Peters Declaration. But the subject matter and timing of that Declaration, along with Defendants' counsel's communications about this matter, create the impression that Defendants may be now, at the last minute, attempting to substitute the testimony of a different witness for that of Mr. Ezell, and intend to further rely on that testimony in this case, whether before this Court or on appeal. Leyton Decl. Ex. A. That is inappropriate and highly prejudicial. Therefore, Plaintiffs take this unusual step of asking for crystal clear clarification of the record by striking that Declaration now.

Finally, further adding to the impropriety of any further reliance on this untested testimony, in his declaration, Mr. Peters asserts numerous facts about OPM and agency actions with respect to probationary employees without attesting to or identifying any basis for his knowledge of those

1    asserted facts—personal knowledge or otherwise.  Dkt. 77.  This too adds to Plaintiffs' concerns

2    regarding Defendants' attempts to include this testimony in the record in this case.

3                                              **CONCLUSION**

4          For the foregoing reasons, Plaintiffs respectfully request this Court strike the Declaration of

5    Noah Peters from the record.

6

7

8                                              Respectfully submitted,

9

10   DATED:  March 12, 2025                    Scott A. Kronland
                                               Stacey M. Leyton
11                                             Eileen B. Goldsmith
                                               Danielle E. Leonard
12                                             Robin S. Tholin
                                               James Baltzer
13                                             ALTSHULER BERZON LLP
                                               177 Post St., Suite 300
14                                             San Francisco, CA 94108
                                               Tel: (415) 421-7151
15

16

17                                      By: */s/ Danielle Leonard*

18                                          *Attorneys for Plaintiff Organizations*

19                                          Norman L. Eisen (*pro hac vice*)
                                            Pooja Chadhuri (SBN 314847)
20                                          STATE DEMOCRACY DEFENDERS
                                            FUND
21                                          600 Pennsylvania Avenue SE #15180
                                            Washington, DC 20003
22                                          Tel: (202) 594-9958
                                            Norman@statedemocracydefenders.org
23                                          Pooja@statedemocracydefenders.org

24

25

26                                      By: */s/ Norman L. Eisen*

27                                          *Attorneys for Plaintiff Organizations*

28

1

2          Rushab Sanghvi (SBN 302809)
           AMERICAN FEDERATION OF GOVERNMENT
3          EMPLOYEES
           80 F Street, NW
4          Washington, DC 20001
           Tel: (202) 639-6426
5          Sanghr@afge.org

6
           By: */s/ Rushab Sanghvi*
7

8          *Attorneys for Plaintiff American Federation of*
           *Government Employees (AFGE)*
9
           Teague Paterson (SBN 226659)
10         Matthew Blumin  (*pro hac vice*)
           AMERICAN FEDERATION OF STATE, COUNTY,
11         AND MUNICIPAL EMPLOYEES
           1625 L Street, N.W.
12         Washington, D.C.  20036
           Tel: (202) 775-5900
13         TPaterson@afscme.org
           MBlumin@afscme.org
14

15

16         By: */s/Teague Paterson*

17         *Attorneys for Plaintiff American Federation of State*
           *County and Municipal Employees (AFSCME)*
18

19         Tera M. Heintz (SBN 241414)
           Cristina Sepe (SBN 308023)
20         Cynthia Alexander, WA Bar No. 46019 (pro hac vice
           Deputy Solicitors General
21         OFFICE OF THE WASHINGTON STATE
           ATTORNEY GENERAL
22         800 Fifth Avenue, Suite 2000
           Seattle, WA 98104
23         (206) 464-7744
           tera.heintz@atg.wa.gov
24         cristina.sepe@atg.wa.gov
25         cynthia.alexander@atg.wa.gov

26
           By: */s/ Tera M. Heintz*
27

28         *Attorneys for Plaintiff State of Washington*

Plaintiffs' *Ex Parte* Motion to Strike Defs' Declaration of Noah Peters, No. 3:25-cv-01780-WHA