Att. C

# FAQs on Probationary Periods

### *Probationary Periods in the Competitive Service*

**Q: How should agencies evaluate the performance of an employee serving a probationary or trial period?**
A: An employee's performance must be measured in light of the existing needs and interests of government. OPM has emphasized that individual employee performance measurement should be "aligned with and support organizational goals" and "focus[] employee efforts on achieving organizational and group goals." An employee's performance must be viewed through the current needs and best interest of the government, in light of the President's directive to dramatically reduce the size of the federal workforce.

**Q: Under 5 C.F.R. § 315.803, agencies are expected to fully utilize probationary periods and terminate an employee during this period "if the employee fails to demonstrate fully his or her qualifications for continued employment." How should agencies evaluate whether an employee demonstrated his or her qualifications for continued employment?**
A: OPM believes "qualifications for continued employment" means that only the highest-performing probationers in mission-critical areas should be retained.

**Q: What procedures should an agency follow when terminating a probationary employee for unsatisfactory performance or conduct?**
A: When an agency decides to terminate an employee serving a probationary period because work performance or conduct fails to demonstrate fitness or qualifications for continued employment, the agency must notify the employee in writing as to why the employee is being terminated and the effective day of the action. 5 C.F.R. § 315.804. The notice must include the agency's conclusions as to the inadequacies of the employee's performance or conduct.

In addition, under 5 C.F.R. § 315.804(b), the probationary period ends when the employee completes his or her scheduled tour of duty on the day before the anniversary date of the appointment.[1]

**Q: What procedures should an agency follow when terminating a probationary employee for conditions arising before appointment?**
A: When an agency decides to terminate an employee serving a probationary period for reasons related to conditions arising before appointment, the employee is entitled to the following procedures established under 5 C.F.R. § 315.805:

- advance written notice from the agency stating the reasons, in detail for the proposed action;
- a reasonable time for responding in writing to the agency; and,

---

[1] *See e.g. Stewart v. Dep't of Transp.*, 2023 MSPB 18, ¶17 (2023).

- a notice, in writing, of the reasons for the agency's decision, and the right to appeal to the MSPB.

*Appeal Rights and Negotiated Grievance Procedures*

**Q: Does prior federal service count towards completion of an employee's probationary period?**
A: Under certain conditions, prior federal civilian service counts toward the completion of the probationary period.[2] If an agency employee meets the statutory definition of "employee" under 5 U.S.C. § 7511(a), the employee may have adverse action procedural rights and may not be terminated using probationary termination procedures.

**Q: May an employee serving a probationary period appeal a termination to the MSPB?**
A: Under 5 C.F.R. § 315.806, an employee may appeal to the MSPB only if the termination is not required by statute and the employee alleges that the agency discriminated against him or her based on partisan political reasons or marital status. Where an agency terminates a probationary employee based in whole or in part on conditions arising before appointment, the employee may appeal to the MSPB if he or she alleges that the agency did not follow the procedures established under 5 C.F.R. § 315.805.

**Q: What procedures must agencies follow when terminating a term employee in the competitive service during a trial period?**
A: Terminating an employee on a trial period in the competitive service are subject to the same procedures described above for terminating an employee on a probationary period in the competitive service.

**Q: What procedures must agencies follow when terminating an employee appointed to a position in the excepted service who is serving a trial period?**
A: The head of an agency may establish a probationary or trial period for an employee given a permanent appointment in the excepted service unless otherwise provided in statute or regulation. The head of the agency must also establish procedures for terminations in the excepted service.

**Q: May an employee serving a probationary or trial period grieve a termination under negotiated grievance procedures?**
A: Generally, employees serving a probationary or trial period do not have recourse under negotiated grievance procedures to challenge terminations exercised under 5 U.S.C. 3321 and OPM's regulations at 5 C.F.R. part 315, subpart H. It is well established that procedural protections that enable probationary employees to challenge terminations and termination-related matters are inconsistent with these legal authorities and, therefore, unenforceable through negotiated

---

[2] *See* 5 C.F.R. § 315.802.

grievance procedures.[3] However, agencies operating under different personnel systems need to verify whether the same or similar legal authorities apply to their personnel.

**Q: Which nature of action codes and legal authority codes are used to process probationary termination personnel actions?**
A: Chapter 31 of OPM's Guide to Processing Personnel Actions (GPPA) provides information on appropriate nature of action codes (NOAC) and legal authority codes (LAC) for "Separations Other than Resignations and Retirements." This includes probationary terminations. The NOAC and LAC selected should be consistent with the reasons the agency stated in the probationary termination notices. For example, Rules 31, 32, and 33 address separations based on unacceptable or unsatisfactory performance or other factors unrelated to misconduct or delinquency. If the employee is serving 1) an initial probationary period; or 2) a trial period required by civil service or agency regulation; or 3) a probationary period in the Senior Executive Service, then the NOAC would be 385; the appropriate LAC would be 1) L2M; 2) L4M; or 3) V2M, respectively. Rule 34 of the GPPA addresses the appropriate NOAC and LAC for employees serving on an appointment not described in Rules 31-33.

