PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
KELSEY J. HELLAND (CABN 298888)
Assistant United States Attorney
U.S. ATTORNEY'S OFFICE
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495

ERIC HAMILTON
Deputy Assistant Attorney General
DIANE KELEHER
Branch Director
CHRISTOPHER HALL
Assistant Branch Director
JAMES D. TODD, JR.
Senior Trial Counsel
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, *et al*.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, *et al.*,<br><br>Defendants. | Case No. 3:25-cv-1780-WHA<br><br>**DECLARATION OF TREVOR NORRIS IN SUPPORT OF DEFENDANTS' MOTION FOR STAY OF MARCH 13, 2025, ORDER** |

I, Trevor Norris, declare, pursuant to 28 U.S.C. § 1746, as follows:

1. I am Deputy Assistant Secretary (DAS) for Human Resources (HR) for the United States Department of the Treasury, headquartered in Washington, D.C. I have served in this position since October 2017.

2. As DAS for HR, I oversee all human capital programs for the Department of the Treasury and its bureaus (collectively, "Treasury"). I have the responsibility for tracking and recording personnel actions, including terminations.

3. Based on my roles and responsibilities, I am familiar with the number of separated probationary Treasury employees affected by the Court's March 13, 2025, Order.

4. Treasury separated 7,605 probationary employees between February 19 and March 7, 2025.

5. The Court's order requiring reinstatement of these terminated employees will impose substantial burdens on Treasury, cause significant confusion, and potentially subject terminated employees to extreme whiplash.

6. Treasury would face several administrative challenges in returning terminated probationary employees to the rolls and onboarding them. These include developing official notice to mail and/or email to affected employees; processing back pay; restoration of benefits; issuing equipment; putting the individuals back into personnel systems; finding work space since the Agency has executed a return to office as of March 10, 2025; allowing building access; re-credentialing; and reallocation of work.

7. Offers of reinstatement will also cause confusion for agency and employee alike. Employees who were terminated just weeks ago will be offered reinstatement. Yet an appellate ruling could reverse the district court's order before terminated employees accept their reinstatement or before they reenter on the job. Treasury could withdraw any offers of reinstatement in that circumstance. And even if the employees are reinstated prior to any reversal of the district court's order, the reinstated employees will remain on probation and could again be terminated. Further, in response to President Trump's February 11, 2025, Executive Order *Implementing the President's "Department of Government Efficiency" Workforce Optimization*

*Initiative*, Treasury has submitted Phase 1 of its Agency Reduction in Force and Reorganization Plan (ARRP) to the Office of Management and Budget and Office of Personnel Management. This plan contemplates significant personnel reductions in Treasury bureaus under Reduction in Force procedures that will almost certainly result in subsequent removal of an unknown number of these probationary employees.  In short, employees could be subjected to multiple changes in their employment status in a matter of weeks.

8. The uncertainty associated with this situation would challenge supervisors in effectively managing their workforce. Work schedules and assignments would effectively be tied to hearing and briefing schedules set by the courts. It would be difficult to assign new work to reinstated employees considering the uncertainty over their future status.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 14, 2025

John T. Norris
*Digitally signed by John T. Norris*
*Date: 2025.03.14 13:20:05 -04'00'*

J. Trevor Norris