PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
KELSEY J. HELLAND (CABN 298888)
Assistant United States Attorney
U.S. ATTORNEY'S OFFICE
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495

ERIC HAMILTON
Deputy Assistant Attorney General
DIANE KELEHER
Branch Director
CHRISTOPHER HALL
Assistant Branch Director
JAMES D. TODD, JR.
Senior Trial Counsel
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, *et al*.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OFFICE OF PERSONEL MANAGEMENT, *et al.*,<br><br>Defendants. | Case No. 3:25-cv-1780-WHA<br><br>**DECLARATION OF MARK ENGELBAUM IN SUPPORT OF DEFENDANTS' MOTION FOR STAY OF MARCH 13, 2025, ORDER** |

I, Mark Engelbaum, declare, pursuant to 28 U.S.C. § 1746, as follows:

1. I am the Assistant Secretary of Human Resources and Administration/Operations, Security, and Preparedness of the Department of Veterans Affairs ("Department"), headquartered in Washington, D.C. I have served in this position since February 13, 2025.

2. In my role at the Department, I am responsible for personnel management. I have the responsibility for overseeing the personnel enterprise and tracking and recording of personnel actions, including terminations. I assist in ensuring that all personnel actions comply with federal law, including those related to probationary employees.

3. Probationary employees in the competitive service are employees who have been employed for less than one year. In the excepted service, the probationary period may be up to two years.

4. The probationary period is part of the hiring process, and probationary employees have limited protections against termination.

5. The probationary period is essentially an extended tryout to determine the fitness of the employee and, according to regulation, an agency "shall terminate his or her services during this period if the employee fails to demonstrate fully his or her qualifications for continued employment."

6. On January 20, 2025, the VA received a guidance memorandum from the Office of Personnel Management ("OPM"), which stated that "agencies should identify all employees on probationary periods" and "should promptly determine whether those employees should be retained at the agency."

7. The Department fired approximately 500 probationary employees between February 13 and 14, 2025, out of approximately 46,000 probationary employees onboard at that time.

8. The Court's order, requiring the Department to reinstate all probationary employees terminated on or about February 13 and 14, 2025, will impose substantial burdens on the Department, cause significant confusion, and will cause turmoil for the terminated employees.

9. Specifically, all employees offered reinstatement will have to be onboarded again, including going through applicable training, filling out human resources paperwork, obtaining new security badges, re-enrolling in benefits programs and payroll, reinstituting applicable security clearance actions, receiving government furnished equipment, and other requisite administrative actions, such as auditing personnel requests to ensure any actions that would have otherwise been taken during their period of separation are completed.

10. Additionally, an appellate ruling could reverse the district court's order before terminated employees accept their reinstatement or before / after they reenter on the job. In short, employees could be subjected to multiple changes in their employment status in a matter of weeks.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 14, 2025

/s/ *Mark Engelbaum*
Mark Engelbaum