Scott A. Kronland (SBN 171693)
Stacey M. Leyton (SBN 203827)
Eileen B. Goldsmith (SBN 218029)
Danielle E. Leonard (SBN 218201)
Robin S. Tholin (SBN 344845)
James Baltzer (SBN 332232)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel. (415) 421-7151
Fax (415) 362-8064
skronland@altber.com
sleyton@altber.com
egoldsmith@altber.com
dleonard@altber.com
rtholin@altber.com
jbaltzer@altber.com

*Attorneys for Plaintiffs*

[Additional Counsel listed on signature pages]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO; AMERICAN FEDERATION OF STATE COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, et al., <br><br> Defendants. | Case No. 3:25-cv-01780-WHA <br><br> **PLAINTIFFS' OPPOSITION TO *EX PARTE* MOTION TO STAY THE COURT'S MARCH 13, 2025, PRELIMINARY INJUNCTION PENDING APPEAL AND MOTION TO STRIKE DECLARATIONS** |

1          Rather than comply with this Court's March 13, 2025 preliminary injunction order,

2    Defendants have chosen to engage in further stonewalling and direct defiance of this Court's

3    orders.  Defendants' filing *admits* they are not implementing this Court's preliminary injunction.

4    Having failed to ask this Court yesterday morning for a stay of its "immediate" order, Defendants

5    instead return to the Court more than a day later, and ask for a stay of the orders they are failing to

6    implement.  After deliberately refusing to bring any witnesses to the court where they could be

7    cross-examined, they have now submitted brand new declarations, declarations with untested

8    statements, that *inter alia*, attempt to relitigate the merits of the already issued preliminary

9    injunction.

10          As this Court explained yesterday:  "The Government, I believe, has tried to frustrate the

11    Judge's ability to get at the truth of what happened here and then set forth sham declarations to -- a

12    sham declaration -- they withdrew it, then substitutes another.  That's not the way it works in the

13    U.S. District Court."  [Dkt 120 at 8].  Defendants *chose* to make the preliminary injunction record

14    they made (including having never defended the lawfulness of terminating people based on a lie)

15    and cannot retroactively add to it now, while not implementing this Court's unambiguous

16    preliminary injunction order.

17          And, without waiting for resolution by this Court, notwithstanding the Court's briefing

18    schedule order, at 4:00 pm Defendants filed a motion for stay in the Ninth Circuit.

19          The record establishes there is clear ongoing irreparable harm to the plaintiffs in this case.

20    The government's stay request should therefore be denied for the reasons previously considered by

21    this Court.  And, the new untested evidence that Defendants seek to retroactively provide this

22    Court to support their opposition to the preliminary injunction should be stricken from the record.

23    Plaintiffs are available for any further hearing this Court wishes to hold regarding enforcement of

24    the Court's orders.

25        **1.**        **The Stay Should Be Denied.**

26          At yesterday morning's hearing, this Court ordered Defendants to reinstate the probationary

27    employees that OPM had unlawfully ordered be terminated at six federal agencies, and to

28

Plaintiffs' Opposition to *Ex Parte* Motion to Stay and Motion to Strike, No. 3:25-cv-01780-WHA    2

Case 3:25-cv-01780-WHA    Document 129    Filed 03/14/25    Page 3 of 8

communicate to those employees that their terminations had occurred unlawfully by order of the Northern District of California. Dkt. 120 at 52-54. This Court could not have been clearer that its order was "effective immediately." *Id.* In particular, this Court specifically ordered that "relief defendant Veterans Administration shall immediately offer reinstatement to any and all probationary employees terminated on or about February 13th and 14th, 2025." [Dkt. 120 at 52:8-10]; that "relief defendant Veterans Administration shall cease any and all use of the template termination notice provided by defendant OPM and/or Acting Director Ezell to the VA and to other agencies on or about February 13th and 14th and shall immediately advise all probationary employees terminated on or about February 13 and 14 that the notice and termination have been found to be unlawful by the United States District Court for the Northern District of California." [Dkt. 120 at 52: 14-21]; that "relief defendant Veterans Administration shall cease any termination of probationary employees at the direction of defendants OPM and Acting Director Ezell." [Dkt. 120 at 52: 22-24]; and that the Court was "extending the same relief to the Department of Agriculture, Department of Defense, Department of Energy, Department of the Interior, Department of Treasury" [Dkt. 120 at 53:20-22]. The Court further ordered: "this is the order and it counts effective immediately. Please don't say, 'Oh, I'm waiting for the written order.' This is the order from the bench." Dkt. 120 at 54:7.

