PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
KELSEY J. HELLAND (CABN 298888)
Assistant United States Attorney
U.S. ATTORNEY'S OFFICE
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495

ERIC HAMILTON
Deputy Assistant Attorney General
DIANE KELLEHER
Branch Director
CHRISTOPHER HALL
Assistant Branch Director
JAMES D. TODD, JR.
Senior Trial Counsel
YURI S. FUCHS
Trial Attorney
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, *et al*.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OFFICE OF PERSONEL MANAGEMENT, *et al*.,<br><br>Defendants. | Case No. 3:25-cv-1780-WHA<br><br>**NOTICE IN RESPONSE TO THE COURT'S THIRD REQUEST FOR INFORMATION**<br><br>The Hon. William H. Alsup |

1  Defendants respond to this Court's March 17, 2025, Third Request for Information
2  ("Request"), ECF No. 138. In that Request, the Court referenced "news reports that, in at least
3  one agency, probationary employees are being rehired but then placed on administrative leave *en*
4  *masse*" and stated that "[t]his is not allowed by the preliminary injunction, for it would not
5  restore the services the preliminary injunction intends to restore." Request. The Court ordered
6  Defendants to "state the extent to which any rehired probationary employees are being placed on
7  administrative leave." *Id.*

8  Defendants note that in a separate proceeding the government filed a status report on
9  March 17, 2025, explaining the actions taken by 21 Executive Branch agencies to comply with a
10  temporary restraining order ("TRO") requiring the reinstatement of terminated probationary
11  employees. *See* Status Rep., *State of Maryland, et al. v. U. S. Dep't of Agric., et al.*, No. 1:25-cv-
12  748 (D. Md. Mar. 17, 2025), ECF No. 52, ("*State of Maryland*"), attached as Ex. 1; TRO, *State*
13  *of Maryland*, *supra*, ECF No. 44 (requiring reinstatement of probationary employees terminated
14  on or after January 20, 2025), attached as Ex. 2.

15  As highlighted in agency declarations attached to that status report, administrative leave
16  is not being used to skirt the requirement of reinstatement but is merely a first part of a series of
17  steps to reinstate probationary employees. For example, a declaration submitted by an official
18  from the U.S. Department of Energy ("DOE"), which is a named defendant in both *State of*
19  *Maryland* and in this case, is illustrative. *See* Decl. of Reesha Trznadel, *State of Maryland*,
20  *supra*, ECF No. 52-1 at 5-8, attached as Ex. 3. As Ms. Trznadel explains, "Affected Probationary
21  Employees have been placed in a retroactive Administrative Leave status that will continue until
22  their badging and IT access are restored, at which time they will be converted to an Active Duty
23  status" and "DOE continues working to reinstate employees by working with Agency leadership
24  to arrange for an orderly return to the office (onboarding) while the employees are in an
25  administrative leave status." Trznadel Decl. ¶ 12, at 7.

26  The declaration of an official with the U.S. Department of Agriculture ("USDA"), which
27  is also a defendant in both *State of Maryland* and in this case, further confirms this. *See* Decl. of
28  Mary Pletcher Rice, ECF No. 52-1 at 55–58. Ms. Pletcher Rice's declaration explains that "[a]s

part of a phased plan for return-to-duty, upon returning to pay status, the Affected Probationary Employee will initially be placed on paid administrative leave" and that in the meantime "USDA is acting diligently to complete the administrative steps related to notifying the Affected Probationary Employees of their reinstatement, processing the reinstatements for purposes of all relevant USDA record systems, and returning the reinstated employees to duty status." Pletcher Rice Decl. ¶ 5, at 57. Likewise, the declaration of an agency official with the Department of Veterans Affairs ("VA") explains that the agency "for all intents and purposes, reinstated all Affected Probationary Employees, placing them in an initial administrative leave status with full pay and benefits, effective March 17, 2025," and was "acting diligently to complete additional administrative processes related to the reinstatement of these employees." Decl. of Mark Engelbaum ¶ 10, ECF No. 52-1 at 61–62. Additionally, the VA official stated that "Affected Probationary Employees will also receive back pay from the date of termination to the date of reinstatement." *Id*.

      Defendants understand that, without this context, the Court may have had questions about whether the placement of employees on administrative leave was an effort to avoid the injunction but hope this clarification explains that this placement is an administrative, intermediate measure taken by a number of the agencies in order to return probationary employees to full duty status. Defendants propose to file a report with the Court on March 28, 2025, with any further updates about the return of probationary employees to full duty status.

| | |
|---|---|
| Dated: March 18, 2025 | Respectfully submitted,<br><br>PATRICK D. ROBBINS (CABN 152288)<br>Acting United States Attorney<br>PAMELA T. JOHANN (CABN 145558)<br>Chief, Civil Division<br>KELSEY J. HELLAND (CABN 298888)<br>Assistant United States Attorney<br>U.S. ATTORNEY'S OFFICE<br>450 Golden Gate Avenue, Box 36055<br>San Francisco, California 94102-3495<br><br>ERIC HAMILTON<br>Deputy Assistant Attorney General<br><br>DIANE KELLEHER<br>Branch Director<br><br>CHRISTOPHER HALL<br>Assistant Branch Director<br><br>JAMES D. TODD, JR.<br>Senior Trial Counsel<br><br><u>s/ Yuri S. Fuchs</u><br>YURI S. FUCHS<br>Trial Attorney<br>U.S. DEPARTMENT OF JUSTICE<br>Civil Division, Federal Programs Branch<br>P.O. Box 883<br>Washington, DC 20044<br><br>*Counsel for Defendants* |

Notice in Response to the Court's Third Request for Information
3:25-cv-1780-WHA

3