Scott A. Kronland (SBN 171693)
Stacey M. Leyton (SBN 203827)
Eileen B. Goldsmith (SBN 218029)
Danielle E. Leonard (SBN 218201)
Robin S. Tholin (SBN 344845)
James Baltzer  (SBN 332232)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel. (415) 421-7151
Fax (415) 362-8064
skronland@altber.com
sleyton@altber.com
egoldsmith@altber.com
dleonard@altber.com
rtholin@altber.com
jbaltzer@altber.com

*Attorneys for Plaintiff Organizations*

[Additional Counsel not listed]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO; AMERICAN FEDERATION OF STATE COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, et al.,<br><br>            Plaintiffs,<br><br>    v.<br><br>UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, et al.,<br><br>            Defendants. | Case No. 3:25-cv-01780-WHA<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' RESPONSE TO THE COURT'S THIRD REQUEST FOR INFORMATION** |

Plfs' Response Re: Defs' Response to the Court's Third Request for Information, No. 3:25-cv-01780-WHA

Defendants are not complying with this Court's preliminary injunction: by failing to communicate the information ordered by the Court; and by placing previously-terminated employees back only on "administrative leave" rather than returning to service.

On March 17, 2025, this Court asked Defendants to "state the extent to which any rehired probationary employees are being placed on administrative leave," since doing so "is not allowed by the preliminary injunction." ECF 138. In response, Defendants now concede that placing unlawfully terminated probationary employees into administrative leave status does not comply with this Court's preliminary injunction. ECF 139. However, as detailed below, Defendants' own declarations, as well as information gathered by Plaintiffs, confirm that Defendants have chosen not to comply with this Court's orders.

Since the entry of the preliminary injunction order on March 13, 2025, Defendants have provided this Court with several sets of declarations from agency officials. First, on Friday, March 14, rather than explaining to the Court how each agency has complied with this Court's order, Defendants collected and submitted six declarations from agency officials stating why it would be difficult, in their view, to comply (ECF 127-1-6). Then, in response to this Court's information request regarding administrative leave, on Tuesday, March 18, Defendants provided this Court with copies of declarations submitted in a separate action, *State of Maryland v. United States Department of Agriculture*, D. Maryland Case No. 1:25-cv-00748-JKB (*see* ECF 139, 139-3), which included declarations from five of the six departments subject to this Court's injunction (Energy, Interior, Treasury, USDA, and the VA). Then, in response to the Court's request for information on the Department of Defense (ECF 138), Defendants submitted an additional declaration regarding that department (ECF 139).

Defendants appear not to be complying with this Court's preliminary injunction in at least two principal ways: not complying with this Court's specific directives to offer reinstatement and tell terminated probationary employees that their terminations were unlawful, and reinstating terminated probationary employees only to administrative leave and not to active service.

1. None of Defendants' declarations demonstrate compliance with the preliminary injunction order of this Court that required the six relief defendant agencies to:

(1) "*immediately offer* reinstatement to any and all probationary employees terminated on or about February 13th and 14th, 2025," (ECF 120 at 52:7-10, 53:17-25); and

(2) "*immediately advise* all probationary employees terminated on or about February 13 and 14 that the notice and termination have been found to be unlawful by the United States District Court for the Northern District of California." (*id*. at 52:14-21, 53:17-25).

Defendants chose, instead of complying with these orders, to seek an administrative stay and stay pending appeal from this Court and from the Ninth Circuit, which has denied the administrative stay (Ninth Circuit Order of March 17, 2025). The declarations filed in the Maryland case do not state or explain that these agencies complied with these orders of *this* Court, and do not state, in particular, that Defendants have communicated the information required by this Court.

