Scott A. Kronland (SBN 171693)
Stacey M. Leyton (SBN 203827)
Eileen B. Goldsmith (SBN 218029)
Danielle E. Leonard (SBN 218201)
Robin S. Tholin (SBN 344845)
James Baltzer  (SBN 332232)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel. (415) 421-7151
Fax (415) 362-8064
skronland@altber.com
sleyton@altber.com
egoldsmith@altber.com
dleonard@altber.com
rtholin@altber.com
jbaltzer@altber.com

*Attorneys for Plaintiffs*

[Additional Counsel not listed]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO; AMERICAN FEDERATION OF STATE COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, et al., <br><br> Defendants. | Case No. 3:25-cv-01780-WHA <br><br> **DECLARATION OF MARK DIETRICH COCHRAN** |

Declaration of Mark Dietrich Cochran, No. 3:25-cv-01780-WHA

# DECLARATION OF MARK DIETRICH COCHRAN

I, Mark Dietrich Cochran, declare as follows:

1. I am the President of Local 3145 of the American Federation of Government Employees, AFL-CIO ("AFGE"), which represents employees of the U.S. National Park Service ("NPS") at the Gettysburg National Military Park and the Eisenhower National Historic Site. Additionally, I am the President of Council 270 of AFGE, which coordinates the activities of all AFGE Locals that represent NPS employees in the Northeast Region.

2. In my roles as President of AFGE Local 3145 and President of AFGE Council 270, I am responsible for sharing information between AFGE, its members, and the elected leadership of other AFGE Locals.

3. I am aware of more than 30 probationary employees in the National Parks covered by AFGE Council 270 who were terminated in mid-February 2025.

4. I am aware that some probationary NPS employees who were terminated, and are veterans, were previously reinstated. On February 13, 2025, five members of Local 3145—all of whom were probationary employees—received letters from NPS stating that they had been terminated during their probationary period. Each termination letter claimed, using identical language, that the probationary employees had been terminated due to performance, which contradicted the positive performance reviews reported in each employees' most recent evaluations.

5. The following week, on or around February 20, 2025, one of these probationary employees, who is a U.S military veteran, received a communication from their supervisor stating that the termination letter was distributed incorrectly and did not apply to probationary employees with veteran status. This employee returned to work that week and is still performing their assigned duties as of March 19, 2025.

6. I observed similar events in the other Locals of AFGE Council 270. All of these Locals' members who were probationary employees, regardless of veteran status, received template termination letters on or around February 13, 2025. The following week, the probationary employees with veteran status received additional communication from their supervisors and were promptly reinstated.

Declaration of Mark Dietrich Cochran, No. 3:25-cv-01780-WHA                                                      1

7. I am aware that on March 13, 2025, the District Court of the Northern District of California, San Francisco ("District Court") issued an order that required fired probationary employees from certain departments to be reinstated. It is my understanding that the District Court's order requires reinstatement of fired probationary employees from the Department of the Interior, of which the NPS is a part.

8. As of March 14, 2025, I had not received any communications from NPS about reinstating probationary employees who were terminated. I am also aware that none of the probationary members of Local 1345 who were terminated have received any communications from NPS regarding reinstatement as of the date of this declaration (except for the member who is a veteran mentioned above, who was previously reinstated).

9. On March 14, 2025, I spoke on the phone with a Labor Relations officer for the NPS Northeast Region about the District Court's decision. The Labor Relations officer informed me that while they were personally aware of the District Court's decision, the NPS Northeast Region had no guidance or plans to reinstate non-veteran probationary employees.

10. On March 17, 2025, I spoke with Kristina Heister, the Superintendent of Gettysburg National Military Park. Ms. Heister similarly stated that she had received no guidance, plans, or authority from her supervisors to reinstate terminated probationary employees as required by the District Court's decision.

11. In a subsequent call on March 19, Ms. Heister told me that the Department has divided terminated probationary employees into two lists, one of employees deemed "mission-critical," who will be reinstated, and the other of employees who will be reinstated only to administrative leave.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed March 20, 2025 in Gettysburg, PA.

_____
Mark Dietrich Cochran