

**U.S. OFFICE OF SPECIAL COUNSEL**
1730 M Street, N.W., Suite 201
Washington, D.C. 20036-4505
(202) 804-7000

**REQUEST FOR INFORMATION AND DOCUMENTS**

March 18, 2025

Julie L. Ferguson Queen
Associate General Counsel
Merit Systems and Accountability
1900 E Street, N.W.
Washington, D.C. 20415

**VIA ELECTRONIC MAIL**: Julie.FergusonQueen@opm.gov

RE:   OSC file no. MA-25-001448

Dear Ms. Ferguson Queen:

The U.S. Office of Special Counsel (OSC) is conducting an official civil law enforcement investigation into allegations that the Office of Personnel Management (the Agency) engaged in one or more prohibited personnel practices. Pursuant to the authority contained in 5 U.S.C. §§ 552a(b)(7), 1212, 1214, 1216, and 1303 and 5 C.F.R § 5.4, OSC requests that you provide information and documents regarding this investigation. These provisions are set forth later in this letter.

OSC requires information and access to, and copies of, certain records that we believe to be within the custody or control of the Agency. In accordance with 5 U.S.C. § 1212(b)(5)(A), the Agency must provide OSC with timely access to all records, data, reports, audits, reviews, documents, papers, recommendations, information, or other material that relate to OSC's investigation. Additionally, the Agency cannot use a claim of common law privilege, such as attorney-client privilege, to withhold information from OSC. *See* 5 U.S.C. § 1212(b)(5)(C)(i). By providing the information to OSC, the Agency will not be deemed to have waived the common law privilege against a non-Federal entity or against an individual in any other proceeding. *See* 5 U.S.C. § 1212(b)(5)(C)(ii). To the extent that some of these records may be protected by the Privacy Act of 1974, 5 U.S.C. § 552a, they may be disclosed outside of the Agency as authorized by subsection (b)(7) of the Privacy Act.

Because this request concerns a time-sensitive matter, OSC requests that you respond to the request for information and documents as soon as possible, but not later than **March 21, 2025**. If you have already provided OSC with a copy of a document that is responsive to this

request, you do not need to provide an additional copy of that particular document(s). However, the individual who previously provided the responsive document will still need to fill out the certification described below.

Definitions and Instructions

1.  The term "document" as used in this request includes, but is not limited to, all written, typed, printed or electronically recorded material, including, but not limited to, e-mails, reports, notes, interview notes, faxes, inter- and intra-office memoranda (handwritten or otherwise, official or unofficial), letters, minutes of meetings, contracts, computer disks, forms, calendars and notes therein, voicemails, notes or records from phone calls or voicemails, routing slips, working papers, audio or video recordings, transcriptions of recordings, and public records, however produced or reproduced, in the actual or constructive possession, custody, care, or control of the Agency.  The term "document" also includes, without limitation, all final versions, drafts, and non-identical copies of any responsive materials, whether used or not.

2.  The term "investigation" or "inquiry" includes formal or informal inquiries into a complaint, allegation, incident, or situation, and includes, but is not limited to the following:  administrative investigations or inquiries, supervisory inquiries, Human Resources inquiries or investigations, Official Investigation Reports, Official Inquiries, or any other investigations or inquiries conducted by the Agency or its officials.  A copy of any such investigations or inquiries should include a copy of all complaints, reports, exhibits, findings/recommendations, attachments, and related correspondence.  This request also encompasses any investigations or inquiries conducted by any supervisors and related correspondence.

3.  Searches for documents in electronic form should include searches of all relevant mobile devices, hard drives, network drives, offline electronic folders, thumb drives, removable drives, documents stored in the cloud, and archive files, including, but not limited to, backup tapes.  Do not time stamp or modify the content, the create date, or the last date modified of any document and do not scrub any metadata.  Electronic documents should be produced in native format.  For e-mails, please place responses in one .pst file per employee.  For .pdf files, please provide searchable file format and not image file format. All voicemails should be converted to .mp3 format.

4.  All email searches should be conducted by the Agency Information Technology Department, or its equivalent, and not by the individuals whose mailboxes are being searched.  Please provide the name and contact information of the individual(s) who conducted the search, as well as an explanation of how the search was conducted.

5.  To the extent practicable, please produce all documents in a searchable electronic format and not hardcopies.  Should you have any questions about the method or format of

2

production please contact the undersigned to coordinate.

