UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO; et al.,

        Plaintiffs - Appellees,

 v.

UNITED STATES OFFICE OF PERSONNEL MANAGEMENT and CHARLES EZELL, in his official capacity as Acting Director of the U.S. Office of Personnel Management,

        Defendants - Appellants,

and

HOWARD W. LUTNICK, Secretary of Commerce; et al.,

        Defendants.

No. 25-1677

D.C. No. 3:25-cv-01780-WHA
Northern District of California, San Francisco

ORDER

Before: SILVERMAN, BADE, and DE ALBA, Circuit Judges.
Order by Judges SILVERMAN and DE ALBA; Dissent by Judge BADE.

    The motions (Docket Entry Nos. 19, 22) for leave to file amicus briefs in opposition to the emergency stay motion are granted.

    The emergency motion (Docket Entry No. 7) to stay the district court's preliminary injunction is denied. *See Nken v. Holder*, 556 U.S. 418, 434 (2009) (defining standard for stay pending appeal). Appellants have demonstrated neither

that they are sufficiently likely to succeed on the merits of this appeal nor that they will suffer irreparable harm from complying with the preliminary injunction. *See id.*

"An organization has standing to bring suit on behalf of its members if '(1) at least one of its members would have standing to sue in his own right, (2) the interests the suit seeks to vindicate are germane to the organization's purpose, and (3) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.'" *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 681 (9th Cir. 2023) (en banc) (internal quotations omitted). Appellants have not demonstrated a sufficient likelihood of success of showing that none of the organizational plaintiffs have established standing. The organizational plaintiffs provided evidence of various concrete injuries, and the district court carefully analyzed that evidence and determined that it was sufficient. *See id.*

Nor have appellants demonstrated—under existing authority—that they are likely to establish that Congress has channeled the organizational plaintiffs' claims to administrative agencies.

Appellants also have not demonstrated a likelihood that the district court clearly erred in finding that the six agencies were directed by the United States Office of Personnel Management to fire probationary employees. *See Hecox v.*

*Little*, 104 F.4th 1061, 1073 (9th Cir. 2024) ("[W]e will reverse a grant of the preliminary injunction if the district court 'based its decision . . . on clearly erroneous findings of fact.'" (internal quotations omitted)). It follows that appellants have not shown that the district court likely abused its discretion in ordering that the terminated employees be reinstated. *See id.* (this court reviews the grant of a preliminary injunction—including the injunction's scope—for abuse of discretion).

Finally, appellants' claimed administrative burdens from complying with the injunction during the pendency of this appeal do not demonstrate the requisite irreparable harm. *See Nken*, 556 U.S. at 434.

The existing briefing schedule remains in effect. The clerk will place this case on the next available calendar. *See* 9th Cir. Gen. Ord. 3.3(f).

*Am. Fed'n of Gov't Emps., AFL-CIO, et al. v. U.S. Off. of Pers. Mgmt., et al.*, No. 25-1677

BADE, Circuit Judge, dissenting:

On March 13, 2025, the district court issued a preliminary injunction requiring six federal agencies to immediately offer reinstatement to thousands of terminated federal probationary employees. *Am. Fed'n of Gov't Emps., AFL-CIO, et al., v. U.S. Off. of Pers. Mgmt., et al.*, No. 25-1780, Dkt. 132 (N.D. Cal. Mar. 14, 2025) (Dist. Dkt.); Dist. Dkt. 120 at 52–53. The preliminary injunction addresses only the claims of the organizational plaintiffs. Dist. Dkt. 45 at 13. I conclude that the organizational plaintiffs have not met their burden of showing that they have standing, and thus the government is likely to prevail on the merits because the district court did not have jurisdiction to enter the preliminary injunction. I would therefore grant the government's emergency motion for a stay pending appeal. I respectfully dissent.

