PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
KELSEY J. HELLAND (CABN 298888)
Assistant United States Attorney
U.S. ATTORNEY'S OFFICE
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495

ERIC HAMILTON
Deputy Assistant Attorney General
DIANE KELLEHER
Branch Director
CHRISTOPHER HALL
Assistant Branch Director
JAMES D. TODD, JR.
Senior Trial Counsel
YURI S. FUCHS
Trial Attorney
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, *et al*.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, *et al*.,<br><br>Defendants. | Case No. 3:25-cv-1780-WHA<br><br>**DECLARATION OF YURI S. FUCHS IN SUPPORT OF DEFENDANTS'** *EX PARTE* **MOTION FOR A PROTECTIVE ORDER PRECLUDING THE DEPOSITION OF CHARLES EZELL**<br><br>The Hon. William H. Alsup |

I, Yuri S. Fuchs, declare, pursuant to 28 U.S.C. § 1746 and Local Rule 7-5, as follows:

1. I am a member in good standing of the State Bar of California and am admitted as a federal attorney in this Court. I represent all of the Defendants in this action.

2. In this case, Plaintiffs filed this action on February 21, 2025, *see* Compl., ECF No. 1, and effected service on Defendants on February 24, 2025. Plaintiffs then filed a motion for temporary restraining order ("TRO") and to show cause of on February 23, 2025. *Ex Parte* Mot. for TRO and Order to Show Cause, ECF No. 18.

3. On February 26, 2025, Defendants filed their opposition to Plaintiffs' TRO motion, attaching in support a declaration from the Acting Administrator of Office of Personnel Management ("OPM"), Charles Ezell in support of their opposition. *See* Defs' Opp. To *Ex Parte* Mot. for TRO and Order to Show Cause, ECF No. 33; Decl. of Charles Ezell in Supp. Of Defs' Opp. To *Ex Parte* Mot. for TRO and Order to Show Cause, ECF No. 34.

4. On February 27, 2025, the Court issued its TRO and ordered the Acting Administrator Ezell to provide testimony at an evidentiary hearing scheduled for March 13, 2025.

5. On March 10, 2025, Defendants filed an *ex parte* motion to vacate the March 13, 2025 evidentiary hearing, seeking *inter alia* to preclude the testimony of Mr. Ezell at the hearing on the basis that an agency head cannot be compelled to provide testimony in a judicial proceeding. *See* Defs' *Ex Parte* Mot. to Vacate Mar. 13, 2025 Evidentiary Hrg., ECF No. 75. In support of that *ex parte* motion, Defendants attached a declaration from the Senior Advisor to the Director of OPM, Noah Peters, which explained OPM's discussions with agencies regarding its guidance memorandum issued on January 20, 2025. Decl. of Noah Peters in Supp. Of Defs' *Ex Parte* Mot. to Vacate Mar. 13, 2025 Evidentiary Hrg., ECF No. 77. Mr. Peters' declaration further explained that Mr. Ezell had no involvement on a February 13, 2025 call with agency Chiefs of Staff regarding the guidance and limited involvement on a February 14, 2025 call with Chief Human Capital Officers ("CHCOs") regarding the same guidance memorandum. *Id.*

6. On March 10, 2025, the Court denied Defendants' *ex parte* motion to vacate the hearing and preclude Mr. Ezell's testimony on the basis that "Acting Director Ezell submitted a

sworn declaration in support of defendants' position." Order on *Ex Parte* Mot. to Vacate Mar. 13, 2025 Evidentiary Hrg., ECF No. 89 at 2. The Court's Order then directed the parties to "advise the Court whether they intend to produce any live witnesses" at the March 13, 2025 hearing. *Id.*

7. On March 11, 2025, Defendants informed the Court that they did not intend to produce any live witnesses as part of their March 13, 2025 hearing presentation and that they were withdrawing Mr. Ezell's prior declaration and would not be presenting him at the hearing because his declaration was now withdrawn. Defs' Notice, ECF No. 97.

8. At the March 13, 2025 hearing, the Court issued a preliminary injunction and gave "plaintiffs authority promptly to depose, in Washington, Noah Peters, who submitted [the] other declaration" on behalf of OPM. Tr. of Mar. 13, 2025 Hrg. 54:10-12. The Court separately ordered that "discovery [was] now open," caveating that while both sides could "take depositions and ask for documents," they should "be reasonable." *Id.* 54:13-14.

9. On March 20, 2025, Plaintiffs noticed the deposition of Mr. Ezell for a deposition to be taken on April 3, 2025, at 9:00 am EST along with the deposition of six other individuals from various other agencies who serve as CHCOs and Deputy CHCOs. *See* Ex. A-G.

10. The deposition of Noah Peters occurred on March 26, 2025. *See* Ex. H.

11. On March 26, 2025, Defendants wrote to Plaintiffs regarding the scheduling of the depositions apart from the scheduled Noah Peters deposition. Defendants indicated the availability of deponents from non-OPM agencies.

12. On March 26, 2025, Defendants requested that that Plaintiffs withdraw the notice of Mr. Ezell's deposition. In support of their request, Defendants cited to the fact that Mr. Peters was already testifying and reiterated the same concerns of high-level official testimony expressed in Defendants' prior *ex parte* motion to vacate the March 13, 2025 evidentiary hearing. Plaintiffs declined to withdraw the notice.

13. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

1  Dated: March 28, 2025

/s/Yuri S. Fuchs
YURI S. FUCHS