PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
KELSEY J. HELLAND (CABN 298888)
Assistant United States Attorney
U.S. ATTORNEY'S OFFICE
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495

ERIC HAMILTON
Deputy Assistant Attorney General
DIANE KELLEHER
Branch Director
CHRISTOPHER HALL
Assistant Branch Director
JAMES D. TODD, JR.
Senior Trial Counsel
YURI S. FUCHS
GREGORY CONNER
Trial Attorneys
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, *et al*.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, *et al.*,<br><br>Defendants. | Case No. 3:25-cv-1780-WHA<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH PRELIMINARY INJUNCTION OR TO HOLD DEFENDANTS IN CONTEMPT**<br><br>Hearing Date: April 9, 2025<br>Time: 8:00 am<br>Judge: Hon. William H. Alsup<br>Place: San Francisco Courthouse<br>           Courtroom 12 |

Defendants' Response to Plaintiffs' Motion to Compel Compliance
with Preliminary Injunction or to Hold Defendants in Contempt
3:25-cv-1780-WHA

This Court should deny Plaintiffs' motion to compel compliance with this Court's March 13, 2025, preliminary injunction and decline to hold Defendants in contempt because Defendants have, at a minimum, substantially complied with the Court's order by taking all reasonable steps to comply.

This Court's March 13, 2025, preliminary injunction required the Departments of Agriculture, Defense, Energy, the Interior, the Treasury, and Veterans Affairs to:

>   (1) immediately offer reinstatement to any and all probationary employees terminated on or about February 13th and 14th, 2025.

Tr. of Mar. 13, 2025, Hrg. at 52:7-10, 53:17-25, ECF No. 120;

>   (2) immediately advise all probationary employees terminated on or about February 13 and 14 that the notice and termination have been found to be unlawful by the United States District Court for the Northern District of California."

*Id*. at 52:14-21, 53:17-25; and

>   (3) submit a list of all probationary employees terminated on or about February 13th and 14th with an explanation as to each of what has been done to comply with this order.

*Id.* at 53:13-16.

On March 20, 2025, Defendants filed under seal lists of "all probationary employees terminated" as a result of the OPM guidance this Court has determined was unlawful. *See* Admin. Mot to File Agency Lists of Employees Under Seal, ECF No. 143. Defendants also included explanations as to what each agency had done to comply with the Court's order: to "immediately offer reinstatement" to any and all probationary employees terminated on or about February 13 or 14, 2025; and to "immediately advise all probationary employees" terminated on or about February 13 and 14 that the notice and termination have been found to be unlawful by the United States District Court for the Northern District of California. *See* Not. of Filing Certain Agency Declarations & Redacted Lists of Agency Emps., ECF No. 144. Those filings demonstrated the steps that each agency had undertaken to immediately comply with the Court's orders. These steps typically included notifying each employee of the Court's order and offering to reinstate each employee. As a general matter, agencies immediately placed employees who accepted the offer of reinstatement on paid leave and began the process to fully reinstate each employee, including providing new identification and access badges, equipment, office

Defendants' Response to Plaintiffs' Motion to Compel Compliance
with Preliminary Injunction or to Hold Defendants in Contempt
3:25-cv-1780-WHA

1

assignment, and meaningful work assignments. *See, e.g.*, Decl. of Reesha Trznadel ¶¶ 4-9, ECF No. 139-3; Decl. of Mary Rice, ¶¶ 4-9, ECF No. 139-3.[1]

First, this Court should reject Plaintiffs' contention that Defendants have not complied with this Court's order because each agency had not returned each employee who accepted an offer of reinstatement to full duty status by March 13, 2025. *See* Pls.' Mem. in Supp. of Mot. to Compel at 8-10. This Court did not order each employee to be immediately returned to full duty status by March 13. To the contrary, it ordered each of these six agencies to "immediately offer reinstatement to any and all probationary employees terminated on or about February 13th and 14th, 2025." Tr. of March 13, 2025, Hrg. at 52:7-10, 53:17-25. Each Defendant covered by the preliminary injunction has complied with that order.

Second, Plaintiffs' complaints about the placement of probationary employees on administrative leave lack merit. As Defendants have previously demonstrated, each agency's placement of employees on administrative leave is merely a first step in the process of returning them to full duty status. *See* Resp. to Ct.'s Third Request for Info., at 1-2, ECF No. 139. Plaintiffs also ignore the realities of the steps that each agency must undertake to return each probationary employee who accepted the agency's offer to return to work and the time that it takes to undertake those steps. *See, e.g.*, Trznadel Decl. ¶¶ 4-9.

