PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
KELSEY J. HELLAND (CABN 298888)
Assistant United States Attorney
U.S. ATTORNEY'S OFFICE
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495

ERIC HAMILTON
Deputy Assistant Attorney General
DIANE KELLEHER
Branch Director
CHRISTOPHER HALL
Assistant Branch Director
JAMES D. TODD, JR.
Senior Trial Counsel
YURI S. FUCHS
GREGORY CONNER
Trial Attorneys
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, *et al.*,<br><br>    Defendants. | Case No. 3:25-cv-1780-WHA<br><br>**DEFENDANTS' RESPONSE TO MARCH 28, 2025, ORDER SETTING FURTHER BRIEFING SCHEDULE**<br><br>The Hon. William H. Alsup |

**INTRODUCTION**

Defendants submit the following pursuant to this Court's March 28, 2025, Order directing the parties to "brief the extent to which aspects of this action must be adjudicated on an 'administrative record,' if any, and the extent to which other aspects of this action must be adjudicated on a trial or summary judgment record with the benefit of formal discovery." Order Granting in Part & Denying in Part Defs.' Mot. for a Protective Order & Setting Further Br. Sched., ECF No. 164. For the reasons set forth below, this Court should, respectfully, reverse its prior ruling allowing discovery and should instead direct the parties to negotiate a schedule for Defendants to file the certified administrative record and then file cross-motions for summary judgment.

**BACKGROUND**

Plaintiffs' Second Amended Complaint challenges guidance issued by the U.S. Office of Personnel Management ("OPM") concerning the termination of probationary employees and brings five claims for relief against twenty-two Executive Branch agency defendants. *See generally* Second Am. Compl, ECF No. 90 ("SAC"). Plaintiffs' five causes of action arise under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq*.; they bring four claims alleging violations of the APA and one alleging a constitutional violation of the separation of powers. *See* SAC ¶¶ 190–229 (Claims I — V). Plaintiffs' separation-of-powers claim alleges that OPM's guidance "exceed[s] any statutory authority granted to it by Congress," *id*. ¶ 199, and is therefore "*ultra vires*." *Id*. ¶¶ 191, 201.

On February 27, 2025, this Court entered a temporary restraining order ("TRO") holding OPM's guidance "unlawful[ and] invalid," and ordered that the guidance "must be stopped and rescinded." *Am. Fed'n Gov't Emps. v. U.S. Off. of Pers. Mgmt*., No. 3:25-cv-1780, 2025 WL 660053, *6-*7 (N.D. Cal. Feb. 28, 2025) ("*AFGE v. OPM*"). Days later, OPM revised its earlier guidance to clarify that "OPM is not directing agencies to take any specific performance-based actions regarding probationary employees." Mem. from Charles Ezell, Acting Director, OPM, to Heads and Acting Heads of Departments and Agencies at 2 (Revised March 4, 2025), ECF No. 78 ("Revised OPM Guidance"). OPM's revised guidance emphasized that "[a]gencies have

Defendants' Response to March 28, 2025, Order Setting Further Briefing Schedule
3:25-cv-1780-WHA

1

1  ultimate decision-making authority over, and responsibility for, such personnel actions." *Id.*

2  On March 13, 2025, this Court awarded a preliminary injunction to the organizational
3  Plaintiffs that extended the relief provided in its TRO and ordered the Departments of
4  Agriculture, Defense, Energy, the Interior, the Treasury, and Veterans Affairs to cease
5  terminating probationary employees based on OPM's initial guidance and to reinstate
6  probationary employees terminated as a result of OPM's initial guidance. *See* Tr. of Mar. 13,
7  2025, Hrg. at 52:6 – 53:25, ECF No. 120; Mem. at 14, ECF No. 132. The Court also authorized
8  discovery. *See* Tr. of March 13, 2025, Hrg. at 54:10-19.

## ARGUMENT

This case is brought under the APA and challenges final agency action taken by OPM. Like nearly all APA cases, including those that allege constitutional violations, it should be decided on the administrative record of documents that OPM considered in taking the agency action that Plaintiffs challenge. As a result, this Court should reconsider its order authorizing discovery and should instead direct the parties to negotiate a schedule providing for Defendants to assemble and file the certified administrative record and then for the parties to file cross motions for summary judgment. Discovery should be allowed only if Plaintiffs demonstrate the record is incomplete and the Court finds that it cannot discern the basis for OPM's decision. Even then, trial *de novo* is inappropriate.

