Scott A. Kronland (SBN 171693)
Stacey M. Leyton (SBN 203827)
Eileen B. Goldsmith (SBN 218029)
Danielle E. Leonard (SBN 218201)
Robin S. Tholin (SBN 344845)
James Baltzer (SBN 332232)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel. (415) 421-7151
Fax (415) 362-8064
skronland@altber.com
sleyton@altber.com
egoldsmith@altber.com
dleonard@altber.com
rtholin@altber.com
jbaltzer@altber.com

*Attorneys for Plaintiff Organizations*

[Additional Counsel on signature page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO; AMERICAN FEDERATION OF STATE COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, et al.,<br><br>          Defendants. | Case No. 25-cv-01780-WHA<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH PRELIMINARY INJUNCTION** |

PLFS' REPLY ISO MOTION TO COMPEL COMPLIANCE WITH PI, Case No. 3:25-cv-01780-WHA

**INTRODUCTION**

On March 13, this Court issued a preliminary injunction ordering reinstatement of all previously terminated probationary employees at six federal agencies, and directed Defendants to file an individualized compliance report one week later. Based on the information Defendants provided to this Court regarding compliance, on March 26, Plaintiffs moved to compel compliance with the preliminary injunction because Defendants had, as of that date, failed to comply in two ways: (1) by failing to communicate to unlawfully terminated employees the information ordered by the Court; and (2) by failing to reinstate employees to their positions, including by placing employees on "administrative leave" rather than returning them to full duty. On March 31, Defendants responded by asking this Court to find that they have "substantially complied with the Court's order by taking all reasonable steps to comply," relying on their prior compliance reports plus three new agency declarations and three new agency spreadsheets submitted without declarations. Dkt. 168, 168-1-7.

From the documents Defendants provided to the Court, Defendants appear to have made some progress towards compliance, and a large number of formerly terminated employees are now back at work. However, Defendants' documents do not demonstrate "substantial" compliance, for the reasons stated below. For this reason, the Court should grant Plaintiffs' motion to compel compliance and order full compliance by a date certain, and order Defendants to submit daily status reports to this Court until full compliance is achieved.

**DISCUSSION**

As an initial matter, defense counsel's representations do not match the documents submitted. The proper focus is the evidence that has been provided, not counsel's descriptions or characterizations:

**1.   U.S. Dept of Agriculture (USDA)**

Defendants did not submit an updated individualized spreadsheet, but instead submitted a further Declaration of USDA Acting Principal Deputy Assistant Secretary for Administration Pletcher Rice. Dkt. 168-7. This Declaration demonstrates that USDA is not in substantial compliance with this Court's order, having failed to reach and reinstate thousands of employees.

USDA confirms that, three full weeks since this Court's injunction, *all* 5,761 probationary

employees remain on administrative leave status, not back at duty. Dkt. 168-7 ("Now that USDA has reinstated and notified the Affected Probationary Employees to the pay status they were in prior to their terminations, the Affected Probationary Employees who are in pay status are currently on administrative leave.").

> Instead of immediately offering reinstatement to duty, USDA did the following:
>
> USDA administered an electronic survey and is in the process of making verbal contacts through which the 5,761 Affected Probationary Employees can indicate whether they elect to return to full duty status or whether they decline to return to full duty status.

*Id.* USDA admits that they have now reached only approximately 2,381 employees. *Id.* USDA also claims that they have a "phased plan to return the Affected Probationary Employees to full duty status" but provide no specifics or date certain. *Id.*

Other agencies have not experienced issues with immediately contacting employees, and the federal government maintains contact information for all of its employees through personnel records.[1] The information provided to the Court does not evidence reasonable efforts at compliance, nor a reasonable explanation for failing at those efforts. USDA is not in compliance with this Court's order.

### 2.    Department of Defense

The Department of Defense has submitted both a new declaration and updated spreadsheet that indicate 211 terminated probationary employees have been returned to full duty as of March 31, 2025, and one is scheduled to return to full duty on April 2. No terminated probationary employees were listed as being on administrative leave. Commodore Decl. ¶3 (summarizing Dkt. 168-2). Plaintiffs agree Department of Defense appears to be in compliance with this Court's order, based on the information in this submission.

### 3.    Department of Energy

The Department of Energy submitted a new declaration and did not submit an updated spreadsheet. Dkt. 168-6. That new declaration states that as of March 28 and 31, the 555 terminated probationary employees were switched from administrative leave to regular duty, although an

---

[1] *See* https://www.opm.gov/policy-data-oversight/data-analysis-documentation/personnel-documentation/

1  unidentified number of these employees have not yet received the badges and IT equipment that the
2  Department implies are needed to fully onboard them.  *Id.*  It is not possible to determine from the
3  information provided by the Department whether or how many of these 555 have actually been
4  returned to duty.  *Id***.**  For this reason, Defendants' evidence does not show compliance by the
5  Department of Energy, to date, with this Court's order.

