Scott A. Kronland (SBN 171693)
Stacey M. Leyton (SBN 203827)
Eileen B. Goldsmith (SBN 218029)
Danielle E. Leonard (SBN 218201)
Robin S. Tholin (SBN 344845)
James Baltzer (SBN 332232)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel. (415) 421-7151
Fax (415) 362-8064
skronland@altber.com
sleyton@altber.com
egoldsmith@altber.com
dleonard@altber.com
rtholin@altber.com
jbaltzer@altber.com

*Attorneys for Plaintiff Organizations*

[Additional Counsel on signature page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO; AMERICAN FEDERATION OF STATE COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO; et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, et al.,<br><br>Defendants. | Case No. 25-cv-01780-WHA<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' BRIEF REGARDING APA RECORD REVIEW AND DISCOVERY** |

Plaintiffs submit this brief reply to the points made by Defendants' Response to March 28, 2025 Order Setting Further Briefing Schedule (Dkt. 173), which addresses the Court's questions regarding whether administrative record review (Dkt. 164). Defendants' arguments are largely addressed by Plaintiffs' initial brief and authority cited therein (Dkt. 172). Defendants have provided this Court no valid reason discovery should not remain open.

1. **Claims challenging government conduct as ultra vires are not limited in this Circuit to APA record review.**

Defendants incorrectly argue that discovery is foreclosed because Plaintiffs plead both APA claims and ultra vires government action claims, but that is not the law in the Ninth Circuit. Dkt. 173 at 3-4. As Plaintiffs previously explained, neither the plain text of the APA (under which record review is limited to claims under *that* statute, 5 U.S.C. §706) nor governing law forecloses the application of all the usual discovery statutes and rules to Plaintiffs' claims challenging ultra vires government action. Dkt. 172 at 6-8. The Ninth Circuit has conclusively held that ultra vires claims do not collapse into APA claims, even when a party asserts both. *Sierra Club v. Trump*, 963 F.3d 874, 888-93 (9th Cir. 2020), *judgment vacated on other grounds, sub nom. Biden v. Sierra Club*, 142 S.Ct. 46 (2021); *Sierra Club v. Trump*, 929 F.3d 670, 699 (9th Cir. 2019).

Defendants' cases, cited at Dkt. 173 at 2-3, are either mis-cited, or out-of-circuit and contrary to Ninth Circuit law:

- *F.C.C. v. ITT World Commc'ns, Inc.*, 466 U.S. 463 (1984), concerns jurisdictional provisions of a statute that has nothing to do with this case (the Government in Sunshine Act). The Court held that the plain terms of that statute required the plaintiffs' claims that the agency acted in excess of statutory authority to be reviewed by the appellate, not district, court. *Id*. at 468.

- *Bellion Spirits, LLC v. United States*, 335 F.Supp.3d 32, 43 (D.D.C. 2018), is similarly inapposite; it involved the agency review process for a petition to the Alcohol and Tobacco Tax and Trade Bureau and whether the plaintiff could supplement evidence regarding an agency's scientific determinations on APA judicial review. The Court expressly "decline[d] to adopt any bright line or categorical rule" as to the

appropriateness of extra-record evidence for constitutional claims, but concluded that, given the specific circumstances of the case, extra-record evidence would render judicial review of the substance of the scientific decision more difficult, and therefore limited review to the APA record. *Id.* at 43-44.

- *Arnott v. U.S. Citizenship & Immigr. Servs.*, No. 10-cv-1423, 2012 WL 8609607, at *1 (C.D. Cal. Oct. 10, 2012), predates the Ninth Circuit authorities cited above and is a magistrate judge decision, without any citation to authority, sorting which claims will and which claims will not be heard on an administrative record, and does not support Defendants.

- *Air Brake Sys., Inc. v. Mineta*, which involved an APA claim and a due process claim, contradicts defendants' own position that judicial review of constitutional claims is necessarily limited to the administrative record. 202 F.Supp.2d 705, 710 (E.D. Mich. 2002), *aff'd*, 357 F.3d 632 (6th Cir. 2004). The court specifically acknowledged that supplementation of the administrative record may be appropriate "with respect to the plaintiff's due process claim," although it did not decide the discovery issue because the due process claim failed a matter of law. *Id.* at 710, 714-15.

