PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
KELSEY J. HELLAND (CABN 298888)
Assistant United States Attorney
U.S. ATTORNEY'S OFFICE
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495

ERIC J. HAMILTON
Deputy Assistant Attorney General
DIANE KELLEHER
Branch Director
CHRISTOPHER HALL
Assistant Branch Director
JAMES D. TODD, JR.
Senior Trial Counsel
YURI S. FUCHS
GREGORY CONNER
Trial Attorneys
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, *et al.*,<br><br>Defendants. | Case No. 3:25-cv-1780-WHA<br><br>**DEFENDANTS' REPLY IN SUPPORT OF RESPONSE TO MARCH 28, 2025, ORDER SETTING FURTHER BRIEFING SCHEDULE**<br><br>The Hon. William H. Alsup |

# INTRODUCTION

As Defendants previously explained in their Response to the March 28, 2025, Order Setting Briefing Schedule, ECF No. 173 ("Defs.' Br."), this Court should, respectfully, reverse its prior ruling allowing discovery and should instead direct the parties to negotiate a schedule for Defendants to file the certified administrative record and then file cross-motions for summary judgment. Because this is an action brought under the Administrative Procedure Act ("APA"), the starting point for this Court's inquiry is the administrative record, which has yet to be submitted in this case. When that record is submitted, discovery *may* be appropriate if, and only if, certain deficiencies can be shown regarding the completeness of that record. *See Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005). But because no record has been filed, let alone any answer, any discovery in this action is premature.

Plaintiffs' Brief Regarding Discovery and Administrative Record Review, ECF No. 172 ("Pls.' Br.") proffers three reasons for why discovery should proceed despite the lack of an existing administrative record and the lack of any responsive pleadings yet in this case. None is convincing. First, Plaintiffs contend that their *ultra vires* claim is a separate constitutional claim that is not limited to the administrative record. *See* Pls.' Br. at 6. However, the weight of authority provides for constitutional and *ultra vires* claims to be reviewed on the basis of an administrative record. As Plaintiffs' *ultra vires* claim entirely overlaps with their APA claim, Plaintiffs cannot show that discovery is appropriate for a claim characterized as challenging an allegedly *ultra vires* agency action.

Second, Plaintiffs contend that extra-record evidence is needed given that this case is at the preliminary injunction stage. *See id*. at 7-9. But Plaintiffs have already obtained preliminary injunctive relief, and they fail to justify why discovery is needed to obtain any further relief.

Finally, Plaintiffs assert that other exceptions permitting extra-record discovery apply here. *See id*. at 9–12. But Plaintiffs are putting the cart before the horse in arguing that exceptions exist when no administrative record has been filed yet. Only until such time as that record has been filed would it be possible for this Court to determine if any exceptions apply. *See Wilson v. Comm'r of Internal Revenue*, 705 F.3d 980, 991 (9th Cir. 2013). In short, Plaintiffs'

arguments only amplify that discovery at this juncture is premature. For both these reasons and those set forth in Defendants' opening brief, Defendants respectfully request that this Court reverse its prior ruling allowing discovery and instead direct the parties to negotiate a schedule for Defendants to file the certified administrative record and then file cross-motions for summary judgment.

