PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
KELSEY J. HELLAND (CABN 298888)
Assistant United States Attorney
U.S. ATTORNEY'S OFFICE
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
(415) 436-7200

ERIC HAMILTON
Deputy Assistant Attorney General
DIANE KELLEHER
Branch Director
CHRISTOPHER HALL
Assistant Branch Director
JAMES D. TODD, JR.
Senior Trial Counsel
YURI S. FUCHS
Trial Attorney
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, *et al.*, <br><br> Defendants. | Case No. 3:25-cv-1780-WHA <br><br> **ADMINISTRATIVE MOTION TO FILE AGENCY LISTS OF EMPLOYEES UNDER SEAL** <br><br> Honorable William H. Alsup |

     Pursuant to Civil Local Rule 7-11 and 79-5(c), Defendants move to file under seal unredacted copies of federal-employee information in support of their Notice of Additional Steps Taken to Comply with This Court's March 13, 2025 Preliminary Injunction. Previously, this Court ordered Defendants to "submit a list of all probationary employees terminated on or about February 13th and 14th with an explanation as to each of what has been done to comply with this order." Tr. of March 13, 2025, Hrg. at 53:13-16, 20-22, ECF No. 120. Defendants then submitted this information but filed it under seal because it contained the personal identifying information ("PII") of federal employees that should remain confidential and filed redacted copies on the public docket. *See* Admin. Mot to File Agency Lists of Employees Under Seal, ECF No. 143; Not. of Filing Certain Agency Declarations & Redacted Lists of Agency Emps., ECF No. 144. On March 31, 2025, Defendants filed updated lists and declarations indicating what agencies had further done to comply with this Court's Orders by way of opposition to Plaintiffs' Motion to Compel Compliance with the Court's March 13, 2025 Order. *See* Defs.' Resp. to Plfs.' Mot. to Compel, ECF No. 168; Admin Mot. to File Agency Lists of Employees Under Seal, ECF No. 169. Those filings demonstrated the steps that each agency had undertaken to immediately comply with the Court's orders, including lists of probationary employees and documenting what had been done to offer reinstatement to those employees. In further support of their arguments and to provide more background for the Court, Defendants seek to file similar lists on behalf of the Departments of Defense, the Interior, and Veterans Affairs that demonstrate steps taken by the agencies to comply with the Court's orders. As with their prior submission of employee lists, Defendants seek to seal the unredacted lists while submitting the redacted lists on the public docket.

     Because the information Defendants seek to seal is not being submitted in support of any argument for relief on the merits, but rather to update the Court on actions taken by Defendants following issuance of the preliminary injunction, the "good cause" standard applies. *See Ctr. for Auto Safety v. Chrysler Group*, LLC, 809 F.3d 1092, 1097 (9th Cir. 2016) (internal citations omitted). Even under the more stringent "compelling reasons" standard for sealing some information, courts in this District routinely order the sealing of third-party PII. *See, e.g.*, *Opperman v. Path, Inc.*, No. 13-cv-453, 2017 WL 1036652, at *4 (N.D. Cal. Mar. 17, 2017) (exhibit containing "the names, email addresses, and phone numbers of non-part[ies]" provided "compelling reasons to seal [it] in its entirety").

Defendants' Admin. Mot. to File Agency Lists of Employees Under Seal
NO. 3:25-CV-1780-WHA

In this case, there is both good cause and a compelling reason to protect federal employee PII from public disclosure here. First, absent an applicable exemption, the Privacy Act protects such information from disclosure. *See* 5 U.S.C. § 522a(b). Second, the federal employees identified in the documents are not parties to this litigation and have their own privacy interests; therefore there is no need for public disclosure of their identities or their PII at this point in the proceedings. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003) (recognizing the need to "protect third-party privacy interests" in "personnel records"). If sealing were denied, the names and PII of third-party employees will be exposed to public attention in this high-profile litigation. And because the Court's order specifically requires the submission of employee PII, *see* Tr. of March 13, 2025, Hrg. at 53:13-16, 20-22, no less-restrictive alternative (such as redacting that information) is sufficient here.

**CONCLUSION**

Defendants respectfully request this Court grant this Motion and permit unredacted copies of the following documents to be filed under seal:

1. Ex. 1: U.S. Department of Defense's List of Employees
2. Ex. 2: U.S. Department of Veterans Affairs' List of Employees
3. Ex. 3: U.S. Department of the Interior's List of Employees

| | |
|---|---|
| DATED: April 7, 2025 | Respectfully submitted,<br><br>PATRICK D. ROBBINS (CABN 152288)<br>Acting United States Attorney<br>PAMELA T. JOHANN (CABN 145558)<br>Chief, Civil Division<br>KELSEY J. HELLAND (CABN 298888)<br>Assistant United States Attorney<br>U.S. ATTORNEY'S OFFICE<br>450 Golden Gate Avenue, Box 36055<br>San Francisco, California 94102-3495<br><br>ERIC HAMILTON<br>Deputy Assistant Attorney General<br><br>DIANE KELLEHER<br>Branch Director<br>CHRISTOPHER HALL<br>Assistant Branch Director<br><br>JAMES D. TODD, JR.<br>Senior Trial Counsel<br><br>*s/ Yuri S. Fuchs*<br>YURI S. FUCHS<br>GREGORY CONNER<br>Trial Attorneys<br>U.S. DEPARTMENT OF JUSTICE<br>Civil Division, Federal Programs Branch<br>P.O. Box 883<br>Washington, DC 20044<br><br>*Counsel for Defendants* |