PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
KELSEY J. HELLAND (CABN 298888)
Assistant United States Attorney
U.S. ATTORNEY'S OFFICE
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
(415) 436-7200

ERIC HAMILTON
Deputy Assistant Attorney General
DIANE KELLEHER
Branch Director
CHRISTOPHER HALL
Assistant Branch Director
JAMES D. TODD, JR.
Senior Trial Counsel
YURI S. FUCHS
GREGORY CONNER
Trial Attorneys
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, *et al*.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, *et al.*,<br><br>Defendants. | Case No. 3:25-cv-1780-WHA<br><br>**DECLARATION OF KELSEY J. HELLAND IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>The Hon. William H. Alsup |

I, Kelsey J. Helland, declare, pursuant to 28 U.S.C. § 1746 and Local Rule 7-3, as follows:

1. I am a member in good standing of the State Bar of California and am admitted as a federal attorney in this Court. I represent all of the Defendants in this action. I submit this declaration in support of Defendants' Administrative Motion to File Under Seal, filed concurrently herewith.

2. On March 20, 2025, Defendants filed an Administrative Motion to File Under Seal unredacted versions of documents related to steps taken by Defendants to comply with the preliminary injunction in this matter that contain the personal identifying information of third-party federal employees. *See* Dkt. No. 143. Plaintiffs stipulated that such material could be filed under seal, Dkt. No. 143-1, and the Court granted the Administrative Motion, Dkt. No. 147.

3. On March 31, 2025, Defendants filed a second Administrative Motion to File Under Seal updated versions of similar compliance-related documents that likewise contain personal identifying information of third-party federal employees. *See* Dkt. No. 169. Plaintiffs again stipulated that such material could be filed under seal. *See* Dkt. No. 169-1. As of this filing, Defendants' Administrative Motion remains pending.

4. On April 7, 2025, I emailed counsel for Plaintiffs indicating that Defendants intend to file further updated versions of these compliance-related documents, and requesting Plaintiffs' agreement that unredacted versions of these further updated versions could likewise be filed under seal. Plaintiffs' counsel responded that they would not stipulate that the materials could be filed under seal unless Defendants produced the unredacted copies to Plaintiffs directly. I replied, explaining that Defendants could not disclose such private employee information without an adequate protective order in place (which has not yet been entered here), and that the identities of individual third-party federal employees are not relevant to assessing Defendants' compliance with the Court's orders at this stage of the litigation. Plaintiffs then responded and asked that Defendants convey the following position from Plaintiffs in any administrative motion: "Plaintiffs have repeatedly requested that they be served, as is required by the rules, with documents filed by Defendants under seal. Defendants have refused to respond. Plaintiffs

1  cannot give further agreement to have documents filed under seal, unless and until Defendants
2  agree to comply with their obligation to provide Plaintiffs with anything they are submitting to
3  the Court."

4      5.     Defendants request that the Court allow the further updated versions of their
5  compliance lists to be filed under seal, because these documents contain private federal
6  employee information that is protected by the Privacy Act, and because, if sealing were denied,
7  the names and PII of third-party employees will be exposed to public attention in this high-
8  profile litigation.

10       Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true
11  and correct.

13  Dated: April 7, 2025

16                      /s/ *Kelsey J. Helland*
                     KELSEY J. HELLAND