Scott A. Kronland (SBN 171693)
Stacey M. Leyton (SBN 203827)
Eileen B. Goldsmith (SBN 218029)
Danielle E. Leonard (SBN 218201)
Robin S. Tholin (SBN 344845)
James Baltzer (SBN 332232)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel. (415) 421-7151
Fax (415) 362-8064
skronland@altber.com
sleyton@altber.com
egoldsmith@altber.com
dleonard@altber.com
rtholin@altber.com
jbaltzer@altber.com

*Attorneys for Plaintiff Organizations*

[Additional Counsel on signature page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO; AMERICAN FEDERATION OF STATE COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, et al., <br><br> Defendants. | Case No. 25-cv-01780-WHA <br><br> **RESPONSE TO COURT'S INQUIRY RE: UNION MEMBERS** |

# RESPONSE TO COURT'S INQUIRY AT FURTHER PRELIMINARY INJUNCTION HEARING

At the April 9, 2025 hearing on the preliminary injunction motions filed by the Public Sector Union Plaintiffs and the State of Washington, the Court invited the Public Sector Union Plaintiffs to submit the names of their members who were terminated based on their status as probationary employees. *See* Tr. (4/9/2025) at 84. The Court also ordered Defendants to, at the same time, provide Public Sector Union Plaintiffs with the unredacted list of the probationary employees who were terminated from employment at six Rule 19 agencies that was previously filed under seal. The parties have agreed to and submitted for the Court's approval a protective order covering this information. Dkt. 193.

Plaintiffs hereby submit the information requested by the Court along with an explanation as to how those names were compiled from the information available to the Public Sector Unions and how this submission relates to the appropriate scope of injunctive relief. To the extent Defendants' forthcoming lists reveal additional members of the Public Sector Unions who have been terminated because of probationary status, the Public Sector Unions will supplement these lists as soon as practicable after comparing those lists to union records.

As this response explains and supports with Ninth Circuit and Supreme Court authority, the evidence submitted by Plaintiffs supports a preliminary injunction that covers all probationary employees in the bargaining units that the Public Sector Unions represent, as reflected in the charts handed to the Court at the April 9 hearing and filed earlier today. Dkt. 196. If the Court disagrees, a preliminary injunction should be entered that covers all members of Public Sector Unions at those agencies, based on the Public Sector Unions' showing.

Plaintiffs also hereby submit as an addendum to this Response a notice sent yesterday to all or substantially all probationary employees at the Department of Commerce "reverting [their] termination action to its original effective date" in February 2025.

**Identification of Union Members**

The existing record before the Court identifies some and describes many members of the Plaintiff Public Sector Unions who were terminated because of their probationary status. *See* Blake

RESPONSE TO COURT'S INQUIRY RE: UNION MEMBERS, No. 25-cv-01780-WHA                1

Decl., Dkt. 181-1, ¶10; Kelley Decl., Dkt. 18-12, ¶26; Turner-Nichols Decl., Dkt. 18-18, ¶6; Jacobs Decl., Dkt. 18-10, ¶9; Ronneberg Decl., Dkt. 18-17, ¶14; Evans Decl., Dkt. 18-8, ¶¶1, 25-26 & Ex. B; Frassetto Decl., Dkt. 18-9, ¶¶1, 22 & Ex. C.  Plaintiffs, at the Court's request, hereby supplement that record with the names of 1,410 probationary employees whom they have been able to determine, from the information in their current possession, (1) were terminated in February 2025 at OPM's direction based on their status as probationary employees, (2) are employed in bargaining units represented by Public Sector Union Plaintiffs, and (3) are dues-paying members of Public Sector Union Plaintiffs.  Supplemental Declaration of Amelia Glymph ("Supp. Glymph Decl.") ¶3 & Ex.1; Supplemental Declaration of Kory Blake ("Supp. Blake Decl.") ¶4 & Ex. 1.

