Scott A. Kronland (SBN 171693)
Stacey M. Leyton (SBN 203827)
Eileen B. Goldsmith (SBN 218029)
Danielle E. Leonard (SBN 218201)
Robin S. Tholin (SBN 344845)
James Baltzer  (SBN 332232)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel. (415) 421-7151
Fax (415) 362-8064
skronland@altber.com
sleyton@altber.com
egoldsmith@altber.com
dleonard@altber.com
rtholin@altber.com
jbaltzer@altber.com

*Attorneys for Plaintiffs*

[Additional Counsel not listed]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO; AMERICAN FEDERATION OF STATE COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, et al., <br><br> Defendants. | Case No. 3:25-cv-01780-WHA <br><br> **SUPPLEMENTAL DECLARATION OF KORY BLAKE** |

Supplemental Declaration of Kory Blake, No. 3:25-cv-01780-WHA

**SUPPLEMENTAL DECLARATION OF KORY BLAKE**

I, Kory Blake, declare as follows:

1. I am over 18 years of age and competent to give this declaration. This declaration is based on my personal knowledge, information, and belief.

2. I am the Area Field Services Director ("AFSD") for the Eastern Region in the Organizing and Field Services department of the American Federation of State, County and Municipal Employees, AFL-CIO ("AFSCME"). This declaration is provided as a supplement to my declarations of February 22 and 26, 2025 and March 11, 2025.

3. As noted in my previous declaration (Dkt. 18-6), AFSCME represents more than 6,000 federal civilian employees in various executive branch departments and agencies.

4. Some AFSCME local unions representing federal government employees at two Defendant agencies have provided the Union with the names of probationary employees of those agencies who (a) were terminated from their employment in connection with the events giving rise to this case in February 2025, (b) are members of a bargaining unit represented by the Union as the exclusive representative pursuant to 5 U.S.C. § 7111, *and* (c) are dues-paying members of AFSCME. The list of the names of those employees (i.e., employees who meet all three of those criteria), including the agency at which each is employed, is attached hereto as Exhibit 1.

5. This list includes only dues-paying members of AFSCME, and thus is underinclusive of the full list of all employees who (a) were terminated from their employment in connection with the events giving rise to this case in February 2025 and (b) are represented by the Union. This is because federal employees who are employed in a bargaining unit that is represented by a labor organization as its exclusive representative are *not* required to be dues-paying members of the union. Rather, union membership in the federal sector is voluntary. Nevertheless, the "exclusive representative is responsible for representing the interests of *all* employees in the unit it represents without discrimination and *without regard to labor organization membership*." 5 U.S.C. § 7114(a)(1) (emphasis added). As of the date of this declaration, the Union has been able to confirm that at least 58 employees (a) were terminated from their employment in connection with the events giving rise to this case in February 2025 and (b) are represented by the union, but were not (c) dues-paying members

1    of the union.

2        6.    The Union does not necessarily become aware that an employee in a bargaining unit
3    exclusively represented by the Union (whether that employee was a union member or not) has been
4    terminated. Federal agency employers have no statutory, regulatory, or contractual duty to notify the
5    Union immediately upon terminating a bargaining unit employee. Nor do bargaining unit employees,
6    whether union members or not, have a duty to inform the Union that they were terminated. Although
7    federal agency employers are legally obligated to provide certain information to the Union upon
8    request, the Union did not receive complete lists of terminated probationary employees from all of the
9    Defendant agencies where the Union represents bargaining unit employees; in at least one bargaining
10   unit, for example, a list provided by the agency employer to the AFSCME local union was missing the
11   names of some probationary employees in the bargaining unit that the local union's president later
12   confirmed had been terminated.

13       7.    It is difficult to communicate with non-dues paying bargaining unit members because
14   the Union does not have access to their personal contact information. Defendant agencies do not have
15   an obligation to provide the Union with personal contact information for the bargaining unit employees
16   that the union represents.

17       8.    It is also challenging to communicate with all the union's dues-paying members,
18   especially on short notice, because the union's records of its dues-paying members not infrequently
19   have incomplete or out-of-date contact information for union members (as would be the case for any
20   large membership organization). This limitation made it particularly difficult for the Union to reach
21   members, on the short notice provided by the Court, to verify which individuals were terminated and,
22   if they were, whether they were probationary employees.

23       9.    In addition, while AFSCME maintains membership lists of all represented employees
24   who have chosen to become AFSCME members and has cross-referenced available information
25   regarding terminated probationary employees against its membership lists, AFSCME's member
26   records do not identify employees by probationary status or date of hire or promotion into their current
27   position. Most probationary employees are recent hires to the federal government, but long-time
28   employees (including those who may be union members of long standing) can become probationary

Supplemental Declaration of Kory Blake, No. 3:25-cv-01780-WHA    2

again if they have recently been promoted into a new position. Further, represented employees may choose to become union members at any point during their federal employment. While some employees choose to become union members right away, others may choose to become union members only after being employed by the government for some period of time. Therefore, the date that an employee became a union member has no relation to the date of their hire or promotion, and our membership lists shed no light on whether an employee is in their probationary period.

10. As of the date of this declaration, the Union has not been able to confirm the full scope of the probationary employee terminations at Defendant agencies nor was the Union able to cross reference a full list of terminated probationary employees at these agencies with our membership data. It is likely that the complete, unredacted terminated employee lists that the Government has been ordered to produce will show more AFSCME members who were terminated in their probationary periods than we were already aware of.

11. While some of the probationary employees identified on Exhibit 1 were reinstated in response to this Court's preliminary injunction and the TRO and preliminary injunction issued in *Maryland, et al. v. U.S. Dep't of Agriculture, et al.*, D. Md. Case No. 25-00748, those injunctions have now been stayed. Therefore, even probationary employees who were reinstated are now facing termination again.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 11th day of April 2025 in Washington, DC.

_____

Kory Blake

# EXHIBIT 1

| NAME | AGENCY | AFSCME Local | Confirmed Member |
|---|---|---|---|
| ███ | USDA | 3976 | Y |
| | USDA | 3976 | Y |
| | USDA | 3976 | Y |
| | USDA | 3976 | Y |
| | USDA | 3925 | Y |
| | DOT | 1653 | Y |
| | DOT | 1653 | Y |
| | DOT | 1653 | Y |
| | DOT | 1653 | Y |
| | DOT | 1653 | Y |
| | DOT | 1653 | Y |
| | DOT | 1653 | Y |