Scott A. Kronland (SBN 171693)
Stacey M. Leyton (SBN 203827)
Eileen B. Goldsmith (SBN 218029)
Danielle E. Leonard (SBN 218201)
Robin S. Tholin (SBN 344845)
James Baltzer (SBN 332232)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel. (415) 421-7151
Fax (415) 362-8064
skronland@altber.com
sleyton@altber.com
egoldsmith@altber.com
dleonard@altber.com
rtholin@altber.com
jbaltzer@altber.com

*Attorneys for Plaintiffs*

[Additional Counsel on signature page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO; AMERICAN FEDERATION OF STATE COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, et al., <br><br> Defendants. | Case No. 25-cv-01780-WHA <br><br> **PLAINTIFFS' STATUS REPORT** |

PLFS' STATUS REPORT, #3:25-cv-01780-WHA

Plaintiffs provide the following update and status report regarding matters pending before the Court.

1.   Plaintiffs have continued to receive additional information regarding the Department of Commerce, National Oceanic and Atmospheric Administration (NOAA)'s reinstatement of the prior unlawful terminations retroactive to the original termination date.  *See* Dkt. 199 at 7.

Attached as Exhibit A is a notice received by Plaintiffs' counsel from multiple sources, which appears to be a notice NOAA is providing to previously terminated probationary employees that had been reinstated pursuant to the Maryland court's order, now stayed.  The notice makes clear that this agency is enforcing the *original* unlawful termination, not engaging in any independent decision-making as to whether to terminate these employees:  "[Y]our separation from federal service has been made retroactive to February 27, 2025"; "All benefits are based on the retroactive separation date." Thus, two months after the fact, the Department of Commerce is retroactively cutting off health benefits backdated to the original unlawful termination date, subject only to limited extensions that employees now must pay for ("Federal Employees Health Benefits (FEHB):  Your FEHB coverage ended March 8, 2025, which was the last day of the pay period in which you separated and your last eligible day of coverage based on the February 27, 2025 separation date"; "Services received on or after April 9, 2025, will not be covered unless you elect Temporary Continuation of Coverage (TCC)").  NOAA employees are further informed, because of the enforcement of the original termination date, that the free month of post-employment coverage provided to federal workers has already expired (to be clear: while they were employed on administrative leave, as ordered by a federal court).  With respect to dental and vision insurance (which employees could have used, during the covered administrative leave period), the government is now eliminating that coverage retroactively to February 27 and telling employees to "contact your … carrier" to "resolve any billing issues" for services used after that date.  To be clear, these are employees who were reinstated by the

PLFS' STATUS REPORT, NO. 25-cv-01780-WHA                                                                                               1

Maryland court order, and, now that the order has been stayed, are being subjected to the *original* termination date, with a purported retroactive elimination of benefits that they may have already used. The NOAA employees subject to this notice were *unlawfully terminated*, and should not be treated in such an utterly callous and unlawful manner.

The Department of Commerce is an agency covered by both the Public Sector Unions' and State of Washington's pending injunction requests. There is no lawful basis for the February terminations this agency is now attempting to enforce, and Plaintiffs respectfully request this Court grant the requested injunctive relief urgently to protect these and the other employees of the identified agencies subject to these entirely unlawful OPM orders from such treatment.

2. As set forth in Plaintiffs' April 11, 2025 submission, Plaintiffs renew their request that the Court enter further injunctive relief, to restore the status quo at the agencies where the Public Sector Unions represent employees. Dkt. 199. Plaintiffs have demonstrated both associational and organizational standing that supports a preliminary injunction at those agencies that is not limited to only the members of Plaintiffs.

With respect to the effort to identify additional union members terminated by Defendants, Plaintiffs provide the following update. At the April 9, 2025 hearing on Plaintiffs' pending motions for further preliminary injunction, the counsel and the Court discussed the government providing Plaintiffs with unredacted lists of terminated probationary employees, and a protective order that would permit the confidential exchange of the employee names to "allow the unions to see it so they can figure out if XYZ is a member of the union." Tr. at 45-46. The parties promptly submitted the protective order (Dkt. 193), which the Court approved on April 14, 2025 (Dkt. 200). The parties subsequently exchanged unredacted lists of employee names: Plaintiffs provided the lists of members submitted to the Court on April 11 (Dkt. 199-2, 199-3), and Defendants provided Plaintiffs with the lists of employees previously filed under seal with respect to the six agencies covered by the

original preliminary injunction only.

Plaintiffs subsequently requested Defendants provide information in native format, in light of the difficulty of using the pdf form of these materials to identify members, and await Defendants' production of those native format documents, which we expect on Monday, April 21. Plaintiffs are continuing to diligently attempt to identify members using the PDFs, and will update that effort once the native format documents have been received. Plaintiffs requested that Defendants provide the lists for all agencies subject to the pending motions for preliminary injunction, but Defendants objected to providing that information as beyond their interpretation of this Court's remarks at hearing and denied that request.

Respectfully submitted,

DATED: April 18, 2025

Scott A. Kronland
Stacey M. Leyton
Eileen B. Goldsmith
Danielle E. Leonard
Robin S. Tholin
James Baltzer
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151

By: */s/ Danielle Leonard*

*Attorneys for Plaintiff Organizations*

Norman L. Eisen (*pro hac vice*)
Pooja Chadhuri (SBN 314847)
STATE DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, DC 20003
Tel: (202) 594-9958
Norman@statedemocracydefenders.org
Pooja@statedemocracydefenders.org

By: */s/ Norman L. Eisen*

*Attorneys for Plaintiff Organizations*

Rushab Sanghvi (SBN 302809)
AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES
80 F Street, NW
Washington, DC 20001
Tel: (202) 639-6426
Sanghr@afge.org

By: */s/ Rushab Sanghvi*

*Attorneys for Plaintiff American Federation of Government Employees (AFGE)*

Teague Paterson (SBN 226659)
Matthew Blumin (*pro hac vice*)
AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES
1625 L Street, N.W.
Washington, D.C. 20036
Tel: (202) 775-5900
TPaterson@afscme.org
MBlumin@afscme.org

By: */s/Teague Paterson*

*Attorneys for Plaintiff American Federation of State County and Municipal Employees (AFSCME)*

Tera M. Heintz (SBN 241414)
Cristina Sepe (SBN 308023)
Cynthia Alexander, WA Bar No. 46019 (pro hac vice)
Deputy Solicitors General
OFFICE OF THE WASHINGTON STATE ATTORNEY GENERAL
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
tera.heintz@atg.wa.gov
cristina.sepe@atg.wa.gov
cynthia.alexander@atg.wa.gov

By: */s/ Tera M. Heintz*

*Attorneys for Plaintiff State of Washington*