# UNITED STATES DISTRICT COURT\n NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Hang Zhang,**<br>*Plaintiff,*<br>v.<br>**DANIEL DRISCOLL,**<br>**Secretary, Department of the Army,**<br>*Defendant*<br>Case No. 3:25-cv-03381-LJC | ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED (Civ. L.R. 3-12): (AFL-CIO v. OPM, No. 3:25-cv-01780-WHA)<br>[Grounds: Fifth-Amendment Due Process & Separation-of-Powers Challenge to OPM Restructuring] |

## MOTION TO RELATE CASES:
## CONSTITUTIONAL CONTRADICTIONS & STRUCTURAL FRACTURES
## IN OPM RESTRUCTURING AUTHORITY

(Opposition due within 4 days; reply within 3 days. L.R. 7-11(d))

Plaintiff moves to relate the above-captioned action to AFL-CIO v. OPM (No. 3:25-cv-01780-WHA). Both suits challenge the constitutionality of the Office of Personnel Management's (OPM) 2021–23 government-wide restructuring directive, with overlapping constitutional questions and procedural issues that support coordinated judicial intervention.

**ARGUMENT**

I. COMMON TRANSACTION OR EVENT (Civ. L.R. 3-12(a)(1))

Both cases arise from OPM's restructuring directives initiated in 2021. Plaintiff, —a 23-year federal educator who was reassigned, downgraded, and retaliated against under that directive— offers individual, fact intensive evidence that mirrors the mass personnel moves already before Judge Alsup. See Exhibits A (Reassignment Memo), B (EEO Complaint excerpts), and C (ROI Admissions).

## II. RISK OF DUPLICATION AND CONFLICTING RESULTS (Civ. L.R. 3-12(a)(2))

Judicial relation prevents duplicative litigation on core constitutional issues, such as whether OPM lawfully exercised its restructuring authority uniformly across federal agencies. Separate adjudication risks conflicting constitutional and statutory interpretations, creating significant judicial inefficiency and legal uncertainty. A single forum ensures uniform application of Thunder Basin Coal Co. v. Reich, 510 U.S. 200 (1994), Axon Enterprise, Inc. v. FTC, 598 U.S.___ (2023), and related separation of powers precedents.

## III. INDIVIDUALIZED EVIDENCE SUPPORTS SYSTEMIC CLAIMS

Plaintiff's detailed allegations illustrate precisely how systemic abuses challenged by AFL-CIO manifest at an individual level. Plaintiff's evidence of discriminatory reassignment, retaliatory job denials, and obstruction of procedural due process (Exhibits D, E, F, and I) provide critical, concrete examples substantiating AFL-CIO's broader systemic claims. Coordinating these cases leverages Plaintiff's individualized evidence, ensuring comprehensive judicial consideration of both systemic and specific harms.

## IV. CONSTITUTIONAL CONTRADICTIONS AND STRUCTURAL FRACTURES

The agency's actions fit a pattern seen across federal agencies, where the 2021–2023 OPM directive enabled leadership to reengineer position structures and workload designations in a manner that disproportionately targeted minority female employees for de facto demotion and forced exits under the pretext of "operational needs" without due process.

Defendant cannot invoke OPM's government-wide restructuring to justify adverse actions while simultaneously asserting Department-of-Defense autonomy to evade constitutional review. This heads-we-win, tails-you-lose stance recreates the structural contradiction already before Judge Alsup in *AFL-CIO v. OPM*. Either (1) the Army acted under OPM's ultra vires directive—linking this case to *AFL-CIO* and forfeiting any national-security or agency-specific defense—or (2) it acted outside that directive, conceding that OPM lacks plenary authority. In both scenarios, the common nucleus of facts, legal issues, and *Thunder Basin* (district-court review of structural claims despite CSRA channels) jurisdiction is inescapable, satisfying Civil L.R. 3-12. See Exhibit G (Leadership Realignment Email).

### V. PROMOTION OF JUDICIAL ECONOMY AND CONSTITUTIONAL CLARITY

Relation promotes substantial judicial economy by consolidating discovery, evidentiary presentation, and legal arguments surrounding common constitutional and statutory questions. It also ensures uniform constitutional interpretations, preventing fragmented litigation outcomes. Coordinated adjudication reinforces the coherence of judicial oversight on federal restructuring and maintains the integrity of federal employment protections.

Pursuant to Civ. L.R. 3-12(d), no other motion to relate these cases is pending.

**CONCLUSION**

Given the factual overlaps, core constitutional and procedural issues, and the distinct yet interconnected nature of Plaintiff's individual claims with the broader AFL-CIO litigation, Plaintiff respectfully requests that this Court formally relate the present matter with AFL-CIO v. OPM under Civil Local Rule 3-12.

Respectfully submitted,

/s/ Hang Zhang

Hang Zhang
Defense Language Institute
Department of the Army
Dated: April 27, 2025

CONSOLIDATED EXHIBIT

Exhibit A – Reassignment Memorandum (May 2023)

Exhibit B – Formal EEO Complaint (June 2023)

Exhibit C – ROI Admissions Against Interest

Exhibit D – Meeting-Exclusion Emails

Exhibit E – Award-Rescission Email (January 2025)

Exhibit F – Procedural Delay and Unauthorized Disclosure Emails

Exhibit G – Leadership Realignment Email

Exhibit H – Selected Performance Appraisal (2019-22 Excerpt)

Exhibit I – Timeline of Adverse Events and Systemic Misconduct

Exhibit J – Supplementary Evidentiary Excerpts