UNITED STATES DISTRICT COURT\n NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Hang Zhang,**<br>*Plaintiff,*<br>v.<br>**DANIEL DRISCOLL,**<br>**Secretary, Department of the Army,**<br>*Defendant* | **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION (AFL-CIO v. OPM, No. 3:25-cv-01780-WHA)** |

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES**

(Opposition due 14 days after filing; reply 7 days thereafter. L.R. 7-3.)

Judge: Hon. William H. Alsup

Courtroom: 12, 19th Floor

Hearing: _____

Time: _____

**NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff Hang Zhang respectfully moves under Federal Rule of Civil Procedure 65 for a preliminary injunction enjoining Defendants from issuing or relying upon a third consecutive marginal performance appraisal, and from initiating removal proceedings arising from structural reassignment practices linked directly to OPM's 2021–2023 federal workforce realignment directive, including related retaliatory actions by the Department of the Army.

This Motion is supported by the accompanying Memorandum of Points and Authorities, Declaration, Exhibits A–J, and a concurrently filed proposed order. A Motion to Relate this action to *AFL-CIO v. OPM*, No. 3:25-cv-01780-WHA, is currently pending, where the

Department of Defense—of which the Department of the Army is a component—remains a named defendant in AFL-CIO v. OPM.

**STATEMENT OF ISSUES**

- Whether Plaintiff is likely to succeed on the merits of her constitutional due-process and Title VII retaliation claims based on contemporaneous communications, explicit retaliatory statements, and procedurally compromised performance appraisals (Exs. A–F, J).
- Whether Plaintiff faces imminent and irreparable harm—constructive termination, damaged career trajectory, and chilling of protected activity—in the absence of interim relief.
- Whether the balance of equities tips sharply in Plaintiff's favor.
- Whether granting an injunction serves the public interest by ensuring enforcement of constitutional protections and anti-retaliation mandates within a national-security agency.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

    Plaintiff seeks preliminary relief addressing serious constitutional and procedural flaws embedded in the Department of the Army's implementation of OPM's 2021–2023 workforce realignment directive. Adopted government-wide, this directive allowed agencies to arbitrarily reassign employees, consolidate duties, and manipulate performance evaluations, circumventing due process and disproportionately harming long-serving minority and female employees.

    Plaintiff's experience demonstrates a structural failure already under judicial review in *AFL-CIO v. OPM*. Plaintiff endured coercive reassignment, functional demotion, and unjust performance downgrades under OPM's flawed framework. Plaintiff's claims share a core factual nexus, identical legal questions, and common constitutional concerns—justifying relation under Civil L.R. 3-12.

    Exhibits F–G illustrate Army's internal adoption of the identical OPM-issued restructuring template challenged in *AFL-CIO v. OPM*. Temporal differences do not sever the legal

connection; instead, they demonstrate progressive and cumulative harm arising from a common structural policy.

As retaliation and procedural misconduct allegations are integral to Plaintiff's overall claim, this Motion addresses constitutional harms attributable directly to systemic irregularities embedded in the federal realignment structure and the resulting discrimination and retaliation claims.

## II. JURISDICTION AND EXHAUSTION

Jurisdiction is proper under 28 U.S.C. § 1331, the Administrative Procedure Act (5 U.S.C. § 706), and the Fifth Amendment. Plaintiff filed a formal EEO complaint in June 2023; over 180 days have elapsed without agency decision, satisfying exhaustion per 29 C.F.R. § 1614.407(b).

This structural challenge aligns with the Supreme Court's exceptions under *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200 (1994), and *Free Enterprise Fund v. PCAOB*, 561 U.S. 477 (2010). Under the recent *Axon Enterprise, Inc. v. FTC*, 598 U.S. ___ (2023) precedent, Plaintiff's constitutional and APA claims are: (1) collateral to direct retaliation allegations, (2) beyond EEOC's specialized expertise, and (3) effectively unreviewable if delayed.

## III. FACTUAL BACKGROUND

In 2021, OPM initiated a government-wide restructuring effort promoting reassignment, dual-grade eliminations, and reclassification of performance standards. Army leadership documents confirm adoption of OPM's directive at DLIFLC (Ex. G).

Beginning in 2023, Plaintiff—a 23-year civilian educator of the Army with previously "Outstanding" appraisals—was subjected to arbitrary reassignment, doubled workload, promotion denials, and procedural manipulation of performance evaluations. Currently pending is a third consecutive marginal appraisal, placing Plaintiff at imminent risk of removal under 5 C.F.R. Parts 432 and 752.

