UNITED STATES DISTRICT COURT\n NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Hang Zhang,** *Plaintiff,* v. **DANIEL DRISCOLL,** **Secretary, Department of the Army,** *Defendant* | DECLARATION IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION (AFL-CIO v. OPM, No. 3:25-cv-01780-WHA) |

**DECLARATION IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**

I, Hang Zhang, declare and state as follows:

1. I am the Plaintiff in this action and submit this Declaration in support of my Motion for Preliminary Injunction. I have personal knowledge of the facts set forth herein and could testify competently to them.

2. For nearly two decades, I have served as a federal civilian employee, consistently earning "Outstanding" (Level 5) performance appraisals and multiple institutional awards for significant contributions to educational programs and national defense initiatives.

3. In June 2024 and February 2025, I received additional institutional awards and delivered two solo LLTC presentations—achievements attained by very few faculty members during this appraisal cycle.

4. Following protected EEO activity in 2023 concerning discrimination and retaliation, I experienced a sudden and adverse shift in agency treatment. Within months of internal implementation of OPM's realignment directive (Exhibits G, J), I was reassigned to a doubled workload, denied fair advancement opportunities, and subjected to retaliatory treatment.

5. Subsequently, I received two consecutive "Marginal" (Level 3) ratings—a stark and inexplicable departure from my prior excellence. These evaluations reflect procedural manipulation enabled by restructured criteria implemented without transparency or due process.

6. Throughout early 2025, irregularities persisted in my evaluation process, including inconsistent assignment of rating supervisors, disregard of submitted research and data, and untimely requests for additional information. For instance, in March 2025, my supervisor belatedly requested additional data weeks after internal deadlines had passed, indicating post hoc justification rather than fair appraisal.

7. In late April 2025, rating responsibility was transferred without documentation or clear rationale to a supervisor previously aware of my EEO complaints, raising serious procedural and due process concerns under Cleveland Bd. of Educ. v. Loudermill and APA requirements.

8. I now face imminent issuance of a third consecutive marginal appraisal, enabling removal proceedings under 5 C.F.R. Parts 432 and 752, based on a demonstrably inaccurate and procedurally compromised record.

9. Termination under these circumstances would immediately and irreparably harm my professional standing, reputation, and ability to effectively assert my legal rights.

10. Further, I observed ongoing procedural obstruction, including inappropriate leadership communications regarding my EEO activity and the suppression of relevant information during decision-making processes.

11. A May 2024 UGE Town Hall notice (Exhibit G) explicitly confirms leadership approval to move forward with UGE realignment consistent with OPM's 2021–2023 directive, utilizing identical terminology—"resource-alignment," "realignment," and "restructuring"—confirming direct implementation.

12. A September 2021 faculty-wide email already referenced organizational restructuring, confirming that the realignment scheme commenced that year.

13. Since 2021, many probationary ("99-coded") employees were either not renewed or encouraged to exit due to restructuring pressures, resulting in widespread workforce anxiety. Concurrently, non-probationary employees, myself included, experienced coercive reassignments and functional demotions—frequently driven by ethnicity or gender rather than qualifications—absent fair notice, transparent criteria, or meaningful appeal.

14. This pervasive and coercive environment effectively weaponized administrative flexibility, particularly impacting senior, diverse, or outspoken non-probationary employees.

15. My career was built upon reasonable reliance on government assurances of constitutional protections and fair personnel procedures. Defendants' actions undermine these foundational commitments.

16. Defendants' continuing actions severely impede my ability to exercise protected rights and pose ongoing threats to my employment and future opportunities. Each additional day compounds my professional harm.

17. I respectfully seek judicial intervention to continue my service without fear of further unjustified retaliation or procedural abuses.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Respectfully submitted,

        /s/ *Hang Zhang*
        Hang Zhang
        Defense Language Institute
        Department of the Army
        Dated: April 27, 2025