PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
KELSEY J. HELLAND (CABN 298888)
Assistant United States Attorney
U.S. ATTORNEY'S OFFICE
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
(415) 436-7200

ERIC HAMILTON
Deputy Assistant Attorney General
DIANE KELLEHER
Branch Director
CHRISTOPHER HALL
Assistant Branch Director
JAMES D. TODD, JR.
Senior Trial Counsel
YURI S. FUCHS
GREGORY CONNER
Trial Attorneys
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, *et al.*, <br><br> Defendants. | Case No. 3:25-cv-1780-WHA <br><br> **DEFENDANTS' OPPOSITION TO THIRD-PARTY HANG ZHANG'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED; MOTION TO STRIKE MOTION FOR PRELIMINARY INJUNCTION** <br><br> Honorable William H. Alsup |

An individual named Hang Zhang, the *pro se* plaintiff in an employment discrimination case against the Secretary of the Army, has filed an Administrative Motion to Consider Whether Cases Should be Related, *see* Dkt. No. 210, as well as a Motion for Preliminary Injunction, *see* Dkt. No. 211, and a Supplemental Argument, *see* Dkt. No. 212.  These cases are not related, and Ms. Zhang's preliminary-injunction motion should not have been filed on the docket in this case.  The Court should deny the related-case motion and strike the improperly filed preliminary-injunction motion.

Under Civil L.R. 3-12(a), cases are "related" when they "concern substantially the same parties, property, transaction, or event," and "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."  The instant cases do not qualify.  The lowest-numbered matter, *AFGE v. OPM*, concerns whether the Office of Personnel Management directed federal agencies to terminate probationary employees in early 2025.  *See generally* Dkt. No. 90 ("SAC").  That matter is brought by a collection of federal-employee unions, other organizations, and the State of Washington, against OPM and its Acting Director Charles Ezell, as well as nearly two-dozen other agencies and their leaders who were added as "relief defendants" only under Federal Rule of Civil Procedure 19.  *See id.*; *see also* Dkt. No. 88 at 2, 5.

By contrast, Ms. Zhang alleges in her Complaint that she experienced workplace discrimination and retaliation while employed at the Defense Language Institute between 2023 and 2025.  *See* No. 3:25-cv-03381-LJC, ECF No. 1.  She does not allege she is a probationary employee.  *See generally id.*  She brings her action solely against the Secretary of the Army, Daniel Driscoll, *see id.*, who is not a party in *AFGE v. OPM*, *see generally* SAC.

In short, Ms. Zhang's individual action involves entirely different parties and concerns events that pre-date the 2025 OPM actions at issue in *AFGE v. OPM*.  The cases are not related under Civil L.R. 3-12(a)(1).

Nor would there be an "unduly burdensome duplication of labor" if the cases were heard by different judges.  *AFGE v. OPM* will involve review of an administrative record under the APA.  *See, e.g.*, Dkt. No. 209.  Ms. Zhang's action, by contrast, will likely involve discovery into the specific employment actions at issue—if her complaint is not dismissed under Rule 12.  Both the factual and the legal issues raised by the two cases are separate; there would be no efficiency gained from having both

1 cases heard by the same judge.

2 Although her argument is difficult to follow, Ms. Zhang claims that the two cases are related because both relate somehow to guidance issued by OPM. *See* Dkt. No. 210 at 1. Specifically, she argues that "OPM's restructuring directives initiated in 2021" resulted in her being "reassigned, downgraded, and retaliated against." *Id.* Defendants do not presently understand what OPM directives Ms. Zhang is referring to, but even by her argument's own terms those directives from 2021 are not sufficiently related to any action taken by OPM in 2025 such that the two cases could be related.

8 Finally, whether or not the cases are related, the Court should strike Ms. Zhang's preliminary-injunction motion from the docket in *AFGE v. OPM*. *See* Dkt. No. 211. Even if the cases were related (they are not), such relation would merely result in Ms. Zhang's action being reassigned to this Court. *See* Civ. L.R. 3-12(f)(3). Ms. Zhang is not a party to *AFGE v. OPM*. She has not intervened or moved to consolidate the actions (nor is such relief warranted). She must file her motions on the docket in her own action, not this one. Defendants therefore respectfully request that the Court strike Ms. Zhang's preliminary-injunction motion from the docket in this matter.

DATED: May 6, 2025

Respectfully submitted,

PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division

*s/ Kelsey J. Helland*
KELSEY J. HELLAND (CABN 298888)
Assistant United States Attorney
U.S. ATTORNEY'S OFFICE
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495

ERIC HAMILTON
Deputy Assistant Attorney General

DIANE KELLEHER
Branch Director
CHRISTOPHER HALL
Assistant Branch Director

JAMES D. TODD, JR.
Senior Trial Counsel
YURI S. FUCHS
GREGORY CONNER
Trial Attorneys
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044

*Counsel for Defendants*