UNITED STATES DISTRICT COURT\n NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Hang Zhang,<br>*Plaintiff,*<br>v.<br>DANIEL DRISCOLL,<br>Secretary, Department of the Army,<br>*Defendant* | PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO ADMINISTRATIVE MOTION TO RELATE CASES AND MOTION TO STRIKE (AFL-CIO v. OPM, No. 3:25-cv-01780-WHA) |

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO ADMINISTRATIVE MOTION TO RELATE CASES AND MOTION TO STRIKE**

INTRODUCTION

Defendants ask the Court to deny relation and to strike Plaintiff's preliminary-injunction motion from the *AFL-CIO v. OPM* docket. Their opposition rests on two misconceptions: (1) that Plaintiff's case involves wholly unrelated facts, defendants, and time-frames, and (2) that no efficiency or consistency would be gained by hearing the structurally linked matters together. Both premises are wrong. This brief clarifies the overlapping legal questions, the shared agency directive at the core of both suits, and the judicial-economy benefits of keeping the issues before one judge.

I. THE TWO CASES SHARE A COMMON NUCLEUS OF FACT AND LAW

1. **Same OPM Directive.** Beginning in 2021, OPM issued government-wide realignment guidance directing agencies—including the Department of Defense—to consolidate positions and recalibrate performance standards, explicitly designed to realign and reshape the civilian workforce through ongoing implementation (See U.S. Office of Personnel Management's 2022 Workforce Planning Guide; 5 C.F.R. § 250.204; OMB Circular A-11)**.** Plaintiff's reassignment,

downgraded ratings, and pending removal flow directly from that directive. *AFL-CIO v. OPM* challenges the same document on APA and constitutional grounds.

2. **Continuous Implementation, Not Separate Events.** The directive has unfolded in phases: 2021 pilot realignments (Plaintiff's harm), 2025 mass probationary terminations (union plaintiffs). Different waves, same storm. Temporal difference demonstrates cumulative impact, not separation. Although Plaintiff was a career employee, the OPM directive's implementation effectively treated her as a de facto probationer—subjecting her to forced reassignment, downgraded ratings, and loss of advancement protections identical to those now challenged for probationary workers.

3. **Overlapping Defendants.** The Secretary of the Army is a component head within the Department of Defense—named as a Rule 19 "relief defendant" in *AFL-CIO*. Disaggregating component and parent defy the purpose of Rule 19, which is to ensure one tribunal resolves structurally linked grievances.

4. **Identical Constitutional Questions.** Both suits contest whether OPM may impose cross-agency personnel mandates that override statutory schemes (Title 10 vs. Title 5) without individualized due process. Trying those issues twice risks inconsistent rulings on the same separation-of-powers question.

II. RELATION PROMOTES EFFICIENCY AND AVOIDS CONFLICTING RESULTS

*Civil L.R. 3-12(b)* asks whether relation will prevent duplicative labor or inconsistent outcomes. Here it will do both: - Evidence of downstream harm (Plaintiff) complements, and will likely be cited in, the unions' APA claim.
- If separate, one court could uphold the directive while another finds it unconstitutional.

Defendants concede the two matters will proceed on different records (administrative vs. discovery). That is precisely why relation is useful: the Court can coordinate record supplementation, avoid redundant briefing, and set compatible schedules.

III. THE MOTION TO STRIKE IS PREMATURE AND UNNECESSARY

Plaintiff filed her PI motion in good-faith reliance on Local Rule 3-12(d), which permits filing related pleadings in the lower-numbered case pending the Court's determination.

IV. CONCLUSION

Because the two cases arise from the same OPM directive, present overlapping constitutional questions, and implicate the same DoD leadership hierarchy, Plaintiff respectfully asks the Court to grant relation and deny Defendants' motion to strike. Doing so ensures coherent review of a single, nationwide personnel policy and avoids piecemeal constitutional adjudication.

Respectfully submitted,

/s/ *Hang Zhang*

Hang Zhang
Defense Language Institute
Department of the Army
Dated: May 7, 2025