1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO; AMERICAN FEDERATION OF STATE COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, et al., | Case No. 3:25-cv-01780-WHA |
|---|---|
| Plaintiffs, | **[PROPOSED] ORDER GRANTING MOTION FOR SUMMARY ADJUDICATION OF CLAIMS I-IV** |
| v. | |
| UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, et al., | |
| Defendants. | |

**[PROPOSED] ORDER**

Plaintiffs' Motion for Summary Adjudication of Claims I-IV of the Second Amended Complaint came before this Court for consideration on August 26, 2025.  The Motion is GRANTED.  This Court finds and declares that OPM lacked the authority to direct other agencies to terminate their probationary employees, and that OPM's actions and the resulting February mass terminations were *ultra vires* and violated the APA.  This Court therefore ENJOINS Defendants as follows:

1. OPM and all relief defendant agencies are permanently enjoined from giving any further effect to the unlawful February mass terminations of probationary employees.

2. Defendants OPM and Charles Ezell are enjoined from ordering, directing, or telling any other federal agency to terminate the employment of any federal employee or group of federal employees.

3. All relief defendant agencies are enjoined from following any OPM order or direction to fire any agency employee.

4. All relief defendant agencies are enjoined from any further use of the OPM template termination letter provided by OPM—including any altered or modified versions.

5. OPM and every relief defendant agency shall update the personnel files of every probationary employee who was unlawfully terminated pursuant to OPM's mass termination directive so as to ensure that their updated personnel files, including but not limited to SF-50 forms, do not state or otherwise include any indication that these employees were terminated for performance reasons.

6. Every relief defendant agency that issued notices to terminated employees in response this Court's April 18 order, and included statements this Court's order was "legally and factually erroneous," shall issue corrected notices to those employees omitting any such caveat.

7. Every relief defendant agency is prohibited from re-terminating probationary employees on a retroactive basis to the date of the unlawful February mass terminations.  OPM and every relief defendant agency shall ensure that, for any probationary employee who is or has been re-terminated for reasons other than OPM's mass termination directive, that employee's personnel file

shall reflect the date of re-termination—not the date of the unlawful February termination—as the termination date.

8. Every relief defendant agency shall reimburse any re-terminated probationary employee for any out-of-pocket medical expenses incurred as a result of a purportedly retroactive re-termination and related retroactive cancellation of federal employee health benefits.

9. Defendants shall give notice of this Order to each relief defendant agency.

10. Three weeks after the issuance of this order, OPM and every relief defendant agency shall submit a compliance report detailing the steps they have taken to comply.

IT IS SO ORDERED.

Dated: _____, 2025      _____
                                        The Honorable William H. Alsup
                                        United States District Court Judge

[Proposed] Order Granting Motion for Summary Adjudication, No. 3:25-cv-01780-WHA
2