Scott A. Kronland (SBN 171693)
Stacey M. Leyton (SBN 203827)
Eileen B. Goldsmith (SBN 218029)
Danielle E. Leonard (SBN 218201)
Robin S. Tholin (SBN 344845)
James Baltzer  (SBN 332232)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel. (415) 421-7151
Fax (415) 362-8064
skronland@altber.com
sleyton@altber.com
egoldsmith@altber.com
dleonard@altber.com
rtholin@altber.com
jbaltzer@altber.com

*Attorneys for Plaintiffs*

[Additional Counsel not listed]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO; AMERICAN FEDERATION OF STATE COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, et al., | Case No. 3:25-cv-01780-WHA **SUPPLEMENTAL DECLARATION OF PACE SCHWARZ** |
| Plaintiffs, | |
| v. | |
| UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, et al., | |
| Defendants. | |

## SUPPLEMENTAL DECLARATION OF PACE SCHWARZ

I, Pace Schwarz, declare as follows:

1.     I am over 18 years of age and competent to give this declaration. This declaration is based on my personal knowledge, information, and belief.

2.     I am a Research Assistant in the Office of the General Counsel for the American Federation of Government Employees, AFL-CIO ("AFGE"). In my role as a Research Assistant, I conduct research for AFGE's attorneys and assist with certification and delegation matters. Since February 18, 2025, however, I have spent most of my time reviewing notices and letters sent to AFGE related to actions taken by the current Presidential administration, including from terminated probationary employees. This declaration supplements the previous declaration I submitted in this case on February 26, 2025. *See* Dkt 39-4.

3.     This May, I received from terminated probationary employees copies of notices distributed by the Department of Agriculture ("USDA"), Department of Health and Human Services ("HHS"), Department of Housing and Urban Development ("HUD"), and the Department of the Interior ("DOI"). These notices were sent in connection with this Court's April 18, 2025 preliminary injunction. I understand that many more employees received substantially identical notices. Consistent with the Court's order, the notices informed probationary employees that their terminations "w[ere] not 'performance' or fitness based but w[ere] made as part of a government-wide mass termination." True and correct copies of these notices are attached hereto as Exhibit A.

4.     Each of these notices further state that "[Agency] is appealing the Court's April 18, 2025 Order and *believes it to be both legally and factually erroneous*. Nonetheless, [Agency] must comply with the Order unless and until it is stayed or reversed by an appellate court." (emphasis added).

5.     Numerous employees who received these notices have raised concerns about the government's compliance with the Court's April 18 order. These employees care deeply about being able to demonstrate definitively that they were not in fact fired for performance reasons. But by insisting in the notices that the Court's April 18 ruling was "legally and factually erroneous," the agencies appear to be taking the position that the recipients of these notices actually were terminated

1  for performance reasons. The caveat undermines the very purpose of the Court's injunction, and may

2  make it more difficult for these employees to obtain future employment.

3      6.      The notice from HUD does not identify the individual employee by name. *See* Exhibit

4  A at 3. This, too, makes it more difficult for employees who received such notices to demonstrate to

5  potential employers and others that they were not in fact terminated for performance reasons.

6      7.      Terminated probationary employees have also reached out to AFGE with concerns that,

7  despite this Court's April 18 order, their personnel files still show that they were terminated for

8  performance reasons. Every federal employee has a permanent official personnel file. An employee's

9  separation from employment is recorded on an employee status form called an SF-50, which lists the

10  "legal authority" for the separation.  Even after the May 8 deadline for compliance with the Court's

11  April 18 order had elapsed, numerous AFGE members obtained SF-50 forms which still indicated that

12  they had been terminated for performance reasons.  In particular, these forms listed the "legal authority"

13  for separation as "Reg 315.804." According to Chapter 31 of OPM's "Guide to Processing Personnel

14  Actions,"[1] this refers to 5 CFR §315.804, "Termination of probationers for unsatisfactory performance

15  or conduct." True and correct copies of SF-50 forms I received from terminated probationary

16  employees are attached hereto as Exhibit B.

