Scott A. Kronland (SBN 171693)
Stacey M. Leyton (SBN 203827)
Eileen B. Goldsmith (SBN 218029)
Danielle E. Leonard (SBN 218201)
Robin S. Tholin (SBN 344845)
James Baltzer (SBN 332232)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel. (415) 421-7151
Fax (415) 362-8064
skronland@altber.com
sleyton@altber.com
egoldsmith@altber.com
dleonard@altber.com
rtholin@altber.com
jbaltzer@altber.com

*Attorneys for Plaintiffs*

[Additional Counsel not listed]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO; AMERICAN FEDERATION OF STATE COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, et al.,<br><br>Defendants. | Case No. 3:25-cv-01780-WHA<br><br>**DECLARATION OF ELLENORE HOLBROOK** |

**DECLARATION OF ELLENORE HOLBROOK**

I, Ellenore Holbrook, declare as follows:

1. I am over 18 years of age. I make this declaration based on my personal knowledge, information, and belief.

2. Until February 27, 2025, I was employed by the National Oceanic and Atmospheric Administration ("NOAA") as a financial management specialist with National Centers for Environmental Information within NOAA. I was hired on April 20, 2023, under Schedule A, so I had a two-year probationary period. I received excellent performance reviews while I was employed by NOAA.

3. I have a bachelor's degree in political science and a master's degree in public administration, with a focus on government finance. Before working for NOAA, I had been a budget analyst for the City of Asheville, North Carolina. Then I was a contractor working for NOAA as a budget analyst for about two years.

4. On February 27, I was notified by email that I was being terminated. I received that at my work email address. A true and correct copy of the notice I received on February 27 is attached hereto as Exhibit 1. [I applied at that time for unemployment insurance, then I paused the application when I received notice I was being placed on admin leave.

5. On March 17, in response to the TRO issued in *Maryland, et al. v. U.S. Dep't of Agriculture, et al.*, D. Md. Case No. 25-00748, I was reinstated. A true and correct copy of the reinstatement notice I received is attached hereto as Exhibit 2. Again, this notice was distributed from a generic Department of Commerce email address, and I was bcc'ed. I received this at my personal email address.

6. I was reinstated to administrative leave only, not to full duty, and I received back pay to February 27. I also continued to receive my pay by direct deposit until April 10, when I was re-terminated. My last day of administrative leave was April 10. During the administrative leave, health insurance premiums continued to be deducted from my pay.

7. On April 9, the U.S. Court of Appeals for the Fourth Circuit stayed the *Maryland* TRO. The following day, April 10, I received a short notice by email from the Acting General

Counsel of the Department of Commerce, stating that I was being re-terminated, retroactively to February 27. Again, this notice was distributed from a generic Department of Commerce email address, and I was bcc'ed. A true and correct copy of the notice I received on April 10 is attached hereto as Exhibit 3.

8. On or about April 17, I received a further notice from the same generic Department of Commerce email address. Again, I was bcc'ed. This notice stated that based on the retroactive termination to February 27, my federal employee health, dental, and vision benefits were terminated effective March 31. The notice further stated that if I had incurred any medical expenses in April 2025, I should address payment issues directly with the insurance carrier. A true and correct copy of this notice is attached hereto as Exhibit 4.

9. I had to cancel a couple of medical appointments to make sure that I would not incur out-of-pocket expenses during the time that my federal employee benefits were cancelled. I was able to secure alternative health insurance effective May 1.

10. Once it was clear that I was not going to receive any further pay from the government, I filed for unemployment through the State of North Carolina during the week of April 13. I received a determination that I was eligible for unemployment benefits. I started receiving unemployment benefits on April 23. I have not received unemployment benefits since May 20, however, because I started a new job.

