PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
KELSEY J. HELLAND (CABN 298888)
Assistant United States Attorney
U.S. ATTORNEY'S OFFICE
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495

ERIC HAMILTON
Deputy Assistant Attorney General
DIANE KELEHER
Branch Director
CHRISTOPHER HALL
Assistant Branch Director
JAMES D. TODD, JR.
Senior Trial Counsel
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044

*Counsel for Defendants*

## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OFFICE OF PERSONEL MANAGEMENT, *et al.*,<br><br>Defendants. | Case No. 3:25-cv-1780-WHA<br><br>**DECLARATION 2 OF DEEDRA FOGLE IN SUPPORT OF DEFENDANTS' COMPLIANCE WITH THE COURT'S SEPTEMBER 12, 2025, ORDER** |

Declaration of Deedra Fogle
3:25-cv-1780-WHA

I, Deedra Fogle, declare, pursuant to 28 U.S.C. § 1746, as follows:

1.    I am the Acting Chief Human Capital Officer within the Office of Human Resources Management at the United States Department of Agriculture ("USDA" or "Department"), headquartered in Washington, D.C. I have served in this position since April 28, 2025, and I have been employed at USDA since April 2007. I make this declaration based on my own personal knowledge.

2.    In my role at USDA, I currently oversee the Department's Office of Human Resources Management, and I have purview over USDA subagencies' Chief Operating Officers and Human Resources Offices for human resources matters.

3.    I am aware of and reviewed the September 12, 2025, order on cross motions for summary judgment issued by the Court in this action ("the Order") which granted, in part, Plaintiffs' motion for summary judgment, and provided Plaintiffs' permanent relief. I make this declaration in response to the Order.

4.    The Order granted Plaintiffs the following relief:

1.    Declaratory judgment that OPM lacked the authority to direct other agencies to terminate their probationary employees and violated the APA when it did so. Terminations pursuant to that directive violated the APA.

2.    The Court's preliminary injunction (Dkt. No. 202 at 26) is made permanent, modified as follows:

a.    Defendant OPM, its director, its Special Advisors, and all other OPM employees are enjoined from ordering, directing, or telling any other federal agency to terminate the employment of any federal employee or group of federal employees, except as allowed by 5 C.F.R. § 5.3 (*see supra*, at 27).

b.    All relief defendant agencies are enjoined from following any OPM order or direction to fire any agency employee, again excepting circumstances that fall within 5 C.F.R. § 5.3.

c.    All relief defendant agencies are enjoined from any further use of the OPM template termination letter

Declaration of Deedra Fogle
3:25-cv-1780-WHA

1

provided by OPM — including any altered or modified versions.

3. Each relief defendant agency shall update each terminated probationary employee's personnel files, including their SF-50s, to reflect that their termination was not performance or conduct based. This shall be done by **NOVEMBER 14, 2025**. Each relief defendant agency shall submit a sworn declaration acknowledging compliance by **NOVEMBER 21, 2025**.

4. Where an employee was terminated by a relief defendant agency, rehired pursuant to Court order, then terminated again upon a stay of that order, the *second* termination cannot be made retroactive to the date of the first. It must stand on its own. Relief defendant agencies shall update all personnel files to comply with the order by **NOVEMBER 14, 2025**. Each relief defendant agency shall submit a sworn declaration acknowledging compliance by **NOVEMBER 21, 2025**.

5. Each relief defendant agency shall issue corrective notices to terminated probationers stating that "You were not terminated on the basis of your personal performance." Those letters shall be individually addressed to each probationer, meaning that the letter itself shall state on its face the name, address, and any other appropriate identifying information of that probationer (as well as that of the agency). Defendants, relief and otherwise, are of course free to disagree with this Court's ruling and to challenge this Court's ruling. They may yet prevail in the court of appeals or the Supreme Court. The corrective letters, however, are not an appropriate medium for the litigation of those disagreements. To do so would undercut their fundamental purpose, as it did the first time around. To that end, corrective notices shall not contain further statements from each agency concerning the validity of this Court's ruling or the agency's opinions on this Court's ruling. There is no need to lard the letters with such distractions. Those notices shall be mailed by **NOVEMBER 14, 2025**. Each relief defendant agency shall submit a sworn declaration acknowledging compliance by **NOVEMBER 21, 2025**. Each relief defendant agency shall attach to that declaration an exemplar of the corrective notices sent.

Declaration of Deedra Fogle
3:25-cv-1780-WHA

2

**6.** Relief defendant agencies shall not make representations to third parties that probationers were terminated for cause or performance. Upon inquiry from third parties, agencies shall provide those parties the corrective notice ordered herein.

**7.** Each Chief Human Capital Officer (or equivalent) at the relief defendant agencies shall file a declaration with the Court acknowledging, in writing, that they have received and read this order by **OCTOBER 31, 2025**.

**8.** If a particular termination was in fact carried out after an individualized evaluation of that employee's performance or fitness, the Chief Human Capital Officer (or equivalent) of that agency may, in lieu of the above actions, submit, by **NOVEMBER 21, 2025**, a declaration, under oath and seal, stating so and providing the individualized reasoning and documentation underpinning that termination (*see* Dkt. No. 217).

**9.** Nothing in this order prohibits any federal agency from terminating any employee so long as the agency makes that decision on its own, does not use the OPM template termination notice, and is otherwise in compliance with applicable law.

5. By November 14, 2025, USDA, as applicable, updated each terminated probationary employee's personnel files, including their SF-50s, to reflect that their termination was not performance or conduct based.

6. By November 14, 2025, USDA issued corrective notices to all terminated probationers stating that the probationary termination notice that they received on or about February 13, 2025, was not based on their personal performance.

7. I have attached an exemplar of the corrective notice sent to the probationary employees to this declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Declaration of Deedra Fogle
3:25-cv-1780-WHA

DEEDRA
FOGLE

Digitally signed by
DEEDRA FOGLE
Date: 2025.11.17
17:58:03 -05'00'

DEEDRA FOGLE

# EXHIBIT 1

| | |
|---|---|
| **From:** | DepartmentalAdministration |
| **To:** | ▬▬▬▬▬▬▬ ; ▬▬▬▬▬▬▬ |
| **Subject:** | Message from the Office of Human Resources Management—Probationary Termination Employee Notification |
| **Date:** | Wednesday, November 5, 2025 9:19:10 AM |
| **Attachments:** | AFGE - 261.Order on MSJs 09-12-25.pdf |
| **Importance:** | High |

United States Department of Agriculture (USDA)
1400 Independence Avenue SW
Washington, D.C. 20250

November 4, 2025



Dear ▬▬▬▬▬▬▬▬▬▬▬,

This corrective notice is provided to you pursuant to an order issued on September 12, 2025, by the United States District Court for the Northern District of California in the case American Federation of Government Employees v. U.S. Office of Personnel Management, No. 3:25-cv-1780-WHA (N.D. Cal.).

In accordance with the Court's September 12, 2025 Order, USDA hereby informs you that the probationary termination notice that you received on or about February 13, 2025, was not based on your personal performance.

In accordance with the Court's September 12, 2025 Order, USDA hereby informs you that it has updated your personnel file, including your SF-50, to reflect that the aforementioned termination was not performance or conduct based.

Sincerely,

Deedra Fogle
Acting Chief Human Capital Officer (CHCO)
USDA Office of Human Resources Management