IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, et al.,<br><br>Defendants. | No. C 25-01780 WHA |

**DECLARATION OF LORI A. MICHALSKI**

Pursuant to 28 U.S.C. § 1746, I, Lori A. Michalski declare as follows:

1. I currently serve as the General Deputy Assistant Secretary for the Office of Administration at the U.S. Department of Housing and Urban Development (HUD) and am duly authorized to make this declaration on behalf of HUD.

2. On September 12, 2025, the Court issued an Order on Cross-Motions for Summary Judgment (Order). I received and read the Order.

3. Paragraph 5 of the Order at pages 37-38 requires each relief defendant agency issue corrective notices to terminated probationers stating that "You were not terminated on the basis of your personal performance." In addition, paragraph 5 requires that the corrective notices be individually addressed to each probationer and mailed by November 14, 2025, and that an exemplar of the corrective notices that were sent be attached to a declaration.

4. Pursuant to paragraph 5 of the Order, HUD has individually addressed and mailed corrective notices to probationers by November 14, 2025. An example of the corrective notice is attached to this declaration.

5. Paragraph 3 of the Order at page 37 requires each relief defendant agency to update each terminated probationary employee's personnel files, including their SF-50s, to reflect that their termination was not performance or conduct based, and that this update shall be done by November 14, 2025.

6. HUD has complied with paragraph 3 of the Order by reviewing the personnel files of terminated probationary employees, including their SF-50s, and validating that there are no references that the terminations were based on performance or conduct.

7. Paragraph 4 of the Order at page 37 requires that where a probationary employee was terminated by a relief defendant agency, rehired pursuant to Court order, then terminated again upon a stay of that order, the second termination cannot be made retroactive to the date of the first. Paragraph 4 requires that all personnel files be updated to comply with the Order by November 14, 2025.

8. HUD has complied with paragraph 4 of the Order as for any probationary employee who was terminated, rehired pursuant to Court order, then terminated again upon a stay of that order. HUD did not make the second termination retroactive to the date of the first termination.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 14, 2025

*Lori A. Michalski*
/s/

Lori A. Michalski




**U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**
WASHINGTON, DC 20410-3000

OFFICE OF ADMINISTRATION

November 12, 2025

Dear ▮▮▮▮▮▮▮▮▮;

    This corrective notice is provided to you pursuant to an order issued on September 12, 2025, by the United States District Court for the Northern District of California in the case *American Federation of Government Employees v. U.S. Office of Personnel Management*, No. 3:25-cv-1780-WHA (N.D. Cal.).

    As required by Paragraph 5 of the district court's order, the U.S. Department of Housing and Urban Development (HUD) informs you that as pertaining to your February 14, 2025, termination you were not terminated on the basis of your personal performance.

    As required by Paragraph 3 of that order, HUD has reviewed your personnel file, including your SF-50s, to validate that there are no references that your termination was based on performance or conduct.

Sincerely,

LORI MICHALSKI
Digitally signed by LORI MICHALSKI
Date: 2025.11.12 16:13:29 -05'00'

Lori A. Michalski
General Deputy Assistant Secretary,
Office of Administration