PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
KELSEY J. HELLAND (CABN 298888)
Assistant United States Attorney
U.S. ATTORNEY'S OFFICE
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495

ERIC HAMILTON
Deputy Assistant Attorney General
DIANE KELEHER
Branch Director
CHRISTOPHER HALL
Assistant Branch Director
JAMES D. TODD, JR.
Senior Trial Counsel
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, *et al*.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OFFICE OF PERSONEL MANAGEMENT, *et al.*,<br><br>Defendants. | Case No. 3:25-cv-1780-WHA<br><br>**DECLARATION OF JULIE BRILL IN RESPONSE TO THE COURT'S September 12, 2025, ORDER** |

## DECLARATION OF BEATRICE (JULIE) BRILL

Pursuant to 28 U.S.C. § 1746, I, Julie Brill declare as follows:

1. I am the Small Business Administration's ("SBA") Deputy Chief Human Capital Officer. I make this declaration based on my own personal knowledge, on information contained in the records of the SBA, and on information provided to me by SBA employees.

2. I have served in this position since June 2019. From approximately February 13, 2025 to March 22, 2025, I was the Agency's Acting Chief Human Capital Officer.

3. In my role at the SBA, I am responsible for personnel management. I have the responsibility for overseeing the personnel enterprise and tracking and recording of personnel actions, including terminations. I assist in ensuring that all personnel actions comply with federal law, including those related to probationary employees.

4. On March 13, 2025, a Temporary Restraining Order ("TRO") was issued in *Maryland, et al., v. United States Department of Agriculture, et al.*, Case No. 1:25-cv-00748-JKB in the United States District Court for the District of Maryland, requiring SBA to reinstate all Affected Probationary Employees, as defined in paragraph 10(c) of the TRO, who were terminated on or after January 20, 2025.

5. In accordance with the TRO, SBA reinstated the Affected Probationary Employees as ordered. On March 17, 2025, SBA had sent a notification email with an attached reinstatement letter to the Affected Probationary Employees informing them that they were reinstated.

6. Pursuant to the TRO, OHRS took all necessary steps to reinstate Affected Probationary Employees that fall under SBA's Office of Human Resources Solutions ("OHRS") purview. To accomplish this task, OHRS canceled each Affected Probationary Employees separation action and removed any record of the separation action from the

Affected Probationary Employee's Official Personnel File ("OPF"). This means that an Affected Probationary Employee's OPF does not contain the original SF-50 separating them from Federal Service. These employees also received backpay and all benefits owed to them.

7. At the time of reinstatement, I was the Agency's Acting Chief Human Capital Officer.

8. I have received and read Judge Alsup's September 12, 2025 Order on Cross-Motions for Summary Judgment ("Order").

9. As part of the reinstatement and cancelation of the separation action, OHRS removed any record of the separation action including their SF-50s. As of November 14, 2025, SBA was therefore in compliance with Paragraph 3 of the Order's relief requirement to update each terminated probationary employee's personnel files to reflect that their termination was not performance or conduct based.

10. Pursuant to Paragraph 4 of that Order, SBA did not terminate, rehire, then make a second termination retroactive to the first. Therefore, SBA did not have personnel files to update and is in compliance with the Order.

11. Pursuant to Paragraph 5 of that Order, all affected probationary employees who received a variation of the OPM termination notice have received written notice by email directed to the employee individually on November 12, 2025. The corrective notices are in compliance with the requirements of the Order. An unfilled exemplar of the corrective notice is attached to this declaration.

12. Pursuant to Paragraph 8 of that Order, SBA does not have any individualized terminations to report.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 18, 2025

*Beatrice J Brill*

BEATRICE (JULIE) BRILL
CHIEF HUMAN CAPITAL OFFICER
U.S. SMALL BUSINESS ADMINISTRATION

On Wednesday, November 12, 2025 at 06:56:21 PM EST, HR4U <hr4u@sba.gov> wrote:



www.sba.gov

Office of Human Resources Solutions

409 3Street SW | 5th floor | Washington, DC 20416

Dear ▮▮▮▮▮,

As required by Paragraph 5 of the district court's order, the U.S. Small Business Administration (SBA) informs you that you were not terminated on the basis of your personal performance.

SBA has cancelled the separation action and removed any record of the separation action from your Official Personnel File, including the SF-50 separating you from Federal Service.

This corrective notice is provided to you pursuant to an order issued on September 12, 2025, by the United States District Court for the Northern District of California in the case *American Federation of Government Employees v. U.S. Office of Personnel Management*, No. 3:25-cv-1780-WHA (N.D. Cal.).

Sincerely,



John M. Serpa

Chief Human Capital Officer