The GPPA describes other reasons the probationary termination may have been based on. As noted earlier, the NOAC and LAC selected should be consistent with the reasons the agency stated in the termination notices.

Rule 66 of the GPPA may be appropriate "under circumstances not described elsewhere" in Table 31-B of the GPPA. If the reasons stated in the termination letter are outside the other rules in Table 31-B of the GPPA, Rule 66 could be applied.

*Probationary Periods in the Senior Executive Service (SES)*

**Q: How long is the probationary period for SES career appointments?**
A: An individual who receives an SES career appointment must serve a one-year probationary period.

**Q: What procedural protections must agencies consider when evaluating whether to terminate an SES career appointee?**
A: The procedural protections and placement rights to which the probationer is entitled are determined by the basis for the removal action and the individual's appointment status just before entering the SES.

---

[3] *Nat'l Treasury Emps. Union and Internal Revenue Serv.*, 67 FLRA 24, 26 (2012) (*citing Nat'l Treasury Emps. Union v. Fed. Labor Relations Auth.*, 848 F.2d 1273 (D.C. Cir. 1988) *and Dep't of Justice, Immigration and Naturalization Serv. v. Fed. Labor Relations Auth.*, 708 F.2d 724 (D.C. Circ. 1983)); *Am. Fed'n of Gov't Emps. Council of Marine Corps Locals and Marine Corps*, 35 FLRA 1023, 1026-27 (1990).

3

**Q: Do all career SES appointees terminated during the probationary period have placement rights?**
A: No, only those career SES appointees, who at the time of appointment to the SES held a career or career-conditional appointment, or an appointment of equivalent tenure as defined at 5 C.F.R. § 359.701(a), retain placement rights. Probationers who are not entitled to guaranteed placement are separated from the Federal service.

**Q: What placement rights do prior career or career-conditional SES career appointees (as defined in 5 C.F.R. § 359.701(a) have?**
A: A prior career or career-conditional SES career appointee who is removed from the SES during his or her probationary period due to performance is guaranteed to be placed in a position of GS-15 or above (e.g., Senior Level).

**Q: How does the 120-day moratorium on removal during probation affect an agency's ability to terminate a probationary SES career appointee?**
A: Generally, removal from the SES for unacceptable performance or conduct may not be made effective within 120 days after the appointment of a new agency head, or the appointment in the agency of the career appointee's most immediate supervisor who: is a noncareer appointee and has the authority to remove the career appointee; however, 5 C.F.R. § 359.406(c) addresses exceptions to the 120-day moratorium. One of the exceptions is when the career appointee received a final rating of unsatisfactory before the appointment of a new agency head or the appointment of the career appointee's most immediate noncareer supervisor who has the authority to remove the career appointee. The procedures required when invoking an exception are detailed in § 359.406(d). The imposition of the 120-day moratorium does not extend the probationary period.

**Q: What procedures must an agency follow when removing a probationary SES career appointee for unacceptable performance?**
A: The agency shall notify the appointee in writing before the effective date of the action. The notice shall state, at a minimum, (1) the agency's conclusions as to the inadequacies of the appointee's performance; (2) whether the appointee has placement rights under 5 C.F.R. § 359.701 and, if so, identify the position to which the appointee will be assigned; and (3) the effective date of the action. A removal under this section need not be based upon a final rating under the agency's SES appraisal system.

**Q: What procedures must an agency follow when removing a probationary SES career appointee for conduct?**
A: The agency shall notify the appointee in writing before the effective date of the action; however, there is no required minimum notice period. The notice shall state, at a minimum, (1) the basis for the removal action and (2) the effective date of the action.

*Miscellaneous Questions*

**Q: Is the union entitled to receive information about probationary and trial employees?**

A: The union must demonstrate a particularized need for requested information, which is a threshold requirement in determining whether the release of information is necessary under Section 7114(b)(4) of the Statute. A union requesting information under that section must establish a particularized need for the information by articulating, with specificity, why it needs the requested information, including the uses to which the union will put the information and the connection between those uses and the union's representational responsibilities under the Statute. Satisfying this burden requires more than conclusory or bare assertions, and it is not satisfied merely by showing that the requested information would be relevant or useful. Rather, the union must articulate its need for each document, or all information requested. It is also well established that general efforts to "ensur[e] compliance with Merit System Principles," "monitor contract compliance," "address bargaining unit . . . concerns," represent employees in "further legal actions," and otherwise audit management are insufficient to meet particularized need requirements.[4]

---

[4] *See Dep't of the Air Force, Kirtland Air Force Base and Am. Fed'n of Gov't Emps. Local 2263*, 60 FLRA 791 (2005).