Defendants' Ex Parte Motion makes abundantly clear that Defendants have chosen *not* to comply with this Court's order. They have not offered reinstatement to terminated employees and have not informed them that their terminations were done unlawfully. Instead of complying, Defendants spent the subsequent day collecting new declarations from new agency declarants stating in essence, for the first time, that reinstating the unlawfully terminated employees would be difficult to implement. Notably, none of these Declarants explain that it would be *impossible* or that they *cannot* reinstate the employees and services they provide. Nor could they have made such a representation. Of course, federal agencies can reinstate the employees they very recently terminated without any notice (as discussed yesterday, the record evidence before this Court on Plaintiffs' preliminary injunction motion demonstrates that a few agencies have reinstated their

employees).  To the extent that Defendants seek to now present evidence of the difficulty in doing so, this is retroactive opposition to this Court's injunction and this Court should not hear it after the fact.  In any event, *none* of this outweighs the overwhelming balance of the equities and public interest, irreparable harm, and likelihood of success on the merits that justified this preliminary injunction.

Moreover, Defendants have the audacity to claim that reinstatement would cause "confusion" for "terminated employees."  E.g., Dkt. 127-3 ¶12; 127-4 ¶7.  To the extent Defendants now profess concern that employees may be confused by these recent events, Defendants cry crocodile tears.  Defendants, not this Court's order, are to blame for federal employees' difficult circumstances, and they must take all necessary steps to restore the status quo.

Finally, Defendants make barely veiled threats that they would continue to defy this Court's orders requiring them to comply with applicable laws, by suggesting that they may simply find another way to terminate the same people.  For example, Trevor Norris, from the Department of Treasury threatens:

> And even if the employees are reinstated prior to any reversal of the district court's order, the reinstated employees will remain on probation and *could again be terminated*.

Dkt. 127-4 ¶6.

All of the factors and legal arguments raised by Defendants in this Ex Parte Motion have already been resoundingly rejected by this Court.  For all the reasons previously briefed, and stated by this Court in its February 27, 2025 oral TRO order, written February 28, 2025 TRO order, and March 13, 2025 oral preliminary injunction order, this stay should be denied.

### 2.    The Court Should Reject Defendants' Improper Retroactive Attempt to Augment the Preliminary Injunction Record and Strike these New Declarations.

In the guise of supporting their stay application, and in support of their announcement that they are not complying with this Court's order and request that this Court relieve them of their obligation to do so, Defendants now submit to this Court brand-new evidence of two kinds.  First, they submit declarations purporting to explain the alleged administrative logistics for putting

1    employees back to work, to justify why the preliminary injunction should not have been issued—

2    all of which should have been presented earlier, and some of which is not even offered from

3    personal knowledge, *see* Dkt. 127-2 ("Acting" Chief Human Capital Officer Trznadel, who admits

4    she was not "serving in this position" at the time of the January 20 OPM memo, and is relying on

5    her "understanding from managers").  Second, Defendants submit some declarations from agency

6    officials that, incredibly, *now* claim that the terminations were conducted for performance reasons

7    (with no supporting information or foundation whatsoever).  *See* 127-1 ¶7 (Dill: Department of

8    Defense, claiming without foundation performance reviews were conducted); 127-3 ¶7 (Green:

9    Department of Interior, claiming without foundation performance reviews were conducted);[1]

10   *compare with* 127-2 (Trznadel, Department of Energy) (*not* making this claim for the 555

11   employees terminated); 127-4 (Norris, Department of the Treasury: *not* making this claim for the

12   7,605 probationary employees terminated); 127-5 (Englebaum, Veterans Administration, *not*

13   making this claim for 500 terminated employees); 127-6 (Pletcher, USDA, *not* making this claim

14   for 5,714 terminated employees).  Both of these categories of information are simply hindsight

15   attacks on the preliminary injunction; and the latter is not even conceivably relevant to the stay

16   request.  This Court should not permit Defendants to augment the record in this impermissible and

17   highly prejudicial manner.