2. Defendants' declarations and other available evidence gathered by Plaintiffs now show the widespread use of administrative leave status to sideline thousands of probationary employees rather than returning them to service:

- Department of Veterans Affairs ("VA") placed 1,683 previously terminated probationary employees on administrative leave (Engelbaum Decl. ¶¶6, 10 (ECF 139-3 at p.60-61 of 67));

- Department of Agriculture ("USDA") placed 5,714 previously terminated probationary employees on administrative leave (Pletcher Rice Decl. ¶5 (ECF 139-3 at p.57 of 67));

- Department of Energy ("DOE") placed 555 previously terminated probationary employees on administrative leave (Trznadel Decl. ¶¶10-11 (ECF 139-3 at p.7 of 67));

- Treasury Department plans to place approximately 7,600 previously terminated probationary employees on administrative leave (Norris Decl. ¶¶10-11 (ECF 139-3 at p.55 of 67));

- Department of Defense will place the 364 previously terminated (or "separated" pending termination) employees on administrative leave, the vast majority of whom have not apparently been contacted (and are described as "pending notification"). (Dill Decl. ¶¶5-6 (ECF 141-1 at p.2 of 3)).[1]

Significantly, while counsel now represents to this Court that administrative leave "is merely a first part of a series of steps to reinstate probationary employees," (ECF 139 at 1), the declarations

---

[1] Plaintiffs address the Department of the Interior ("DOI") *infra* at 4-5.

Plaintiffs' Notice in Response to the Court's Third Request for Information, No. 3:25-cv-01780-WHA   2

1   do not all say that.

2   Treasury and the VA simply state that employees are being returned to administrative leave

3   and make no further representations:

4   Treasury: "Upon reinstatement, Treasury will place each affected employee in

5   Administrative Leave status." Norris Decl. ¶10 (ECF 139-3 at p.55 of 67).

6   VA: "[H]as for all intents and purposes, reinstated all Affected Probationary Employees,

7   placing them in an initial administrative leave status with full pay and benefits." Engelbaum Decl.

8   ¶10 (ECF 139-3 at p.61 of 67).

9   The Department of the Interior provides no information at all regarding how or in what

10   capacity employees are being reinstated beyond "cancelling terminations." Green Decl. ¶¶12-13

11   (ECF 139-3 at p.31 of 67).

12   Even the three agencies that do refer to steps toward reinstatement to service have not

13   provided any date by which a return to service will occur:

14   Energy: "All Affected Probationary Employees have been placed in a retroactive

15   Administrative Leave status that will continue until their badging and IT access are restored, at

16   which time they will be converted to an Active Duty status." Trznadel Decl. ¶11 (ECF 139-3 at p.7

17   of 67).

18   USDA: "As part of a phased plan for return-to-duty, upon returning to pay status, the

19   Affected Probationary Employee will initially be placed on paid administrative leave. … USDA is

20   acting diligently to complete the administrative steps related to notifying the Affected Probationary

21   Employees of their reinstatement, processing the reinstatements for purposes of all relevant USDA

22   record systems, and returning the reinstated employees to duty status." Pletcher Rice Decl. ¶7 (ECF

23   139-3 at p.57 of 67).

24   DoD: Indicates that at least some "employees with pending termination notices" or

25   "previously terminated employees who have been reinstated" will be on administrative leave until

26   "the completion of their onboarding procedures." Dill Decl. ¶6 (ECF 141-1).

27   None of this yet complies with this Court's order. Counsel's representation that

28   "administrative leave is not being used to skirt the requirement of reinstatement" is not supported by

Plaintiffs' Notice in Response to the Court's Third Request for Information, No. 3:25-cv-01780-WHA    3

these declarations.² ECF 139 at 1.³

3. The Interior Department is a special case. DOI's declarant (Green) does not explain what the Department is doing to return the approximately 1700 previously terminated probationary employees to service or comply with this Court's orders. DOI states only that it has "reinstated, by cancelling termination actions" and has "has notified or attempted to notify" the employees, without further explanation. Unlike the other agencies, DOI does not say that employees have been returned to administrative leave. Green Decl. ¶¶12-13 (ECF 139-3 at p.31 of 67). However, it has become apparent that DOI is primarily returning previously terminated probationary employees to administrative leave, not to active service.

On Monday, March 17, the AFGE local union president at the Gettysburg National Military Park was told by the Park Superintendent only that "she had received no guidance, plans, or authority from her supervisors to reinstate terminated probationary employees as required by the District Court's decision." Cochran Decl. ¶10; *see also id.* ¶8 (terminated probationary employees at Gettysburg National Military Park and the Eisenhower National Historic Site have not received any communications regarding reinstatement). The Superintendent subsequently informed him that there are two lists of previously terminated probationary employees at the Park Service: a "mission-critical" list who will be restored to active service, and a list who will only be restored to administrative leave. *Id.* ¶11.