6. A complete original or copy of each document or thing must be produced, even though only a portion of such document or thing is responsive to one of the numbered requests contained herein.  Documents shall not be edited, cut, redacted, or expunged and shall include all attachments, appendices, tables and exhibits and all covering memoranda, letters, or documents.  Things (e.g., computer data tapes) shall not be altered or modified, unless otherwise directed.

7. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

8. The use of the singular form of any word includes the plural and vice versa.

9. Any documents that are stored or maintained in files in the normal course of business shall be produced in such files or in a manner so as to preserve and identify the file from which the documents were taken.

10. If a response is incomplete or qualified in any particular manner, you should answer to the extent possible, and specify the reasons for your inability to answer the remainder as well as the details of any qualification to the response.

11. If any document that refers or relates to this request is lost, missing, destroyed, or otherwise not available, you shall set forth the content of said document, identify the last custodian of the document, the date it was lost, missing, or destroyed, the name of the person who ordered or authorized destruction, and state the reason for the destruction.

<u>Document and File Preservation Request</u>

OSC requests that all records and information relevant to this request be preserved pending OSC's investigation into this matter.  For purposes of this request, "preserve" means taking reasonable steps to prevent the destruction, alteration, deletion, relocation, theft, or mutation of hard copy or electronic records, including emails, data files, calendars, telephone logs, computer logs, personal digital assistants or organizers, or smartphones, as well as the negligent or intentional handling that would foreseeably make such records incomplete or inaccessible.  Please take the following actions to ensure compliance with this request:

1) Exercise reasonable efforts to notify the following current and former employees who may have access to relevant records that they must be preserved:
   a) n/a

2) Exercise reasonable efforts to identify, recover, and preserve any records that have been deleted or marked for deletion but are still recoverable; and

3) If it is the routine practice of any employees to destroy or otherwise alter such records, either halt this practice or arrange for the preservation of complete and accurate copies of such records, suitable for production, if requested.

Ongoing Requirement to Supplement and Clarify

OSC requires that you promptly supplement or correct information provided to OSC if you or the Agency (1) learn that the information already disclosed to OSC, pursuant to this or previous requests for information and documents, is incomplete or incorrect; or (2) acquire new information concerning the matters covered under this or previous requests for information and documents.

Identification and Signature Requirement

OSC requires that each person who provided information or assembled documents in response to this request must complete the certification that is attached to this request. Please state: (1) the full name, position, title, grade, Agency division, duty hours, and work telephone number of each person who provided information or assembled documents in response to this request; and (2) for each such person, identify the questions and requests for documents for which he or she provided information or assembled documents.

Requested Information and Documents

1. Please provide a list of all probationary employees OPM has terminated since February 12, 2025.
2. Please provide copies of all lists of terminated probationary employees that OPM has received from any agency since February 12, 2025, e.g. the lists that agencies sent to tracking@opm.gov.
3. Provide copies of all guidance that OPM has communicated to agencies using the tracking@opm.gov email address about probationary terminations or reductions in force (RIFs) since February 5, 2025, including but not limited to the email that was sent to agency chiefs of staff and others at approximately 8:13pm on February 12, 2025 with the subject line "[Action Due 2/13] Probationary Employee Actions."
4. For each email or other document provided in response to Requests 1-3, please identify all email addresses to/from which OPM sent/received the email and/or document. If the document itself indicates all recipients (e.g. an email listing everyone it was sent to, including bcc'd recipients), then the document alone will be sufficient.

5. Identify all OPM employees who participated in CHCO Council conference calls held between February 10-18, 2025. For each employee identified, state which calls the employee participated in.

Please provide the foregoing on a rolling basis as documents become available. We anticipate that these documents should be readily available. Please provide responsive emails in native format, in one .pst file per email address.

Erik Snyder is assigned to this matter under my supervision and will be responsible for follow-up on this and future requests for information related to this case. If you have any questions, please contact Mr. Snyder at (202) 804-7052 or esnyder2@osc.gov.

    Requested by:

    Erik Snyder for

    *Erik Snyder*
    _____
    Rachel Venier
    Chief, Investigation and Prosecution Division

**<u>Certification</u>**

I, _____, affirm that, to the best of my knowledge and belief, the information provided to the U.S. Office of Special Counsel in response to its March 18, 2025, Request for Information and Documents to Julie L. Ferguson Queen, is true, accurate, and complete.