I

As a motions panel, we must decide whether to grant or deny the government's motion for a stay pending appeal by "consider[ing] whether the government raise[s] serious questions relating to the propriety of the district court's preliminary injunction." *E. Bay Sanctuary Covenant v. Biden*, 993 F.3d 640, 661 (9th Cir. 2021) (citing *Leiva-Perez v. Holder*, 640 F.3d 962, 965–66 (9th Cir. 2011)). We evaluate four factors when determining whether to grant a motion for a

stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (citation omitted). The first two factors are the "most critical." *Id*. And we apply a "sliding scale" approach that balances these four factors "so that a stronger showing of one [factor] may offset a weaker showing of another." *Al Otro Lado v. Wolf*, 952 F.3d 999, 1007 (9th Cir. 2020) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011)).

A

Before we consider the *Nken* factors, we must address the "threshold question [of] whether the plaintiffs have standing to sue under Article III of the Constitution." *FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 378 (2024). In other words, we must determine whether federal-court jurisdiction exists. *McDonald v. Lawson*, 94 F.4th 864, 868 (9th Cir. 2024) ("We have a duty to determine our jurisdiction at all stages of a case."). To establish standing, "a plaintiff must demonstrate (i) that she has suffered or likely will suffer an injury in fact, (ii) that the injury likely was caused or will be caused by the defendant, and

2

(iii) that the injury likely would be redressed by the requested judicial relief." *FDA*, 602 U.S. at 380 (citations omitted).

To establish the redressability requirement, a plaintiff must show that "it is 'likely' and not 'merely speculative' that the plaintiff's injury will be remedied by the relief plaintiff seeks in bringing suit." *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 273–74 (2008) (internal quotation marks omitted) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).  When it is "speculative whether the desired exercise of the court's remedial powers in this suit would result in the availability . . . of [the] services" the organizational plaintiffs seek, their harms are not redressable, and there is no standing. *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 42–43 (1976).

Here, the organizational plaintiffs have not shown that the district court's preliminary injunction requiring federal agencies to reinstate probationary employees is "likely" to redress their alleged harms.  Reinstating the terminated employees does not mean that they will return to the same positions and assignments, or that the agencies will provide the services that the organizational plaintiffs desire.  It is just as likely that the various agencies will reassign these employees to new positions, or assign them different tasks, or prioritize their mission and services in a manner that does not result in increased services to the organizational plaintiffs, or even lawfully terminate the employees.  *See id.* at 42–

3

43 (concluding that a court-ordered return to a previous tax policy would not result in indigent plaintiffs receiving the hospital services they desired because, even if favorable tax treatment were contingent on serving these patients, it was "just as plausible" that hospitals would nevertheless refuse to offer such treatment to avoid the uncertain costs related to these patients).

Further, it is not clear the district court has the authority to direct lawful personnel management decisions within the agencies. *See Vitarelli v. Seaton*, 359 U.S. 535, 546 (1959) (ordering the plaintiff's reinstatement "subject . . . to any lawful exercise of the Secretary's authority . . . to dismiss [the plaintiff] from his employment in the Department of the Interior"); *M.S. v. Brown*, 902 F.3d 1076, 1083 (9th Cir. 2019) ("[T]here is no redressability if a federal court lacks the power to issue such relief."). The organizational plaintiffs therefore lack standing because they have not demonstrated that they have suffered injuries that can be redressed by the relief they have requested.

B

Because the government is likely to show that a lack of Article III jurisdiction necessarily defeats the organizational plaintiffs' claims, the first *Nken* factor is satisfied. *Cf. Munaf v. Geren*, 553 U.S. 674, 691 (2008) (explaining that a "difficult question as to jurisdiction" makes success on the merits "more *unlikely*"). Forcing the government to litigate nonjusticiable claims would cause it irreparable

4

harm, satisfying the second *Nken* factor.  *Cf. Ute Indian Tribe of the Uintah & Ouray Rsrv. v. Lawrence*, 22 F.4th 892, 909–10 (10th Cir. 2022) ("[B]ecause the Tribe, with its sovereign status, should not be compelled to expend time and effort on litigation in a court that does not have jurisdiction, it satisfies the second requirement of irreparable harm." (internal quotation marks and citations omitted)).  With the "most critical" *Nken* factors satisfied, we need not reach the remaining factors.  *Al Otro Lado*, 952 F.3d at 1007 (quoting *Nken*, 556 U.S. at 434–35).  A stay is warranted.

II

Because I would grant the emergency motion and stay the preliminary injunction pending appeal, I respectfully dissent.