Finally, this Court should also reject Plaintiffs' contention that Defendants have not complied with the Court's order to immediately provide notice to all "probationary employees terminated" that the Court had found their terminations to be unlawful. *See* Pls.' Mem. in Supp. of Mot. to Compel at 10. Plaintiffs complain that some agencies initially provided notice of the Court's ruling via press release. *See id*. As an initial matter, constructive notice of the Court's order is legally sufficient. *See, e.g., United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1092 (9th Cir. 2010) (noting that defendant's conduct is measured by

---

[1] Declarations filed in *Maryland v. U.S. Dep't of Agric.*, No. 1:25-cv-0748 (D. Md.) ("*Maryland v. USDA*"), also demonstrate that the agencies have continued to make progress since their March 17, 2025, filings. *See Maryland v. USDA,* ECF No. 103-1 at 2, ¶¶ 4-7 (USDA declaration attesting to Phases 1-4; by Phase 2, March 31, 2025, approximately 2400 employees will be returned to duty status); *id*., ECF No. 103-1, at 11-12 ¶¶ 4-8 (Energy declaration attesting that approximately 480 employees will be "reonboard[ed]" by March 31, 2025).

Defendants' Response to Plaintiffs' Motion to Compel Compliance
with Preliminary Injunction or to Hold Defendants in Contempt
3:25-cv-1780-WHA

"actual or constructive notice"); *Cent. States, SE & SW Areas Health & Welfare & Pension Funds v. Transcon Lines*, No. 90-cv-1853, 1995 WL 472705, at *8 (N.D. Ill. Aug. 8, 1995) ("[W]e hold that constructive notice, namely, less than actual knowledge but awareness of facts sufficient to cause a reasonable person to inquire further, is adequate notice to a corporate officer of the existence of a court order to satisfy due process."). In any event, as the filings attached to this response, and to Defendants' accompanying motion to file under seal indicate, those agencies have continued to work to provide actual notice to each employee in addition to offering reinstatement and working to return employees to duty status. Specifically, with this motion, Defendants submit for the Court:

    1. U.S. Department of Defense's declaration, identifying additional steps taken; to subsequently identify probationary employees terminated subsequent to the OPM guidance beyond those employees terminated on February 13, 2025; to offer reinstatement to these employees; and return these employees to duty status.

    2. U.S. Department of Defense's list of terminated probationary employees that it subsequently identified were terminated subsequent to the OPM guidance and steps taken as to each employee. An unredacted version of this list is being submitted under seal.

    3. U.S. Department of Veterans Affairs' updated list of steps taken to offer reinstatement to terminated probationary employees and return these employees to duty status. An unredacted version of this list is being submitted under seal.

    4. U.S. Department of the Interior's updated list of steps taken to offer reinstatement to terminated probationary employees and return these employees to duty status. An unredacted version of this list is being submitted under seal.

    5. U.S. Department of Treasury's declaration, identifying additional steps taken to offer probationary employees reinstatement and return these employees to duty status as well as a further explanation of administrative measures need to return employees to duty status.

    6. U.S. Department of Energy's declaration, identifying additional steps taken to offer probationary employees reinstatement and return these employees to duty status as well as a further explanation of administrative measures need to return employees to duty status.

Defendants' Response to Plaintiffs' Motion to Compel Compliance
with Preliminary Injunction or to Hold Defendants in Contempt
3:25-cv-1780-WHA

3

7. U.S. Department of Agriculture's declaration, identifying additional steps taken to offer probationary employees reinstatement and return these employees to duty status as well as a further explanation of administrative measures need to return employees to duty status.

Plaintiffs thus fail to demonstrate that Defendants have not complied with this Court's preliminary injunction and also fail to demonstrate that civil contempt is warranted.

## CONCLUSION

This Court should deny Plaintiffs' motion to compel compliance with the Court's March 13, 2025, preliminary injunction.

Dated: March 31, 2025

Respectfully submitted,

PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
KELSEY J. HELLAND (CABN 298888)
Assistant United States Attorney
U.S. ATTORNEY'S OFFICE
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495

ERIC HAMILTON
Deputy Assistant Attorney General

DIANE KELLEHER
Branch Director

CHRISTOPHER HALL
Assistant Branch Director

JAMES D. TODD, JR.
Senior Trial Counsel

s/ Yuri S. Fuchs
YURI S. FUCHS
GREGORY CONNER
Trial Attorneys
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044

*Counsel for Defendants*

Defendants' Response to Plaintiffs' Motion to Compel Compliance
with Preliminary Injunction or to Hold Defendants in Contempt
3:25-cv-1780-WHA

4