First, "a court reviewing agency action under the APA must limit its review to the administrative record." *San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 992 (9th Cir. 2014) (citing *Camp v. Pitts,* 411 U.S. 138, 142 (1973)); *see also Dep't of Com. v. New York*, 588 U.S. 752, 780 (2019) ("[I]n reviewing agency action, a court is ordinarily limited to evaluating the agency's contemporaneous explanation in light of the existing administrative record."). "That principle reflects the recognition that further judicial inquiry into 'executive motivation' represents 'a substantial intrusion' into the workings of another branch of Government and should normally be avoided." *Dep't of Com.*, 588 U.S. at 780–81 (quoting *Vill. of Arlington Heights v. Metro. Hous. Devel. Corp.*, 429 U.S. 252, 268, n.18 (1977)). Judicial review based on the administrative record remains the rule even if a plaintiff brings *ultra vires* or

other constitutional claims. *See FCC v. ITT World Commc'ns, Inc.*, 466 U.S. 463, 469 (1984) (appellate court may "fairly … evaluate" a claim of *ultra vires* agency action on direct review under the APA); *see also, e.g., Bellion Spirits, LLC v. United States*, 335 F.Supp.3d 32, 43 (D.D.C. 2018); *Arnott v. U.S. Citizenship & Immigr. Servs.*, No. 10-cv-1423, 2012 WL 8609607, at *1 (C.D. Cal. Oct. 10, 2012); *Air Brake Sys., Inc. v. Mineta*, 202 F. Supp. 2d 705, 710 (E.D. Mich. 2002), *aff'd*, 357 F.3d 632 (6th Cir. 2004).

Indeed, when a plaintiff invokes both the APA and *ultra vires* causes of action, a court should first consider the plaintiff's APA claim, *see Chamber of Com. v. Reich*, 74 F.3d 1322, 1326–27 (D.C. Cir. 1996), and reach the constitutional question only if necessary, *see, e.g., Regents of U. of Cal. v. Bakke*, 438 U.S. 265, 380 (1978). Even then, the court's review should be confined to the administrative record, otherwise "[t]he APA's restriction of judicial review to the administrative record would be meaningless if any party seeking review based on … constitutional deficiencies was entitled to broad-ranging discovery." *Harvard Pilgrim Health Care v. Thompson*, 318 F. Supp. 2d 1, 10 (D.R.I. 2004).

Second, the Ninth Circuit has expressly held that a district court may look beyond the administrative record and consider extra-record evidence only: (1) if admission of additional evidence is necessary to determine whether the agency has considered all relevant factors and has explained its decision, (2) if the agency has relied on documents not in the record, (3) when supplementing the record is necessary to explain technical terms or complex subject matter, or (4) when plaintiffs make a showing of agency bad faith." *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005) (internal quotations and citations omitted); *see also ITT World Commc'ns*, 466 U.S. at 469 (if the court "finds that the administrative record is inadequate, it may remand to the agency" for further proceedings).[1] "These exceptions apply only under

---

[1] With respect to the Ninth Circuit's fourth criteria, a court may review of extra-record evidence based on bad faith only after a plaintiff makes "strong showing" of bad faith. *Dep't of Com.* 588 U.S. at 781 (quoting *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971)). )). And "like other official agency actions, an agency's statement of what is in the record is subject to a presumption of regularity." *Blue Mountains Biodiversity Project v. Jeffries*, 99 F.4th 438, 445 (9th Cir. 2024) (quoting *Goffney v. Becerra*, 995 F.3d 737, 748 (9th Cir. 2021)).

Defendants' Response to March 28, 2025, Order Setting Further Briefing Schedule
3:25-cv-1780-WHA

3

extraordinary circumstances, and are not to be casually invoked unless the party seeking to depart from the record can make a strong showing that the specific extra-record material falls within one of the limited exceptions." *Voyageurs Nat. Park Ass'n v. Norton*, 381 F.3d 759, 766 (8th Cir. 2004). As a result, judicial review of extra-record evidence is permitted only where a court "require[s] supplementation of the administrative record if it is incomplete" and where "necessary to plug holes in the administrative record." *Wilson v. Comm'r of Internal Revenue*, 705 F.3d 980, 991 (9th Cir. 2013) (quotations omitted); *see also Lands Council*, 395 F.3d at 1030 ("Though widely accepted, these exceptions are narrowly construed and applied."). The party seeking to admit extra-record evidence bears the burden of demonstrating that a relevant exception applies. *See San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 993 (9th Cir. 2014).

  Third, even if this Court allows discovery, the APA does not allow for trial *de novo*. The APA permits trial *de novo* in limited circumstances that are not present here. Although the APA permits a court to "hold unlawful and set aside agency action, findings, and conclusions found to be … unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court," 5 U.S.C. § 706(2)(F), trial is only available: "(1) 'when the action is adjudicatory in nature and the agency factfinding procedures are inadequate,' and (2) 'when issues that were not before the agency are raised in a proceeding to enforce nonadjudicatory agency action.'" *NVE, Inc. v. U.S. Dep't of Health & Hum. Servs.*, 436 F.3d 182, 189 (3d Cir. 2006) (quoting *Overton Park*, 401 U.S. at 415); *Acumenics Rsch. & Tech. v. U.S. Dep't of Justice*, 843 F.2d 800, 804 (4th Cir. 1988).