6  **4.      Department of the Interior**

7  The Department of the Interior appears to be only in partial compliance with this Court's
8  orders.  The Department did not submit any further sworn declaration, only an updated spreadsheet.
9  Dkt. 168-4.  That spreadsheet states that 1,095 terminated probationary employees have been
10 returned to full duty as of March 31, 2025.  Another 683 terminated probationary employees are
11 listed as being on administrative leave.  Commodore Decl. ¶5 (summarizing Dkt. 168-4).  The
12 Department has provided this Court with no further explanation of the efforts being made or the
13 reasons employees remain on administrative leave, and is therefore not in compliance.

14 **5.      Department of the Treasury**

15 Treasury has provided an updated declaration (Dkt. 168-3), in which it confirms the
16 Department's non-compliance with this Court's orders.  First, *7,225* previously terminated IRS
17 employees who have not otherwise "voluntarily resigned" remain on administrative leave.  *Id.* ¶5.
18 The IRS reveals no real plan to return these employees to work and states that it is "considering
19 reorganization plans" that might affect these employees.  *Id*.  The Department has provided no valid
20 reason to refuse to comply with this Court's orders.  The other sub-agencies have fewer numbers of
21 affected employees and are a mixed bag, with some sub-agencies in partial compliance.  *Id.* ¶¶6-9.
22 This Declaration does not establish substantial compliance.

23 **6.      Department of Veterans Affairs**

24 This Department submitted an updated spreadsheet but no declaration.  Dkt. 168-3.  The VA
25 appears to have made progress to partial compliance.  According to the spreadsheet, 1,069 terminated
26 probationary employees have been returned to full duty as of March 31, 2025, and another 93 have
27 scheduled dates to return to full duty.  *Id*.  Four terminated probationary employees are listed as being
28 on administrative leave.  No status was provided for 530 terminated probationary employees.  *Id.*

Without further information, this spreadsheet does not establish substantial compliance.

\* \* \*

In sum, Defendants have had weeks to comply with this Court's orders, and have not done so for thousands of affected employees (over 7,000 at the IRS alone). What details they provide regarding steps towards future compliance are vague and unsupported by substantial facts, dates certain, or any real attempt to demonstrate to the Court good faith efforts at compliance.

In light of the information provided by Defendants to the Court, Plaintiffs renew their request that the Court order full compliance by date certain, as well as daily compliance reports until full compliance is achieved. It is long past time that these unlawfully terminated employees be given a real opportunity to return to work.

DATED: April 3, 2025

Scott A. Kronland
Stacey M. Leyton
Eileen B. Goldsmith
Danielle E. Leonard
Robin S. Tholin
James Baltzer
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151

By: */s/ Danielle Leonard*

*Attorneys for Plaintiff Organizations*

Norman L. Eisen (*pro hac vice*)
Pooja Chadhuri (SBN 314847)
STATE DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, DC 20003
Tel: (202) 594-9958
Norman@statedemocracydefenders.org
Pooja@statedemocracydefenders.org

By: */s/ Norman L. Eisen*

*Attorneys for Plaintiff Organizations*

Rushab Sanghvi (SBN 302809)
AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES
80 F Street, NW
Washington, DC 20001
Tel: (202) 639-6426
Sanghr@afge.org

By: */s/ Rushab Sanghvi*

*Attorneys for Plaintiff American Federation of Government Employees (AFGE)*

Teague Paterson (SBN 226659)
Matthew Blumin (*pro hac vice*)
AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES
1625 L Street, N.W.
Washington, D.C.  20036
Tel: (202) 775-5900
TPaterson@afscme.org
MBlumin@afscme.org

By: */s/Teague Paterson*

*Attorneys for Plaintiff American Federation of State County and Municipal Employees (AFSCME)*

Tera M. Heintz (SBN 241414)
Cristina Sepe (SBN 308023)
Cynthia Alexander, WA Bar No. 46019 (pro hac vice)
Deputy Solicitors General
OFFICE OF THE WASHINGTON STATE ATTORNEY GENERAL
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
tera.heintz@atg.wa.gov
cristina.sepe@atg.wa.gov
cynthia.alexander@atg.wa.gov

By: */s/ Tera M. Heintz*

*Attorneys for Plaintiff State of Washington*