Next, Defendants argue that when plaintiffs have asserted both an APA claim and some other claim such as ultra vires, the court must first consider the APA claim and reach the other claim only if necessary. Dkt. 172 at 3. But neither of Defendants' cited out-of-circuit cases, *Chamber of Com. v. Reich*, 74 F.3d 1322, 1326–27 (D.C. Cir. 1996), and *Harvard Pilgrim Health Care of New England v. Thompson*, 318 F.Supp.2d 1, 13 (D.R.I. 2004), holds anything like that.[1] Further, such a conclusion would be inconsistent with the Ninth Circuit caselaw cited above. *E.g., Sierra Club v. Trump*, 929 F.3d at 694 "(Plaintiffs may bring their challenge through an equitable action to enjoin unconstitutional official conduct, or under the judicial review provisions of the Administrative

---

[1] The passage of *Reich* cited by Defendants simply affirms the ability of plaintiffs to bring ultra vires claims. 74 F.3d at 1326–27. *Harvard Pilgrim* involved an appeal from administrative proceedings, and the Court thus held that asserting constitutional claims did not "alter the requirement that a plaintiff present all claims at the administrative level before seeking review in a federal court." 318 F.Supp.2d at 10. That analysis has no bearing on this case.

1  Procedure Act ("APA"), 5 U.S.C. § 701 et seq., as a challenge to a final agency decision that is
2  alleged to violate the Constitution, or both. Either way, Plaintiffs have an avenue for seeking
3  relief."). The Ninth Circuit in *Sierra Club* rejected a very similar argument: "The dissent argues that
4  Plaintiffs' claim is necessarily one encompassed by the APA, and that the availability of an APA cause
5  of action precludes Plaintiffs' equitable claim. We do not think that the APA forecloses Plaintiffs'
6  equitable claim." 929 F.3d at 699. These are independent claims, and regardless of the order in
7  which the claims should be decided, no authority requires this Court to resolve the APA claim first,
8  before even allowing discovery regarding the ultra vires claim.

Finally, the many cases Defendants cite that involve only APA claims, and exceptions to APA record review for those claims, do not purport to address, and do not apply to, non-APA claims like Plaintiffs' ultra vires claims. Dkt. 173 at 1-6.

**2.  Defendants misstate the applicable APA standards for obtaining extra-record discovery.**

Defendants argue that, with respect to Plaintiffs' APA claims, they should be entitled to a "presumption of regularity" regarding "an agency's statement of what is in the record." *Blue Mountains Biodiversity Project v. Jeffries*, 99 F.4th 438, 445 (9th Cir. 2024). But there is nothing *regular* regarding Defendants' submission of testimony in the form of a declaration, only to withdraw that declaration rather than comply with court order for the declarant to appear for cross-examination, after-the-fact claim that the declarant lacked relevant knowledge, and subsequent refusal to make that declarant available even for deposition to test those assertions. Defendants also have yet to provide the Court with what purports to be an administrative record, notwithstanding their argument that this case can proceed only on such a record. In brief after brief, to this Court and on appeal, Defendants continue to insist on asserting facts that defy the existing documentary record and agency admissions. This Court, at the appropriate time, will be hard-pressed to apply any presumption of regularity to Defendants' actions with respect to the record of agency action.

Moreover, those same actions, in addition to the evidence already before this Court regarding OPM's conduct in instructing agencies to carry out terminations based on a lie, support Plaintiffs' showing of agency bad faith. *See* Dkt. 172 at 11-12. Under Ninth Circuit law, Plaintiffs do not need

to make a "strong" showing of bad faith to obtain extra-record discovery for their APA claims at the appropriate time: the Ninth Circuit requires a "showing of bad faith," *Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty. v. Zinke*, 889 F.3d 584, 600 (9th Cir. 2018), even under the cases cited by Defendants, such as *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005). The insertion of "strong" appears to come from the Eighth Circuit, and does not apply here. Dkt. 173 at 4. Nevertheless, the record here fully satisfies either formulation.