## ARGUMENT

### I. Discovery is Unavailable in this APA Case

Plaintiffs bring this case under the APA and challenge an alleged final agency action taken by OPM; it should therefore be decided on the administrative record of documents that OPM considered in taking that alleged agency action. As Defendants demonstrated in their opening brief, "a court reviewing agency action under the APA must limit its review to the administrative record." *San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 992 (9th Cir. 2014) (citing *Camp v. Pitts,* 411 U.S. 138, 142 (1973)); *see also Dep't of Com. v. New York*, 588 U.S. 752, 780 (2019) ("[I]n reviewing agency action, a court is ordinarily limited to evaluating the agency's contemporaneous explanation in light of the existing administrative record."). "That principle reflects the recognition that further judicial inquiry into 'executive motivation' represents 'a substantial intrusion' into the workings of another branch of Government and should normally be avoided." *Dep't of Com.*, 588 U.S. at 780–81 (quoting *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 268 n.18 (1977)). And record review is not to be disturbed unless plaintiffs can show that the administrative record is incomplete and a relevant exception permitting extra-record discovery applies. *See Lands Council*, 395 F.3d at 1030. Moreover, judicial review based on the administrative record remains the rule even if a plaintiff brings *ultra vires* or constitutional claims. *See FCC v. ITT World Commc'ns, Inc.*, 466 U.S. 463, 469 (1984) (appellate court may "fairly … evaluate" a claim of *ultra vires* agency action on direct review under the APA); *see also, e.g., Bellion Spirits, LLC v. United States*, 335 F.Supp.3d 32, 43 (D.D.C. 2018), , *aff'd*, 7 F.4th 1201(D.C. Cir. 2021); *Arnott v. U.S. Citizenship & Immigr. Servs.*, No. 10-cv-1423, 2012 WL 8609607, at *1 (C.D. Cal. Oct. 10, 2012); *Air Brake Sys., Inc. v. Mineta*, 202 F. Supp. 2d 705, 710 (E.D. Mich. 2002), *aff'd*, 357

F.3d 632 (6th Cir. 2004).

Indeed, when a plaintiff invokes both APA and *ultra vires* causes of action, a court should first consider the plaintiff's APA claim, *see Chamber of Com. v. Reich*, 74 F.3d 1322, 1326–27 (D.C. Cir. 1996), and reach the question whether the agency acted *ultra vires* only if necessary, *see, e.g., Regents of Univ. of Cal. v. Bakke*, 438 U.S. 265, 380 (1978). Even then, the court's review should be confined to the administrative record; otherwise, "[t]he APA's restriction of judicial review to the administrative record would be meaningless if any party seeking review based on … constitutional deficiencies was entitled to broad-ranging discovery." *Harvard Pilgrim Health Care v. Thompson*, 318 F. Supp. 2d 1, 10 (D.R.I. 2004).

### A. Plaintiffs are Not Entitled to Discovery on Their *Ultra Vires* Claim

Ignoring the weight of authority, Plaintiffs assert that they are entitled to discovery on their *ultra vires* claim, citing a string of cases, *see* Pls.' Br. at 6, that do not support their position. Plaintiffs first cite *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978), for the proposition that the usual rules of discovery apply to Plaintiffs' *ultra vires* claim. *See* Pls.' Br at 6. *Oppenheimer* was a case about class actions that involved neither APA claims nor constitutional claims. *See* 427 U.S. at 342–43. Moreover, the Court held that it was "proper to deny discovery of matter that is relevant only to claims or defenses that have been stricken[.]" *Id*. at 352 (citations omitted). Plaintiffs next cite *Armstrong v. Exceptional Child Center, Inc.*, 575 U.S. 320, 327 (2015), *Sierra Club v. Trump*, 963 F.3d 874, 888–93 (9th Cir. 2020), *judgment vacated on other grounds sub nom. Biden v. Sierra Club*, 142 S. Ct. 46 (2021), and *Sierra Club v. Trump*, 929 F.3d 670, 699 (9th Cir. 2019), for the proposition that *ultra vires* claims can continue to be brought after the enactment of the APA. *See* Pls.' Br. at 6. But again, none of those decisions gives any indication that the courts' analyses were based on information obtained via discovery. *See Armstrong*, 575 U.S. at 322–32; *Sierra Club*, 963 F.3d at 883–97; *Sierra Club*, 929 F.3d at 688–707.