As explained in the accompanying declarations, the lists of names that the Public Sector Unions have been able to compile from the information in their current possession is underinclusive.  Those declarations explain that Plaintiffs' ability to identify every member of the Public Sector Unions who was terminated because of probationary status is limited by a number of factors, including the following:

First, the Public Sector Union Plaintiffs' membership records do not reveal whether a particular member is in probationary employment status.  Supp. Glymph Decl. ¶6; Supp. Blake Decl. ¶9.[1]  Those records do not include a member's date of hire (or, in the case of employees recently promoted, their date of promotion to a different position).  Supp. Glymph Decl. ¶6; Supp. Blake Decl. ¶9.  Therefore, the Public Sector Union Plaintiffs are unable to identify probationary employee members or to assemble a list of those members through a review of the membership records.  Moreover, since January 20, 2025, the federal agencies have terminated employees for several reasons beyond probationary status.  Thus, even when Public Sector Union Plaintiffs become aware that a particular member has been terminated from their current position, it has not necessarily been apparent whether the member was terminated based on their probationary status, or based on other actions of the Administration (such as the anti-DEI executive order).

---

[1] While the date the individual joined the union is reflected in membership records, employees may join the union immediately upon beginning their federal employment, or many months or even years thereafter, so this information does not accurately track their probationary status vis-à-vis their current position.  Supp. Glymph Decl. ¶6.

Second, the Public Sector Union Plaintiffs have a legal duty (and authority) to represent **all** members of the bargaining units they represent, without regard to union membership. 5 U.S.C. §7114(A)(1) (unions must fairly represent all employees in bargaining unit "without regard to labor organization membership"); *NTEU v. FLRA*, 800 F.2d 1165, 1168-69 (D.C. Cir. 1986) (duty of fair representation "co-extensive" with representational authority, and with private sector duty). The Public Sector Unions help bargaining unit members when they call, regardless of their union membership status and regardless of whether they pay dues. Supp. Glymph Decl. ¶5; Supp. Blake Decl. ¶5. While the staff at union locals are familiar with certain union members, or other members may identify themselves as such, the Public Sector Union Plaintiffs therefore do not ask probationary employees who have contacted the unions for assistance during the past two months whether they are union members, and have not tracked that information. Supp. Glymph Decl. ¶5.

Third, as of the time of this filing, many of the employing agencies have not provided, and Public Sector Union Plaintiffs do not otherwise have, a complete list of the terminated probationary employees at either the agency or bargaining unit level, from which they could determine which of their members received termination notices in February 2025. Supp. Blake Decl. ¶6; Supp. Glymph Decl. ¶7. And the agencies provided no notice to the Unions (or anyone else) prior to engaging in these terminations. When the Public Sector Union Plaintiffs asked federal agencies to provide information about the February 2025 termination of probationary employees who are represented by Union Plaintiffs, some agencies refused and others provided inaccurate (and under-inclusive) information. Supp. Glymph Decl. ¶8; Supp. Blake Decl. ¶6.[2]

Even after the Public Sector Unions filed this lawsuit, and the Court granted an injunction requiring Defendants to disclose the names of terminated employees at the six agencies covered by

---

[2] The agencies have no contractual or other legal duty to provide immediate notice of termination of individual employees, magnifying the need for agencies to comply with their legal duty to provide information regarding bargaining unit employees upon the union's request. *See* 5 U.S.C. §7114(b)(2); Supp. Glymph Decl. ¶7; Supp. Blake Decl. ¶6. By contrast, when bargaining unit employees are subject to a RIF, their union is entitled to advance notice of each employee who will be affected. 5 C.F.R. §351.801(a)(2).) The agencies provided no notice here. And the refusal of many of the federal agencies to provide that information as requested by the unions, and the provision of inaccurate information by some agencies, has impaired the unions' ability to verify which members were terminated in their probationary period.