Since 2021, probationary ("99-coded") employees were pressured toward exit or non-renewal under the restructuring. Non-probationary employees like Plaintiff experienced forced workload increases and functionally lower-grade assignments along racial or gender lines, without due notice, transparent criteria, or adequate appeal processes.

| Date | OPM Structural Action | Army Implementation / Plaintiff Harm |
|---|---|---|
| 2021 | OPM launches government-wide restructuring plan | Faculty-wide emails at DLIFLC reference "realignment"; "99"-coded staff not renewed |
| 2022 | Dual-grade elimination and appraisal model shared | Teaching roles and evaluation criteria begin shifting |
| Apr–May 2023 | — | Plaintiff reassigned to Chinese track; first "Marginal" rating; ethnic remark made by senior official. First "Marginal" rating; |
| June 2023 | — | Plaintiff files formal EEO complaint; denied multiple positions within days |
| Oct 2023 | AFL-CIO v. OPM filed (N.D. Cal.) | Workload doubled |
| Apr 2024 | | Second "Marginal" rating by process manipulation |
| Dec 2024 | OPM litigation escalates nationwide | Plaintiff denied Academic Specialist post; decisionmakers linked to EEO case |
| Jan 2025 | — | Plaintiff's award rescinded without notice |
| Feb 2025 | — | Agency sends privileged material to Plaintiff; no EEOC action |
| Apr 2025 | — | Rating official changed without notice; third "Marginal" imminent (removal risk) |

This timeline illustrates how Plaintiff's injuries are a direct, early manifestation of the same OPM structural model now under challenge in AFL-CIO v. OPM. The temporal gap underscores—not weakens—the shared systemic foundation.

    Plaintiff received no pay increase despite increased duties post-realignment, and internal complaints regarding EEO privacy violations remain unresolved—highlighting a structurally enabled procedural vulnerability.

    Plaintiff's injuries are an early manifestation of identical structural issues pending review in *AFL-CIO v. OPM*, strongly favoring joint resolution for judicial economy and appellate clarity.

**IV. LEGAL STANDARD**

Plaintiff must demonstrate: (1) likelihood of success, (2) irreparable harm absent relief, (3) favorable balance of equities, and (4) public interest alignment. *Winter v. NRDC*, 555 U.S. 7, 20 (2008); *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

## V. ARGUMENT

### A. Likelihood of Success

Plaintiff is likely to succeed on constitutional grounds. The Army's arbitrary adoption of OPM's directive without adequate procedural safeguards constitutes a violation of Plaintiff's Fifth Amendment due-process rights under *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985).

These actions are independently actionable but also underscore the immediate legal consequences of Army's implementation of OPM's restructuring framework—rendering them reviewable under the APA. See Bennett v. Spear, 520 U.S. 154, 175 (1997); U.S. Army Corps of Engineers v. Hawkes Co., 578 U.S. 590, 597 (2016). Derivative application of constitutionally flawed federal directives remains subject to judicial scrutiny. See Chamber of Commerce v. U.S. Dep't of Labor, 885 F.3d 360 (5th Cir. 2018).

Further, Army's discrimination and retaliation—delayed mediation, internal circulation of privileged EEO material, and punitive supervisor reassignment—reinforces the constitutional violations inherent in the OPM restructuring framework.

### B. Irreparable Harm

Plaintiff faces imminent removal proceedings due to structurally manipulated performance evaluations. Exhibit H demonstrates a clear trajectory shift coinciding exactly with OPM's directive implementation.

### C. Balance of Equities

Preserving the status quo imposes no hardship on Defendants, whereas Plaintiff risks permanent harm absent relief.

### D. Public Interest

Consolidated judicial review ensures coherent and uniform interpretation of critical constitutional protections in federal personnel practices, thereby serving fundamental public interests.

## VI. REQUESTED RELIEF

Plaintiff respectfully requests this Court:

1. Enjoin issuance or reliance on any third marginal performance appraisal pending judicial review;
2. Prohibit any removal or additional reassignment resulting from personnel schemes traceable to OPM's realignment directive;
3. Independently review any future appraisal below pre-2023 levels before implementation;
4. Cease retaliatory actions and internal communications regarding Plaintiff's EEO activities;
5. Submit for in-camera inspection all internal communications about Plaintiff's EEO activity or appraisal processes;
6. Implement safeguards against unauthorized disclosure of Plaintiff's protected EEO information;
7. Remove retaliatory or adverse annotations from Plaintiff's official personnel records;
8. Reinstate Plaintiff's rescinded January 30, 2025 award into her official file;
9. Require Defendants to file a compliance report within 30 days detailing implemented remedial actions;
10. Retain jurisdiction for expedited hearing upon allegations of noncompliance.

## VII. CONCLUSION

All *Winter* factors weigh decisively in favor of preliminary relief. Plaintiff respectfully urges this Court to grant the injunction as outlined above.

Respectfully submitted,

/s/ *Hang Zhang*

Hang Zhang
Defense Language Institute
Department of the Army
Dated: May 3, 2025

## CONSOLIDATED EXHIBIT

Exhibit A – Reassignment Memorandum (May 2023)

Exhibit B – Formal EEO Complaint (June 2023)

Exhibit C – ROI Admissions Against Interest

Exhibit D – Meeting-Exclusion Emails

Exhibit E – Award-Rescission Email (January 2025)

Exhibit F – Procedural Delay and Unauthorized Disclosure Emails

Exhibit G – Leadership Realignment Email

Exhibit H – Selected Performance Appraisal (2019-22 Excerpt)

Exhibit I – Timeline of Adverse Events and Systemic Misconduct

Exhibit J – Supplementary Evidentiary Excerpts