17      8.      These SF-50 forms also include the Authority Code "L2M." *See* Exhibit B. According

18  to Chapter 31 of OPM's "Guide to Processing Personnel Actions," Authority Code L2M signifies that

19  the employee's termination is either "Based on unacceptable or unsatisfactory performance or other

20  factors unrelated to misconduct or delinquency" or "Based on employee's conduct or delinquency after

21  entrance on duty."

22      I declare under penalty of perjury under the laws of the United States that the foregoing is true

23  and correct. Executed this 4th day of June 2025 in Washington, DC.

24

25                              Pace Schwarz

26

27

---

28  [1]  Available  at  https://www.opm.gov/policy-data-oversight/data-analysis-documentation/personnel-documentation/processing-personnel-actions/gppa31.pdf.

Exhibit A

---------- Forwarded message ---------
From: **Assistant Secretary for Administration** <ASA.CR@usda.gov>
Date: Wed, May 7, 2025, 14:25
Subject: Message from the Office of the Assistant Secretary for Administration—Probationary Termination Employee Notification
To: ███████████████████████████████

Dear █████████████████████████,

This letter is being provided to you in accordance with the preliminary injunction issued by the Northern District of California in *American Federation of Government Employees v. U.S. Office of Personnel Management,* No. 3:25-cv-1780 WHA (N.D. Cal.).

On April 18, 2025, U.S. District Judge William Alsup of the Northern District of California required the U.S. Department of Agriculture (USDA) to provide you with "a written statement, directed to the employee individually, stating that your termination was not 'performance' or fitness based but was made as part of a government-wide mass termination." Judge Alsup's decision is attached.

USDA is appealing the Court's April 18, 2025, Order and believes it to be both legally and factually erroneous. Nonetheless, USDA must comply with the Order unless and until it is stayed or reversed by an appellate court.

In accordance with the Court's April 18, 2025, Order, USDA hereby informs you, ████████████████████████ as required by the Court, that your earlier termination was not performance or fitness based but was made as part of a government-wide mass termination. Please refer to the following USDA website for updates regarding the status and litigation of probationary employees: https://www.usda.gov/about-usda/news/press-releases/2025/03/11/usda-status-update-probationary-employees.

This letter (i) is to be implemented consistent with applicable law, and (ii) shall not serve as any basis for liability against USDA or any other agency or instrumentality of the Federal government, before any court or in any administrative proceeding. USDA reserves all rights.


Regards,

Office of the Assistant Secretary for Administration U.S. Department of Agriculture



**DEPARTMENT OF HEALTH & HUMAN SERVICES**                    Office of the Secretary

Washington, D.C. 20201

▮

May 8, 2025

MEMORANDUM FOR:      ▮

FROM:                Tom Nagy, Chief Human Capital Officer

SUBJECT:             Notice to Terminated Probationary Employees Required by Judge
                     Alsup's April 18, 2025, Order

Dear ▮

This letter is being provided to you in accordance with the preliminary injunction issued
by the Northern District of California in *American Federation of Government Employees v. U.S.
Office of Personnel Management*, No. 3:25-cv-1780 WHA (N.D. Cal.).

On April 18, 2025, U.S. District Judge William Alsup of the Northern District of
California required the Department of Health and Human Services ("HHS") to provide you with
"a written statement, directed to [you] individually, stating that [your] termination was not
'performance' or fitness based but was made as part of a government-wide mass termination."
Judge Alsup's decision is attached.

HHS is appealing the Court's April 18, 2025, Order and believes it to be both legally and
factually erroneous. Nonetheless, HHS must comply with the Order unless and until it is stayed
or reversed by an appellate court.

In accordance with the Court's April 18, 2025, Order, HHS hereby, informs you, as
required by the Court, that your earlier termination "was not 'performance' or fitness based but
was made as part of a government-wide mass termination."

This letter is to be (i) implemented consistent with applicable law, and (ii) it shall not
serve as any basis for liability against HHS or any other agency or instrumentality of the Federal
government, before any court or in any administrative proceeding. HHS reserves all rights.