11. On May 7, in connection with the preliminary injunction issued in this case, I received a further form letter from the Acting General Counsel of the Department of Commerce. Again, this letter was distributed from a generic Department of Commerce email address, and I was bcc'ed. This notice informed me that the Court had determined that I was not terminated based on my performance, but as part of a mass termination. However, the letter also stated that the government believed the Court's ruling was "legally and factually erroneous," and that the government is continuing to fight that ruling. The wording of this letter is distressing, as it seems that the government is still taking the position that I was terminated for cause despite my excellent work record and this Court's findings. I absolutely want to make sure that my permanent record with the

federal government contains no reference to my being terminated for performance.] A true and correct copy of this notice is attached hereto as Exhibit 5.

12. I learned on June 2, 2025 that the Department of Commerce is contesting my claim for unemployment benefits. I received a digital copy of the Department's appeal packet, which was dated May 16. The Department's appeal states that I was in fact terminated based on my performance: "The claimant was discharged for failing to meet the employer's performance expectations during probationary period. However, the claimant continued to receive administrative pay until 4/10/2025. The claimant was made aware of the employer's expectations and was further aware that failing to meet the expectations of the employer could result in termination of employment." A true and correct copy of the Department's May 16 appeal letter is attached hereto as Exhibit 6.

13. Every federal employee has a permanent official personnel file. An employee's separation from employment is recorded on a form called an SF-50. The reason for separation is reported on the SF-50. I downloaded a copy of my SF-50 when I first left in February. The SF-50 that the Department of Commerce included in its appeal packet is identical to the SF-50 I received in February. It shows my termination date as February 27, 2025, and states, in the box labeled "Legal Authority," that the legal authority for my termination was "REG 315.804 EQ," a reference to 5 C.F.R. §315.804, under which a probationary employee may be terminated based on their performance or conduct. A true and correct copy of my SF-50, as submitted by the Department of Commerce to the State of North Carolina in support of the Department's appeal of my unemployment claim, is attached hereto as Exhibit 7. Clearly, my SF-50 has not been updated to reflect that I was not terminated based on my performance.

14. I still have not received my final separation paperwork from the government. This means, among other things, that I have not received the payout of my accrued paid leave.

15. The government's failure to correct my SF-50 to reflect that I was not terminated for performance will make it much harder for me to obtain a future government job. I've always wanted to be a public servant, and working for the federal government was my dream job. But any

department or agency that would consider hiring me in the future will obtain my official personnel file, and see the SF-50 and its reference that I was fired based on performance.

16. None of the notices I received in connection with my termination on February 27, and the subsequent developments has my name on it except the original February 27 termination letter. Even the May 7 form letter stating that I was not terminated for my performance does not have my name on it. Because I receive the letter by bcc from a generic email address, I cannot even show that I received the letter to my personal email. This is going to make it harder for me in future job searches to establish that I was not terminated from my position at NOAA for my performance, but instead was caught up in a mass termination, because I will always have to prove that I am actually the person to whom the May 7 letter was directed. For every job that I have applied for, I am asked if I have ever been terminated for my performance.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on June 4, 2025, in Asheville, North Carolina.

Ellenore Holbrook

# EXHIBIT 1

Gmail

Ellenore Holbrook <[redacted]>

# Fwd: Notification of Termination During Trial Period

**Ellenore Holbrook - NOAA Federal** <ellenore.holbrook@noaa.gov> Thu, Feb 27, 2025 at 4:07 PM
To: [redacted]

---------- Forwarded message ---------
From: <trusted.staff.sender@noaa.gov>
Date: Thu, Feb 27, 2025 at 3:39 PM
Subject: Notification of Termination During Trial Period
To: <ellenore.holbrook@noaa.gov>

February 27, 2025

MEMORANDUM FOR HOLBROOK, ELLENORE R, Financial Management Specialist, NESDIS
FROM: VADM Nancy Hann
Deputy Under Secretary for Operations
SUBJECT: Notification of Termination During Trial Period
REFERENCES: 5 U.S.C. § 3321(a)
DAO 202-315

This is to provide notification that I am terminating you from the position of and federal service consistent with the above references.

On April 24, 2023, the agency appointed you to the position of Financial Management Specialist. As documented on your appointment Standard Form 50 (SF-50), your appointment is subject to the completion of a probationary/trial period. The agency also informed you of this requirement in the job opportunity announcement for the position.