18        Remarkably, after this Court's repeated instructions that it is not appropriate for Defendants

19   to submit declaratory testimony from witnesses they have refused to make available for cross-

20   examination, Defendants are doing exactly that, again.  Dkt. 120 at 15: 22-24 ("You will not bring

21   the people in here to be cross-examined. You're afraid to do so because you know cross-

22   examination would reveal the truth."); *id*. at 16:1-3 ("This is the U.S. District Court. Whenever you

23   submit declarations, those people should be submitted to cross-examination."); *id*. at 56:12-19

24   ("I'm tired of seeing you stonewall on trying to get at the truth. Instead of giving me snippets, I

25

26   _____

27   [1] In particular, one declarant (who Plaintiffs subpoenaed and Defendants refused to produce at the March 13, 2025 hearing) now asserts that the Department of the Interior reviewed the performance of over 1500 individuals without explaining how such review consistent with the law could have

28   possibly have taken place.  Dkt. 127-3.

want somebody to go under oath and tell us what happened"); *see also* Dkt. 44 at 69 (Feb. 27, 2025 TRO Hearing Transcript); Dkt. 65 at 6 (March 6, 2025 Status Conference Transcript: "It is highly unusual for any party in litigation to try to…get their say [without] cross-examination. One possibility would be that…his declaration would be struck if he refuses to be examined under oath by the other side"); Dkt. 89 at 1-2 (March 10, 2025 Order); *see also* Dkt. 89 at 2 ("The problem here is that Acting Director Ezell submitted a sworn declaration in support of defendants' position, but now refuses to appear to be cross examined, or to be deposed (despite, it should be added, government counsel's embrace of that very idea during the TRO hearing).").

The Court should strike these new declarations as a retroactive attempt to submit untested declaration testimony after having refused to make any government witnesses available for cross-examination with respect to the preliminary injunction. *In re Cheney*, 544 F.3d 311, 314 (D.C. Cir. 2008)). Defendants, who have moved for an administrative stay and stay pending appeal in the Ninth Circuit today, after this Court set a briefing schedule on the stay request to this Court and therefore before this Court had the opportunity to rule, are transparently attempting retroactively to bolster their lack of evidence on the relevant facts with witnesses not subject to the court's cross-examination requirement, on which they now rely before the Ninth Circuit. They cannot submit evidence relevant to the preliminary injunction, after the fact, in this manner.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request this Court deny the stay and strike all of these new declarations from the record.

Respectfully submitted,

DATED: March 14, 2025

Scott A. Kronland
Stacey M. Leyton
Eileen B. Goldsmith
Danielle E. Leonard
Robin S. Tholin
James Baltzer
ALTSHULER BERZON LLP

177 Post St., Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151

By: */s/ Danielle Leonard*

*Attorneys for Plaintiff Organizations*

Norman L. Eisen (*pro hac vice*)
Pooja Chadhuri (SBN 314847)
STATE DEMOCRACY DEFENDERS
FUND
600 Pennsylvania Avenue SE #15180
Washington, DC 20003
Tel: (202) 594-9958
Norman@statedemocracydefenders.org
Pooja@statedemocracydefenders.org

By: */s/ Norman L. Eisen*

*Attorneys for Plaintiff Organizations*

Rushab Sanghvi (SBN 302809)
AMERICAN FEDERATION OF GOVERNMENT
EMPLOYEES
80 F Street, NW
Washington, DC 20001
Tel: (202) 639-6426
Sanghr@afge.org

By: */s/ Rushab Sanghvi*

*Attorneys for Plaintiff American Federation of
Government Employees (AFGE)*

Teague Paterson (SBN 226659)
Matthew Blumin  (*pro hac vice*)
AMERICAN FEDERATION OF STATE, COUNTY,
AND MUNICIPAL EMPLOYEES
1625 L Street, N.W.
Washington, D.C.  20036
Tel: (202) 775-5900
TPaterson@afscme.org
MBlumin@afscme.org

1

2                                          By: */s/Teague Paterson*

3                                          *Attorneys for Plaintiff American Federation of State*
                                           *County and Municipal Employees (AFSCME)*
4

5
                                           Tera M. Heintz (SBN 241414)
6                                          Cristina Sepe (SBN 308023)
                                           Cynthia Alexander, WA Bar No. 46019 (pro hac vice
7                                          pending)
                                           Deputy Solicitors General
8                                          OFFICE OF THE WASHINGTON STATE
                                           ATTORNEY GENERAL
9                                          800 Fifth Avenue, Suite 2000
                                           Seattle, WA 98104
10                                         (206) 464-7744
                                           tera.heintz@atg.wa.gov
11                                         cristina.sepe@atg.wa.gov
                                           cynthia.alexander@atg.wa.gov
12

13                                         By: */s/ Tera M. Heintz*

14
                                           *Attorneys for Plaintiff State of Washington*
15

16

17

18

19

20

21

22

23

24

25

26

27

28