Moreover, the law firms of undersigned counsel have received numerous e-mails and telephone calls from probationary employees terminated from the Interior Department who say they

---

² Of the relief Defendants named in this case that are represented in the *State of Maryland* declarations (ECF 139-3), all except the Department of Transportation overwhelmingly have placed affected probationary employees on administrative leave without identifying a return-to-service date. *Id.* (Environmental Protection Agency, Department of Commerce, Department of Homeland Security, Department of Education, Department of Housing and Urban Development, Small Business Administration, General Services Administration, Department of Health and Human Services).

³ At least some of Defendants' declarants also indicate that they believe administrative leave satisfies this Court's requirement of "reinstatement." *See* Norris Decl. ¶8 (ECF 139-3 at p.53 of 67) ("an appellate ruling could reverse the district court's order shortly after terminated employees have been reinstated (via administrative leave or otherwise) or have returned to full duty status."); Green Decl. ¶9 (ECF 139-3 at p.30 of 67) ("an appellate ruling could reverse the district court's order shortly after terminated individuals have been reinstated through extended grants of administrative leave, complete restoration to full-duty status, or otherwise").

Plaintiffs' Notice in Response to the Court's Third Request for Information, No. 3:25-cv-01780-WHA    4

have not been reinstated or even contacted.  For example, one terminated probationary employee was first contacted by her supervisor about reinstatement on March 19, and informed that "I was being placed on indefinite administrative leave. Finally, my supervisor told me that I had the option to remain on administrative leave or to voluntarily resign."  Hoover Decl. ¶7.  Another, who had worked as a coastal geologist at the Assateague Island National Seashore, received an email from her supervisor on March 19 stating:

> You may hear that other terminated probationary employees have been asked to return to the workplace. Only those employees that have been classified by NPS as "key to public safety, national security, and critical park operations" are being asked to return at this time. Unfortunately, your position was not included in this designated group.

Coffey Decl. ¶7 & Exh. B.

Plaintiffs await further instruction from the Court regarding how it wishes to proceed with respect to compliance and enforcement of the preliminary injunction.

DATED:  March 20, 2025

Scott A. Kronland
Stacey M. Leyton
Eileen B. Goldsmith
Danielle E. Leonard
Robin S. Tholin
James Baltzer
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151

By: */s/ Danielle Leonard*

*Attorneys for Plaintiff Organizations*

Norman L. Eisen (*pro hac vice*)
Pooja Chadhuri (SBN 314847)
STATE DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, DC 20003
Tel: (202) 594-9958
Norman@statedemocracydefenders.org
Pooja@statedemocracydefenders.org

By: */s/ Norman L. Eisen*

*Attorneys for Plaintiff Organizations*

Rushab Sanghvi (SBN 302809)
AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES
80 F Street, NW
Washington, DC 20001
Tel: (202) 639-6426
Sanghr@afge.org

By: */s/ Rushab Sanghvi*

*Attorneys for Plaintiff American Federation of Government Employees (AFGE)*

Teague Paterson (SBN 226659)
Matthew Blumin (*pro hac vice*)
AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES
1625 L Street, N.W.
Washington, D.C. 20036
Tel: (202) 775-5900
TPaterson@afscme.org
MBlumin@afscme.org

By: */s/Teague Paterson*

*Attorneys for Plaintiff American Federation of State County and Municipal Employees (AFSCME)*

Tera M. Heintz (SBN 241414)
Cristina Sepe (SBN 308023)
Cynthia Alexander, WA Bar No. 46019 (pro hac vice)
Deputy Solicitors General
OFFICE OF THE WASHINGTON STATE ATTORNEY GENERAL
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
tera.heintz@atg.wa.gov
cristina.sepe@atg.wa.gov
cynthia.alexander@atg.wa.gov

By: */s/ Tera M. Heintz*

*Attorneys for Plaintiff State of Washington*