_____        _____
Signature                                                                Date

Position:

Grade:

Agency Division:

Duty Hours:

Work Telephone Number:

Information Provided and/or Documents Assembled:

6

## OSC'S INVESTIGATION AUTHORITIES

**5 U.S.C. § 1212(b)(1):**  The Special Counsel and any employee of the Office of Special Counsel designated by the Special Counsel may administer oaths, examine witnesses, take depositions, and receive evidence.

**5 U.S.C. § 1212(b)(5)(A):**  Except as provided in subparagraph (B), the Special Counsel, in carrying out this subchapter is authorized to:
   (i) have timely access to all records, data, reports, audits, reviews, documents, papers, recommendations, or other material available to the applicable agency that relate to an investigation, review, or inquiry conducted under (I) section 1213, 1214, 1215, or 1216 of this title; or (II) section 4324(a) of title 38;
   (ii) request from any agency the information or assistance that may be necessary for the Special Counsel to carry out the duties and responsibilities of the Special Counsel under this subchapter; and
   (iii) require, during an investigation, review, or inquiry of an agency, the agency to provide to the Special Counsel any record or other information that relates to an investigation, review, or inquiry conducted under (I) section 1213, 1214, 1215, or 1216 of this title; or (II) section 4324(a) of title 38.

**5 U.S.C. § 1212(b)(5)(C)(i):**  A claim of common law privilege by an agency, or an officer or employee of an agency, shall not prevent the Special Counsel from obtaining any material described in subparagraph (A)(i) with respect to the agency.

**5 U.S.C. § 1212(b)(5)(C)(ii):**  The submission of material described in subparagraph (A)(i) by an agency to the Special Counsel may not be deemed to waive any assertion of privilege by the agency against a non-Federal entity or against an individual in any other proceeding.

**5 U.S.C. § 1212(b)(6):**  The Special Counsel shall submit to the Committee on Homeland Security and Governmental Affairs of the Senate, the Committee on Oversight and Government Reform of the House of Representatives, and each committee of Congress with jurisdiction over the applicable agency a report regarding any case of contumacy or failure to comply with a request submitted by the Special Counsel under paragraph (5)(A).

**5 U.S.C. § 1214(a)(1)(A):**  The Special Counsel shall receive any allegation of a prohibited personnel practice and shall investigate the allegation to the extent necessary to determine whether there are reasonable grounds to believe that a prohibited personnel practice has occurred, exists, or is to be taken.

**5 U.S.C. § 1214(a)(5):**  In addition to any authority granted under paragraph (1) of this subsection, the Special Counsel may, in the absence of an allegation, conduct an investigation for the purpose of determining whether there are reasonable grounds to believe that a

prohibited personnel practice (or a pattern of prohibited personnel practices) has occurred, exists, or is to be taken.

**5 U.S.C. § 1216(a):** This subsection provides further that the Special Counsel shall investigate any allegation of certain prohibited political activities (Hatch Act), arbitrary or capricious withholding of information requested under the Freedom of Information Act (5 U.S.C. § 552), any activity prohibited by civil service law, rule or regulation, or involvement of any employee in discrimination found by any court or appropriate administrative authority.

**5 U.S.C. § 1303:** The Office of Personnel Management, Merit Systems Protection Board, and the Special Counsel may investigate and report on matters concerning—(1) the enforcement and effect of the rules prescribed by the President under this title for the administration of the competitive service and the regulations prescribed by the Office of Personnel Management under section 1302(a) of this title; and (2) the action of an examiner, a board of examiners, and other employees concerning the execution of the provisions of this title that relate to the administration of the competitive service.

**5 C.F.R. § 5.4:** When required by the Office [of Personnel Management], the Merit Systems Protection Board, or the Special Counsel … or by authorized representatives of these bodies, agencies shall make available to them, or their authorized representatives, employees to testify in regard to matters inquired of under the civil service laws, rules, and regulations, and records pertinent to these matters. All such employees, and all applicants and eligibles for positions covered by these rules, shall give to the Office, the Merit Systems Protection Board, the Special Counsel, or to their authorized representatives, all information, testimony, documents, and material in regard to the above matters, the disclosure of which is not otherwise prohibited by law or regulation. These employees, applicants, and eligibles shall sign testimony given under oath or affirmation before an officer authorized by law to administer oaths. Employees are performing official duty when testifying or providing evidence pursuant to this section.