  In this case, discovery is not appropriate because the Court should review Plaintiffs' claims based on the administrative record of OPM's decisionmaking that produced the challenged guidance. Defendants have not yet gathered, prepared, and certified the administrative record of OPM's decisionmaking. And Plaintiffs have made no showing that the record is inadequate based on any or the relevant factors articulated by the Ninth Circuit. *See Lands Council*, 395 F.3d 1019, 1030. Nor could they, since OPM has not yet even produced the record. Even then, if the Court "finds that the administrative record is inadequate, it may remand

to the agency" for further proceedings in lieu of allowing supplementation of the record, *see ITT World Commc'ns*, 466 U.S. at 469, rather than permit discovery.

Nor is trial *de novo* under the APA available here: Plaintiffs challenge allegedly improper rulemaking, not agency adjudication. *See NVE*, 436 F.3d at 189; *Acumenics Rsch. & Tech.*, 843 F.2d at 804. Nor could a claimed dispute of fact be used to justify trial in an APA matter. *See California v. U.S. Dep't of Lab.*, 306 F. Supp. 3d 1180, 1184 (E.D. Cal. 2018) ("When a plaintiff challenges a federal agency's actions under the APA, the district court does not identify and resolve factual disputes; the court instead determines whether the administrative record supported the agency's decision as a matter of law."); *Coburn v. McHugh*, 77 F. Supp. 3d 24, 29 (D.D.C. 2014) ("When reviewing the decision of an administrative body pursuant to the APA, the reviewing court generally will not resolve factual disputes, but instead reviews the decision as an appellate court addressing issues of law."), *aff'd sub nom. Coburn v. Murphy*, 827 F.3d 1122 (D.C. Cir. 2016). Rather, because of APA administrative record review, "claims brought under the APA are adjudicated without a trial or discovery." *Audubon Naturalist Soc'y of the Cent. Atl. States, Inc. v. U.S. Dep't of Transp.*, 524 F. Supp. 2d 642, 660 (D. Md. 2007); *see also Silver Dollar Grazing Ass'n v. United States Fish & Wildlife Serv.*, No. 06-cv-02, 2007 WL 9710133, at *1 (D. Mont. June 1, 2007) ("Actions under the APA are well-suited for summary judgment because such actions permit the Court only to review the agency's administrative record—there is effectively no factual dispute."). Thus, trial *de novo* is not available here.

Finally, discovery is not appropriate, and trial *de novo* is not available, because any claim of constitutional violation on the part of OPM is now moot. Although this Court initially held that OPM's actions were *ultra vires*, *AFGE v. OPM*, 2025 WL 660053, at *4-*5, OPM has issued revised guidance clarifying that that "[a]gencies have ultimate decision-making authority over, and responsibility for, such personnel actions." Revised OPM Guidance at 1. Thus, whatever basis existed for allowing discovery into OPM's alleged constitutional violation is no longer a live controversy. Given that Plaintiffs seek forward-looking injunctive relief, allowing discovery is not appropriate now.

Defendants therefore respectfully submit that this Court should reverse its prior order

allowing discovery to commence. *See* Tr. of March 13, 2025, Hrg. at 54:10-19. The Court should instead direct the parties to negotiate a briefing schedule by which Defendants will file the certified administrative record and the parties will agree on a summary judgment briefing schedule. If, after review of the administrative record, Plaintiffs believe that the record is insufficient, Plaintiffs may file a motion seeking review of extra-record evidence necessary to supplement any identified gaps in the record as well as limited discovery necessary to obtain such extra-record evidence.

Defendants' proposed course of action is "the traditional civil litigation sequence" for an APA case, and discovery is not the norm. In an APA case, "the plaintiff files a complaint; then the defendant answers or seeks dismissal of the complaint; then … the Government produces an administrative record; and only then does the Court consider motions for summary judgment." *G.Y.J.P. by & through M.R.P.S. v. Wolf*, No. 1:20-cv-1511, 2020 WL 4192490, at *2 (D.D.C. July 21, 2020); *Ctr. for Bio. Diversity v. Kempthorne*, No. 4:08-cv-1339, 2008 WL 3822948, at *4 (N.D. Cal. Aug. 13, 2008) (adopting a similar schedule in the court's case management order). "Normally, APA cases are resolved on cross-motions for summary judgment, frequently with the defendant filing an opening brief, the plaintiff filing a single brief encompassing its opposition and cross-motion, followed by a reply from the defendant, and concluding with a reply from the plaintiff." *Pinnacle Armor, Inc. v. United States*, 923 F. Supp. 2d 1226, 1245 (E.D. Cal. 2013).

## CONCLUSION

This Court should reverse its prior ruling allowing discovery to commence and should instead direct the parties to negotiate a briefing schedule providing for Defendants to file the certified administrative record and for the parties to file cross motions for summary judgment.

Dated: April 1, 2025

Respectfully submitted,

PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
KELSEY J. HELLAND (CABN 298888)
Assistant United States Attorney
U.S. ATTORNEY'S OFFICE
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495

ERIC HAMILTON
Deputy Assistant Attorney General

DIANE KELLEHER
Branch Director
CHRISTOPHER HALL
Assistant Branch Director

s/ James D. Todd, Jr.
JAMES D. TODD, JR.
Senior Trial Counsel
YURI S. FUCHS
GREGORY CONNER
Trial Attorneys
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044

*Counsel for Defendants*