Defendants next argue that extra-record discovery is not appropriate because the Court would need to stick to the record when trying any APA claim. Dkt. 173 at 4, 5. This argument misses the point of the Ninth Circuit's well-established exceptions permitting extra-record discovery in APA cases under the standard articulated in, for example, *Cachil Dehe Band of Wintun Indians,* 889 F.3d at 600. While trial of most APA claims would be on the administrative record, the Ninth Circuit's exceptions permitting extra-record discovery are designed to ensure that the proper record is actually before the Court. Where, as here, the case involves widespread misrepresentations by Defendants in the course of the very actions at issue, skepticism would be warranted as to whether the administrative record, once it is submitted, is actually complete or accurate.

3. **Discovery is not moot**. Defendants argue that the Court should reverse its order opening discovery because the need is "moot." This argument fails for the many reasons previously set forth by Plaintiffs and addressed by this Court. Dkt. 88, 120, 132.

4. **Injunction and remedy-related discovery is appropriate for APA claims**. As previously explained, even with respect to Plaintiffs' APA claims, extra-record discovery is appropriate regarding remedy, standing, and whether an agency has acted or made a decision. Dkt. 172 at 8-10. In particular, Defendants' decision-making involves documents created outside the government, before the Presidential inauguration, which Defendants will not include in their record. *Id*. at 11. Finally, Defendants never address their own reliance on extra-record evidence to defend against the injunctions and to address compliance. *Id*. at 9. Defendants cannot have it both ways.

5. **Next steps**. Defendants request that this Court close discovery and "direct the parties to negotiate a briefing schedule by which Defendants will file the certified administrative record and the parties will agree on a summary judgment briefing schedule." Dkt. 173 at 6. Again, Defendants

Pltfs' Reply re: APA Record Review and Discovery, Case No. 25-cv-017580-WHA        4

assume that this case is only an APA case, and ignore their own actions in relying on extra-record evidence to argue against injunctive relief.

Discovery should remain open. Defendants are welcome, as they have been from the outset, to provide the Court with what they represent is the administrative record, for which the parties need not negotiate any schedule. Upon review, Plaintiffs will determine whether, with respect to the APA claims, additional discovery is further warranted with respect to that record, but that opportunity does not obviate the need to keep discovery open now.

DATED: April 4, 2025

Scott A. Kronland
Stacey M. Leyton
Eileen B. Goldsmith
Danielle E. Leonard
Robin S. Tholin
James Baltzer
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151

By: /s/ Danielle Leonard

*Attorneys for Plaintiff Organizations*

Norman L. Eisen (*pro hac vice*)
Pooja Chadhuri (SBN 314847)
STATE DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, DC 20003
Tel: (202) 594-9958
Norman@statedemocracydefenders.org
Pooja@statedemocracydefenders.org

By: /s/ Norman L. Eisen

*Attorneys for Plaintiff Organizations*

Rushab Sanghvi (SBN 302809)
AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES
80 F Street, NW

Washington, DC 20001
Tel: (202) 639-6426
Sanghr@afge.org

By: */s/ Rushab Sanghvi*

*Attorneys for Plaintiff American Federation of Government Employees (AFGE)*

Teague Paterson (SBN 226659)
Matthew Blumin (*pro hac vice*)
AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES
1625 L Street, N.W.
Washington, D.C. 20036
Tel: (202) 775-5900
TPaterson@afscme.org
MBlumin@afscme.org

By: */s/Teague Paterson*

*Attorneys for Plaintiff American Federation of State County and Municipal Employees (AFSCME)*

Tera M. Heintz (SBN 241414)
Cristina Sepe (SBN 308023)
Cynthia Alexander, WA Bar No. 46019 (pro hac vice)
Deputy Solicitors General
OFFICE OF THE WASHINGTON STATE ATTORNEY GENERAL
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
tera.heintz@atg.wa.gov
cristina.sepe@atg.wa.gov
cynthia.alexander@atg.wa.gov

By: */s/ Tera M. Heintz*

*Attorneys for Plaintiff State of Washington*