Plaintiffs additionally cite a number of district court cases as alleged examples of where they claim discovery was allowed to pursue *ultra vires* claims. *See* Pls.' Br. at 6 (citing *California v. U.S. Dep't of Homeland Sec.*, 612 F. Supp. 3d 875, 882 (N.D. Cal. 2020); *Mayor &*

*City Council of Baltimore v. Trump*, 429 F. Supp. 3d 128, 140 (D. Md. 2019) ("*Baltimore*"); also citing *Porter v. Califano*, 592 F.2d 770 (5th Cir. 1979); *Texas v. U.S. Dep't of Homeland Sec.*, No. 6:23-cv-7, 2023 WL 2842760, at *3 (S.D. Tex. Apr. 7, 2023) ("*Texas v. DHS*"); *Texas v. Biden*, No. 2:21-cv-67, 2021 WL 4552547, at *7 (N.D. Tex. July 19, 2021); *Grill v. Quinn*, No. 10-cv-757, 2012 WL 174873, at *2 (E.D. Cal. Jan. 20, 2012); *Rydeen v. Quigg*, 748 F. Supp. 900, 906 (D.D.C. 1990)).

      None of these cases supports Plaintiffs' contention; to the contrary, both *California* and *Baltimore* support Defendants' position. In *California*, then-Chief Judge Hamilton considered the plaintiffs' challenge to the completeness of the administrative record. *See California*, 612 F. Supp. 3d at 882. The court applied the Ninth Circuit's standards for evaluating whether a court may consider extra-record materials. *See id.* (quoting *SW Ctr. for Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996)). The court first held that some of the plaintiffs' requests had become moot. *See id.* at 883. The court next considered whether the plaintiffs had shown that defendants had relied on documents not included in the record, *see id.*, and held that "plaintiffs have not carried their burden to demonstrate that the policy documents were 'so heavily relied on' by the agency's decision makers." *Id.* at 884 (citation omitted); *see also id.* at 887. The court did conclude that the plaintiffs had rebutted the presumption of completeness, and it therefore allowed the inclusion of a handful of additional documents not originally part of the record (some of which the defendants did not oppose), *see, e.g., id.* at 887–88, as well as documents obtained pursuant to Freedom of Information Act requests, *see id.* at 890–91; *see also id.* at 893. However, it expressly held that the appropriate remedy to complete the record was "not license for a broad mandate to sweep in any and every document, email, or memoranda that is conceivably related to the [challenged] Rule." *Id.* at 981. Rather, the court held that "the appropriate relief is to complete the record only with respect to those types of documents." *Id.*

      As for the plaintiffs' constitutional claims, Judge Hamilton found that other courts faced with both APA and constitutional claims determined that, when the constitutional claims "fundamentally overlap" with the APA claims, discovery was unnecessary, *id.* at 897 (citing

Defendants' Reply in Support of Response to March
28, 2025, Order Setting Further Briefing Schedule
3:25-cv-1780-WHA

4

1   *Bellion Spirits*, 335 F. Supp. 3d at 43–44; *Chiayu Chang v. U.S. Citizenship & Immigr. Servs.*, 254 F. Supp. 3d 160, 162 (D.D.C. 2017); *Ala.-Tombigbee Rivers Coal. v. Norton*, No. 01-cv-194, 2002 WL 227032, at *3-6 (N.D. Ala. Jan. 29, 2002)), and noted that other courts permitted *some* discovery when the APA and constitutional claims diverge in some meaningful way, *see id*. (citing *Manker v. Spencer*, No. 18-cv-372, 2019 WL 5846828, at *19 (D. Conn. Nov. 7, 2019); *Vidal v. Duke*, No. 16-cv-4756, 2017 WL 8773110, at *3 (E.D.N.Y. Oct. 17, 2017)). Closely examining the plaintiffs' allegations, the court concluded that their APA claims and constitutional did not overlap. *See id*. at 898. The court thus allowed limited discovery for the plaintiffs' constitutional claims, *see id*., but still held that the plaintiffs' discovery requests were "premature" and therefore must be stayed until resolution of other legal issues, *see id*. at 899. In so doing, the court held that "even where plaintiffs have asserted constitutional claims, 'wide-ranging discovery is not blindly authorized at a stage in which such an administrative record is being reviewed.'" *Id*. (quoting *Tafas v. Dudas*, 530 F. Supp. 2d 786, 802 (E.D. Va. 2008)).