RESPONSE TO COURT'S INQUIRY RE: UNION MEMBERS, No. 25-cv-01780-WHA    3

1  the March preliminary injunction order, Defendants served Plaintiffs only with redacted versions of
2  those lists. Tr. (4/9/2025) at 29. Therefore, Union Plaintiffs have been unable to cross-reference the
3  list of terminated probationary employees with their membership lists. Pursuant to the Court's April
4  9 order, *Public Sector Union Plaintiffs expect to obtain that information for those six agencies*
5  *simultaneous to this filing*,[3] and so, as explained *infra*, will submit a supplemental report as soon as
6  practicable after matching the list of terminated probationary employees against membership records.
7        Thus, even though Union Plaintiffs *do* know "who [their] own members are," they do not
8  have complete information that would allow them to file with this Court the name of every union
9  member who was terminated by Defendants because of probationary status. Tr. (4/5/2025) at 28.
10 The unions have compiled the lists submitted with this declaration based on the best information they
11 currently possess and were able to collect in response to the court order.
12 **Appropriate Scope of Preliminary Injunction**
13        The Public Sector Unions' evidentiary showing in support of their preliminary injunction
14 motion, supplemented by this more detailed individualized information, amply supports the requested
15 injunctive relief to restore the status quo for the unlawfully terminated probationary employees at the
16 agencies where the Public Sector Union plaintiffs represent employees. Dkt. 196. Under
17 longstanding authority, once an associational plaintiff has identified a *single* injured member,
18 injunctive relief appropriately encompasses *all* members of that association who have been injured or
19 face imminent injury, regardless of whether those additional members have been named or otherwise
20 identified. *See Summers v. Earth Island Institute*, 555 U.S. 488, 498 (2009) (for standing to obtain
21 injunctive relief, plaintiff association must "establish[] that *at least one* identified member had
22 suffered or would suffer harm") (emphasis added); *Warth v. Seldin*, 422 U.S. 490, 515 (1975) (once
23 associational standing is established, organization may "invoke the court's remedial powers on behalf
24 of its members" to obtain injunction that "will inure to the benefit of *those members of the*
25 *association actually injured*") (emphasis added); *cf. FDA v. All. for Hippocratic Med.*, 602 U.S. 367,
26
27        [3] *See* Tr. (4/9/2025) at 46 ("[B]y close of business on Friday, I want you to submit a form of
28 protective order that you both agree to, and it has to allow the unions to see it so they can figure out if
   XYZ is a member of the union."); Dkt. 193.

RESPONSE TO COURT'S INQUIRY RE: UNION MEMBERS, No. 25-cv-01780-WHA          4

399 (2024) (Thomas, J., concurring) ("If a single member of an association has suffered an injury, our doctrine permits that association to seek relief *for its entire membership*—even if the association has tens of millions of other, non-injured members.").[4] Thus, even if relief were extended only to the Public Sector Union Plaintiffs' members rather than the entire bargaining unit, governing law supports extending relief to ***all*** members—named/identified or not.

In fact, in a case like this one, "[w]here it is relatively clear, rather than merely speculative, that one or more members have been or will be adversely affected by a defendant's action, … we see no purpose to be served by requiring an organization to identify by name the member or members injured." *National Council of La Raza v. Cegavske*, 800 F.3d 1032, 1042 (9th Cir. 2015); *accord Mi Familia Vota v. Fontes*, 129 F.4th 691, 708 (9th Cir. 2025) (so holding, in case involving summary judgment and permanent injunction).[5]

Further, relief should extend to *all* probationary employees in the bargaining units that the Public Sector Union Plaintiffs represent, regardless of their union membership status. As previously discussed, the Public Sector Union Plaintiffs have a legal duty and authority to represent not only those federal employees who have voluntarily elected to become union members and pay membership dues, but all employees in the relevant bargaining units. Union Plaintiffs and their local affiliates are the exclusive representatives of the bargaining units they represent, and therefore represent all employees in those bargaining units for matters within the scope of representation. Supp. Blake Decl. ¶5; Supp. Glymph Decl. ¶5.[6] For that reason, Plaintiff Unions should be permitted