Regards,

Tom Nagy, Chief Human Capital Officer



**U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**
**THE DEPUTY SECRETARY**
WASHINGTON, DC  20410-0050

May 7, 2025

MEMORANDUM FOR:

FROM:               Matthew Ammon, Performing the Delegable Duties of the Deputy
                    Secretary, S

SUBJECT:            Notice to Terminated Probationary Employees Required by Judge
                    Alsup's April 18, 2025, Order

This letter is being provided to you in accordance with the preliminary injunction issued by the Northern District of California in American Federation of Government Employees v. U.S. Office of Personnel Management, No. 3:25-cv-1780 WHA (N.D. Cal.).

On April 18, 2025, U.S. District Judge William Alsup of the Northern District of California required the U.S. Department of Housing and Urban Development (HUD) to provide you with "a written statement, directed to you individually, stating that your termination was not 'performance' or fitness based but was made as part of a government-wide mass termination."

HUD is appealing the Court's April 18, 2025, Order and believes it to be both legally and factually erroneous. Nonetheless, HUD must comply with the Order unless and until it is stayed or reversed by an appellate court.

In accordance with the Court's April 18, 2025, Order, HUD hereby, informs you, as required by the Court, that your earlier termination "was not 'performance' or fitness based but was made as part of a government-wide mass termination."

This letter is to be (i) implemented consistent with applicable law, and (ii) it shall not serve as any basis for liability against HUD or any other agency or instrumentality of the Federal government, before any court or in any administrative proceeding. HUD reserves all rights.

██████████

---

**From:** Deputy Director Management and Administration, NPS <Deputy_Director_Mgmt_and_Admin@nps.gov>
**Sent:** Monday, May 5, 2025 3:57 PM
**To:** ████████████████████████
**Subject:** Notification of Preliminary Injunction

Dear ██████████████,

This letter is being provided to you in accordance with the preliminary injunction issued by the Northern District of California in American Federation of Government Employees v. U.S. Office of Personnel Management, No. 3:25 cv 1780 WHA (N.D. Cal.).

On April 18, 2025, U.S. District Judge William Alsup of the Northern District of California required Department of the Interior (DOI) to provide you with "a written statement, directed to you individually, stating that your termination was not 'performance' or fitness based but was made as part of a government wide mass termination." Judge Alsup's decision is attached.

DOI is appealing the Court's April 18, 2025 Order and believes it to be both legally and factually erroneous. Nonetheless, DOI must comply with the Order unless and until it is stayed or reversed by an appellate court.

In accordance with the Court's April 18, 2025 Order, DOI hereby informs you, as required by the Court, that your earlier termination "was not 'performance' or fitness based but was made as part of a government wide mass termination."

This letter is to be (i) implemented consistent with applicable law, and (ii) it shall not serve as any basis for liability against DOI or any other agency or instrumentality of the Federal government, before any court or in any administrative proceeding. DOI reserves all rights.

Regards,

Aaron Dowe
Acting Deputy Director Management and Administration




# United States Department of the Interior
## NATIONAL PARK SERVICE
### 1849 C Street, NW Washington, DC 20240

This letter is being provided to you in accordance with the preliminary injunction issued by the Northern District of California in *American Federation of Government Employees v. U.S. Office of Personnel Management*, No. 3:25-cv-1780 WHA (N.D. Cal.).

On April 18, 2025, U.S. District Judge William Alsup of the Northern District of California required Department of the Interior (DOI) to provide you with "a written statement, directed to you individually, stating that your termination was not 'performance' or fitness based but was made as part of a government-wide mass termination." Judge Alsup's decision is attached.

DOI is appealing the Court's April 18, 2025 Order and believes it to be both legally and factually erroneous. Nonetheless, DOI must comply with the Order unless and until it is stayed or reversed by an appellate court.

In accordance with the Court's April 18, 2025 Order, DOI hereby informs you, as required by the Court, that your earlier termination "was not 'performance' or fitness based but was made as part of a government-wide mass termination."

This letter is to be (i) implemented consistent with applicable law, and (ii) it shall not serve as any basis for liability against DOI or any other agency or instrumentality of the Federal government, before any court or in any administrative proceeding. DOI reserves all rights.

Regards,

Aaron Dowe
Acting Deputy Director Management and Administration

Exhibit B

Standard Form 50
Rev 7/91
U.S. Office of Personnel Management
FPM Supp. 296-33, Subch. 4.