Guidance from the Office of Personnel Management ("OPM") states, "An appointment is not final until the probationary period is over," and the probationary period is part of "the hiring process for employees." (1) "A probationer is still an applicant for a finalized appointment to a particular position as well as to the Federal service" (2) "Until the probationary period has been completed," a probationer has "the burden to demonstrate why it is in the public interest for the Government to finalize an appointment to the civil service for this particular individual." (3)

OPM has advised that "[p]robationary periods are an essential tool for agencies to assess employee performance and manage staffing levels." (4) In light of that guidance, the Agency finds that you are not fit for continued employment because your ability, knowledge and/or skills do not fit the Agency's current needs.

For these reasons, I am terminating you from the position of Financial Management Specialist with the agency and the federal civil service effective February 27, 2025 at 5 p.m. EST.

If you believe that your termination is the result of discrimination, you have the right to file a complaint pursuant to 29 C.F.R. Part 1614. Any allegation of discrimination based on race, color, religion, sex, national origin, physical or mental disability, and/or age, must be brought to the attention of an Agency Equal Employment Opportunity (EEO) Counselor within forty-five (45) days of the effective date of this action. https://www.noaa.gov/civil-rights/eeo-counseling-complaints

If you elect to seek corrective action by the Office of Special Counsel's (OSC) Complaints Examining Unit, your appeal will be limited to a determination as to whether the Agency took one or more covered personnel actions against you in retaliation for making one or more protected whistleblowing disclosures, which constitutes a prohibited personnel practice in accordance with 5 U.S.C. § 2302(b). If OSC dismisses your claim, you may file an individual right of action appeal to the MSPB, but the MSPB will only adjudicate whether you proved that your protected disclosure was a contributing factor in

the effected action. For more information, you may visit the OSC's website at: https://osc.gov/pages/file-complaint.aspx

If you have any questions regarding this notice, please contact Octavia Saine, Acting Director of the NOAA Office of Human Capital Services, at octavia.saine@noaa.gov.

VADM Nancy Hann
Deputy Under Secretary for Operations

(1) OPM, Practical Tips for Supervisors of Probationers.
(2) *See* U.S. Merit Systems Protection Board Report to the President and Congress, The Probationary Period: A Critical Assessment Opportunity (August 2005)
(3) Id.
(4) OPM, *Guidance on Probationary Periods, Administrative Leave and Details*

# EXHIBIT 2

Gmail

Ellenore Holbrook <[redacted]>

# Reinstatement to Federal Service at NOAA

**OHCS Inquiries - NOAA Service Account** <ohcs.inquiries@noaa.gov> Mon, Mar 17, 2025 at 12:19 PM
Bcc: [redacted]

Greetings,
Please see the attached memorandum with important information regarding your employment status with the National Oceanic and Atmospheric Administration.

Thank you,

Office of Human Capital Services
National Oceanic and Atmospheric Administration

**UNITED STATES DEPARTMENT OF COMMERCE**
**The General Counsel**
Washington, D.C. 20230

March 17, 2025

On March 13, 2025, the United States District Court for the District of Maryland issued a Temporary Restraining Order (TRO) in State of Maryland, *et. al.* v. United States Department of Agriculture, *et. al*. (attached), which temporarily stays certain termination actions taken by certain Executive branch agencies, including the Department of Commerce.

Pursuant to the TRO, you will be reinstated to the Federal service and your previous position of record, retroactive to the effective date of your termination, and placed in a paid, non-duty status until such time as this litigation is resolved or the Department of Commerce determines to take other administrative action with respect to your employment.

In the event the TRO is invalidated by a higher court and/or the Department subsequently prevails in this litigation matter, and you remain in your position of record at that time, the Department may revert your prior termination action to its original effective date and waive any indebtedness to the Federal government that you incur resulting from the Department's compliance with the TRO.