Likewise in *Baltimore*, the court noted that different courts had reached different outcomes based on the similarities of the plaintiffs' APA and constitutional claims. *See Baltimore*, 429 F. Supp. 3d at 137–41. Balancing the factors at issue in that case, the court held that the plaintiff there was not entitled to discovery on its constitutional claims, *see id*. at 143, and expressly found that the plaintiff's constitutional claim "can be made on the basis of the administrative record," *id*. at 144; *see also id*. ("whether the record is thick or thin, it is all that is necessary to resolve the City's equal protection claims.").

Nor do the other cases cited by Plaintiffs advance their claimed entitlement to discovery. First, *Porter* concerned a *de novo* trial after an administrative adjudication. *See* 592 F. 2d at 771. Second, neither *Texas v. DHS, supra*, nor *Texas v. Biden, supra*, are persuasive. In *Texas v. DHS*, both parties sought significant discovery, *see* 2023 WL 2842760, at *2, and the court allowed discovery into both the plaintiffs' APA and the constitutional claims *after* the government filed the administrative record, *see id*. at *3. And *Texas v. Biden* did not address discovery but simply whether the plaintiffs could supplement the administrative record with extra-record evidence. *See Texas v. Biden*, 2021 WL 4552547, at *1.

Third, in *Grill*, the court only considered the issue whether to allow discovery *after* the defendant had produced the administrative record. *See* 2012 WL 174873, at *1. And the court declined to allow discovery for the plaintiff's procedural due process claim, only allowing limited discovery on the claim of alleged bias against the plaintiff in making the challenged decision at issue in the case. *See id*. at *5. Finally, in *Rydeen*, the court did not authorize discovery, but instead allowed the plaintiff to supplement the record with two affidavits. *See* 748 F. Supp. at 906.

In this case, Plaintiffs assert that their *ultra vires* claim is "separate and apart" from their APA claims. Pls.' Br. at 6. But the allegations set out in Plaintiffs' Second Amended Complaint belie that assertion. *See* Second Am. Compl. ¶¶ 190–229, ECF No. 90 ("SAC"). Contrary to Plaintiffs' contention, their *ultra vires* claim and their APA claims challenge the exact same conduct on almost the exact same theory. *Compare id*., Claim I (Pls.' *ultra vires* claim) ¶ 198 (alleging that the challenged OPM guidance "overr[ode]" a number of specific statutes); *id*. ¶ 199 (alleging that OPM's actions "exceed any statutory authority granted to it by Congress."), *with id*. Claim II (Pls.' APA claim) ¶ 207 (using nearly identical language to ¶ 198 in alleging that the challenged OPM guidance "overr[ode]" the many of the same statutes identified in ¶ 198); ¶ 208 (using identical language to ¶ 199). Plaintiffs' *ultra vires* claim and their APA claims entirely overlap, thus making any discovery into their *ultra vires* claim inappropriate. *Cf. California*, 612 F. Supp. 3d at 987; *Baltimore*, 429 F. Supp. 3d at 144.

**B. Plaintiffs Are Not Entitled to Discovery to Seek Preliminary Injunctive Relief or Move for Compliance**

Plaintiffs also contend that discovery is appropriate because it bears on their ability to seek preliminary injunctive relief and will help assess compliance with this Court's orders. *See* Pls.' Br. at 8. Plaintiffs assert that they need discovery to "prov[e] entitlement to injunctive relief or compliance" but fail to justify why discovery is warranted for relief or compliance. *Id*. at 9. Plaintiffs' claim does not withstand scrutiny.

First, discovery is not warranted because Plaintiffs already have been awarded preliminary injunctive relief, *see* Mar. 14, 2025, Mem. at 1, ECF No. 132, and they fail to

Defendants' Reply in Support of Response to March
28, 2025, Order Setting Further Briefing Schedule
3:25-cv-1780-WHA

identify any particular facts that that they need to establish (or that they could plausibly establish in discovery) to justify their entitlement to additional such relief, *see* Pls.' Br. at 8. Second, Plaintiffs provide no support for their assertions that discovery—used to gather facts in support of legal arguments—has ever been deemed appropriate to determine whether a party has complied with a court order. Indeed, Plaintiffs' motion for compliance did not identify any discovery that they need to sustain their claims. *See* Pls.' Not. of Mot. & Mot. to Compel Compliance with Prelim. Inj. or Hold Defs. in Contempt, ECF No. 155; Pls.' Reply in Supp. of Mot. to Compel Compliance with Prelim. Inj., ECF No. 177.