---

[4] *See also Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 600 U.S. 181, 199 (2023) (upholding associational standing to invalidate college admissions policies based on showing that organization had 47 members in one case and four identified members in the other); *Parents Involved in Cmty. Schs. v. Seattle Sch. Dist. No. 1*, 551 U.S. 701, 718 (2007) (parent association had standing to obtain "injunctive relief on behalf of … members whose elementary and middle school children may be denied admission to the high schools of their choice when they apply for those schools in the future") (quotations omitted)); *Labrador v. Poe ex rel. Poe*, 144 S. Ct. 921, 932 (2024) (mem.) (Kavanaugh, J., concurring) (noting "widespread effect" of injunction issued to "an association that has many members").

[5] That rule applies when, as here, "the defendant need not know the identity of a particular member to understand and respond to an organization's claim of injury." *National Council of La Raza*, 800 F.3d at 1042.

[6] *See, e.g.*, Supp. Glymph Decl. ¶5 ("AFGE staff have received thousands of calls and emails from federal employees seeking guidance on the termination of probationary employees. In responding

to obtain relief on behalf of all bargaining unit employees who they represent. *See Oregon Advocacy Ctr. v. Mink*, 322 F.3d 1101, 1110 (9th Cir. 2003) (holding that entity with statutory obligation to represent certain individuals may obtain relief on their behalf, even in the absence of a voluntary membership relationship, when they are "functional equivalent of members for purposes of [the entity's] associational standing"); *Hawai'i Disability Rights Ctr. v. Kishimoto*, 122 F.4th 353, 365 (9th Cir. 2024) (same). Besides, the Public Sector Union Plaintiffs have demonstrated not only associational standing, but organizational standing based on the direct impairment of their core purposes and activities,[7] and are entitled to a preliminary injunction covering all individuals represented by Plaintiff Unions on that basis.[8]

To the extent that this Court deems it necessary to identify an affected member from each Rule 19 defendant from which Plaintiffs seek relief, the Union Plaintiffs have identified members from the following Rule 19 defendants, which are the same agencies listed in the chart filed at Dkt. 196: Department of Agriculture, Department of Defense, Department of Energy, Department of the Interior, Department of Veterans Affairs, Department of Commerce, Department of Education, Department of Health and Human Services, Department of Homeland Security, Department of Housing and Urban Development, Department of Transportation, Environmental Protection Agency, General Services Administration, and Small Business Administration.

**Submission of Additional Information**

As previously discussed, this Court also ordered Defendants to serve the unredacted version of the list of terminated probationary employees at six Rule 19 defendant agencies. Once Plaintiffs are served with this list, Public Sector Union Plaintiffs will be able to cross-reference their

---

to those requests, AFGE staff provided assistance without regard to the employee's union membership status.").

[7] *See All. for Hippocratic Med.*, 602 U.S. at 395 (an organizational plaintiff has standing when a defendant's conduct has "directly affected and interfered with [the organization's] core business activities"); *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 378-79 (1982); *see also* Blake Decl., Dkt. 181-1, ¶¶14-17; Jacobs Decl., Dkt. 18-10, ¶¶14-16; Kelley Decl., Dkt. 18-12, ¶¶8-13; Nemeth-Greenleaf Decl., Dkt. 18-14, ¶12; Ronneberg Decl., Dkt. 18-17, ¶¶17-18; Turner-Nichols Decl., Dkt. 18-18, ¶¶7-9.

[8] Union Plaintiffs are aware of thousands of other terminated probationary employees in the bargaining units they represent, who may or may not be members of Union Plaintiffs, but who should be granted relief. *E.g.*, Supp. Glymph Decl. ¶5; Supp. Blake Decl. ¶5.