## NOTIFICATION OF PERSONNEL ACTION

| 1. Name (Last, First, Middle) | | 3. Date of Birth | 4. Effective Date |
|---|---|---|---|
| ████████████ | ████████████ | ████ | 05-08-2025 |

| FIRST ACTION | | SECOND ACTION | |
|---|---|---|---|
| 5-A. Code **385** | 5-B. Nature of Action **Term. during prob/trial period** | 6-A. Code | 6-B. Nature of Action |
| 5-C. Code **L2M** | 5-D. Legal Authority **Reg 315.804** | 6-C. Code | 6-D. Legal Authority |
| 5-E. Code | 5-F. Legal Authority | 6-E. Code | 6-F. Legal Authority |

| 7. FROM: Position Title and Number | 15. TO: Position Title and Number |
|---|---|
| ████████████ | |

| 8. Pay Plan **GS** | 9. Occ. CD ███ | 10. Grade/Level ██ | 11. Step/Rate ██ | 12. Total Salary ███ | 13. Pay Basis | 16. Pay Plan | 17. Occ. CD | 18. Grade/Level | 19. Step/Rate | 20. Total Salary/Award | 21. Pay Basis |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 12A. Basic Pay ███ | 12B. Locality Adj. ███ | 12C. Adj. Basic Pay ███ | 12D. Other Pay ███ | | | 20A. Basic Pay | 20B. Locality Adj. | 20C. Adj. Basic Pay | 20D. Other Pay | | |

| 14. Name and Location of Position's Organization | 22. Name and Location of Position's Organization |
|---|---|
| National Institutes of Health National Institutes of Health ████████████ | |

### EMPLOYEE DATA

| 23. Veterans Preference | 24. Tenure | 25. Agency Use | 26. Veterans Preference for RIF |
|---|---|---|---|
| **1** 1-None  3-10 Point/Disability  5-10 Point/Other  2-5 Point  4-10 Point/Compensable  6-10 Point/Compensable/30% | **2** 0-None  2-Conditional  1-Permanent  3-Indefinite | | YES  **X** NO |

| 27. FEGLI | 28. Annuitant Indicator | 29. Pay Rate Determinant |
|---|---|---|
| ████████████ | ████████ | **0** Regular Rate |

| 30. Retirement Plan | 31. Service Comp. Date (Leave) | 32. Work Schedule | 33. Part-Time Hours Per Biweekly Pay Period |
|---|---|---|---|
| ████████ | ████████ | **F** Full Time | |

### POSITION DATA

| 34. Position Occupied | 35. FLSA Category | 36. Appropriation Code | 37. Bargaining Unit Status |
|---|---|---|---|
| **1** 1-Competitive Service 3-SES General  2-Excepted Service  4-SES Career Reserved | **E** E-Exempt  N-Nonexempt | ████████ | ████████ |

| 38. Duty Station Code | 39. Duty Station (City-County-State or Overseas Location) |
|---|---|
| | ████████████ |

| 40. Agency Data | 41. | 42. | 43. | 44. | |
|---|---|---|---|---|---|
| | | | | | PAR Number: |

### 45. Remarks
- SF 2819 was provided. Life insurance coverage is extended for 31 days during which you are eligible to convert to an individual policy (nongroup contract).
- Health benefits coverage is extended for 31 days during which you are eligible to convert to an individual policy (nongroup contract). You are also eligible for temporary continuation of your FEHB coverage for up to 18 months.
- Forwarding address: ████████████
- Not entitled to severance pay.
- Lump-sum payment to be made for any unused annual leave.
- SF-8 issued to employee.

| 46. Employing Department or Agency **DEPARTMENT OF HEALTH AND HUMAN SERVICES** | 50. Signature/Authentication and Title of Approving Official **JULIE BROUSSARD BERKO** Dir., Office of Human Resources |
|---|---|

| 47. Agency Code **HE38** | 48. Personnel Office ID ████ | 49. Approval Date **05-13-2025** | |
|---|---|---|---|

5-Part                    **1 -**        **Employee Copy**

Editions Prior to 7/91 Are Not Usable After
6/30/93
NSN 7540-01-333-6236

Standard Form 50
Rev 7/91
U.S. Office of Personnel Management
FPM Supp. 296-33, Subch. 4.