Sincerely,

John K. Guenther
Acting General Counsel

**2 attachments**

**DOC General Counsel 2025 03 17 Memorandum.pdf**
43K

**gov.uscourts.mdd.578045.1.0_3.pdf**
524K

**UNITED STATES DEPARTMENT OF COMMERCE**
**The General Counsel**
Washington, D.C. 20230

March 17, 2025

On March 13, 2025, the United States District Court for the District of Maryland issued a Temporary Restraining Order (TRO) in State of Maryland, *et. al.* v. United States Department of Agriculture, *et. al*. (attached), which temporarily stays certain termination actions taken by certain Executive branch agencies, including the Department of Commerce.

Pursuant to the TRO, you will be reinstated to the Federal service and your previous position of record, retroactive to the effective date of your termination, and placed in a paid, non-duty status until such time as this litigation is resolved or the Department of Commerce determines to take other administrative action with respect to your employment.

In the event the TRO is invalidated by a higher court and/or the Department subsequently prevails in this litigation matter, and you remain in your position of record at that time, the Department may revert your prior termination action to its original effective date and waive any indebtedness to the Federal government that you incur resulting from the Department's compliance with the TRO.

Sincerely,

John K. Guenther
Acting General Counsel

# EXHIBIT 3

Gmail

Ellenore Holbrook <[redacted]>

# Employment Status Update

**OHCS Inquiries - NOAA Service Account** <ohcs.inquiries@noaa.gov> Thu, Apr 10, 2025 at 5:36 PM
Bcc: [redacted]

Greetings,
Please see the attached memorandum with important information regarding your employment status with the National Oceanic and Atmospheric Administration.

Thank you,

Office of Human Capital Services
National Oceanic and Atmospheric Administration

UNITED STATES DEPARTMENT OF COMMERCE
The General Counsel
Washington, D.C. 20230

April 10, 2025

By correspondence dated March 17, 2025, I informed you that pursuant to a Temporary Restraining Order (TRO) in State of Maryland, *et al.* v. United States Department of Agriculture *et al.* the Department of Commerce was reinstating you to the Federal service and placing you in a non-duty paid status.

The TRO is no longer in effect. Accordingly, the Department is reverting your termination action to its original effective date. The Department will waive any indebtedness created by the court's order that you be paid beyond your termination date.

Sincerely,

John K. Guenther
Acting General Counsel

**DOC General Counsel 2025 04 10 Notice re Termination.pdf**
29K

# EXHIBIT 4

Gmail

Ellenore Holbrook <[redacted]

# Important Information for Probationary Employees

**OHCS Inquiries - NOAA Service Account** <ohcs.inquiries@noaa.gov> Thu, Apr 17, 2025 at 4:10 PM
Bcc: [redacted]

Please see the attached information from the Talent Management Office (TMO)

Contact Information:
Phone Number: +1 (888) 316-2285
Email Address: TMServiceCenter@doc.gov
Hours of Operation: 8:00AM – 5:00PM

---

**Important Information Regarding Your Separation Effective February 27, 2025.pdf**
129K

Important Information Regarding Your Separation Effective February 27, 2025

This notice is to inform you that your separation from federal service has been made retroactive to February 27, 2025. Your final paycheck will be for the hours of administrative leave recorded through April 10, 2025, which is in pay period (PP) 07. The remaining days in PP07 must be coded as Leave Without Pay (LWOP). All benefits are based on the retroactive separation date. Please carefully review the information below about how your federal benefits are affected and any required next steps.