Plaintiffs nevertheless cite several cases in support of the proposition that discovery is appropriate even in APA cases at the preliminary injunction stage. *See* Pls.' Br. at 8 (citing *E. Bay Sanctuary Covenant v. Trump*, 354 F. Supp. 3d 1094, 1108 (N.D. Cal. 2018), *aff'd*, 950 F.3d 1242 (9th Cir. 2020), and *aff'd sub nom. E. Bay Sanctuary Covenant v. Biden*, 993 F.3d 640 (9th Cir. 2021); *Eco Tour Adventures, Inc. v. Zinke*, 249 F. Supp. 3d 360, 369 n.7 (D.D.C. 2017); *Texas v. DHS*, 2023 WL 2842760, at *2). Each is inapposite. First, nothing in *East Bay Sanctuary Covenant* mentions discovery. *See generally* 354 F. Supp. 3d 1094. Rather, in "assessing the balance of the equities and the public interest" as factors for preliminary injunctive relief, that court held that it was appropriate to consider "extra-record evidence" and noted that nothing in the APA "limit[ed] the scope of the evidence that may be considered for those equitable factors." *Id*. at 1107. Here, Plaintiffs have already submitted similar extra record evidence of their asserted harms and equities. *See, e.g.*, Decls. in Supp. of Pls.' Mot. For TRO, ECF Nos. 18-3 – 18-20. Likewise, *Eco Tour Adventures* never mentions discovery but rather considered "declarations that [we]re not in the AR." 249 F. Supp. 3d at 369 n.7. That court considered extra record evidence because "[t]he issue of injunctive relief [wa]s generally not raised in the administrative proceedings below and, consequently, there usually w[as] … no administrative record developed on these issues." *Id.* (quotation omitted). Here, however, there is no administrative record yet, and Plaintiffs have already provided extra-record evidence regarding their rights to injunctive relief, further undermining any claimed need for discovery now. And while the court in *Texas v. DHS* did grant extra-record discovery, it did not do so

Defendants' Reply in Support of Response to March
28, 2025, Order Setting Further Briefing Schedule
3:25-cv-1780-WHA

7

merely because the case was in a preliminary injunctive posture. Rather, the court found that, based on the unusual facts of that case, discovery was necessary to evaluate the plaintiffs' standing, to determine the scope of available injunctive relief, and to flesh out issues surrounding one merits claim. *See* 2023 WL 2842760, at *2-3. It did not hold that discovery was always permissible on a preliminary injunctive posture in APA cases.

### C. Plaintiffs Fail to Demonstrate That Exemptions to the General Rule Against Discovery in APA Cases Apply Here

This Court should also reject Plaintiffs' various contentions that different exceptions permitting extra record discovery should make discovery available in the present dispute. *See* Pls.' Br. at 9-12.

### 1. Discovery is Not Available to Resolve Factual Disputes in APA Cases

This Court should reject Plaintiffs' premise that discovery can be appropriate to resolve a factual dispute in an APA case. *See* Pls.' Br. at 10. As Defendants demonstrated in their opening brief, "[w]hen a plaintiff challenges a federal agency's actions under the APA, the district court does not identify and resolve factual disputes; the court instead determines whether the administrative record supported the agency's decision as a matter of law." *California v. U.S. Dep't of Lab.*, 306 F. Supp. 3d 1180, 1184 (E.D. Cal. 2018); *see also Coburn v. McHugh*, 77 F. Supp. 3d 24, 29 (D.D.C. 2014) ("When reviewing the decision of an administrative body pursuant to the APA, the reviewing court generally will not resolve factual disputes, but instead reviews the decision as an appellate court addressing issues of law."), *aff'd sub nom. Coburn v. Murphy*, 827 F.3d 1122 (D.C. Cir. 2016).