RESPONSE TO COURT'S INQUIRY RE: UNION MEMBERS, No. 25-cv-01780-WHA        6

membership lists and provide to the Court an updated list of affected union members, and will do so as soon as practicable.

This Court need not and should not wait for that supplemental list before granting preliminary injunctive relief, however. For the reasons explained herein, governing law supports granting such relief without requiring Plaintiffs to identify every affected member. The Public Sector Unions have made more than sufficient showing to warrant relief that maintains the status quo for affected federal employees, whose jobs very much remain under threat—as is amply illustrated by a notice apparently sent to all (or substantially all) Department of Commerce employees yesterday, of which Plaintiffs have just been made aware.

That notice, which Plaintiffs are submitting as an addendum to this response, informs probationary employees who were terminated in February and then reinstated in March pursuant to the District of Maryland's preliminary injunction that "the Department is *reverting your termination to its original effective date*."[9] This wording makes clear that, rather than making new, independent decisions regarding which probationary employees to terminate, the federal agencies are simply reinstating the February 2025 probationary terminations ordered by OPM, which this Court previously held unlawful.

As such, the Court should not wait for updated information before issuing a preliminary injunction restoring the status quo.

---

[9] The Department of Commerce includes the National Oceanic and Atmospheric Administration (NOAA), and NOAA probationary employees, including the employee profiled in this article as essential for the release of salmon in Washington state, were among the employees who received the attached letter: https://www.nytimes.com/2025/04/09/climate/noaa-doge-cuts-salmon.html.

RESPONSE TO COURT'S INQUIRY RE: UNION MEMBERS, No. 25-cv-01780-WHA          7

| | | |
|---|---|---|
| 1 | DATED: April 11, 2025 | Scott A. Kronland |
| 2 | | Stacey M. Leyton |
| | | Eileen B. Goldsmith |
| 3 | | Danielle E. Leonard |
| | | Robin S. Tholin |
| 4 | | James Baltzer |
| | | ALTSHULER BERZON LLP |
| 5 | | 177 Post St., Suite 300 |
| | | San Francisco, CA 94108 |
| 6 | | Tel: (415) 421-7151 |

By: */s/ Danielle Leonard*

*Attorneys for Plaintiff Organizations*

Norman L. Eisen (*pro hac vice*)
Pooja Chadhuri (SBN 314847)
STATE DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, DC 20003
Tel: (202) 594-9958
Norman@statedemocracydefenders.org
Pooja@statedemocracydefenders.org

By: */s/ Norman L. Eisen*

*Attorneys for Plaintiff Organizations*

Rushab Sanghvi (SBN 302809)
AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES
80 F Street, NW
Washington, DC 20001
Tel: (202) 639-6426
Sanghr@afge.org

By: */s/ Rushab Sanghvi*

*Attorneys for Plaintiff American Federation of Government Employees (AFGE)*

Teague Paterson (SBN 226659)
Matthew Blumin (*pro hac vice*)
AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES
1625 L Street, N.W.
Washington, D.C. 20036

RESPONSE TO COURT'S INQUIRY RE: UNION MEMBERS, No. 25-cv-01780-WHA    8

Tel: (202) 775-5900
TPaterson@afscme.org
MBlumin@afscme.org

By: */s/Teague Paterson*

*Attorneys for Plaintiff American Federation of State County and Municipal Employees (AFSCME)*

Tera M. Heintz (SBN 241414)
Cristina Sepe (SBN 308023)
Cynthia Alexander, WA Bar No. 46019 (pro hac vice)
Deputy Solicitors General
OFFICE OF THE WASHINGTON STATE
ATTORNEY GENERAL
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
tera.heintz@atg.wa.gov
cristina.sepe@atg.wa.gov
cynthia.alexander@atg.wa.gov

By: */s/ Tera M. Heintz*

*Attorneys for Plaintiff State of Washington*

RESPONSE TO COURT'S INQUIRY RE: UNION MEMBERS, No. 25-cv-01780-WHA    9