# NOTIFICATION OF PERSONNEL ACTION

| 1. Name (Last, First, Middle) | 2. Social Security Number | 3. Date of Birth | 4. Effective Date |
|---|---|---|---|
| | | | 05-08-2025 |

| FIRST ACTION | | SECOND ACTION | |
|---|---|---|---|
| 5-A. Code **385** | 5-B. Nature of Action<br>Term. during prob/trial period | 6-A. Code | 6-B. Nature of Action |
| 5-C. Code **L4M** | 5-D. Legal Authority<br>Reg 315.804 Eq. Sep-unsat perf/conduct-agency auth. | 6-C. Code | 6-D. Legal Authority |
| 5-E. Code | 5-F. Legal Authority | 6-E. Code | 6-F. Legal Authority |

| 7. FROM: Position Title and Number | 15. TO: Position Title and Number |
|---|---|
| | |

| 8.Pay Plan **GS** | 9.Occ. CD | 10.Grade/Level | 11.Step/Rate | 12.Total Salary | 13.Pay Basis **PA** | 16.Pay Plan | 17.Occ. CD | 18.Grade/Level | 19.Step/Rate | 20.Total Salary/Award | 21.Pay Basis |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | |

| 12A. Basic Pay | 12B. Locality Adj. | 12C. Adj. Basic Pay | 12D. Other Pay | 20A. Basic Pay | 20B. Locality Adj. | 20C. Adj. Basic Pay | 20D. Other Pay |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| 14. Name and Location of Position's Organization<br>National Institutes of Health<br>National Institutes of Health | 22. Name and Location of Position's Organization |
|---|---|
| | |

## EMPLOYEE DATA

| 23. Veterans Preference | | 24. Tenure | | 25. Agency Use | 26. Veterans Preference for RIF |
|---|---|---|---|---|---|
| 1-None   3-10 Point/Disability   5-10 Point/Other<br>**1**   2-5 Point   4-10 Point/Compensable   6-10 Point/Compensable/30% | | **2**   0-None   2-Conditional<br>1-Permanent   3-Indefinite | | | YES   NO **X** |

| 27. FEGLI | 28. Annuitant Indicator | 29. Pay Rate Determinant |
|---|---|---|
| | | **0**   Regular Rate |

| 30. Retirement Plan | 31. Service Comp. Date (Leave) | 32. Work Schedule | 33. Part-Time Hours Per Biweekly Pay Period |
|---|---|---|---|
| | | **F**   Full Time | |

## POSITION DATA

| 34. Position Occupied | 35. FLSA Category | 36. Appropriation Code | 37. Bargaining Unit Status |
|---|---|---|---|
| 1-Competitive Service 3-SES General<br>**2**   2-Excepted Service   4-SES Career Reserved | E-Exempt<br>**E**   N-Nonexempt | | |

| 38. Duty Station Code | 39. Duty Station   (City-County-State or Overseas Location) |
|---|---|
| | |

| 40. Agency Data | 41. | 42. | 43. | 44. |
|---|---|---|---|---|
| | | | | PAR Number: |

**45. Remarks**

- SF 2819 was provided.  Life insurance coverage is extended for 31 days during which you are eligible to convert to an individual policy (nongroup contract).
- Health benefits coverage is extended for 31 days during which you are eligible to convert to an individual policy (nongroup contract). You are also eligible for temporary continuation of your FEHB coverage for up to 18 months.
- Forwarding address:
- Not entitled to severance pay.
- Lump-sum payment to be made for any unused annual leave.
- SF-8 issued to employee.

| 46. Employing Department or Agency<br>DEPARTMENT OF HEALTH AND HUMAN SERVICES | 50. Signature/Authentication and Title of Approving Official<br><br>JULIE BROUSSARD BERKO<br>Dir., Office of Human Resources |
|---|---|

| 47. Agency Code **HE38** | 48. Personnel Office ID | 49. Approval Date **05-13-2025** | |
|---|---|---|---|

5-Part          **1 -**     **Employee Copy**

Editions Prior to 7/91 Are Not Usable After
6/30/93
NSN 7540-01-333-6236

1/1