Federal Employees Health Benefits (FEHB):

- Your FEHB coverage ended March 8, 2025, which was the last day of the pay period in which you separated and your last eligible day of coverage based on the February 27, 2025 separation date.
- A 31-day free extension of coverage applied, which ended April 8, 2025. No premiums were required during this period.
- If you used your FEHB insurance between February 27 and April 8, those claims should still be covered by your plan.
- Services received on or after April 9, 2025, will not be covered unless you elect Temporary Continuation of Coverage (TCC).
    - TCC allows you to continue your FEHB coverage for up to 18 months at your own expense. If elected on time, coverage will be retroactive to April 9, 2025, so there is no break in coverage.
    - You must apply for TCC by June 7, 2025 (60 days from April 8).
    - Enrolling in Temporary Continuation of Coverage (TCC):
        - To enroll in TCC, complete Form SF 2809 (Health Benefits Election Form), available here (PDF).
        - Submit the completed form to the Talent Management Service Center at 1800 Corporate Drive, Landover, MD, 20785
        - For questions regarding enrolling in TCC, please reach out to the Talent Management Service Center at 1-888-316-2285
        - For information about TCC, eligibility and coverage visit: Temporary Continuation of Coverage
        - To view TCC premiums rates, visit OPM TCC Premiums
- If you used your health insurance on or after April 9 and have not elected TCC, please contact your provider and insurance carrier to coordinate any claims or out-of-pocket expenses.

**Federal Employees' Group Life Insurance (FEGLI):**

- Your FEGLI coverage will terminate retroactively on February 27, 2025, with the 31-day free conversion period ending March 30, 2025.
- Because that conversion window has already passed, you must act immediately if you are interested in continuing your life insurance coverage through individual conversion.
- Please contact the Office of Federal Employees' Group Life Insurance (OFEGLI) to determine if a conversion is still possible under these unique circumstances:
- Phone: 1-800-633-4542 (Monday–Friday, 8:30 AM – 4:00 PM ET)
- Address: OFEGLI, P.O. Box 6080, Scranton, PA 18505-6080
- Website: OFEGLI via OPM
- When contacting OFEGLI, mention your retroactive separation date of February 27, 2025, and ask whether a late conversion can still be accepted.

**Federal Dental and Vision Insurance Program (FEDVIP):**

- Your FEDVIP (dental and vision) coverage ended retroactively on February 27, 2025, with no 31-day grace period or TCC option.
- FEDVIP does not offer a conversion to a private plan.
- Please contact your dental and/or vision carrier directly if you received services after February 27, 2025, to confirm coverage status and resolve any billing issues.

**Federal Long-Term Care Insurance Program (FLTCIP):**

- FLTCIP coverage can continue after separation if you arrange to pay premiums directly.
- To maintain coverage, contact Long Term Care Partners at 1-800-582-3337 as soon as possible to transition your premium payment method.

**Thrift Savings Plan (TSP):**

Your TSP account remains open after separation. You may:

- Leave your funds in the TSP account;
- Transfer them to another qualified plan (such as an IRA or 401(k));
- Withdraw funds, subject to TSP withdrawal rules.

- Important: Withdrawals made before reaching eligible retirement age may incur federal income tax and an early withdrawal penalty.

Thrift Savings Plan (TSP) – Vesting and Forfeiture

- You will keep all of your own contributions, any matching contributions made by the agency (up to 4%), and any earnings from your TSP account.
- If you were not vested in the TSP at the time of separation, you will forfeit the Agency Automatic (1%) contributions and their earnings.
- Most employees are fully vested in their own contributions immediately. Vesting in the agency 1% automatic contributions generally requires 3 years of service (or 2 years for certain positions).

For more information, visit www.tsp.gov or contact TSP directly.

**UNITED STATES DEPARTMENT OF COMMERCE**
**Office of the General Counsel**
Washington, D.C. 20230

May 7, 2025

This letter is being provided to you in accordance with the preliminary injunction issued by the Northern District of California in American Federation of Government Employees v. U.S. Office of Personnel Management, No. 3:25-cv-1780 WHA (N.D. Cal.).

On April 18, 2025, U.S. District Judge William Alsup of the Northern District of California required the Department of Commerce (Department) to provide you with “a written statement, directed to [you] individually, stating that [your] termination was not ‘performance’ or fitness based but was made as part of a government-wide mass termination” (April 18 Order). Judge Alsup’s decision is attached.