Ignoring these decisions, Plaintiffs cite *Doe 1 v. Nielsen*, No. 18-cv-02349, 2018 WL 4266870 (N.D. Cal. Sept. 7, 2018) ("*Doe*"), for the proposition that discovery is appropriate to resolve factual disputes. *See* Pls.' Br. at 10. But *Doe* was not an APA record review case; to the contrary, there was "*no* record of a discrete administrative decision or action," 2018 WL 4266870, at *2 (quotation marks omitted) (emphasis added), and the agency opposed production of an administrative record, *see id*. And contrary to Plaintiffs' contention, the *Doe* court did not grant discovery into the merits of the plaintiff's claims; it allowed written, jurisdictional

discovery "of the nature of the agency action at issue." *Id*. at *3. Thus, *Doe* does not support Plaintiffs' claim.

### 2. Plaintiffs Fail to Show That They Are Entitled to Present Extra Record Evidence

Plaintiffs' next assertion that they can present extra-record evidence also fails. *See* Pls.' Br. at 10. At a minimum, Plaintiffs' request to conduct discovery now is premature, as Defendants have not yet produced the administrative record, and Plaintiffs have not shown (and, until the record is produced, could not show) that extra record evidence is warranted. *See SW Ctr. for Biological Diversity*, 100 F.3d at 1451. Plaintiffs' unsupported assertion that they somehow know that the administrative record "will be necessarily under-inclusive," Pls.' Br. at 11, is both speculative and premature.

### 3. Plaintiffs Fail to Show Bad Faith

This Court should also reject Plaintiffs' claim that they have somehow already made a showing of bad faith sufficient to justify discovery. *See* Pls.' Br. at 11-12. To justify discovery in an APA record review case on the grounds of bad faith, a plaintiff must make a strong showing of bad faith in the certification and contents of the administrative record. *See Dep't of Com.* 588 U.S. at 781; *Lands Council*, 395 F.3d at 1030. Of course, "like other official agency actions, an agency's statement of what is in the record is subject to a presumption of regularity." *Blue Mountains Biodiversity Project v. Jeffries*, 99 F.4th 438, 445 (9th Cir. 2024) (quoting *Goffney v. Becerra*, 995 F.3d 737, 748 (9th Cir. 2021)). Thus, until such time as Defendants produce the administrative record and Plaintiffs can review it, Plaintiffs' assertion that they have shown bad faith sufficient to justify discovery is premature.

In sum, the notion that Plaintiff can pursue discovery to obtain extra record evidence is premature here as no administrative record has been produced.

### CONCLUSION

This Court should reverse its prior ruling allowing discovery to commence and should instead direct the parties to negotiate a briefing schedule providing for Defendants to file the certified administrative record and for the parties to file cross motions for summary judgment.
Defendants' Reply in Support of Response to March 28, 2025, Order Setting Further Briefing Schedule
3:25-cv-1780-WHA

| | |
|---|---|
| Dated: April 5, 2025 | Respectfully submitted,<br><br>PATRICK D. ROBBINS (CABN 152288)<br>Acting United States Attorney<br>PAMELA T. JOHANN (CABN 145558)<br>Chief, Civil Division<br>KELSEY J. HELLAND (CABN 298888)<br>Assistant United States Attorney<br>U.S. ATTORNEY'S OFFICE<br>450 Golden Gate Avenue, Box 36055<br>San Francisco, California 94102-3495<br><br>ERIC J. HAMILTON<br>Deputy Assistant Attorney General<br><br>DIANE KELLEHER<br>Branch Director<br>CHRISTOPHER HALL<br>Assistant Branch Director<br><br><u>s/ James D. Todd, Jr.</u><br>JAMES D. TODD, JR.<br>Senior Trial Counsel<br>YURI S. FUCHS<br>GREGORY CONNER<br>Trial Attorneys<br>U.S. DEPARTMENT OF JUSTICE<br>Civil Division, Federal Programs Branch<br>P.O. Box 883<br>Washington, DC 20044<br><br>*Counsel for Defendants* |