The Department of Commerce is appealing the Court’s April 18 Order. The Department believes it to be both legally and factually erroneous, specifically with respect to the Department, and intends to rigorously defend its actions as this matter continues through litigation. Nonetheless, the Department must comply with the Order unless and until it is stayed or reversed by an appellate court.

Therefore, in accordance with the Court’s April 18 Order, the Department of Commerce hereby informs you, as required by the Court, that your earlier termination “was not ‘performance’ or fitness based but was made as part of a government-wide mass termination.”

This letter is to be (i) implemented consistent with applicable law and (ii) shall not serve as any basis for liability against the Department of Commerce or any other agency or instrumentality of the Federal government before any court or in any administrative proceeding. The Department of Commerce reserves all rights.

Regards,

JOHN GUENTHER

Digitally signed by JOHN GUENTHER
Date: 2025.05.07 11:05:40 -04'00'

John K. Guenther
Acting General Counsel

# EXHIBIT 6

employersedge
An Equifax Company

May 16, 2025

APPROVED
By Jennifer Bruce at 4:20 pm, May 16, 2025

DES Appeals
Post Office Box 25903
Raleigh, NC 27611-5903
FAX: 919 341-5691

**Claimant:** [redacted]Holbrook, Ellenore

**Employer:** 45-00-000 Department of Commerce

**BYE:** 02/22/2026

**Date Hired:** 04/24/2023 **Last Day Worked:** 02/27/2025

**Pay Rate:** [redacted] **Job Title:** Fin Management Speciali

**Protest:**
Dear State of North Carolina:

Employers Edge, duly authorized representative of the employer, herein appeals the attached Notice of Agency Determination. Our appeal is based on the fact that we do not agree with the decision.

The claimant was discharged for failing to meet the employers performance expectations during probationary period. However, the claimatn continued to receive administrative pay until 4/10/2025. The claimant was made aware of the employers expectations and was further aware that failing to meet the expectations of the employer could result in termination of employment.

The first hand witness will be provided upon receipt of a hearing notice.

Please see the attached: Supporting Document(s).

We respectfully request that a hearing be held by telephone to address the merits of the case . Please note that if our request for a telephone hearing is not granted, circumstances may exist in which the employer witness may still have to participate in the hearing via telephone.

Thank you for your time and consideration.

Signed,

Jennifer Bruce

Jennifer Bruce
Employers Edge LLC (Agent)
PO Box 351567

Westminster, CO 80035

Phone: 866-675-3856
Email: jennifer.bruce@equifax.com

# EXHIBIT 7

Standard Form 50
Rev. 7/91
U.S. Office of Personnel Management
FPM Supp. 296-33, Subch. 4

# NOTIFICATION OF PERSONNEL ACTION

| 1. Name (Last, First, Middle) | 2. Social Security Number | 3. Date of Birth | 4. Effective Date |
|---|---|---|---|
| HOLBROOK, ELLENORE R | [redacted] | [redacted] | 02/27/2025 |

| FIRST ACTION | | SECOND ACTION | |
|---|---|---|---|
| 5-A. Code: 385 | 5-B. Nature of Action: TERM DURING PROB/TRIAL PERIOD | 6-A. Code | 6-B. Nature of Action |
| 5-C. Code: L4M | 5-D. Legal Authority: REG 315.804 EQ | 6-C. Code | 6-D. Legal Authority |
| 5-E. Code | 5-F. Legal Authority | 6-E. Code | 6-F. Legal Authority |

**7. FROM: Position Title and Number**
FNANCL MGMT SPECLST
66684051 NE3339

**15. TO: Position Title and Number**

| 8. Pay Plan | 9. Occ. Code | 10. Grade or Level | 11. Step or Rate | 12. Total Salary | 13. Pay Basis |
|---|---|---|---|---|---|
| ZA | 0501 | III | 02 | [redacted] | PA |

| 12A. Basic Pay | 12B. Locality Adj. | 12C. Adj. Basic Pay | 12D. Other Pay |
|---|---|---|---|
| [redacted] | .00 | [redacted] | .00 |

| 16. Pay Plan | 17. Occ. Code | 18. Grade or Level | 19.Step or Rate | 20. Total Salary/Award | 21. Pay Basis |
|---|---|---|---|---|---|
| | | | | | |

| 20A. Basic Pay | 20B. Locality Adj. | 20C. Adj. Basic Pay | 20D. Other Pay |
|---|---|---|---|
| | .00 | | .00 |

**14. Name and Location of Position's Organization**
NATIONAL OCEANIC AND ATMOSPHERIC ADMIN
NAT ENV SAT DATA & INFO SERV
NTL CNTRS FOR ENVRNMTL INFO
MISSION SUPPORT DIVISION
LOGISTICS SUPPORT BRANCH

**22. Name and Location of Position's Organization**
1B
CM 544014000702000000 PP 04 2025

## EMPLOYEE DATA

| 23. Veterans Preference | 24. Tenure | 25. Agency Use | 26. Veterans Preference for RIF |
|---|---|---|---|
| 1 (1 – None; 2 – 5-Point; 3 – 10-Point/Disability; 4 – 10-Point/Compensable; 5 – 10-Point/Other; 6 – 10-Point/Compensable/30%) | 2 (0 – None; 1 – Permanent; 2 – Conditional; 3 – Indefinite) | | YES / X NO |

| 27. FEGLI | 28. Annuitant Indicator | 29. Pay Rate Determinant |
|---|---|---|
| C0 BASIC | 9 NOT APPLICABLE | 0 NOT APPLICABLE |

| 30. Retirement Plan | 31. Service Comp. Date (Leave) | 32. Work Schedule | 33. Part-Time Hours Per Biweekly Pay Period |
|---|---|---|---|
| KF FERS (FRAE) | 11/24/2019 | F FULL TIME | |

## POSITION DATA

| 34. Position Occupied | 35. FLSA Category | 36. Appropriation Code | 37. Bargaining Unit Status |
|---|---|---|---|
| 2 (1 – Competitive Service; 2 – Excepted Service; 3 – SES General; 4 – SES Career Reserved) | E (E – Exempt; N – Nonexempt) | | 2148 |

| 38. Duty Station Code | 39. Duty Station (City – County – State or Overseas Location) |
|---|---|
| 37-0170-021 | ASHEVILLE BUNCOMBE NC |

| 40. Agency Data | 41. | 42. | 43. | 44. |
|---|---|---|---|---|
| | | | | |

**45. Remarks**
SF-8 FURNISHED.
IF YOU WERE ENROLLED IN LIFE AND/OR HEALTH INSURANCE ON THE DATE OF SEPARATION, COVERAGE IS EXTENDED FOR 31 DAYS DURING WHICH YOU ARE ELIGIBLE TO CONVERT TO AN INDIVIDUAL POLICY (NON-GROUP CONTRACT). YOU ARE ALSO ELIGIBLE FOR TEMPORARY CONTINUATION OF YOUR FEHB COVERAGE FOR UP TO 18 MONTHS. IF YOU WERE NOT ENROLLED IN LIFE AND/OR HEALTH INSURANCE THIS IS NOT APPLICABLE.
FORWARDING ADDRESS:
[redacted]
NOT ENTITLED TO SEVERANCE PAY.
LUMP SUM PAYMENT TO BE MADE FOR ANY UNUSED ANNUAL LEAVE.
OPF RETAINED BY
NATIONAL PERSONNEL RECORDS CENTER, 1411 BOULDER BLVDL, VALMEYER, IL 62295
TERMINATION DURING PROBATIONARY OR TRIAL PERIOD.

| 46. Employing Department or Agency | | | 50. Signature/Authentication and Title of Approving Official |
|---|---|---|---|
| DEPARTMENT OF COMMERCE | | | ELECTRONICALLY SIGNED BY: |
| 47. Agency Code | 48. Personnel Office ID | 49. Approval Date | OCTAVIA G. SAINE |
| CM54 | 1423 | 02/27/2025 | ACTING DIRECTOR, OHCS |